BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar LLC*

Electronically Filed January 22, 2014

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re

MARTIFER AURORA SOLAR LLC,
a Nevada limited liability company,

Debtor.

Case No. BK-S-14-10355-abl

Chapter 11

**EMERGENCY MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO BANKRUPTCY RULE 1015(B) AND LOCAL RULE 1015**

Hearing Date:   OST PENDING
Hearing Time:   OST PENDING

Martifer Aurora Solar, LLC ("Aurora" or "Debtor"), as debtor and debtor in possession, by and through its proposed counsel, the law firm of Fox Rothschild LLP, hereby submits this Emergency Motion for Order Directing Joint Administration of Related Cases Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015 (the "Motion"), pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), for an Order directing the joint administration of the related chapter 11 case of Martifer Solar USA, Inc., a California corporation ("Martifer USA", together with Aurora, the "Debtors"). Through their respective motions, Debtors request joint administration of these cases with respect to purely administrative matters only, including a joint pleadings docket, a joint

pleadings caption, and combined notices to creditors. Debtors do not request substantive consolidation of Debtors' estates at this time.

Joint administration will expedite the cases and reduce the overall costs of administration for Debtors and the Court.

This Motion is based upon these moving papers, the accompanying Memorandum of Points and Authorities, the Omnibus Declaration of Klaus Bernhart in Support of First Day Motions (the "Omnibus Declaration"), the record in these cases, including the pleadings and documents filed on behalf of the parties, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing.

WHEREFORE, Debtors request that the Court enter an Order, substantially in the form attached hereto as **Exhibit "1"**, authorizing the joint administration of Debtors' cases. Debtors further request that such Order direct that all pleadings relating to Debtors' cases: (1) bear a joint caption, substantially in the form of **Exhibit "A"** attached to the proposed Order; and (2) be maintained by the Clerk of the Court under a single pleadings docket maintained under the Aurora bankruptcy case.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### BACKGROUND

1. On January 21, 2014 (the "Petition Date"), Aurora and Martifer Solar USA each filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

2. Debtors continue to operate their businesses as debtors and debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. No trustee or examiner has been appointed in Debtors' chapter 11 cases, and no committees have been appointed or designated by the United States Trustee.

4. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

1. 5. The statutory predicates for the relief requested herein are Bankruptcy Code section 105, Bankruptcy Rule 1015(b) and Local Rule 1015.

2. 6. The general factual statements and background of Debtors as set forth in the Omnibus Declaration filed concurrently with this Motion are incorporated herein by reference.

## II.

## ARGUMENT

**A.    Joint Administration Of Debtors' Cases Would Yield Substantial Administrative Benefits.**

Although the Bankruptcy Code specifically provides for joint administration of limited types of cases, see 11 U.S.C. § 302(a) (permitting the filing of joint petitions by spouses), there is no provision in the Bankruptcy Code governing joint administration of cases generally. Bankruptcy Rule 1015(b), however, makes clear that joint administration may be appropriate when two or more related debtor entities, whether spouses, partnerships, or corporations, have filed for protection under the Code. Bankruptcy Rule 1015 provides, among other things:

> (b)    <u>Cases Involving Two or More Related Debtors</u>. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.
>
> (c)    <u>Expediting and Protective Orders</u>. When an order for . . . joint administration of a joint case or two or more cases is entered pursuant to this rule, while protecting the rights of the parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay.

Fed. R. Bankr. P. 1015.

Bankruptcy Rule 1015 promotes the fair and efficient administration of related cases of affiliated debtors, while ensuring that no rights of individual creditors are unduly prejudiced. See 9 COLLIER ON BANKRUPTCY ¶ 1015.03 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.). Courts have liberally allowed joint administration of related cases to promote procedural convenience and cost efficiencies. See <u>In re McKenzie Energy Corp.</u>, 228 B.R. 854, 857 (Bankr. S.D. Tex. 1998); <u>In re Steury</u>, 94 B.R. 553, 553-54 (Bankr. N.D. Ind. 1988). As stated clearly in the official Advisory Committee Note:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

1983 Advisory Committee Note to Fed. R. Bankr. P. 1015.

Joint administration differs significantly from substantive consolidation, in which the assets and liabilities are pooled and, generally, the creditors of the separate entities share pro rata in the aggregate net value of the estates. See In re Standard Brands Paint Co., 154 B.R. 563 (Bankr. C.D. Cal. 1993); In re I.R.C.C., Inc., 105 B.R. 237, 241 (Bankr. S.D.N.Y. 1989). Joint administration, by contrast, is merely procedural; each of the debtor's estates remains a separate legal entity, and creditors' individual rights to each estate are preserved. In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986); In re Blair, 226 B.R. 502, 505 (Bankr. D. Me. 1998). Thus, in every case, joint administration does not in itself prejudice the rights of any creditor. Nothing in this Motion is intended or should be construed as seeking substantive consolidation of any kind.

Pursuant to Bankruptcy Rule 1015 and the Advisory Committee Note thereto, joint administration clearly is warranted in Debtors' cases because of the following facts:

a. Debtors are affiliates as that term is defined in Section 101(2)(B) of the Bankruptcy Code. Martifer USA holds no less than 99% of the membership interests in Aurora. Likewise, the Debtors' cases are deemed related under Local Rule 1015(b)(6);

b. Under Local Rule 1015(b)(4), the Debtors' cases are deemed related because "the debtor in one (1) case [Martifer USA] is a majority shareholder of the debtor in the other case [Aurora]";

c. Debtors share the same management;

d. There is overlap in the creditor bodies of Debtors. Joint administration will avoid otherwise unnecessary and expensive duplication of effort and papers caused by preparing and serving the same creditors with sets of differently captioned but otherwise identical papers; and

e. It is likely that numerous motions filed in Debtors' cases will concern both Debtors. Again, joint administration will avoid unnecessary and expensive

duplication of effort and papers caused by preparing the same motion with different captions. (See Omnibus Declaration).

Furthermore, joint administration would greatly reduce the costs in administering Debtors' cases and eliminate the substantial waste, unnecessary paperwork, duplication, and confusion that would otherwise be created by maintaining separate pleadings dockets for these related cases. Most motions and other pleadings filed in these cases will concern both Debtors. If such motions (and related responses and other pleadings) were required to be filed separately in each affected Debtors' cases, it is likely that the only material differences among each set of pleadings would be the caption. Thus, requiring each Debtor to file separate pleadings in each matter would entail considerable duplication and additional paperwork at substantial cost, without generating any additional benefit to creditors.

The burden of not having joint administration will be similarly felt by Debtors' secured and unsecured creditors, the persons whom the Court is obligated to protect in determining whether to authorize joint administration. As with Debtors, creditors will also be required to file multiple copies of pleadings in each of the cases for no reason other than to maintain separate dockets and files. Moreover, by maintaining separate cases, some creditors may be confused unnecessarily as to when their rights are being affected. By jointly administering the estates, creditors will receive notice of all matters involving all Debtors, thereby insuring that they are fully informed of all matters potentially affecting their claims.

**B.    There Are No Actual Conflicts Of Interest Between Debtors And, Therefore, No Creditors Would Be Prejudiced By Joint Administration.**

There would be no material prejudice to creditors were Debtors' estates to be jointly administrated. Indeed, as discussed above, joint administration would benefit all creditors by substantially reducing costs and administrative burdens in general.

As for the possibility of conflicts of interest, it seems highly unlikely that any conflicts would materially prejudice the creditors of any Debtors' estates.

**C.    Were An Actual Conflict To Arise In The Course Of Debtors' Cases, The Court May Alleviate Any Prejudice To Creditors Pursuant To Its Discretion Under Bankruptcy Rule 1015(c).**

Debtors do not believe that an actual conflict will arise between the two estates. (See Omnibus Declaration). However, if an actual conflict were to arise in the future, the Court could easily alleviate any prejudice such conflict may cause to creditors through the Court's broad powers to oversee the joint administration of Debtors' cases. Under Bankruptcy Rule 1015(c), "while protecting the rights of parties under the Code, the court may enter orders as may tend to avoid unnecessary costs and delay." Exercising its discretion under this Rule, the Court should be able to promote the interests of the estates through administrative efficiency, while at the same time protecting the rights of individual creditors if and when the need arises. Until an actual conflict arises, however, there is no reason why the Court should not authorize joint administration.

## III.
## CONCLUSION

Based on the foregoing, Debtors respectfully request that this Court enter an Order, substantially in the form attached hereto as **Exhibit "1"**, authorizing the joint administration of Debtors' cases. Debtors further request that such Order direct that all pleadings relating to Debtors' cases bear a joint caption, substantially in the form of **Exhibit "A"** attached to the Order; and be maintained by the court clerk under a single pleadings docket maintained under this case.

Dated this 22nd day of January 2014.

**FOX ROTHSCHILD LLP**

By:    */s/Brett A. Axelrod*
     BRETT A. AXELROD, ESQ.
     Nevada Bar No. 5859
     MICAELA RUSTIA MOORE, ESQ.
     Nevada Bar No. 9676
     3800 Howard Hughes Parkway, Suite 500
     Las Vegas, Nevada 89169
     *[Proposed] Counsel for Martifer Aurora Solar, LLC*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 24525441v1 01/22/2014                6

# **EXHIBIT 1**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>                    Debtor. | Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO BANKRUPTCY RULE 1015(B) AND LOCAL RULE 1015**<br><br>Hearing Date:<br>Hearing Time: |

The Emergency Motion for Order Directing Joint Administration of Related Cases Pursuant to Bankruptcy Rule 1015(b) and Local Rule 1015 (the "Motion"), filed by Martifer Aurora Solar, LLC, in the above-captioned chapter 11 case, came on for hearing before the undersigned United States

ACTIVE 24525441v1 01/22/2014                        7

1  Bankruptcy Judge at the above-referenced time and place. Appearances were made as noted in the
2  record for the hearing.
3      Having read and considered the Motion, and the accompanying Memorandum of Points and
4  Authorities, and having considered the other matters submitted to the Court in connection with the
5  Motion; and it appearing that the limited notice given of the Motion was appropriate under the
6  particular circumstances presented; and good cause appearing,
7      **IT IS HEREBY ORDERED THAT:**
8      1.    The Motion is hereby granted;
9      2.    The chapter 11 cases of Martifer Aurora Solar, LLC and Martifer Solar USA, Inc. shall
10 hereafter be jointly administered under the Martifer Aurora Solar, LLC case pursuant to Federal Rule of
11 Bankruptcy Procedure 1015(b);
12     3.    The joint caption page, attached hereto as **Exhibit "A"** is hereby approved; and
13     4.    The Clerk of the Court shall file and maintain all of the pleadings under a single docket
14 under the Martifer Aurora Solar, LLC case. Each debtor, however, shall maintain a separate claims
15 register.
16 Respectfully submitted by:
17 **FOX ROTHSCHILD LLP**
18 By: _____
19     BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
20     MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
21     3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
22 *[Proposed] Counsel for Martifer Aurora Solar, LLC*
23
24 APPROVED/DISAPPROVED:
**OFFICE OF THE UNITED STATES TRUSTEE**
25
26 By_____
    J. Michal Bloom, Trial Attorney
27     300 Las Vegas Boulevard, Suite 4300
    Las Vegas, Nevada 89101
28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    J. MICHAL BLOOM, OFFICE OF
    THE UNITED STATES TRUSTEE

    __Approved / Disapproved__

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

# EXHIBIT A
# **PROPOSED JOINT CAPTION**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| In re | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl |
|---|---|
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | Jointly Administered under Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Chapter 11<br><br>**ORDER DIRECTING JOINT ADMINISTRATION OF RELATED CASES PURSUANT TO BANKRUPTCY RULE 1015(B) AND LOCAL RULE 1015** |