BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC*

Electronically Filed January 22, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

MARTIFER AURORA SOLAR, LLC,
a Nevada limited liability company,

Debtor.

Case No. BK-S-14-10355-abl

Chapter 11

**EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR HEARING ON DEBTOR'S EMERGENCY FIRST DAY MOTIONS AND LIMITING NOTICE THEREOF**

Martifer Aurora Solar, LLC ("Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), hereby submits this Ex Parte Application For Order Shortening Time For Hearing (the "Application") on Debtor's Emergency First Day Motions (as defined herein).[1]

Specifically, Debtor has filed the following emergency first day motions (collectively, the "Emergency First Day Motions"):

1. *Motion for Joint Administration ("Joint Administration Motion");*

2. *Designation of Responsible Persons ("Designation"); and*

---

[1] Debtor will be filing additional Emergency First Day Motions on January 23, 2014 and will also request the hearings on such motions be heard on shortened time.

ACTIVE 24550678v1 01/22/2014          1

3. *Motion for Extension of Time to File Schedules and Statements ("<u>Motion for Extension of Time</u>").*

The Emergency First Day Motions are based on the Omnibus Declaration of Klaus Berhnart filed in support of Debtor's First Day Motions (the "<u>Omnibus Declaration</u>"). Additional information on Debtor and the events leading up to this Chapter 11 Case are set forth therein.

By this Application, Debtor respectfully requests that the Court enter an order: (i) setting an emergency hearing on the Emergency First Day Motions no later than January 28, 2014 (the "<u>Emergency First Day Hearing</u>"), (ii) directing Debtor to serve notice of the Emergency First Day Hearing in accordance with the procedure set forth in section III below; (iii) approving the form and scope of notice of the Emergency First Day Motions described in section III below and providing that no other notice of the Emergency First Day Motions need be given under the circumstances.

WHEREFORE, for the reasons set forth herein, Debtor respectfully requests that the Court hear the Emergency First Day Motions on an order shortening time, and grant such other and further relief as may be just and proper.

DATED this 22nd day of January 2014.

**FOX ROTHSCHILD LLP**

By:  /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Aurora Solar, LLC*

**POINTS AND AUTHORITIES**

**I.**

As set forth in the Emergency First Day Motions, and the Omnibus Declaration, it is necessary for the Court to hear the Emergency First Day Motions on an expedited basis in order to permit Debtor to transition smoothly into chapter 11 with minimal disruption and streamline the administration of this Chapter 11 Case.

ACTIVE 24550678v1 01/22/2014     2

1.      <u>Motion for Joint Administration</u>: Joint administration would greatly reduce the costs in administering Debtor's case with the case of its affiliate, Martifer Solar USA, Inc., Case No. 14-10357-abl, and eliminate the substantial waste, unnecessary paperwork, duplication, and confusion that would otherwise be created by maintaining separate pleadings dockets for these related cases. Most motions and other pleadings filed in these cases will concern both Debtors.

2.      <u>Motion for Extension of Time</u>: To prepare its Schedules and SOFA, Debtor must compile financial information from books, records, and documents relating to its assets, contracts and claims of creditors. This information is voluminous and assembling the necessary information requires a significant expenditure of time and effort on the part of Debtor. While Debtor, with the help of professional advisors, is working diligently and expeditiously on the preparation of the Schedules and SOFA, resources are limited.

3.      Based on the foregoing, and for the other reasons set forth in the Emergency First Day Motions, Debtor requests that the Court set a hearing on the Emergency First Day Motions as soon as possible, but no later than January 28, 2014.

The proposed shortening of time will not adversely impact any party's ability to respond to the Emergency First Day Motions, since the parties have had notice of the Emergency First Day Motions as described above. Further, the proposed shortening of time will still allow for compliance with Rule 4001(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), which provides that objections, if any, to the Emergency First Day Motions may be filed and served within the time fixed by the Court. Fed. R. Bankr. P. 4001(d)(2).

## II.

## LEGAL ARGUMENT

**A.     <u>The Relief Is Authorized by Rule 9006 and Meets Due Process Requirements</u>.**

Bankruptcy Rules 9006(c)(1) and (d) authorize a court to reduce the time for a hearing, and a party to file an ex parte motion to shorten the time for a hearing. Bankruptcy Rule 9006(c)(1) provides in relevant part:

> In General. Except as provided in paragraph (2) of this subdivision, when an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court,

the court for cause shown may in its discretion with or without motion or notice order the period reduced.

Fed. R. Bankr. P. 9006(c)(1).

Courts have generally acknowledged that such expedited relief does not violate due process rights, *even if the motion to shorten time is made ex parte*. Bankruptcy Rule 9006(c)(1) (emphasis added). "Bankruptcy Rule 9006(c) permits the bankruptcy court 'for cause shown' in its discretion, with or without motion or notice, to reduce the notice period, and ex parte motions for material reductions in the notice period are routinely granted by bankruptcy courts." Hester v. NCNB Texas Nat'l Bank (In re Hester), 899 F.2d 361, 364 n. 3 (5th Cir.1990); see also 9 Collier on Bankruptcy 9006.07 (Lawrence P. King ed., 15th ed. 1995). See, e.g. In re Gledhill, 76 F.3d 1070 (10th Cir.[Utah] 1996).

The Court's decision to reduce the notice period under Bankruptcy Rule 9006 will allow Debtor to reduce the administrative costs and eliminate duplication in the Debtors' related cases and provide Debtor time to prepare its Schedules and SOFA. Accordingly, Debtor believes it is appropriate that the Emergency First Day Motions be heard on an order shortening time.

**Counsel Has Conferred With the Notice Parties.**

Prior to filing the Emergency First Day Motions, counsel consulted the Notice Parties as shown on the Attorney Information Sheet For Proposed Order Shortening Time, filed concurrently herewith and incorporated by reference herein and has previously provided the Office of the United States Trustee and the Agent for its secured lenders with copies of all First Day pleadings.

### III.

### NOTICE

A. **Notice of Emergency First Day Hearing.**

Upon the Court's entry of an order approving this Application, Debtor will serve the (i) Debtor's 20 largest unsecured creditors; (ii) Debtor's secured creditors and lienholders of record; (iii) the Office of the United States Trustee for the District of Nevada; (iv) the federal and state governmental units required by Local Bankruptcy Rule 2002(a)(6); (v) Debtor's utility providers; and (vi) Debtor's insured depository institutions with notice of the Emergency First Day Hearing by facsimile, electronic mail or overnight mail.

ACTIVE 24550678v1 01/22/2014     4

**B.      The Emergency First Day Motions.**

Debtor will serve the Emergency First Day Motions and the Omnibus Declaration as follows:

1.    All Emergency First Day Motions are being served via overnight mail, facsimile or electronic mail on: (i) Debtor's 20 largest unsecured creditors; (ii) Debtor's secured creditors; (iii) the Office of the United States Trustee for the District of Nevada; and (iv) the federal and state governmental units required by Local Bankruptcy Rule 2002(a)(6).

2.    Debtor's utility providers are being served with the Utility Motion via overnight mail.

3.    Debtor submits that such notice is adequate and appropriate under the circumstances and that no other or further notice of the Emergency First Day Motions and the Emergency First Day Hearing need be given.

## IV.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that the Court hear the Emergency First Day Motions on an order shortening time, and grant such other and further relief as may be just and proper.

DATED this 22nd day of January 2014.

**FOX ROTHSCHILD LLP**

By:      */s/Brett A. Axelrod*
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Aurora Solar, LLC*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 24550678v1 01/22/2014       5