1  BRETT A. AXELROD, ESQ.
2  Nevada Bar No. 5859

| Electronically Filed January 24, 2014 |

MICAELA RUSTIA MOORE, ESQ.
3  Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
4  3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
5  Telephone: (702) 262-6899
Facsimile: (702) 597-5503
6  Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
7  *[Proposed] Counsel for Martifer Solar Aurora, LLC*
8

9              **UNITED STATES BANKRUPTCY COURT**

10             **DISTRICT OF NEVADA**

11

12  In re                              | Case No. BK-S-14-10355-abl

13  MARTIFER SOLAR AURORA, LLC,        | Chapter 11
    a Nevada limited liability company,
14                                     | **MOTION FOR ORDER ESTABLISHING**
                          Debtor.      | **CERTAIN CASE MANAGEMENT,**
15                                     | **NOTICE AND ADMINISTRATIVE**
                                       | **PROCEDURES**
16
17                                     | Hearing Date:    OST REQUEST PENDING
                                       | Hearing Time:    OST REQUEST PENDING
18

19         Martifer Solar Aurora, LLC ("Aurora"),  debtor and debtor in possession in the above-captioned

20  bankruptcy case, and its affiliated debtor Martifer Solar USA, Inc. ("Martifer USA", together with

21  Aurora, the "Debtors"), respectfully submit this motion (the "Motion") for entry of an order,

22  substantially in the form attached hereto as **Exhibit A** (the "Case Management Order"), establishing

23  certain case management, notice and administrative procedures.  Debtors seek to establish a framework

24  that will facilitate the efficient administration of their Chapter 11 Cases (defined below).  Entry of the

25  Case Management Order will implement Case Management Procedures (defined below) to, among

26  other things, (i) establish omnibus hearing dates, (ii) establish administrative procedures concerning

27  requests for relief that may be filed in Debtors' Chapter 11 Cases; (iii) authorize Debtors to limit notice

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

with respect to certain matters that are anticipated to arise in their Chapter 11 Cases; and (iv) authorize Debtors to serve by publication.

This Motion is made pursuant to Rules 2002, 9007 and 9008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").  In addition, Bankruptcy Rules 4001, 6004, 6006, 6007, 9006, 9007, 9013, 9014 and 9019 allow this Court to determine those parties to whom Debtors must provide notice.  The Motion is based upon the following memorandum of points and authorities, the Omnibus Declaration of Klaus Bernhart in support of Debtors' First Day Motions (the "Initial Declaration") and the Supplemental Omnibus Declaration of Klaus Bernhart in support of Debtors' First Day Motions (the "Supplemental Declaration", together with the Initial Declaration, the "Omnibus Declaration"),[1] the papers and pleadings on file with the Court in these Chapter 11 Cases, the arguments and representations of counsel, and any oral or documentary evidence presented at or prior to the time of the hearing on the Motion.

DATED this 24th day of January 2014.

**FOX ROTHSCHILD LLP**

By    */s/ Brett A. Axelrod*
      BRETT A. AXELROD, ESQ.
      Nevada Bar No. 5859
      MICAELA RUSTIA MOORE, ESQ.
      Nevada Bar No. 9676
      3800 Howard Hughes Parkway, Suite 500
      Las Vegas, Nevada 89169
      *[Proposed] Counsel for Martifer Solar Aurora, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.**

**JURISDICTION**

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.      Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Omnibus Declaration.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

3.     The statutory bases for the relief requested herein are sections 102 and 105 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Bankruptcy Rules 2002, 9007 and 9008 and Rule 2002 of the Local Rules of Bankruptcy Practice of the United States District Court for the District of Nevada (the "Local Rules").

**II.**

**FACTUAL BACKGROUND**

4.     On January 21, 2014 (the "Petition Date"), Debtors each filed their voluntary petitions for relief under chapter 11 of the Bankruptcy Code thereby initiating their Chapter 11 Cases.

5.     Debtors are continuing in possession of its property and is operating and managing its business, as debtors in possession, pursuant to Bankruptcy Code sections 1107 and 1108.  (See generally Chapter 11 Cases Dockets).

6.     No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.  (See id.).

7.     The general factual background relating to Debtors' operations, capital structure and the events leading to the commencement of these Chapter 11 Cases is set forth in detail in the Omnibus Declaration and is incorporated for all purposes herein by this reference.

8.     Debtors estimate hundreds of creditors and parties in interest exist in this Chapter 11 Cases.  Debtors are still in the process of preparing their Schedules and Statement of Financial Affairs. (See Omnibus Declaration).

9.     Currently, Debtors estimate there are approximately 134 creditors among these Chapter 11 Cases.  (See Omnibus Declaration).

10.     Debtors believe there are approximately 294 contingent warranty claims for residential installations.  (See Omnibus Declaration).

11.     Further, Debtors believe there are 376 other parties-in-interest among these Chapter 11 Cases.  These include vendors that Debtors have had business relationships with over the years and parties with whom Debtors have executed a non-disclosure agreement.  (See Omnibus Declaration).

12.     Debtors believe that the vast majority of these parties-in-interest do not have any claims against one or more of the Debtors and therefore full notices of all documents and each hearing through

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada  89169
(702) 262-6899

the Chapter 11 Cases would present burdensome costs to the estates. Accordingly, Debtors believe that the expenditure of large portions of its available resources to notify all parties in interest with pleadings and hearings in which they will have no interest is unwarranted under the circumstances. (See Omnibus Declaration).

13.    Debtors believe that implementation of the proposed notice, administrative and case management procedures described herein and to be attached to the Case Management Order (collectively, the "Case Management Procedures") is warranted to ensure the Chapter 11 Case is administered in the most efficient and effective way possible. In particular, the proposed Case Management Procedures will benefit Debtors, the Court and all parties in interest by, among other things:

> (a)    Reducing the need for emergency hearings and requests for expedited relief;
>
> (b)    Fostering consensual resolution of important matters;
>
> (c)    Assuring prompt receipt of appropriate notice affecting parties' interests;
>
> (d)    Providing ample opportunity to parties in interest to prepare for and respond to matters before this Court;
>
> (e)    Reducing the substantial administrative and financial burden that would otherwise be placed on Debtors and other parties in interest who file documents in these Chapter 11 Cases; and
>
> (f)    Reducing administrative burdens on the Court and the Clerk's office.

(See Omnibus Declaration).

14.    Debtors propose to serve the Case Management Procedures on a Service List (defined herein) that it will maintain in accordance with the Case Management Procedures. In the event the Case Management Procedures are modified during the course of these Chapter 11 Cases, Debtors will redistribute the Case Management Procedures to the Service List.

15.    Additionally, to ensure meaningful notice and participation of all parties in interest, Debtors further propose to publish the Notice of Chapter 11 Cases, Meeting of Creditors and Deadlines in the Wall Street Journal, the Los Angeles Times and the Denver Post.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

## III.

## REQUEST FOR RELIEF

16.    The large number of creditors and other parties in interest involved in these Chapter 11 Cases will impose heavy administrative costs and other burdens upon Debtors, the Court, and the Clerk's Office. Debtors desire to assist and cooperate with the Clerk's Office to help alleviate those burdens to the fullest extent possible. Accordingly, Debtors respectfully request that the Court enter the Case Management Order (a) establishing the Case Management Procedures as the governing framework for administration of these Chapter 11 Cases, (b) approving the form and proposed notice of the Case Management Procedures, (c) finding that notice of this Motion is appropriate and sufficient under the circumstances, and (d) granting such other relief as is just and proper.

## IV.

## CASE MANAGEMENT PROCEDURES

**A.    <u>Omnibus Hearing Dates</u>.**

17.    <u>All Matters to be Heard at Omnibus Hearings</u>. Debtors propose that the Court schedule periodic omnibus hearings to consider all motions, pleadings, applications, objections and responses thereto, and other requests for relief filed in these Chapter 11 Cases (the "<u>Omnibus Hearings</u>") no less frequently than once per month.

18.    <u>Setting Omnibus Hearings</u>. Debtors propose that periodic omnibus hearings be set in the Chapter 11 Cases as follows:

(a)    <u>Ordinary Scheduling Procedures</u>. In accordance with Bankruptcy Rule 2002 and Local Rule 9014, a party may notice its Request for Relief (defined below) as set for hearing on the date of the next upcoming Omnibus Hearing date provided such Omnibus Hearing date is no less than twenty-eight (28) days after the filing of the Request for Relief.

(b)    <u>Emergency Scheduling Procedures</u>. Notwithstanding the Ordinary Scheduling Procedures, every party may request a hearing on less than twenty-eight (28) days' notice in accordance with Local Rule 9006.

(c)    <u>Initial Omnibus Hearings.</u> The first seven (7) Omnibus Hearings shall be held on the following dates and times:

(i)    __:__ a.m./p.m on the ___ day of February, 2014

(ii)    __:__ a.m./p.m on the ___ day of March, 2014

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(iii)    __:__ a.m./p.m on the ___ day of April, 2014

(iv)    __:__ a.m./p.m on the ___ day of May, 2014

(v)    __:__ a.m./p.m on the ___ day of June, 2014

(vi)    __:__ a.m./p.m on the ___ day of August, 2014

(vii)    __:__ a.m./p.m on the ___ day of September, 2014

19.    <u>Subsequent Omnibus Hearings</u>.  At or before the last Omnibus Hearing noted above, Debtors shall request that the Court schedule additional Omnibus Hearings.

**B.    <u>Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings.</u>**

20.    <u>Procedures Established for Notices</u>.    Debtors propose that all notices, motions, applications and other requests for relief, including all briefs, memoranda, affidavits, declarations and other documents filed in support of such papers seeking relief (collectively, the "<u>Requests for Relief</u>") and all objections and responses to such Requests for Relief (collectively, the "<u>Objections</u>," and together with the Requests for Relief and all other filed documents, the "<u>Court Filings</u>") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein at paragraphs 15-33 (the "<u>Notice Procedures</u>").

21.    <u>Entities Entitled to Service</u>.  Debtors propose that all Court Filings shall be served upon the Master Service List, the Rule 2002 List and Affected Entities (each as defined hereinafter and collectively referred to as the "<u>Service List</u>"):

(a)    <u>Master Service List</u>.  This list shall be maintained by Debtors' counsel and made available to parties in interest by contacting Debtors' counsel directly, and shall include contact information for the following parties:

(i)    the Office of the United States Trustee for the District of Nevada;

(ii)    Debtors' and their counsel;

(iii)    counsel to any official committee of creditors or, until such appointment, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Chapter 11 Cases by Debtors, pursuant to Bankruptcy Rule 1007(d);

(iv)    the Internal Revenue Service; and

(v)    the Securities and Exchange Commission.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(b)     Rule 2002 List.  This list shall be maintained by Debtors' counsel and shall include contact information for those entities who file or have filed a proper request for service of papers pursuant to Bankruptcy Rule 2002 as follows:

(i)     A Request for Service of Papers Requires Email Address – A request for service of papers pursuant to Bankruptcy Rule 2002 filed with the Court (each, a "Rule 2002 Notice Request") shall be deemed proper if and only if it includes the following information with request to the party filing such request:  (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

(ii)     Certification For Opting Out of Email Service – Any individual or entity filing a Rule 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the Rule 2002 Notice Request a certification that shall include a statement certifying that the individual or entity (a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

(iii)     Updates to Rule 2002 Notice Request – Each entity submitting a Rule 2002 Notice Request shall file with the Court an updated Rule 2002 Notice Request, as necessary, to reflect changes to any information, including email address and contact person, and shall serve a copy of such request upon Debtors and Debtors' counsel.

(iv)     At least every fifteen (15) days during the first sixty (60) days following the Petition Date, and thereafter once a month, Debtors' counsel shall maintain and update the Rule 2002 List by:  (a) making any additions and deletions necessary since the last update; (b) filing the updated Rule 2002 List with the Court; (c) serving the updated Rule 2002 List on the parties listed thereon; and (d) filing a proof of service.

(c)     Affected Entities.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "Affected Entity").

22.     Filing and Service of Requests for Relief.

(a)     Deadline for Requests for Relief.  Debtors propose that, unless otherwise ordered by the Court, the deadline to file a Request For Relief (the "Request Deadline") shall be no less than twenty-eight (28) days before the applicable hearing date in accordance with Bankruptcy Rule 2002 and Local Rule 9014.

(b)     Service of Requests for Relief.  Debtors further propose that, unless the Court orders otherwise, all Requests For Relief filed with the Court shall be served by the Request Deadline, upon the Master Service List, Rule 2002 List and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Request for Relief is set on an expedited basis on a date that is ten (10) days or less before the applicable hearing, then such Request for Relief shall also be served by email, facsimile, hand delivery, or overnight

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

mail upon Debtors and their counsel, any committee appointed in the case and its counsel, the entity filing the Request for Relief, and each Affected Entity.

23.    <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.

(a)    <u>Deadline for Objections</u>.  Debtors propose that, unless otherwise ordered by the Court, the deadline to file objections to Requests For Relief (the "<u>Objection Deadline</u>") shall be fourteen (14) days before the applicable hearing date in accordance with Local Rule 9014.  An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than seven (7) days before the applicable hearing date.  For motions that are set on an expedited basis and less than fourteen (14) days after the Request for Relief is filed, the Objection Deadline shall be 5:00 p.m. prevailing Pacific Time no later than five (5) days before the hearing date.  Failure to file objections by the Objection Deadline may cause the Court to not consider the objection.

(b)    <u>Service of Objections</u>.  Debtors further proposes that all objections filed with the Court shall be served by the applicable Objection Deadline, upon the entity filing the Request for Relief; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then objections shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtor and its counsel, any committee appointed in the case and its counsel, the entity filing the Request for Relief, and each Affected Entity.

(c)    <u>Filing and Service of Replies to Objections</u>.  Debtors further propose that if a Court Filing is a reply to an objection, such reply shall be filed with the Court and served upon Debtors and their counsel, the parties filing objections and each Affected Entity, seven (7) days before the applicable hearing date in accordance with Local Rule 9014.  If such reply is filed with respect to a motion set on an expedited basis, the reply shall be filed with the Court and served on the foregoing parties enumerated in this subsection (c) no later than 12:00 p.m. prevailing Pacific Time at least one (1) business day before the applicable hearing date.

24.    <u>Service of Orders</u>.  Debtors propose that any party submitting an order for the Court's consideration be required to serve a file-stamped copy of such order on (i) each Affected Entity, and (ii) Debtors and their counsel, within two (2) business days of entry of the order.

25.    With respect to Court Filings for which notices are required to be served on all creditors and parties in interest, including particular notices required pursuant Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, Debtors propose that parties shall be required to serve all such filings only on the Service List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

(a)    in the case of any use, sale, lease or abandonment of substantially all of Debtors' property, on each entity asserting an interest in that property;

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(b)      in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(c)      in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(d)      in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

(e)      in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

(f)      any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

(g)      all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

26.      Debtors propose that, except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a)      Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

(b)      Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of Debtors' assets);

(c)      Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

(d)      Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(e)      Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(f)      Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

(g)      Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

(h)      Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(i)      Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(j)     Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

(k)     Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(l)     Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(m)     Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(n)     Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

27.     Debtors further propose that, pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) who is required, but fails, to file a proof of claim in these Chapter 11 Cases in accordance with any orders of the Court establishing a claims bar date (such creditors, the "Excluded Creditors") shall not be entitled to further notice, and Debtors shall not be required to provide any further notice to any such creditor, with respect to such claim or otherwise in these Chapter 11 Cases after the claims bar date established by the Court has passed.

28.     Right to Request Special Notice Procedures.  Nothing herein shall prejudice the right of any entity to (a) move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, or (b) request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

29.     Use of Negative Notice.  Nothing in these Case Management Procedures shall affect the applicability of a party's ability to file and serve a Request for Relief on negative notice under the Bankruptcy Rules and Local Rules applicable to such Request for Relief.

**C.     Service by Electronic Mail.**

30.     Debtors propose that all Court Filings shall be electronically served through the Court's Case Management/Electronic Case Filing System ("CM/ECF"), other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

exclusions set forth herein, each party that has filed a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures, shall be deemed to have consented to electronic service of papers. A party filing a Court Filing that is served on entities via the CM/ECF has no further obligation for service of such Court Filing with respect to such entities to be proper.

31.     Debtors further propose that if a Rule 2002 Notice Request fails to include an email address and a Certification, Debtors shall forward a copy of the Case Management Procedures as approved by the Court to such party within five (5) business days specifically requesting an email address.  If no email address or no Certification is provided in response to such request, such party shall not be added to the Rule 2002 List and shall not be served with copies of pleadings and documents filed in this case unless such pleadings or documents directly affect such party.

**D.      Limit Notice Matters.**

32.     To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Rules require broader notice, Debtors respectfully request that motions or applications regarding the following matters or proceedings be the subject of limited notice in these Chapter 11 Cases:

    (a)    any proposed use, sale, or lease of property of the estate pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004 (except a sale of substantially all of Debtors' assets);

    (b)    any proposed extension of Debtors' exclusive right to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement), pursuant to Bankruptcy Code section 1121 and Bankruptcy Rule 3016;

    (c)    any proposed approval of a compromise or settlement of a controversy pursuant Bankruptcy Rules 2002(a)(3) and 9019;

    (d)    any proposed abandonment or disposition of property of the estate pursuant to Bankruptcy Code section 554 and Bankruptcy Rules 6007(a) or (b);

    (e)    any proposed assumption or rejection of contracts or leases under Bankruptcy Code section 365 and Bankruptcy Rule 6006(a) or (c);

    (f)    any proposed modification of the automatic stay pursuant to Bankruptcy Code section 362 or Bankruptcy Rules 4001(a) or 9014;

    (g)    any proposal to prohibit or condition the use, sale or lease of property pursuant to Bankruptcy Code section 363 or Bankruptcy Rule 4001(a) or 6004;

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(h)    any proposed objections to claims pursuant to Bankruptcy Code section 502 or Bankruptcy Rules 3002, 3003 or 3007;

(i)    any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

(j)    any verified statement filed by any entity or committee (other than those appointed pursuant to Bankruptcy Code sections 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

(k)    any proposed application for employment of professionals pursuant to Bankruptcy Code sections 327, 1103 or 1104 or Bankruptcy Rule 2014;

(l)    any proposed application for compensation or reimbursement of expenses of professionals, pursuant to Bankruptcy Code sections 328, 329, 330 or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005; except as provided by other orders of this Court; hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Rules; and

(m)    all other pleadings, papers, and requests for relief or other order of the Court.

The notices, motions and applications for which Debtors are seeking to limit notice, as set forth above, are hereinafter referred to as the "Limited Notice Matters."

33.    Notwithstanding the foregoing, and except as to the Excluded Creditors, the relief requested in this Motion does not affect the rights of all creditors and parties in interest in this Chapter 11 Case to receive notice of the following matters or proceedings:

(a)    the meeting of creditors;

(b)    the deadline for filing proofs of claim;

(c)    the hearing on any motion to convert or dismiss the Chapter 11 Case;

(d)    the time fixed for filing objections and the hearing to consider approval of a disclosure statement;

(e)    the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and

(f)    the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

As required by Bankruptcy Rule 2002(d), Debtors are prepared to provide notice of the foregoing matters (a)-(b) to all creditors and equity interest holders and requests authority to provide notice of the foregoing matters (c)-(f) to all creditors and equity interest holders except the Excluded Creditors.

**E.    Proposed Limit Notice Procedures.**

34.    As permitted by Bankruptcy Rules 2002(i) and (m), Debtors propose that the Court enter the Case Management Order that, to the extent allowed, limits the parties upon whom Debtors must serve notice with respect to the Limited Notice Matters in these Chapter 11 Cases as follows:

**1.    Service of Limited Notice Matters that Are Not Emergency or Expedited.**

35.    Notice of motions concerning Limited Notice Matters to be heard on regular notice shall be deemed sufficient if served via the Court's CM/ECF, first class mail, overnight delivery, facsimile or email upon the following parties:  (a) the Office of the United States Trustee; (b) parties that file with the Court and serve upon Debtors and their counsel a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures; (c) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (d) (i) counsel for any official unsecured creditors committee that may be appointed in these Chapter 11 Cases; or, (ii) until such time as counsel for any official committee is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) (hereinafter, the foregoing collectively, "Limited Service List").  Debtors propose that any party that wishes to change its address on the Limited Service List or the list of all creditors and equity interest holders shall provide notice of the requested change to the Court, counsel for Debtors, and the parties entitled to such notice.

**2.    Service of Limited Notice Matters that Require Emergency or Expedited Relief.**

36.    Pursuant to Local Rule 9006(e), if a motion for order shortening time is granted, the notice of the entry of the order shortening time together with a copy of the motion must be served in the most expeditious manner possible (e.g., email, facsimile, or hand delivery) within one (1) business day after the order is entered, unless the court orders otherwise.  However, in some instances service by one of the means listed is not possible within the time frame available or is not practical (e.g., service on a very large group for which Debtors have no facsimile numbers or email addresses readily available).

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

1   Therefore, with respect to those Limited Notice Matters to be heard on emergency or expedited notice,

2   Debtors propose that, in addition to the methods of service authorized by Local Rule 9006(e), notice be

3   deemed sufficient if served only on the Limited Service List, via overnight delivery or email address, if

4   known to Debtors, so long as the notice will be delivered prior to the scheduled hearing time.

5          37.    Debtors submit the Case Management Procedures as concerning Limit Notice Matters

6   are necessary and appropriate given that the numbers of creditors and parties-in-interest is so large and

7   many of the parties would not be interested in receiving copies of all the Limited Notice Matters.

8   Requiring notice to, and service upon, so many parties would substantially increase the cost and

9   administrative burden on Debtors without conferring any meaningful benefit to Debtors' estates and

10  consequently would diminish the assets ultimately available for distribution to creditors.  Further,

11  allowing service of an emergency or expedited motion by overnight delivery in the instances outlined

12  above provides the other parties notice of the matter while preserving the ability of parties in these

13  Chapter 11 Cases to bring such matters before the Court on a timely and efficient basis.

14  **F.    Service by Publication**

15         38.    Debtors propose to give notice by publication, pursuant to Bankruptcy Rule 2002(l), to

16  creditors to whom notice by mail is impracticable, including creditors who are unknown or not

17  reasonably ascertainable by Debtors and creditors whose identities are known but whose addresses are

18  unknown by Debtors, or to supplement notice.  Specifically, Debtors propose to publish the Notice of

19  Chapter 11 Cases, Meeting of Creditors and Deadlines, which includes the deadline to file a proof of

20  claim, in the Wall Street Journal, the Los Angeles Times and the Denver Post.  Debtors propose to

21  make such publication on one occasion within one week from entry of the order approving this Motion,

22  thus satisfying the requirements of Bankruptcy Rules 2002(a)(7) and 9006(f) that such notice be

23  published at least twenty-four (24) days before the claims bar date established by the court.

24  **G.    <u>Service of This Motion</u>.**

25         39.    Debtors are serving a copy of this Motion by email, overnight delivery or facsimile only

26  on the Limited Service List contemporaneously with the filing of, and prior to the hearing on, the

27  Motion since the vast majority of creditors will not be interested in receiving notice of the Limited

28  Notice Matters or this Motion.  Additionally, Debtors are serving a copy of this Motion on the Master

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

1  Service List, which includes the creditors holding the twenty (20) largest unsecured claims in Debtors

2  estates, as well as the Office of the United States Trustee.  Debtors respectfully submit that service of

3  this Motion as noted herein is appropriate and sufficient under the circumstances and further notice

4  need not be given.

5      40.    If this Motion is granted, Debtors propose to inform creditors and other parties in

6  interest of the Limited Notice Procedures set forth above and Omnibus Hearing dates by serving the

7  Case Management Order and notice attached thereto as Exhibit 1 on the Master Service List.  In

8  addition, Debtors will provide a copy of the Limited Service List to any creditor or party in interest that

9  requests it.

**V.**

**ARGUMENT**

**A.    The Proposed Procedures are Reasonable, Adequate and Supported by Authority.**

13      This Court is conferred with the authority to limit the scope of notice in these Chapter 11 Cases

14  by establishing notice, case management and administrative procedures, pursuant to the Bankruptcy

15  Code, the Bankruptcy Rules and the Local Rules.  Bankruptcy Rule 2002(a) provides that, unless

16  otherwise ordered by the bankruptcy court, notice of certain matters must be given to, among others, all

17  of the Debtors' creditors, equity security holders, and other parties in interest.  Bankruptcy Rule 2002(i)

18  provides, in pertinent part, as follows:

> [T]he Court may order that notices required by subdivision (a)(2), (3) and (6) of this rule be transmitted to the United States trustee and be mailed only to the committees . . . appointed under § 1102 of the Code or to their authorized agents and to the creditors and equity security holders who serve on the trustee or debtors in possession and file a request that all notices be mailed to them.

23      Further, "[t]he court may from time to time enter orders designating the matters in respect to

24  which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise

25  provided by these rules."  Fed. R. Bankr. P. 2002(m); see also Fed. R. Bankr. P. 9007 ("When notice is

26  to be given under these rules, the court shall designate, if not otherwise specified herein, the time

27  within which, the entities to whom, and the form and manner in which the notice shall be given.").

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

1    Bankruptcy Rules 4001, 6004, 6006, 9006, 9007, 9013, 9014 and 9019 each allow this Court to

2    determine those parties to whom Debtors must provide notice.

3          Bankruptcy Code section 102(1) states that, where the Bankruptcy Code provides for an action

4    to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the

5    particular circumstances, and such opportunity for a hearing is appropriate in the particular

6    circumstances . . . ." 11 U.S.C. § 102(1)(A). Section 105(a) authorizes the bankruptcy court to "issue

7    any order, process, or judgment that is necessary or appropriate to carry out the provisions of

8    [Title 11]." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002). In addition to the

9    Court's general equitable powers under Bankruptcy Code section 105(a), the Court, "unless

10   inconsistent with another provision of this title or with the applicable [Bankruptcy Rules], may issue an

11   order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that

12   the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2).

13         The Case Management Procedures proposed herein comport with applicable provisions of the

14   Bankruptcy Code and Bankruptcy Rules. Debtors believe that due to the large number of creditors and

15   other parties in interest in these Chapter 11 Cases, the Case Management Procedures are appropriate.

16   Service of notice of all pleadings and other documents to all creditors would delay substantially the

17   provision of notice in each particular instance, thereby hampering the conduct of Debtors' businesses

18   and impeding the consummation of transactions. Moreover, service of notice to all creditors with

19   respect to such matters would substantially increase the cost of administering Debtors' estates.

20         The Court's CM/ECF system facilitates the legal fiction that the Bankruptcy Court Clerk's

21   office is always open because pleadings can be filed and accessed 24 hours a day, 7 days a week. See

22   Fed. R. Bankr. P. 5001. Further, all registered CM/ECF parties on the Master Service List, as well as

23   all other parties in interest that may be directly affected by a particular Request for Relief, will receive

24   notice of such Request for Relief directly from the party submitting such documents to the Court via the

25   CM/ECF system well in advance of the hearing on the matter. All parties in this case who are

26   registered participants in the CM/ECF system will receive a "Notice of Electronic Filing" via electronic

27   mail whenever a Request for Relief is effected, which will provide additional notice to such parties.

28   Although email is nearly universally available, if a party cannot reasonably obtain access to email, then

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

such party may seek an exemption pursuant to the Case Management Procedures to receive paper copies.

Each party in interest that desires notice of pleadings and other documents may, by filing a Rule 2002 Notice, receive such notice.  Therefore, no party will be adversely affected by the Case Management Procedures, including the proposed email service set forth herein.  The Case Management Procedures fall within the Court's authority to regulate notices and will mitigate the administrative and economic burdens that would otherwise be imposed upon the Court, the Clerk's office and Debtors' estates, without diminishing the opportunity for creditors and parties in interest to receive notice if they so desire.

**B.      Service by Publication of the Notice of Commencement of These Bankruptcy Cases and the Deadline for Filing a Proof of Claim Satisfies the Requirements of Due Process Where Notice by Mail is Impracticable**

Bankruptcy Rule 2002(a)(7) requires that Debtors provide claimants at least twenty-one (21) days' notice by mail of the time fixed for filing proofs of claim pursuant to Rule 3003(c).  Bankruptcy Rule 9006(f) requires that three days are added to the notice period when service is by mail.  Additionally, Bankruptcy Rule 2002(l) provides that the Court may order notice by publication if it finds that notice by mail is impractical or it is desirable to supplement other notice, and Bankruptcy Rule 9008 provides that the Court shall determine the form and manner of publication notice, the newspapers used and the frequency of publication.

The Due Process Clause of the United States Constitution applies to proceedings under the Bankruptcy Code.  In re Marshall, 721 F.3d 1032, 1067 (9th Cir. 2013).  The principal case standing for this proposition is Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652 (1950).  In Mullane, the Supreme Court held that to comport with due process, notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  See id. at 314.  "The notice must be of such nature as reasonably to convey the required information ... and it must afford a reasonable time for those interested to make their appearance."  Id. at 314–15.

"The standard set forth in Mullane is flexible and whether a particular method of notice is reasonably calculated to reach interested parties depends upon the particular circumstances of *each*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

1    case." In re Caracciolo, 2006 WL 6604324, *4 (Bankr. S.D. Cal. Dec. 13, 2006) (unpublished opinion).

2    To sum up the Mullane requirements, "[f]air or adequate notice has two basic elements: content and

3    delivery." Id. (quotations omitted).

4        "What qualifies as proper notice [is also] dependent upon whether the creditor is known or

5    unknown." See In re New Century TRS Holdings, Inc., 465 B.R. 38, 46 (Bankr. D. Del. 2012)

6    reconsideration denied, 2013 WL 5231456 (Bankr. D. Del. Sept. 17, 2013) (quotations omitted).

7    Known creditors need to be provided with actual notice of the bankruptcy proceedings, whereas for

8    unknown creditors, notice by publication is sufficient. See id.; In re Argonaut Financial Services, Inc.,

9    164 B.R. 107, 112 (N.D. Cal. 1994).

10       "[A] known creditor as one whose identity is either known or reasonably ascertainable by the

11    debtor." In re Caracciolo, 2006 WL 6604324, *3 (quotations omitted). "An unknown creditor is one

12    whose interests are either conjectural or future or, although they could be discovered upon investigation,

13    do not in due course of business come to the knowledge of the debtor." Id.

14       "It is well settled that constructive notice of the claims bar date by publication satisfies the

15    requirements of due process for unknown creditors." See In re New Century TRS Holdings, Inc., 465

16    B.R. 38, 48 (citations omitted). Notice by publication meets the requirements of the due process clause.

17    See id. The United States Supreme Court has held that "when the names, interests and addresses of

18    persons are unknown, plain necessity may cause a resort to publication." Id. (quoting City of New York

19    v. New York, N.H. & H.R. Co., 344 U.S. 293, 296, 73 S.Ct. 299, 97 L.Ed. 333 (1953) (deciding,

20    however, that because the City of New York was a known creditor, it was entitled to actual notice)).

21       The instant Motion requests that Debtors be allowed to provide publication notice to creditors to

22    whom notice by mail is impracticable, including creditors who are unknown or not reasonably

23    ascertainable by Debtors and creditors whose identities are known but whose addresses are unknown by

24    Debtors. Debtors intend to publish the Notice of Chapter 11 Cases, Meeting of Creditors and

25    Deadlines, which includes the deadline to file a proof of claim, in the Wall Street Journal, Los Angeles

26    Times and Denver Post. Debtors have business operations throughout the United States (see Omnibus

27    Declaration) and publication in a newspaper published and available nationwide would provide notice

28    to unknown creditors as broadly as possible throughout the country. Many of Debtors' previous

residential installations are concentrated in the Southern California region and Colorado. (See Omnibus Declaration). Thus publication in the Los Angeles Times and the Denver Post is reasonably calculated to notify potential claimants. Debtors propose to make such publication on one occasion within one week from entry of the order approving this Motion, thus satisfying the requirements of Bankruptcy Rules 2002(a)(7) and 9006(f) that such notice be published at least twenty-four (24) days before the claims bar date established by the court.

Accordingly, Debtors respectfully submit that due process concerns are satisfied by publication notice of the commencement of these bankruptcy cases and the deadline for filing a proof of claim.

**VI.**

**NOTICE**

Notice of this Motion has been given by electronic mail, facsimile or overnight delivery to the following parties or their counsel: (a) the Office of the United States Trustee for the District of Nevada; (b) the federal and state governmental units required by Local Bankruptcy Rule 2002(a)(6); (c) each of the Debtors' twenty (20) largest unsecured creditors; (d) Debtors' secured creditors and (e) all parties that have filed a Rule 2002 Notice Request in this Chapter 11 Case. In light of the nature of the relief requested, Debtors respectfully submit that such notice is appropriate and sufficient under the circumstances and that no further notice is necessary.

**VII.**

**CONCLUSION**

**WHEREFORE**, to facilitate the efficient administration of these Chapter 11 Cases and reduce the significant costs, delays, and burdens that would be associated with providing notice of all matters in these Chapter 11 Cases to all creditors and parties in interest, Debtors respectfully request that the Court enter the Case Management Order, substantially in the form attached hereto as **Exhibit A**, (a) establishing the Case Management Procedures as the governing framework for administration of this Chapter 11 Case; (b) approving the form and proposed notice of the Case Management Procedures; (c)

///

///

///

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

finding that notice of this Motion is appropriate and sufficient under the circumstances; and (d) granting

such other relief as is just and proper.

DATED this 24th day of January 2014.

**FOX ROTHSCHILD LLP**

By  */s/ Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway
    Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar Aurora, LLC*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

**EXHIBIT A**

**PROPOSED FORM OF CASE MANAGEMENT ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
            mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar Aurora, LLC*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re | Case No. BK-S-14-10355-abl |
| MARTIFER SOLAR AURORA, LLC, a Nevada limited liability company, | Chapter 11 |
| Debtor. | **ORDER ESTABLISHING CERTAIN CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES** |
| | Hearing Date:<br>Hearing Time: |

The Court, having reviewed and considered the Motion for Order Establishing Certain Case Management, Notice and Administrative Procedures (the "Motion"), filed in the above-captioned chapter 11 bankruptcy case by Martifer Solar Aurora, LLC ("Aurora"),  debtor and debtor in possession in the above-captioned bankruptcy case, and its affiliated debtor Martifer Solar USA, Inc. ("Martifer USA", together with Aurora, the "Debtors"), seeking an order pursuant to sections 102 and 105 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002, 9007 and 9008 of the Federal

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to, among other things, (a) establish the case management procedures set forth in the Motion as the governing framework for administration of the Chapter 11 Cases, and (b) approve the form and proposed notice of the Case Management Procedures; and upon consideration of the Omnibus Declaration of Klaus Bernhart; having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; appropriate and sufficient notice of the Motion having been provided under the circumstances, and it appearing that no other or further notice need be provided; having determined that the relief sought in the Motion is in the best interests of Debtors, their creditors and all other parties in interest; having determined that the legal and factual bases set forth in the Motion establishes just cause for the relief granted herein; and upon all the proceedings held before the Court at the date and time noted above; with all other findings of the Court as set forth in the record at such hearing, which are incorporated herein pursuant to Federal Rule of Civil Procedure 52, made applicable to these proceedings by Bankruptcy Rule 7052; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.	The Motion is GRANTED.

2.	The case management, notice and administrative procedures attached hereto as **Exhibit 1** (the "Case Management Procedures") are approved and shall be implemented immediately upon entry of this Order to provide the governing framework for administration of these Chapter 11 Cases.

3.	Debtors shall serve notice of this Order and the Case Management Procedures upon the Master Service List (as defined in the Case Management Procedures) that Debtors shall maintain in accordance with the Case Management Procedures.

4.	Debtors' counsel shall provide copies of the Case Management Procedures to any party who contacts them to make such request.

5.	In the event the Case Management Procedures are modified during the course of the Chapter 11 Cases, Debtors will redistribute the Case Management Procedures to the Master Service List.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

6.       The Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the implementation of this Order.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169

*[Proposed] Counsel for Martifer Solar Aurora, LLC*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    J. Michal Bloom, Trial Attorney for
    Tracy Hope Davis, Acting U.S. Trustee
    Foley Federal Building
    300 Las Vegas Boulevard South, Suite 4300
    Las Vegas, Nevada 89101

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

## CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    J. MICHAL BLOOM, OFFICE OF
    THE UNITED STATES TRUSTEE

    <u> Approved / Disapproved   </u>

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

1

**EXHIBIT 1**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar Aurora, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-14-10355-abl |
| MARTIFER SOLAR AURORA, LLC, a Nevada limited liability company, | Chapter 11 |
| Debtor. | |

## CASE MANAGEMENT, NOTICE AND ADMINISTRATIVE PROCEDURES

The United States Bankruptcy Court for the District of Nevada (the "Court") approved the following case management, notice and administrative procedures (the "Case Management Procedures") for the above-captioned chapter 11 bankruptcy case of Martifer Solar Aurora, LLC ("Aurora") and the case of its affiliated debtor Martifer Solar USA, Inc. ("Martifer USA", together with Aurora, the "Debtors"), debtors and debtors in possession in these Chapter 11 Cases, pursuant to its order (the "Case Management Order") entered on _____, 2014.

Anyone may obtain a copy of the Case Management Order in addition to any document filed with the Court in the Chapter 11 Cases by (a) contacting Debtors' counsel at: Fox Rothschild LLP, 3800 Howard Hughes Parkway, Suite 500, Las Vegas, NV 89169, ATTN: Patricia Chlum; or (b) accessing the Case Management/Electronic Case Filing System ("CM/ECF") on the Court's website at www.nvb.uscourts.gov through an account obtained from the PACER service center at 1 (800) 676-

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

6856 or http://pacer.psc.uscourts.gov.  Additionally, paper copies of all pleadings filed in the Chapter 11 Case are available during posted hours at the Court Clerk's office located at Foley Federal Building and U.S. Courthouse, 300 Las Vegas Boulevard South, Las Vegas, Nevada 89101.

**A.**    **Omnibus Hearing Dates.**

1.    <u>All Matters to be Heard at Omnibus Hearings</u>.  The Court shall schedule periodic omnibus hearings to consider all motions, pleadings, applications, objections and responses thereto, and other requests for relief filed in the Chapter 11 Case (the "<u>Omnibus Hearings</u>") no less frequently than once per month.

2.    <u>Setting Omnibus Hearings</u>.

(a)    <u>Ordinary Scheduling Procedures</u>.  In accordance with Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>") and Rule 9014 of the Court's Local Rules of Bankruptcy Procedure (the "<u>Local Rules</u>"), a party may notice its Request for Relief (defined below) as set for hearing on the date of the next upcoming Omnibus Hearing date provided such Omnibus Hearing date is no less than twenty-eight (28) days after the filing of the Request for Relief.

(b)    <u>Emergency Scheduling Procedures</u>.  Notwithstanding the Ordinary Scheduling Procedures, every party may request a hearing on less than twenty-eight (28) days' notice in accordance with Local Rule 9006.

(c)    <u>Initial Omnibus Hearings.</u> The first seven (7) Omnibus Hearings shall be held on the following dates and times:

(i)    __:__ a.m./p.m on the ___ day of February, 2014

(ii)    __:__ a.m./p.m on the ___ day of March, 2014

(iii)    __:__ a.m./p.m on the ___ day of April, 2014

(iv)    __:__ a.m./p.m on the ___ day of May, 2014

(v)    __:__ a.m./p.m on the ___ day of June, 2014

(vi)    __:__ a.m./p.m on the ___ day of July, 2014

(vii)    __:__ a.m./p.m on the ___ day of August, 2014

3.    <u>Subsequent Omnibus Hearings</u>.  At or before the last Omnibus Hearing noted above, Debtors shall request that the Court schedule additional Omnibus Hearings.

**B.**    **Filing and Notice Procedures; Deadlines for Filing Responsive Pleadings.**

4.    <u>Procedures Established for Notices</u>.  All notices, motions, applications and other requests for relief, including all briefs, memoranda, affidavits, declarations and other documents filed in support

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

of such papers seeking relief (collectively, the "Requests for Relief") and all objections and responses to such Requests for Relief (collectively, the "Objections," and together with the Requests for Relief and all other filed documents, the "Court Filings") shall be filed with the Court or other applicable court and served in accordance with the notice procedures set forth herein at paragraphs 4-20 (the "Notice Procedures").

       5.    Entities Entitled to Service. All Court Filings shall be served upon the Master Service List, the Rule 2002 List and Affected Entities (each as defined hereinafter and collectively referred to as the "Service List"):

       (a)    Master Service List. This list shall be maintained by Debtors' counsel and made available to parties in interest by contacting Debtors' counsel directly, and shall include contact information for the following parties:

       (i)    the Office of the United States Trustee for the District of Nevada;

       (ii)    Debtors and their counsel;

       (iii)    counsel to any official committee of creditors or, until such appointment, the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims filed in the Chapter 11 Cases by Debtors, pursuant to Bankruptcy Rule 1007(d); and

       (iv)    the Internal Revenue Service.

       (b)    Rule 2002 List. This list shall be maintained by Debtors' counsel and shall include contact information for those entities who file or have filed a proper request for service of papers pursuant to Bankruptcy Rule 2002 as follows:

       (i)    A Request for Service of Papers Requires Email Address – A request for service of papers pursuant to Bankruptcy Rule 2002 filed with the Court (each, a "Rule 2002 Notice Request") shall be deemed proper if and only if it includes the following information with request to the party filing such request: (a) name; (b) street address; (c) name of client(s), if applicable; (d) telephone number; (e) facsimile number; and (f) email address.

       (ii)    Certification For Opting Out of Email Service – Any individual or entity filing a Rule 2002 Notice Request who does not maintain (and cannot practicably obtain) an email address and thereafter cannot receive service by email must include in the Rule 2002 Notice Request a certification that shall include a statement certifying that the individual or entity (a) does not maintain an email address, and (b) cannot practicably obtain an email address at which the individual or entity could receive service by email.

       (iii)    Updates to Rule 2002 Notice Request – Each entity submitting a Rule 2002 Notice Request shall file with the Court an updated Rule 2002 Notice Request, as necessary, to reflect changes to any information, including email

address and contact person, and shall serve a copy of such request upon Debtors and Debtors' counsel.

(iv)    At least every fifteen (15) days during the first sixty (60) days following the Petition Date, and thereafter [once a month], Debtors' counsel shall maintain and update the Rule 2002 List by: (a) making any additions and deletions necessary since the last update; (b) filing the updated Rule 2002 List with the Court; (c) serving the updated Rule 2002 List on the parties listed thereon; and (d) filing a proof of service.

(c)    <u>Affected Entities</u>.  This group shall be comprised of all entities with a particularized interest in the subject matter of the particular Court Filing (each, an "<u>Affected Entity</u>").

6.    <u>Filing and Service of Requests for Relief</u>.

(a)    <u>Deadline for Requests for Relief</u>.  Unless otherwise ordered by the Court, the deadline to file a Request For Relief (the "<u>Request Deadline</u>") shall be no less than twenty-eight (28) days before the applicable hearing date in accordance with Bankruptcy Rule 2002 and Local Rule 9014.

(b)    <u>Service of Requests for Relief</u>.  Unless the Court orders otherwise, all Requests For Relief filed with the Court shall be served by the Request Deadline upon the Master Service List, Rule 2002 List and each Affected Entity, with such Affected Entities to be determined based on the particular Court Filing being served; *provided, however*, that if the Request for Relief is set on an expedited basis on a date that is ten (10) days or less before the applicable hearing, then such Request for Relief shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtors and their counsel, any committee appointed in the case and its counsel, the entity filing the Request for Relief, and each Affected Entity.

7.    <u>Filing and Service of Objections, Replies and Other Responsive Pleadings</u>.

(a)    <u>Deadline for Objections</u>.  Unless otherwise ordered by the Court, the deadline to file objections to Requests For Relief (the "<u>Objection Deadline</u>") shall be fourteen (14) days before the applicable hearing date in accordance with Local Rule 9014.  An Objection Deadline concerning a Request for Relief set to be heard on an Omnibus Hearing Date may be extended with the consent of the entity filing the Request for Relief to a date that is no later than seven (7) days before the applicable hearing date. For motions that are set on an expedited basis and less than fourteen (14) days after the Request for Relief is filed, the Objection Deadline shall be 5:00 p.m. prevailing Pacific Time no later than five (5) days before the hearing date.  Failure to file objections by the Objection Deadline may cause the Court to not consider the objection.

(b)    <u>Service of Objections</u>.  All objections filed with the Court shall be served by the applicable Objection Deadline upon the entity filing the Request for Relief; *provided, however*, that if the Objection Deadline is after the date that is five (5) days before the applicable hearing, then objections shall also be served by email, facsimile, hand delivery, or overnight mail upon Debtors and their counsel, any committee appointed in the case and its counsel, the entity filing the Request for Relief, and each Affected Entity.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(c)      Filing and Service of Replies to Objections.  If a Court Filing is a reply to an objection, such reply shall be filed with the Court and served upon Debtors and their counsel, the parties filing objections and each Affected Entity, seven (7) days before the applicable hearing date in accordance with Local Rule 9014.  If such reply is filed with respect to a motion set on an expedited basis, the reply shall be filed with the Court and served on the foregoing parties enumerated in this subsection (c) no later than 12:00 p.m. prevailing Pacific Time at least one (1) business day before the applicable hearing date.

8.      Service of Orders.  Any party submitting an order for the Court's consideration shall serve a file-stamped copy of such order on (i) each Affected Entity, and (ii) Debtors and their counsel, within two (2) business days of entry of the order.  Debtors shall cause copies of all entered orders to be posted on the Case Website.

9.      With respect to Court Filings for which notices are required to be served on all creditors and parties in interest, including particular notices required pursuant Bankruptcy Rules 2002(a)(2) and (3), 4001, 6004, 6007 or 9019, parties shall serve all such filings only on the Service List by email or otherwise (if an exemption is granted) and in accordance with the following procedures, unless otherwise ordered by the Court —

(a)      in the case of any use, sale, lease or abandonment of substantially all of Debtors' property, on each entity asserting an interest in that property;

(b)      in the case of a motion for relief or modification of the automatic stay, on each entity asserting a lien or encumbrance on the affected property;

(c)      in the case of a motion relating to the use of cash collateral or obtaining credit, each party asserting an interest in the cash collateral or a lien or other interest in property upon which a lien or encumbrance is proposed to be granted;

(d)      in the case of a motion under Bankruptcy Rule 9019, all parties that are parties to the relevant compromise and settlement or that may be directly affected by such compromise or settlement;

(e)      in the case of assumption, assignment or rejection of an executory contract or an unexpired lease, each party to the executory contract or the unexpired lease;

(f)      any objection, opposition, response, reply or further document filed directly in response to a document shall be served on the entity who filed such document; and

(g)      all matters for which the Bankruptcy Rules specifically require notice to all parties in interest shall be served on all parties in interest unless otherwise directed by the Court.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

10.     Except as set forth herein or otherwise provided by order of the Court, the Notice Procedures shall not apply to notices of the matters or proceedings described in the following Bankruptcy Rules:

(a)     Bankruptcy Rule 2002(a)(1) (meeting of creditors pursuant to Bankruptcy Code section 341);

(b)     Bankruptcy Rule 2002(a)(2) (any proposed use, sale or lease of property of the estate other than in the ordinary course of business, to the extent that such use, sale or lease concerns all or substantially all of Debtors' assets);

(c)     Bankruptcy Rule 2002(a)(4) (hearing on the dismissal of a case or cases or the conversion of a case to another chapter);

(d)     Bankruptcy Rule 2002(a)(5) (time fixed to accept or reject a proposed modification of a chapter 11 plan);

(e)     Bankruptcy Rule 2002(a)(7) (time fixed for filing a proof of claim pursuant to Bankruptcy Rule 3003(c));

(f)     Bankruptcy Rule 2002(b)(1) (time fixed for filing objections and any hearing to consider approval of a disclosure statement);

(g)     Bankruptcy Rule 2002(b)(2) (time fixed for filing objections and any hearing to consider confirmation of a chapter 11 plan);

(h)     Bankruptcy Rule 2002(d) (certain matters for which notice is to be provided to equity security holders);

(i)     Bankruptcy Rule 2002(f)(1) (entry of an order for relief);

(j)     Bankruptcy Rule 2002(f)(2) (dismissal or conversion of a case to another chapter of the Bankruptcy Code);

(k)     Bankruptcy Rule 2002(f)(3) (time allowed for filing claims pursuant to Bankruptcy Rule 3002);

(l)     Bankruptcy Rule 2002(f)(6) (waiver, denial or revocation of a discharge as provided in Bankruptcy Rule 4006);

(m)     Bankruptcy Rule 2002(f)(7) (entry of an order confirming a chapter 11 plan); and

(n)     Bankruptcy Rule 2002(f)(8) (summary of the trustee's final report and account should a case be converted to chapter 7 of the Bankruptcy Code).

11.     Pursuant to Bankruptcy Rule 3003(c)(2), any creditor appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) who is required, but fails, to file a proof of claim in the Chapter 11 Cases in accordance with any orders of this Court establishing a claims bar date (such creditors, the "Excluded Creditors") shall not be entitled to further notice, and Debtors shall not be

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

required to provide any further notice to any Excluded Creditors, with respect to such claim or otherwise in the Chapter 11 Case after the claims bar date established by the Court has passed.

12.    <u>Right to Request Special Notice Procedures</u>.  Nothing herein shall prejudice the right of any entity to (a) move the Court to further limit or expand notice of contested matters and adversary proceedings upon a showing of good cause, including, without limitation, the right to file a motion seeking emergency *ex parte* relief or relief upon shortened notice, or (b) request an enlargement or reduction of any time period under Bankruptcy Rules 9006(b) or 9006(c).

13.    <u>Use of Negative Notice</u>.  Nothing in these Case Management Procedures shall affect the applicability of a party's ability to file and serve a Request for Relief on negative notice under the Bankruptcy Rules and Local Rules applicable to such Request for Relief.

**C.    <u>Service by Electronic Mail</u>.**

14.    All Court Filings shall be electronically served through the CM/ECF, other than service of a summons and complaint in an adversary proceeding or documents filed under seal, which shall be deemed to constitute proper service for all parties who are sent such email service.  Subject to the limited exclusions set forth herein, each party that has filed a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures, shall be deemed to have consented to electronic service of papers.  A party filing a Court Filing that is served on entities via the CM/ECF has no further obligation for service of such Court Filing with respect to such entities to be proper.

15.    If a Rule 2002 Notice Request fails to include an email address and a Certification, Debtors shall forward a copy of these Case Management Procedures to such party within five (5) business days specifically requesting an email address. If no email address or no Certification is provided in response to such request, such party shall not be added to the Rule 2002 List and shall not be served with copies of pleadings and documents filed in this case unless such pleadings or documents directly affect such party.

**D.    <u>Limit Notice Matters</u>.**

16.    To the extent the Bankruptcy Code, the Bankruptcy Rules or the Local Rules require broader notice, motions or applications regarding the following matters or proceedings shall be subject to limited notice in the Chapter 11 Cases:

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

7

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

(a)    any proposed use, sale, or lease of property of the estate pursuant to Bankruptcy Code section 363 and Bankruptcy Rules 2002(a)(2), 4001(b) and 6004 (except a sale of substantially all of Debtors' assets);

(b)    any proposed extension of Debtors' exclusive right to file a plan of reorganization and solicit acceptance thereof (including, without limitation, the time to file a disclosure statement), pursuant to Bankruptcy Code section 1121 and Bankruptcy Rule 3016;

(c)    any proposed approval of a compromise or settlement of a controversy pursuant Bankruptcy Rules 2002(a)(3) and 9019;

(d)    any proposed abandonment or disposition of property of the estate pursuant to Bankruptcy Code section 554 and Bankruptcy Rules 6007(a) or (b);

(e)    any proposed assumption or rejection of contracts or leases under Bankruptcy Code section 365 and Bankruptcy Rule 6006(a) or (c);

(f)    any proposed modification of the automatic stay pursuant to Bankruptcy Code section 362 or Bankruptcy Rules 4001(a) or 9014;

(g)    any proposal to prohibit or condition the use, sale or lease of property pursuant to Bankruptcy Code section 363 or Bankruptcy Rule 4001(a) or 6004;

(h)    any proposed objections to claims pursuant to Bankruptcy Code section 502 or Bankruptcy Rules 3002, 3003 or 3007;

(i)    any proposed reconsideration of claims pursuant to Bankruptcy Rule 3008;

(j)    any verified statement filed by any entity or committee (other than those appointed pursuant to Bankruptcy Code sections 1102 or 1104) representing more than one creditor pursuant to Bankruptcy Rule 2019(a) and any motion filed in respect thereof pursuant to Bankruptcy Rule 2019(b);

(k)    any proposed application for employment of professionals pursuant to Bankruptcy Code sections 327, 1103 or 1104 or Bankruptcy Rule 2014;

(l)    any proposed application for compensation or reimbursement of expenses of professionals, pursuant to Bankruptcy Code sections 328, 329, 330 or 331 and Bankruptcy Rules 2002(a)(6), 2016, 2017 and 6005; except as provided by other orders of this Court; hearing on any other contested matter in this case that requires notice to all creditors or equity holders pursuant to the Bankruptcy Code, Bankruptcy Rule 9014, or the Local Rules; and

(m)    all other pleadings, papers, and requests for relief or other order of the Court.

The notices, motions and applications set forth above are hereinafter referred to as the "Limited Notice Matters."

17.     Notwithstanding the foregoing, except in the case of Excluded Creditors, these Case Management Procedures do not affect the rights of all creditors and parties in interest in the Chapter 11 Cases to receive notice of the following matters or proceedings:

(a)     the meeting of creditors;

(b)     the deadline for filing proofs of claim;

(c)     the hearing on any motion to convert or dismiss the Chapter 11 Cases;

(d)     the time fixed for filing objections and the hearing to consider approval of a disclosure statement;

(e)     the time fixed for filing objections to and the hearing to consider confirmation of a plan or plans of reorganization; and

(f)     the time fixed to accept or reject a proposed modification of a plan or plans of reorganization.

As required by Bankruptcy Rule 2002(d), Debtors shall provide notice of the foregoing matters (a)-(b) to all creditors and equity interest holders and are authorized to provide notice of the foregoing matters (c)-(f) to all creditors and equity interest holders except for the Excluded Creditors.

**E.     Limit Notice Procedures.**

**1.     Service of Limited Notice Matters that Are Not Emergency or Expedited.**

18.     Notice of motions concerning Limited Notice Matters to be heard on regular notice shall be deemed sufficient if served via the Court's CM/ECF, first class mail, overnight delivery, facsimile or email upon the following parties:  (a) the Office of the United States Trustee; (b) parties that file with the Court and serve upon Debtors and their counsel a proper Rule 2002 Notice Request, pursuant to these Case Management Procedures; (c) any party with a pecuniary interest in the subject matter of the particular Limited Notice Matter or its counsel; and (d) (i) counsel for any official unsecured creditors committee that may be appointed in this Chapter 11 Case; or, (ii) until such time as counsel for any official committee is named, the creditors appearing on the lists filed in accordance with Bankruptcy Rule 1007(d) (hereinafter, the foregoing collectively, "Limited Service List").  Any party that wishes to change its address on the Limited Service List or the list of all creditors and equity interest holders shall

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899

provide notice of the requested change to the Court, counsel for Debtors, and the parties entitled to such notice.

**2.      Service of Limited Notice Matters that Require Emergency or Expedited Relief.**

19.      Pursuant to Local Rule 9006(e), if a motion for order shortening time is granted, the notice of the entry of the order shortening time together with a copy of the motion must be served in the most expeditious manner possible (e.g., email, facsimile, or hand delivery) within one (1) business day after the order is entered, unless the court orders otherwise.  In addition to the methods of service authorized by Local Rule 9006(e), notice shall be sufficient if served only on the Limited Service List, via overnight delivery or email address, if known to Debtors, so long as the notice will be delivered prior to the scheduled hearing time.

**F.      Service by Publication**

20.      Debtors propose to give notice by publication, pursuant to Bankruptcy Rule 2002(l), to creditors to whom notice by mail is impracticable, including creditors who are unknown or not reasonably ascertainable by Debtors and creditors whose identities are known but whose addresses are unknown by Debtors.  Specifically, Debtors propose to publish the Notice of Chapter 11 Cases, Meeting of Creditors and Deadlines, which includes the deadline to file a proof of claim, in the Wall Street Journal, the Los Angeles Times and the Denver Post.  Debtors propose to make such publication on one occasion within one week from entry of the order approving this Motion, thus satisfying the requirements of Bankruptcy Rules 2002(a)(7) and 9006(f) that such notice be published at least twenty-four (24) days before the claims bar date established by the court.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899