BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.
and Martifer Aurora Solar, LLC*

Electronically filed February 10, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | Jointly Administered under Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Chapter 11<br><br>**DEBTORS' OBJECTION TO MOTION FOR RECONSIDERATION OF FORM OF CASH COLLATERAL ORDER**<br><br>Hearing Date: February 14, 2014<br>Hearing Time: 1:30 p.m. |

Martifer Solar USA, Inc. ("Martifer Solar USA") and Martifer Aurora Solar, LLC ("Aurora", and collectively with Martifer Solar USA, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), respectfully submit this objection (the "Objection") to the Motion for Reconsideration of Form of Cash Collateral Order [Dkt# 116] (the "Motion") filed by Cathay Bank ("Cathay").

ACTIVE 24709581v1 02/10/2014                    1

This Objection is made and based upon the following memorandum of points and authorities, the Declaration of Dawn M. Cica (the "Cica Declaration") submitted in support hereof, the papers and pleadings on file with the Court in the Chapter 11 Cases, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 10th day of February, 2014.

**FOX ROTHSCHILD LLP**

By  /s/ Brett Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc.*
*and Martifer Aurora Solar, LLC*

**MEMORANDUM OF POINTS AND AUTHORITIES**

**IN SUPPORT OF OBJECTION**

**I.**

**INTRODUCTION**

The Motion is indicative of Cathay's continued unwillingness to engage in a constructive dialogue with Debtors regarding the use of cash collateral or any other aspect of these Chapter 11 Cases. Debtors diligently followed the Court's specific instructions in preparing a modified form of cash collateral order to reflect the Court's ruling. Cathay and the Office of the United States Trustee not only refused to approve the form of order, but they also refused to offer any constructive comments. Instead, both Cathay and the Office of the United States Trustee insisted that Debtors submit a completely new order that would have been directly contrary to the Court's instructions.

After the Court entered the form of order submitted by Debtors (with certain additional modifications made by the Court), Cathay unnecessarily and improperly filed the Motion. The Motion does not specifically identify the provisions of the entered cash collateral order to which Cathay objects, but instead incorporates by reference objections previously filed by Cathay and the Office of the United

States Trustee to the uploaded form of order. For the reasons set forth below, these objections (and thus, the Motion) are wholly without merit.

Moreover, Cathay has incurred the expense of drafting an objection and a motion for reconsideration, for which it has requested and obtained an order shortening time, all with respect to an <u>interim</u> order authorizing emergency use of cash collateral for the first few weeks of the Chapter 11 Cases. Cathay will surely argue that the Debtors' estates should bear the cost of both sides of this frivolous distraction. Therefore, in addition to objecting to the merits of the Motion (which are entirely lacking), Debtors also file this Objection to make the record clear that Cathay's actions are both unreasonable and unproductive. The Debtors' estates should not be forced to pay the price for Cathay's domineering behavior.

## II.

**BACKGROUND REGARDING FORM OF INTERIM CASH COLLATERAL ORDER**

**A.    <u>The Cash Collateral Motions and the Cathay Objections</u>.**

1.    On January 24, 2014, each of Debtors filed a motion seeking authorization to use cash collateral (collectively, the "<u>Cash Collateral Motions</u>"). [<u>See</u> Case No. 14-10355 Dkt# 25; Case No. 14-10357 Dkt# 24].

2.     In compliance with Bankruptcy Rules 4001(b)(1)(B) and 4001(d)(1)(b) and Local Rules 4001(b) and 4001(c), the Cash Collateral Motions included charts identifying the material provisions of the requested relief with citations to the proposed form of interim order. [<u>See, e.g.</u> Case No. 14-10355 Dkt# 25 at pp. 2-8].

3.    In addition, the Cash Collateral Motions attached as Exhibit "1" a proposed form of interim order (the "<u>Proposed Form of Order</u>"). [<u>See, e.g.</u> Case No. 14-10355 Dkt# 25 at Exhibit "1"].

4.    Both the summary in the Cash Collateral Motions and the Proposed Form of Order clearly set forth the terms of a proposed Carve-Out. [<u>See, e.g.</u>, Case No. 14-10355 Dkt# 25 at p.5 (citing to paragraph 7 of the Proposed Form of Order)].

5.    Both the summary in the Cash Collateral Motions and the Proposed Form of Order clearly set forth that the proposed Adequate Protection Payments would be at "the non-default contractual rate of interest." [<u>See, e.g.</u>, Case No. 14-10355 Dkt# 25 at p.5 (citing to paragraph 6 of the

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Proposed Form of Order)].

6.      On January 27, 2014, Cathay filed in each of Debtors' cases an omnibus opposition [Case No. 14-10355 Dkt# 52; Case No. 14-10357 Dkt# 50] (collectively, the "Shorten Time Oppositions") to various *ex parte* applications for orders shortening time on, *inter alia*, the Cash Collateral Motions.

7.      Also on January 27, 2014, Cathay filed objections to the Cash Collateral Motions [Case No. 14-10355 Dkt# 66; Case No. 14-10357 Dkt# 67] (the "Cash Collateral Objections").  In the Cash Collateral Objections, Cathay made two main arguments: (a) that certain funds in a California Bank & Trust account were not property of the estate for which the Court could authorize the use of cash collateral; and (b) that Cathay would not be adequately protected for Debtors' proposed use of cash collateral.  [See, e.g., Case No. 14-10355 Dkt# 66 at pp. 2-5].

8.      As part of the second argument, Cathay specifically objected to the Carve-Out.  [See, e.g., Case No. 14-10355 Dkt# 66 at p. 5]

**B.      The Interim Hearing and the Court's Ruling.**

9.      On January 28, 2014, the Court held an interim hearing (the "Interim Hearing") on the Cash Collateral Motions.  Counsel for Cathay appeared at the interim hearing and argued in opposition to the Cash Collateral Motions.

10.     During argument on the Cash Collateral Motions at the Interim Hearing, the Court admitted into evidence the declarations filed by Debtors in support of the Cash Collateral Motions "for purposes of this interim hearing and matters with respect to the issues raised and those declarations will be fair game at the final hearing in connection with these matters that are on the docket on an interim basis today."  [See 1/28/14 Hrg. Tr. (a.m.) at 35:3-16].[1]

11.     Also during argument on the Cash Collateral Motions at the Interim Hearing, the Court asked counsel for Debtors to identify those expenses set forth in the proposed Initial Cash Budget through the week of March 10, 2014 that were particularly critical.  [See id. at 40:9-42:23].  After a

---

[1] A copy of the 1/28/14 (p.m.) Transcript is attached at Exhibit "2" to the Cathay Objection to Cash Collateral Order [Dkt# 110].

ACTIVE 24709581v1 02/10/2014             4

brief recess, counsel for Debtors advised that other than the "Contingency" amount, all budgeted expenses for the first few weeks of the Chapter 11 Cases were critical. [See id. at 43:1-46:8]. Counsel for Debtors later clarified that "to be conservative, the potential receipts from the Aurora projects were not included in this budget, so this budget does not project using those funds.  To the extent they come in, it would be an additional sources of cash, and it would be cash collateral according to the bank's assertions."  [Id. at 63:19-25].

12. Later in the day of January 28, 2014, the Court announced its ruling on the Cash Collateral Motions:

> The Court therefore concludes that the relief requested in the cash collateral motions is appropriate and will be granted on an interim basis pending a final hearing with the following restrictions:
>
> First, the final hearing shall be held on March 10th, 2014, at 9:30 a.m.
>
> Second, the debtors' authorization to use cash collateral pursuant to this interim order shall expire on March 10th of 2014.
>
> Third, the amount of cash collateral authorized to be used during the interim period shall not exceed the total operating disbursements in weeks 2 through 8 of the debtor's 13-week cash flow projection budget.
>
> Fourth, the replacement liens afford to Cathay Bank shall not extend to avoidance actions.
>
> Fifth, neither the debtor nor any creditor committee is restricted from using cash collateral to challenge perfection, validity, priority, amount, or enforceability of any secured claim.

[1/28/14 Hrg. Tr. (p.m.) at 8:14-9:5].[2]

13. The Court further instructed that "Counsel for debtor will prepare the order.  It will modify the order that was uploaded with the motion."  [Id. at 9:6-7].

---

[2] A copy of the 1/28/14 (a.m.) Hearing Transcript is attached as Exhibit "1" to the Cica Declaration.

**C.    The Form of Order Uploaded by Debtors.**

14.    In accordance with the Court's instructions, counsel for Debtors modified the Proposed Form of Order to conform to the Court's ruling. [See Dkt# 89 – Amended Notice of Filing Redline of Interim Cash Collateral Order and Budget].

15.    As indicated in the redline, the modified order (the "Uploaded Form of Order") contained very limited to changes to the Proposed Form of Order, which were to reflect the record made at the Interim Hearing and the Court's ruling. [See, e.g. Uploaded Form of Order at ¶¶ 3, 4, 7, 8, 13]. In addition, the Uploaded Form of Order provided that "[t]hese are interim findings of fact and conclusions of law and all parties' rights are reserved with respect to challenge of these findings for purposes of the hearing on the Final Order." [See id. at ¶14].

16.    The Initial Cash Budget attached as Exhibit "A" to the Uploaded Form of Order (the "Revised Budget") also contained modifications consistent with the record made at the Interim Hearing and the Court's ruling. [See id. at Exhibit "A"].

17.    After circulating the Uploaded Form of Order for comment, counsel for Debtors uploaded the Uploaded Form of Order on February 4, 2014, noting the disapproval of Cathay and the Office of the United States Trustee in accordance with applicable Local Rules. [See Exhibits "2" , "3", "3-1" and "3-2" attached to the Cica Declaration].

**D.    The Form of Order Entered by the Court.**

18.    On February 5, 2014, the Court entered its Interim Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Fed. R. Bankr. P. 4001(b) and 4001(d): (I) Authorizing Debtors to Use Cash Collateral and Provide Adequate Protection; (II) Granting Related Relief; and (III) Scheduling Final Hearing [Dkt# 107] (the "Entered Form of Order").

19.    The Entered Form of Order is substantially similar to the Uploaded Form of Order, with the exception of certain modifications made by the Court. The Initial Cash Budget attached as Exhibit "A" to the Entered Form of Order is identical to the one attached to the Uploaded Form of Order.

**E.    The Motion.**

20.    Cathay contends in the Motion that the Entered Form of Order "does not reflect the Courts' [sic] decision." Motion at p. 3. The Motion does not set forth the basis for Cathay's

contention, but instead purports to incorporate by reference an objection filed by Cathay to the Uploaded Form of Order [Dkt# 110] (the "Cathay Objection to Cash Collateral Order"), a Declaration of Natalie Cox filed in support thereof [Dkt# 111] (the "Cox Declaration"), Cathay's proposed alternative order (attached as Exhibit "3" to the Cathay Objection to Cash Collateral Order ), and the Statement of Objection to the Uploaded Form of Order [Dkt# 114] (the "UST Objection to Cash Collateral Order") filed by the Office of the United States Trustee.

### III.

### OBJECTION

**A.  Debtors Prepared the Uploaded Form of Order In Good Faith Compliance with the Court's Ruling and Instructions and Applicable Local Rules.**

As set forth above, Debtors prepared the Uploaded Form of Order in accordance with the Court's ruling and instructions at the Interim Hearing. [See §II(C), *supra*]. Debtors followed the Court's specific instructions to modify the Proposed Form of Order that was filed with the Cash Collateral Motions. [See id.]. The modifications made by Debtors' counsel were limited to provisions that were specifically referenced in the Court's ruling or otherwise on the record at the Interim Hearing. [See id.].

Counsel for Debtors repeatedly explained their understanding of the Court's ruling to counsel for Cathay and the Office of the United States Trustee. [See Exhibit "1" attached to Cox Declaration (Dkt# 111-1) at pp. 7, 10, 20, (Dkt# 111-2) at p. 26]. However, in contravention of the Court's ruling and instructions, counsel for Cathay and the Office of the United States Trustee insisted that Debtors should prepare a new form of order that would only set forth the "restrictions" articulated by the Court and not include the remaining provisions set forth in the Uploaded Form of Order. [See, e.g., Exhibit "1" attached to Cox Declaration (Dkt# 111-1) at p. 15, (Dkt#111-2) at p. 15; see also Exhibit "3" attached to Cathay Objection to Cash Collateral Order]. Counsel for Cathay and the Office of the United States Trustee never proposed any incremental modifications to the Uploaded Form of Order (or even to the Proposed Form of Order). [See id. at *passim*].

Based on their understanding of the Court's ruling and instructions, counsel for Debtors uploaded the Uploaded Form of Order. Contrary to Cathay's contentions, the disapproval of Cathay

ACTIVE 24709581v1 02/10/2014              7

and the Office of the United States Trustee was noted as required by applicable Local Rules. [See Exhibits "2", "3", "3-1" and "3-2" attached to the Cica Declaration]. Therefore, Debtors prepared the Uploaded Form of Order in good faith compliance with the Court's ruling and instructions and applicable Local Rules, as evidenced by the fact that the Entered Form of Order is substantially similar to the Uploaded Form of Order, with the exception of certain modifications made by the Court.

B.     **The Revised Budget Accurately Reflects the Court's Ruling.**

In the Cathay Objection to Cash Collateral Order, Cathay makes specious allegations about the Revised Budget that was attached to the Uploaded Form of Order (and also is attached to the Entered Form of Order). Contrary to Cathay's innuendo, the Revised Budget is entirely consistent with the record made at the Interim Hearing and the Court's ruling on the Cash Collateral Motions.

The Revised Budget extends only through Week 8 (the week of March 10, 2014) because the Court specifically limited interim authorization for Debtors' use of cash collateral to this period. [See 1/28/14 Hrg. Tr. (p.m.) at 8:19-25]. The Revised Budget does not provide for Debtors to make any expenditures that were not set forth in the original budget—instead, the "Contingency" amounts were deleted for purposes of the Revised Budget consistent with the discussion on the record at the Interim Hearing. [See 1/28/14 Hrg. Tr. (a.m.) at 43:1-46:8].

Indeed, Cathay does not contend that the Revised Budget expanded Debtors' authorization to use cash collateral beyond what was requested in the original budget. Instead, Cathay complains that (1) the Revised Budget includes a line item for Aurora, and (2) the amount of the Adequate Protection Payments has been corrected to the non-default rate of interest.

Cathay's first complaint is a *non sequitur*—the Revised Budget shows no cash usage for Aurora and clearly notes that there will be approximately a six week delay after certain repairs have been performed before any cash flow from Aurora's projects can be anticipated. [See Revised Budget at n.2]. This is consistent with clarification provided by Debtors' counsel on the record at the Interim Hearing. [See 1/28/14 Hrg. Tr. at 63:18-64:6]. Moreover, the Entered Form of Order clearly limits the Debtors' use of cash collateral to the expenses set forth in the Revised Budget, and the expenses in the Revised Budget are the exact same as those in the original budget for this period (except for the removal

of the "Contingency" amounts). Therefore, the placeholder line item for Aurora in the Revised Budget is provided for clarification only and does not merit any reconsideration of the Entered Form of Order.

Cathay's second complaint ignores the fact that the Cash Collateral Motions and the Proposed Form of Order consistently and unequivocally stated that the Adequate Protection Payments would be calculated at "the non-default contractual rate of interest." [See, e.g., Case No. 14-10355 Dkt# 25 at p.5 (citing to paragraph 6 of the Proposed Form of Order)]. Cathay failed to object to this proposed calculation of the Adequate Protection Payments. [See Shorten Time Oppositions; Cash Collateral Objections]. Moreover, because the Revised Budget does not provide for any corresponding increase in the use of cash collateral, Cathay will not suffer any harm from receiving Adequate Protection Payments calculated at the non-default rate of interest—Debtors need further Court approval to use any cash collateral that otherwise would have been paid to Cathay at the default rate, and Cathay will have a full and fair opportunity to object. Therefore, the correction in the Revised Budget to conform the amount of the Adequate Protection Payments to the non-default rate proposed in the Cash Collateral Motions does not merit any reconsideration of the Entered Form of Order.

**C.      The Entered Form of Order Properly Provides for the Carve-Out.**

The Cash Collateral Motions and the Proposed Form of Order clearly and consistently provided that the relief requested therein included the Carve-Out. [See, e.g., Case No. 14-10355 Dkt# 25 at p.5 (citing to paragraph 7 of the Proposed Form of Order)]. Cathay specifically objected to the Carve-Out. [See, e.g., Case No. 14-10355 Dkt# 25 at p.5 (citing to paragraph 7 of the Proposed Form of Order)]. In addition, the Carve-Out was the subject of argument at the Interim Hearing. [See 1/28/14 Hrg. Tr. (a.m.) at 38:23-39:15; 52:22-53:1]. The Court's ruling was to grant the Cash Collateral Motions subject to five specifically articulated restrictions, none of which concerned the Carve-Out. [See 1/28/14 Hrg. Tr. (p.m.) at 8:14-9:5]. Cathay's counsel did not ask for any clarification as to whether the Court's ruling on the Cash Collateral Motion included approval of the Carve-Out. [See id. at 18:16-23]. Therefore, Cathay had a full and fair opportunity to be heard with respect to the Carve-Out, and the Entered Form of Order properly includes the Carve-Out as part and parcel of the relief granted.

Moreover, Cathay mischaracterizes the provisions in the Entered Form of Order regarding the Carve-Out in several respects. The Revised Budget does not include any payments to professionals, and instead notes that such amounts will be accrued. [See Revised Budget at n.3]. The Carve-Out does not contemplate payment of any professional fees without required Court approval, and instead specifically references allowance of fees as required by the Bankruptcy Code in all instances. [See Entered Form of Order at ¶7].

In addition, the Carve-Out does not "prime" the adequate protection provided to Cathay pursuant to the Entered Form of Order. It is in the Court's discretion to determine what, if any, adequate protection is required for the use of Cathay's cash collateral. The Cash Collateral Motions proposed that Cathay be granted the Replacement Liens and the Pre-Petition Lender's Superpriority Claims subject to the Carve-Out. The Court granted the Cash Collateral Motions based primarily on a finding that Cathay was adequately protected by an equity cushion. [See 1/28/14 Hrg. Tr. (p.m.) at 8:2-13]. Having found that an equity cushion exists to adequately protect Cathay, the Court could have refused to grant the Replacement Liens and the Pre-Petition Lender's Superpriority Claims altogether.[3] Cathay has no cause to complain that it was granted these additional forms of adequate protection subject to the Carve-Out.

Therefore, the Court properly included the Carve-Out in the Entered Form of Order, and no reconsideration thereof is warranted.

**D.  The Factual Findings Set Forth in the Entered Form of Order are Proper Based Upon the Record.**

By purporting to incorporate the UST Objection to Cash Collateral Order by reference in the Motion, Cathay apparently is attempting to challenge the factual findings in the Entered Form of Order that were the subject of the UST Objection to Cash Collateral Order. However, the factual findings in the Entered Form of Order are fully supported by the evidence admitted at the Interim Hearing. [See 1/28/14 Hrg. Tr. (a.m.) at 35:3-16]. Moreover, paragraph 14 of the Entered Form of Order clearly states

---

[3] Indeed, the Court refused to grant Cathay Replacement Liens on any avoidance actions. [See 1/28/14 Hrg. Tr. at 9:1-2]

ACTIVE 24709581v1 02/10/2014                    10

that "[t]hese are interim findings of fact and conclusions of law and all parties' rights are reserved with respect to challenge of these findings for purposes of the hearing on the Final Order." Therefore, there is no basis for reconsideration of the findings of fact set forth in the Entered Form of Order.

## VI.
## CONCLUSION

WHEREFORE, based upon all the foregoing, Debtors respectfully request that the Court sustain their Objection and deny the Motion in its entirety, and grant such other relief as the Court deems necessary and appropriate.

DATED this 10th day of February, 2014.

**FOX ROTHSCHILD LLP**

By  */s/Brett Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc. and Martifer Aurora Solar, LLC*