BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed February 10, 2014

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors<br><br>Debtor. | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY HOAG LLP, AS SPECIAL MASSACHUSETTS LITIGATION COUNSEL,** *NUNC PRO TUNC* **TO THE PETITION DATE**<br><br>Hearing Date: March 10, 2014<br>Hearing Time: 9:30 a.m. |

Martifer Solar USA, Inc. ("Martifer USA" or "Debtor"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 case (the "Chapter 11 Case") respectfully submits this application (the "Application") for an order pursuant to sections 327(e), 328, 1107 and 1108 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), and the Verified Statement of Jeffrey S. Follett ("Follett Verified Statement") filed contemporaneously herewith,

1

ACTIVE 24712774v1 02/10/2014

authorizing Debtor to retain and employ the law firm of Foley Hoag LLP, a limited liability partnership ("Foley Hoag" or the "Firm") as special Massachusetts litigation counsel. In support of the Application Debtor respectfully represents as follows:

## BACKGROUND

1. On January 21, 2014 (the "Petition Date"), Martifer USA filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

2. Debtor is continuing to operate its business and manage its property as debtor in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in the Chapter 11 Case.

4. Pursuant to an Order [Dkt #72] of the Court entered January 29, 2014, the Chapter 11 Cases were administratively consolidated under the bankruptcy case of Martifer Aurora Solar, LLC ("Aurora"), case no. BK-14-10355-abl.

5. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Dkt ##15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer USA Dkt ##15, 40] (together, the "Omnibus Declarations"), which are incorporated herein by this reference.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. The statutory basis for relief sought herein arises from Bankruptcy Code Sections 327(e), 328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

8. Venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

9.      By this Application, Debtor seeks an order authorizing the retention and employment of Foley Hoag as special litigation counsel to Debtor to continue representing Debtor in certain pending litigation matters in Massachusetts, as described below, effective as of the Petition Date, in accordance with Foley Hoag's normal hourly rates and reimbursement policies.

10.     Foley Hoag has been counsel for Debtor since September 2013 and has handled various litigation matters pending in Massachusetts.  *See* Bernhart Declaration, ¶ 46; Follett Verified Statement, ¶ 5.

11.     As of the Petition Date, Foley Hoag was handling seven pending actions for Debtor. Foley Hoag is aware of the factual and legal issues in each of the pending actions and, if necessary, is the firm best suited to handle any issues related therein.  The background related to the pending litigation are convoluted and complex.  The events giving rise to the litigation evolved over the course several years and are, in fact, continuously evolving.  As such, Foley Hoag possesses an understanding of the pending actions that cannot be duplicated without considerable time and expense to Debtor's estate.  *See* Bernhart Declaration, ¶ 47.

12.     Foley Hoag has represented Debtor in matters relating to *EPG Solar, LLC v. Bith Energy, Inc., Martifer Solar USA, Inc., Martifer Solar, SA and Washington Gas Energy Systems, Inc.*, Middlesex Superior Court No. MICV2013-03990 (the "EPG Litigation").  *See* Bernhart Declaration, ¶ 48; *see also,* Follett Verified Statement, ¶ 6.  The EPG Litigation concerns four solar projects in Massachusetts, located in Brookfield, Maynard, Orange and Southbridge (collectively, the "Projects"). Generally, the developer for the projects, EPG Solar, LLC ("EPG"), brought together three other parties to this transaction: (a) Washington Gas Energy Systems, Inc. ("WGES"), to serve as the final purchaser of the projects; (b) Bith Energy, Inc. ("Bith"), to serve as the consultant for the projects under direct contract with WGES; and (c) Martifer USA, to serve as the turn-key contractor for the projects under direct contract with Bith.  The allocation of proceeds as between Bith, EPG, and Martifer USA is the subject of the dispute; the allocation of these proceeds is made more difficult by the fact that no complete set of documents was executed by all parties related to allocation of proceeds.  Moreover, the allocation of proceeds depends on the project development and construction

3

ACTIVE 24712774v1 02/10/2014

costs, which costs were generally to be determined only after a final cost audit. The course of the parties' dealings throughout the construction and development to these projects has given rise to multiple alleged claims by and among the parties. *See* Bernhart Declaration, ¶ 48; *see also,* Follett Verified Statement, ¶ 6.

13.     In the EPG Litigation, EPG seeks payment of approximately $1.8 million of developer fees, plus interest and costs, in connection with the Projects. EPG also seeks treble damages and attorneys' fees under the Massachusetts unfair trade practices statute (M.G.L. c. 93A). The Superior Court issued an injunction freezing certain payments in connection with the Projects, although it later amended the injunction to allow payments for the purpose of removing the liens of subcontractors and suppliers other than Martifer USA and Martifer Solar, SA. On December 26, 2013, the Superior Court entered an order (a) staying all claims against Martifer USA pending arbitration of claims relating to three of the four projects and (b) dismissing claims against Martifer Solar, SA. EPG filed a motion for reconsideration, which Foley Hoag opposed on behalf of Martifer USA and Martifer Solar, SA. On January 27, 2014, after receiving Martifer USA's Suggestion of Bankruptcy, the Superior Court entered an order staying the EPG Litigation in its entirety. EPG recently served a motion seeking to lift the stay in the EPG Litigation as to parties other than Martifer USA. Follett Verified Statement, ¶ 7.

14.     In connection with an injunction issued by the Middlesex Superior Court in the EPG Litigation, payments to subcontractors on the Projects were frozen, and certain subcontractors placed liens on project properties and/or filed lawsuits against Martifer USA as a result (collectively, the "Related Matters;" the EPG Litigation and the Related Matters, collectively, the "Pending Litigation"). *See* Bernhart Declaration, ¶ 49; *see also,* Follett Verified Statement, ¶ 8. Foley Hoag has represented Debtor in the Related Matters as well. *See* Bernhart Declaration, ¶ 49; *see also,* Follett Verified Statement, ¶ 8.

15.     Foley Hoag has acted as counsel for Debtors in the EPG Litigation as well as the following Related Matters, each of which are currently pending:

    a.     *Northern Land Clearing v. Martifer Solar USA, Inc., et al.*,

        Middlesex Superior Court No. MICV2013-04673;

    b.     *Northern Land Clearing v. Martifer Solar USA, Inc., et al.*,

4

ACTIVE 24712774v1 02/10/2014

1       Worcester Superior Court No. WOCV2013-01931;

2       c.   *Patriot Solar Group, LLC v. Martifer Solar USA, Inc., et al.,*

3       Worcester Superior Court No. WOCV2013-02126;

4       d.   *R B Arello, Inc. v. Martifer Solar USA, Inc., et al.,*

5       Worcester Superior Court No. WOCV2013-02371.

*See* Bernhart Declaration, ¶ 50; *see* Follett Verified Statement, ¶ 9.  In each of the foregoing Related Matters, Foley Hoag has filed Suggestions of Bankruptcy.  *See* Bernhart Declaration, ¶ 50; *see* Follett Verified Statement, ¶ 9.

16.     Additionally, there were two other suits filed by Professional Electrical Contractors of CT, Inc. ("PEC") which did not require an answer because PEC was paid by third parties and the cases were dismissed with prejudice pursuant to a stipulation.  *See* Bernhart Declaration, ¶ 51; *see* Follett Verified Statement, ¶ 10.  Foley Hoag has recorded the dissolution of PEC's liens.  *See* Bernhart Declaration, ¶ 51; *see* Follett Verified Statement, ¶ 10.

17.     Foley Hoag has also filed, on Debtor's behalf, various lien documents in connection with all of the Projects.  In order to preserve those liens, Martifer USA will need to commence legal action by April 2, 2014 for the Maynard project and by April 4, 2014 for the Southbridge, Orange and Brookfield projects.  *See* Bernhart Declaration, ¶ 52; *see* Follett Verified Statement, ¶ 11.

18.     Although the Pending Litigation are currently stayed, Debtor and Foley Hoag anticipate representation in connection with instituting actions to preserve the liens on the Projects and representation in any other matters that may arise from or relate to the EPG Litigation.  If EPG were allowed to move forward with its claims against the other parties, there may be issues relating to discovery from Martifer USA.  *See* Bernhart Declaration, ¶ 53; *see also,* Follett Verified Statement, ¶ 12.

19.     Through the course of its representation of Martifer USA, Foley & Hoag has not only gained an intimate familiarity with the background to, and progression of, the Pending Litigation, but has also developed a working relationship with counsels to all the parties and each of their particular concerns and claims.

ACTIVE 24712774v1 02/10/2014

20. A true and correct copy of the Engagement Agreement between Debtor and Foley Hoag is attached as **Exhibit 1** to the Follett Verified Statement ("Engagement Agreement").

21. Accordingly, Debtor believes that the appointment of Foley Hoag as Debtor's special Massachusetts litigation counsel is in the best interest of Debtor and the estate. *See* Bernhart Declaration, ¶ 54.

22. Debtor is seeking to retain Foley Hoag *nunc pro tunc* to the Petition Date.[1] Such relief is warranted by the extraordinary circumstances presented by this case. Foley Hoag prepared and filed suggestions of bankruptcy in each of the Pending Litigation, effectively staying such actions so as to provide Debtor with the breathing room to reorganize its business. Foley Hoag's services have also been necessary to preserve Debtor's liens. Accordingly, *nunc pro tunc* employment is appropriate under the circumstances and should be approved. *See* Bernhart Declaration, ¶ 55.

## SERVICES TO BE RENDERED

23. Debtor proposes to employ and retain Foley Hoag as special litigation counsel to Debtor in with respect to the Pending Litigation. Specifically, Debtor anticipates Foley Hoag will represent it in connection with instituting actions to preserve the liens on the Projects and representation in any other matters that may arise from or relate to the EPG Litigation, including any claims, counterclaims or third party claims of Debtor. Foley Hoag may also assist Debtor and Debtor's reorganization counsel, Fox Rothschild LLP, with examining and potentially negotiating the claims against the estate related to the EPG Litigation. *See* Bernhart Declaration, ¶ 56.

24. In light of Foley Hoag's expertise in this area and prior experience with Debtor, Foley Hoag is well-qualified to perform the requested services and assist Debtor in the capacity outlined herein. *See* Bernhart Declaration, ¶ 57.

25. The scope of Foley Hoag services may be modified from time to time, provided that Foley Hoag and Debtor mutually agree in writing to any such modification and corresponding change in the fee structure. *See* Bernhart Declaration, ¶ 58; Follett Verified Statement, ¶ 15.

---

[1] Bankruptcy Courts in the Ninth Circuit possess the equitable power to approve professional employment *nunc pro tunc*. In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995) (citing Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.), 40 F.3d 1059, 1062 (9th Cir. 1994); Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir. 1988)).

6

ACTIVE 24712774v1 02/10/2014

26. Foley Hoag will use reasonable efforts to coordinate with Debtor's other professionals to avoid unnecessary duplication of services. *See* Follett Verified Statement, ¶ 16.

27. Foley Hoag has stated its willingness to act as Debtor's special litigation counsel during the pendency of this Chapter 11 Case. *See* Follett Verified Statement, ¶ 17.

## **PROFESSIONAL COMPENSATION**

28. Subject to the Court's approval under Bankruptcy Code sections 330(a) and 331, compensation to Foley Hoag will be payable from Debtor's estate, which shall be liable for such compensation, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

29. As is the case with respect to rates charged in non-bankruptcy matters, Foley Hoag's rates are subject to periodic adjustment to reflect economic and other conditions. Foley Hoag's current hourly rates applicable to the principal attorneys and paraprofessionals proposed to represent Debtor are:

| **Professional - Title** | **Hourly Rate** |
| --- | --- |
| Jeff Follett – Partner | $660 |
| Catherine Deneke - Associate | $510 |
| Theresa Roosevelt – Associate | $350 |
| Margaret McKane – Senior Paralegal | $285 |

*See* Follett Verified Statement, ¶ 18.

30. Other attorneys and paraprofessionals will render services to Debtor, as needed. Generally, Foley Hoag's hourly rates for Partners in the Boston Office range from $560-975; for associates, hourly rates range from $350-$565; for paralegals, hourly rates range from $200-$285. *See* Follett Verified Statement, ¶ 19.

31. There is no agreement of any nature, other than with respect to the attorneys at Foley Hoag and payment of any contract attorneys utilized by Foley Hoag, as to the sharing of compensation to be paid to Foley Hoag. *See* Follett Verified Statement, ¶ 20.

32. Foley Hoag will seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States

7

ACTIVE 24712774v1 02/10/2014

Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate. *See* Follett Verified Statement, ¶ 21.

33. Debtor respectfully submits that the proposed fee arrangement with Foley Hoag, as set forth above, is reasonable in light of (i) industry practice and similar to market rates both in and out of Chapter 11 proceedings, (ii) Foley Hoag's experience in general and with Debtor's business, in particular, and (iii) work to be performed pursuant to its retention. Debtor believes that, given the nature of the legal services to be provided by Foley Hoag, the proposed compensation arrangement is both fair and reasonable. *See* Bernhart Declaration, ¶ 59.

## NO ADVERSE INTEREST

34. Pursuant to section 327(e) of the Bankruptcy Code, a debtor may employ an attorney "for a specified special purpose" where such representation would be in the best interests of the debtor's estate and the attorney "does not represent or hold any interest adverse to the debtor with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

35. In connection with its potential retention by Debtor, Foley Hoag conducted an investigation to ascertain conflicts and connections with certain parties in interest in the Chapter 11 Cases. Follett Verified Statement, ¶24. Specifically, and as detailed in the Follett Verified Statement, Foley Hoag was provided a list of all creditors of Debtors, Debtors' directors and officers, the counter parties to all contracts with Debtors other than counter parties to non-disclosure agreements, Debtors' stockholders, parties to pending litigation with Debtors, the Bankruptcy Judges for the District of Nevada, the employees of the Office of the United States Trustee for the District of Nevada, and other professionals in the case or proposed to be retained by the Debtors (the "Connection Parties"). Follett Verified Statement, ¶24.

36. Foley Hoag has conducted a thorough search of the Connection Parties using its computerized conflicts check system, based on the list of Connection Parties received to date from Debtors, and Foley Hoag attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of the Follett Verified Statement with respect to Foley Hoag's connection with the Connection Parties. Follett Verified Statement, ¶25_. If Debtor

8

supplements this information, Foley Hoag will run an updated conflict search and file a supplement to the Follett Verified Statement.  Follett Verified Statement, ¶25.

37. Except as set forth in the Follett Verified Statement, the Debtor has determined that Foley Hoag does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Foley Hoag is to be employed. Follett Verified Statement, ¶26. In the event that any conflicts arise on the matters on which Foley Hoag is to be retained, either Foley Hoag will obtain appropriate waivers or the Debtors will engage special conflicts counsel and Foley Hoag will file a supplement to the Follett Verified Statement. Follett Verified Statement, ¶26.

38. Foley Hoag is not aware of any connection of the Firm, its partners, or employees with the Office of the United States Trustee or its employees.  *See* Follett Verified Statement, ¶ 27.

39. Foley Hoag also represents Martifer Solar, SA, a non-debtor affiliate of Debtor, in the EPG Litigation.  Foley Hoag intends to continue to represent Martifer Solar, SA and believes that the representation of Martifer Solar, SA does not create any actual conflict of interest that disqualifies Foley Hoag from representing Debtor as special counsel with respect to the matters described herein.  *See* Follett Verified Statement, ¶ 28.

40. Foley Hoag does not represent or hold any interest adverse to the Debtor or to the estate with respect to the Pending Litigation.  Follett Verified Statement, ¶ 28.

41. Given that Foley Hoag represented Debtor prepetition, Foley Hoag received payments in the ordinary course of its representation.  Within 90 days of the Petition Date, Foley Hoag received payments from a third party on behalf of the Debtor and Martifer Solar, SA as follows:  (a) $20,247.81 on December 31, 2013; and (b) $34,414.49 on January 14, 2014.  *See* Follett Verified Statement, ¶ 29.

42. Foley Hoag has a claim against Debtor and Martifer Solar, SA for unpaid fees and expenses incurred prior to the Petition Date in the amount of $57,225.17.[2]  *See* Follett Verified Statement, ¶ 30.

---

[2] This, however, does not disqualify Foley & Hoag from employment as special counsel. "[A] claim for pre-petition fees will not, as a general matter, disqualify special counsel under Section 327(e)." *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005). "Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness." *In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Albert*, 206 B.R. 636, 642 n.7 (Bankr. D. Mass. 1997) ("Although the Court has

9

43. Foley Hoag is currently holding a $10,000 retainer paid by or on behalf of the Debtor and Martifer Solar, SA more than 90 days before the Petition Date. *See* Follett Verified Statement, ¶ 31.

44. Therefore, to the best of Foley Hoag's knowledge, Foley Hoag does not hold or represent any interest that would impair Foley Hoag's ability to objectively perform the services contemplated herein, nor will Foley Hoag hold or represent any interest that would impair Foley Hoag's ability to objectively perform the services contemplated herein. *See* Follett Verified Statement, ¶ 32.

## NOTICE

45. Notice of this Application has been served on (i) the Office of the United States Trustee; (ii) counsel for Cathay Bank; (iii) Debtors' 20 largest unsecured creditors; (iv) those governmental agencies required to receive notice under Bankruptcy Rule 5003(e); and (v) any parties who have requested notice in these Chapter 11 Cases. Debtor respectfully submits that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

## NO PRIOR APPLICATION

46. No previous application for the relief requested herein has been made to this Court or any other court. Follett Declaration, ¶ 34.

---

found that [attorney] holds a prepetition claim, he may still be employed [as special counsel]. The disinterestedness requirement contained in § 327(a) is not applicable to [special counsel]. Instead, pursuant to § 327(c) and (e), the court need only determine whether [attorney] holds an interest adverse to the estate."); Collier on Bankruptcy (15th ed. rev.) ¶ 327.04[9][d] ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor.").

10

ACTIVE 24712774v1 02/10/2014

## **CONCLUSION**

47.     WHEREFORE, Debtor respectfully requests entry of an order authorizing the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and granting Debtor such other and further relief as is just and proper.

DATED this 10th day of February 2014.

**MARTIFER SOLAR USA, INC.,**

By  */s/Klaus Bernhart*
      Klaus Bernhart, Chief Financial Officer

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By  */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Aurora Solar, LLC
   and Martifer Solar USA, Inc.*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT A

# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com

*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors<br><br>                              Debtor. | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY HOAG LLP AS SPECIAL MASSACHUSETTS LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Hearing Date:    March 10, 2014<br>Hearing Time:    9:30 a.m. |

ACTIVE 24712774v1 02/10/2014                    1

The Court, having reviewed and considered the Application for an Order Authorizing Retention and Employment of Foley Hoag LLP ("Foley Hoag") as Debtor's Special Litigation Counsel, *Nunc Pro Tunc* to the Petition Date (the "Application"),[1] filed on Feburary 10, 2014 by Martifer Solar USA, Inc. ("Martifer USA" or "Debtor,"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 case (the "Chapter 11 Case"), the Verified Statement of Jeffrey R. Follett in Support of the Application (the "Follett Verified Statement"), the Declaration of Klaus Bernhart in Support of Retention of Debtors' Professionals (the "Bernhart Declaration"); and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Foley Hoag does not represent or hold any interest adverse to the Debtor with respect to the matter on which such attorney is to be employed, and being employed as Debtor's special Massachusetts litigation counsel is necessary and in the best interests of Debtor and its estate; and (3) good cause exists to approve the retention and employment of Foley Hoag.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED in all respects.

2. Pursuant to 11 U.S.C. §§ 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtor is authorized to retain and employ Foley Hoag as special litigation counsel *nunc pro tunc* to the Petition Date, to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as **Exhibit 1** to the Follett Verified Statement.

3. Foley Hoag shall be compensated from Debtor's estate in accordance with the procedures set forth in the Application, 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

ACTIVE 24712774v1 02/10/2014                    2

4.    The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By_____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 11057
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc. and Martifer Aurora Solar, LLC*

APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

By_____
    J. Michal Bloom
    Trial Attorney for Acting U.S. Trustee,
    Tracy Hope Davis

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion, pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #