BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed February 10, 2014

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a<br>Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors<br><br>Debtor. | Case No. BK-S-14-10355-abl and<br>BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**VERIFIED STATEMENT OF JEFFREY S. FOLLETT IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY HOAG LLP, AS SPECIAL MASSACHUSETTS LITIGATION COUNSEL,** *NUNC PRO TUNC* **TO THE PETITION DATE**<br><br>Hearing Date:  March 10, 2014<br>Hearing Time:  9:30 a.m. |

Jeffrey S. Follett, a partner at Foley Hoag LLP ("Foley Hoag" or the "Firm"), engaged in the practice of law, submits the following statement (the "Verified Statement") in accordance with sections

ACTIVE 24699451v1                                                                1

327(e), 328, 1107 and 1108 of the Bankruptcy Code,[1] Bankruptcy Rules 2014(a) and 5002 and Local Rule 2014, and being duly sworn, deposes and declares under the penalty of perjury:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, except where stated as based upon information and belief, and if called upon to testify, could and would do so.

2. I am a partner of Foley Hoag, which maintains offices at, among other locations: Seaport World Trade Center West, 155 Seaport Boulevard, Boston, Massachusetts 02210.

3. I make this statement in support of the Application for Order Authorizing Retention and Employment of Foley Hoag LLP as Debtor's Special Litigation Counsel *Nunc Pro Tunc* to the Petition Date (the "Application"), filed by Martifer Solar USA, Inc. ("Martifer USA" or "Debtor"), as debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case").

4. Pursuant to Bankruptcy Rule 2014 and Section 2 of the Guidelines of the U.S. Department of Justice, Office of the United States Trustee -- Northern and Eastern District of California and Nevada (the "Guidelines"), a copy of this Verified Statement and the Application is contemporaneously transmitted to the Office of the United States Trustee (the "UST"). Fed. R. Bankr. P. 2014; Guidelines, § 2.1.

5. Foley Hoag has been counsel for Debtor since September 2013 and has handled various litigation matters pending in Massachusetts.

6. Foley Hoag has represented Debtor in matters relating to *EPG Solar, LLC v. Bith Energy, Inc., Martifer Solar USA, Inc., Martifer Solar, SA and Washington Gas Energy Systems, Inc.*, Middlesex Superior Court No. MICV2013-03990 (the "EPG Litigation"). The EPG Litigation concerns four solar projects in Massachusetts, located in Brookfield, Maynard, Orange and Southbridge (collectively, the "Projects"). Generally, the developer for the projects, EPG Solar, LLC ("EPG"), brought together three other parties to this transaction: (a) Washington Gas Energy Systems, Inc. ("WGES"), to serve as the final purchaser of the projects; (b) Bith Energy, Inc. ("Bith"), to serve as the consultant for the projects under direct contract with WGES; and (c) Martifer USA, to serve as

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

ACTIVE 24699451v1                    2

the turn-key contractor for the projects under direct contract with Bith. The allocation of proceeds as between Bith, EPG, and Martifer USA is the subject of the dispute; the allocation of these proceeds is made more difficult by the fact that no complete set of documents was executed by all parties related to allocation of proceeds. Moreover, the allocation of proceeds depends on the project development and construction costs, which costs were generally to be determined only after a final cost audit. The course of the parties' dealings throughout the construction and development to these projects has given rise to multiple alleged claims by and among the parties.

7. In the EPG Litigation, EPG seeks payment of approximately $1.8 million of developer fees, plus interest and costs, in connection with the Projects. EPG also seeks treble damages and attorneys' fees under the Massachusetts unfair trade practices statute (M.G.L. c. 93A). The Superior Court issued an injunction freezing certain payments in connection with the Projects, although it later amended the injunction to allow payments for the purpose of removing the liens of subcontractors and suppliers other than Martifer USA and Martifer Solar, SA. On December 26, 2013, the Superior Court entered an order (a) staying all claims against Martifer USA pending arbitration of claims relating to three of the four projects and (b) dismissing claims against Martifer Solar, SA. EPG filed a motion for reconsideration, which Foley Hoag opposed on behalf of Martifer USA and Martifer Solar, SA. On January 27, 2014, after receiving our Suggestion of Bankruptcy, the Superior Court entered an order staying the EPG Litigation in its entirety. EPG recently served a motion seeking to lift the stay in the EPG Litigation as to parties other than Martifer USA.

8. Additionally, in connection with an injunction issued by the Middlesex Superior Court in the EPG Litigation, payments to subcontractors on the Projects were frozen, and certain subcontractors placed liens on project properties and/or filed lawsuits against Martifer Solar USA as a result (collectively, the "Related Matters;" the EPG Litigation and the Related Matters, collectively, the "Pending Litigation"). Foley Hoag has represented Debtor in the Related Matters as well.

9. Foley Hoag has acted as counsel for Debtor in the EPG Litigation as well as the following Related Matters, each of which are currently pending:

    a) *Northern Land Clearing v. Martifer Solar USA, Inc., et al.*,
       Middlesex Superior Court No. MICV2013-04673;

ACTIVE 24699451v1                                                   3

  b) *Northern Land Clearing v. Martifer Solar USA, Inc., et al.*, Worcester Superior Court No. WOCV2013-01931;

  c) *Patriot Solar Group, LLC v. Martifer Solar USA, Inc., et al.*, Worcester Superior Court No. WOCV2013-02126;

  d) *R B Arello, Inc. v. Martifer Solar USA, Inc., et al.*, Worcester Superior Court No. WOCV2013-02371.

In each of the foregoing Related Matters, Foley Hoag has filed Suggestions of Bankruptcy.

10. Additionally, there were two other suits filed by Professional Electrical Contractors of CT, Inc. ("PEC") which did not require an answer because PEC was paid by third parties and the cases were dismissed with prejudice pursuant to a stipulation. Foley Hoag has recorded the dissolution of PEC's liens.

11. Foley Hoag has also filed, on Debtor's behalf, various lien documents in connection with all of the Projects. In order to preserve those liens, Martifer USA will need to commence legal action by April 2, 2014 for the Maynard project and by April 4, 2014 for the Southbridge, Orange and Brookfield projects.

12. Although the Pending Litigation are currently stayed, Debtor and Foley Hoag anticipate representation in connection with instituting actions to preserve the liens on the Projects and representation in any other matters that may arise from or relate to the EPG Litigation. Further, if EPG were allowed to move forward with its claims against the other parties, there may be issues relating to discovery from Martifer USA.

13. A true and correct copy of the Engagement Agreement between Debtor and Foley Hoag is attached hereto as **Exhibit 1** ("Engagement Agreement").

### SERVICES TO BE RENDERED

14. Foley Hoag anticipates representation in connection with instituting actions to preserve the liens on the Projects and representation in any other matters that may arise from or relate to the EPG Litigation, including any claims, counterclaims or third party claims of Debtor. Foley Hoag may also assist Debtor and Debtor's reorganization counsel, Fox Rothschild LLP, with examining the claims against the estate related to the EPG Litigation.

ACTIVE 24699451v1        4

15. The scope of Foley Hoag services may be modified from time to time, provided that Foley Hoag and Debtor mutually agree in writing to any such modification and corresponding change in the fee structure.

16. Foley Hoag will use reasonable efforts to coordinate with Debtor's other professionals to avoid unnecessary duplication of services.

17. Foley Hoag is willing to act as Debtor's special litigation counsel during the pendency of this Chapter 11 Case.

## PROFESSIONAL COMPENSATION

18. As is the case with respect to rates charged in non-bankruptcy matters, Foley Hoag's rates are subject to periodic adjustment to reflect economic and other conditions. Foley Hoag's current hourly rates applicable to the principal attorneys and paraprofessionals proposed to represent Debtor are:

| Professional - Title | Hourly Rate |
|---|---|
| Jeff Follett – Partner | $660 |
| Catherine Deneke - Associate | $510 |
| Theresa Roosevelt – Associate | $350 |
| Margaret McKane – Senior Paralegal | $285 |

19. Other attorneys and paraprofessionals will render services to Debtor, as needed. Generally, Foley Hoag's hourly rates for Partners in the Boston Office range from $560-975; for associates, hourly rates range from $350-$565; for paralegals, hourly rates range from $200-$285.

20. There is no agreement of any nature, other than with respect to the attorneys at Foley Hoag and payment of any contract attorneys utilized by Foley Hoag, as to the sharing of compensation to be paid to Foley Hoag.

21. Foley Hoag will seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

22. Foley Hoag's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by

ACTIVE 24699451v1                    5

the Firm from time to time. It is Foley Hoag's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation; including, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. The Firm will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. Foley Hoag believes that it is more accurate and efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients.

## NO ADVERSE INTEREST

23.     Foley Hoag maintains a computer client database (the "Database") containing the names of all of Foley Hoag's current and former clients and, where practical, the known affiliates of these clients. In the ordinary course of business and in its regular practice, Foley Hoag systematically updates and maintains these records. The Database maintained by Foley Hoag is designed to include every matter on which Foley Hoag is now or has been engaged, the entity by which Foley Hoag is now or has been engaged and, in each instance, the identity of related parties and adverse parties and the attorney at Foley Hoag that is knowledgeable about the matter. It is the policy of Foley Hoag that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, the Database is regularly updated for every new matter undertaken by Foley Hoag.

24.     In connection with its potential retention by Debtor, Foley Hoag conducted an investigation to ascertain conflicts and connections with certain parties in interest in the Chapter 11 Cases. Specifically, and as detailed in the Follett Verified Statement, Foley Hoag was provided a list of all creditors of Debtors, Debtors' directors and officers, the counter parties to all contracts with Debtors other than counter parties to non-disclosure agreements, Debtors' stockholders, parties to pending litigation with Debtors, the Bankruptcy Judges for the District of Nevada, the employees of

the Office of the United States Trustee for the District of Nevada, and other professionals in the case or proposed to be retained by the Debtors (the "Connection Parties").

25. Foley Hoag has conducted a thorough search of the Connection Parties using its computerized conflicts check system, based on the list of Connection Parties received to date from Debtors, and Foley Hoag attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of the Follett Verified Statement with respect to Foley Hoag's connection with the Connection Parties. If Debtor supplements this information, Foley Hoag will run an updated conflict search and I will file a supplement to this Verified Statement.

26. Except as set forth herein and the exhibits hereto, Foley Hoag does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Foley is to be employed. In the event that any conflicts arise on the matters on which Foley Hoag is to be retained, either Foley Hoag will obtain appropriate waivers or the Debtors will engage special conflicts counsel and Foley Hoag will file a supplement to this Verified Statement.

27. Foley Hoag is not aware of any connection of the Firm, its partners, or employees with the Office of the United States Trustee or its employees.

28. Foley Hoag also represents Martifer Solar, SA, a non-debtor affiliate of Debtor, in the EPG Litigation. Foley Hoag intends to continue to represent Martifer Solar, SA and believes that the representation of does not create any actual conflict of interest that disqualifies Foley Hoag from representing Debtor as special counsel with respect to the matters described herein. Post-petition, Foley Hoag is preparing separate invoices for Martifer Solar, SA and Debtor.

29. Given that Foley Hoag represented Debtor prepetition, Foley Hoag received payments in the ordinary course of its representation. Within 90 days of the Petition Date, Foley Hoag received payments from a third party on behalf of the Debtor and Martifer Solar, SA as follows: (a) $20,247.81 on December 31, 2013; and (b) $34,414.49 on January 14, 2014.

30. Foley Hoag has a claim against Debtor and Martifer Solar, SA for unpaid fees and expenses incurred prior to the Petition Date in the amount of $57,225.17.

31. Foley Hoag is currently holding a $10,000 retainer paid by or on behalf of the Debtor and Martifer Solar, SA more than 90 days before the Petition Date.

ACTIVE 24699451v1                                7

32. To the best of Foley Hoag's knowledge, Foley Hoag does not hold or represent any interest that would impair Foley Hoag's ability to objectively perform the services contemplated in the Application, nor will Foley Hoag hold or represent any interest that would impair Foley Hoag's ability to objectively perform the services contemplated in the Application.

33. I shall supplement this Verified Statement upon my learning that (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

34. No previous application for the relief requested in the Application has been made to this Court or any other court.

Executed this 10th day of February 2014.

By _____
Jeffrey S. Follett, Esq.

ACTIVE 24699451v1                          8

# EXHIBIT 1

Seaport West
155 Seaport Boulevard
Boston, MA 02210-2600

617 832 1000 *main*
617 832 7000 *fax*

February 10, 2014

Jeffrey Follett
617 832 1244 *direct*
jsf@foleyhoag.com

**By Electronic and First-Class Mail**

Avi E. Muhtar, Esq.
Martifer Solar USA, Inc.
2040 Armacost Ave, 2nd Floor
Los Angeles, CA  90025

     Re:    <u>Disputes Relating to Massachusetts Solar Projects</u>

Dear Mr. Muhtar:

     Thank you for your invitation to serve as special counsel to Martifer Solar USA, Inc. (the "Company"), effective January 21, 2014.

     The enclosed Memorandum, incorporated by reference, sets out our policies and practices on fees, billing, conflicts, and other material terms of our engagement.  Should the Company request and we agree to provide additional services, in this or other matters, the enclosed Memorandum will govern those additional services unless we agree in writing on different terms.

     Our fees will be based on the hourly billing rates for each attorney or other professional working on the engagement.  I expect to be primarily responsible for this representation, and we will use other attorneys or professionals in the Firm in the best exercise of our professional judgment.  My current billing rate is $660 per hour, and this and rates for other attorneys and professionals are adjusted from time to time.  Depending on the scope and duration of the litigation, I expect that it will be possible for us to have significant work performed by appropriately experienced associates working at rates between $350 and $550 per hour.  To the extent practicable, I will advise you of any associate staffing before it occurs.  If you ever have questions, concerns or criticisms, please let me know at once.

     As you know, we previously have represented both the Company and Martifer Solar, SA ("Martifer Parent"), and both the Company and Martifer Parent are responsible for our fees and expenses incurred through the date of this letter.  For services rendered on or after January 21, 2014, we shall invoice the Company only for services benefitting the Company (including services incidentally benefitting Martifer Parent).  We will not invoice the Company for services benefitting only Martifer Parent.

B4219162.1

Avi E. Muhtar, Esq.
February 10, 2014
Page 2

      Please note that the Company and Martifer Parent previously provided a retainer of $10,000.  At least preliminarily, we will continue to treat this as an "evergreen" retainer to be applied to the Company's and/or Martifer Parent's final invoice, with any unused retainer to be returned to the Company and/or Martifer Parent at the conclusion of our engagement.  Depending on the scope and duration of the engagement, it may become appropriate either to place the retainer into an interest-bearing account or to apply some or all of the retainer to interim invoices.

      If you agree with the terms and conditions of the engagement set out in the attached Engagement Memorandum, please sign the enclosed copy of this letter and return it to me, or signal your assent by an e-mail to me.  If you have any questions about the Engagement Memorandum, please call me.

      Thank you for your attention.

      Very truly yours,

      */s/ Jeffrey S. Follett*

      Jeffrey S. Follett

JSF:bh
Enclosure


Accepted:

_____ Roland Kiser, CEO

For Martifer Solar USA, Inc.

B4219162.1