BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.*

Electronically Filed February 10, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARMORY CONSULTING CO. AS FINANCIAL ADVISOR TO DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:    March 10, 2014<br>Hearing Time:    9:30 a.m. |

Martifer Solar USA, Inc. ("Martifer USA") and Martifer Aurora Solar, LLC ("Aurora" and collectively with Martifer USA the "Debtors"), as debtors and debtors in possession in the above-referenced jointly administered chapter 11 bankruptcy cases (the "Chapter 11 Cases"), respectfully submits this application (the "Application") for entry of an order authorizing Debtors to employ and retain Armory Consulting Co. ("Armory"), as financial advisor to Debtors, effective as of January 21, 2014 (the "Petition Date"). This Application is made and based upon sections 327, 328, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code"), Rule

ACTIVE 24539749v1 02/10/2014                    1

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the District of Nevada (as amended, the "Local Rules"), the Declaration of Klaus Bernhart in Support of Employment of Debtor's Professionals (the "Bernhart Declaration"), and the Verified Statement of James Wong in Support of the Application (the "Wong Verified Statement") filed contemporaneously herewith, the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing of the Application. In further support of this Application, Debtor respectfully represents as follows:

## BACKGROUND

1. On January 21, 2014 (the "Petition Date"), Debtors filed their respective voluntary petitions for relief under chapter 11 of the Bankruptcy Code in this Court. (See Dockets No. 1).[1]

2. Debtors have continued and are operating and managing their businesses as debtors-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. (See generally Chapter 11 Case Docket).

3. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed. (See id.).

4. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Dkt ##15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer USA Dkt ##15, 40] (together, the "Omnibus Declarations"), which are incorporated herein by this reference.

5. Debtors have determined that they require financial and restructuring advisory services. On or about November 14, 2013, Debtosr duly selected and engaged Armory to provide such financial and restructuring advisory services. (See Bernhart Declaration, ¶ 11; Wong Verified Statement, ¶ 5).

6. Debtors submit that it is necessary to employ Armory as financial advisor in order to ensure that the interests of Debtors are adequately represented in an efficient and effective manner.

---

[1] References to docket numbers up to 81 refer to Case No. 14-10357-abl.

ACTIVE 24539749v1 02/10/2014        2

Debtors believe that, in light of Armory's involvement in corporate restructuring in many similar matters and their provision of prepetition services to Debtors, Armory is best suited to continue to provide financial advisory services to the Debtors, and Debtors will rely on Armory in that regard. (See Berhnart Declaration, ¶ 12).

## JURISDICTION AND VENUE

7.  The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue of these Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

8.  Pursuant to Sections 327, 328, 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014, Debtor respectfully requests entry of an order authorizing and approving Debtor's employment and retention of Armory to perform the restructuring and management advisory services set forth in the engagement agreement dated November 14, 2013 and amended January 17, 2014 and February 3, 2014 (together, the "Armory Engagement Agreement"), effective as of the Petition Date. A true and correct copy of the Armory Engagement Agreement is attached as **Exhibit "1"** to the Wong Verified Statement.

## QUALIFICATIONS

9.  Debtors selected Armory because of its excellent qualifications and its reasonable fee structure. (See Bernhart Declaration, ¶ 13).

10. Armory is well qualified to serve as financial and restructuring advisor to Debtor. Armory is a corporate turnaround and management consulting firm, specializing in improving the enterprise value for clients in special situations. Armory is based in Irvine, California providing interim management consulting, financial restructuring, operational turnaround, secured and unsecured creditor advisory, and investigative accounting services. Armory and its professionals have focused on obtaining timely results at reasonable costs. Armory seeks to maximize recoveries for the key stakeholders, including achieving operating improvements, monetizing assets, identifying alternative sources of capital, and advising on amendments or restructuring of debt. Armory's recent engagements include general contractors, sub-contractors, and also solar-energy based companies, per the resume of

ACTIVE 24539749v1 02/10/2014        3

its founding principal, James Wong, which is attached as **Exhibit "2"** to the Wong Verified Statement. (See Wong Verified Statement, ¶ 4).

11. Following the execution of the November 14, 2013 engagement agreement, Armory conducted extensive due diligence in connection with Martifer USA's current financial restructuring and thoroughly familiarized itself with Martifer USA's operations. The due diligence and work performed included Aurora and Martifer USA's other subsidiaries. As a result of the work performed to date, Armory has acquired a great deal of institutional knowledge regarding Debtors' businesses, capital structure, financial affairs and related matters. (See id., ¶ 6).

12. In providing prepetition services to Debtors in connection with this matter, Armory's professionals have worked closely with Debtors' management and other professionals and have become well-acquainted with Debtors' debt structure, creditors, businesses and operations, and other related matters. (See id., ¶ 7; Bernhart Declaration, ¶ 14). Accordingly, Armory has developed significant relevant experience and expertise regarding Debtors that will assist it in providing effective and efficient services in these Chapter 11 Cases. (See Bernhart Declaration, ¶ 15; Wong Verified Statement, ¶ 7).

13. The Debtors believe this institutional experience and knowledge will be valuable to the Debtors in their efforts to reorganize and will reduce the cost of administration of these estates. (See Bernhart Declaration ¶ 15).

14. In anticipation of the commencement of these Chapter 11 Cases, Armory, in its capacity as restructuring advisor, advised Debtors with respect to all of the documentation necessary for a Chapter 11 filings and a seamless transition into bankruptcy. Armory's pre-petition involvement has provided Debtors with continuity throughout the Chapter 11 process. (See Bernhart Declaration, ¶ 17; Wong Verified Statement ¶ 8).

15. Armory has assisted the Debtors in connection with their restructuring efforts through, among other things, the following:

    (a) Acted as a liaison between Debtors and their secured lender, including:

        i. Negotiating any new terms and conditions proffered for the loan balance;

        ii. Providing historical information or reports;

ACTIVE 24539749v1 02/10/2014    4

        iii. Developing financial projections, variance analysis, or other reports to support negotiating with its secured lender;

        iv. Engaging in any other dialogue or meetings as requested by Debtors or its secured lender; and

(b) Assisted with refinancing the loan balance;

(c) Evaluated and identified Debtors' cost structure for potential expense savings, including:

        i. Leases and contracts;

        ii. Capital expenditures budgeting;

        iii. Alternative options for any critical vendors; and

        iv. Other key administrative costs.

(d) Provided additional services as mutually agreed upon in writing between Debtors and Armory.

(See Bernhart Declaration, ¶ 18; Wong Verified Statement, ¶ 9).

16.    An experienced restructuring advisor such as Armory fills a critical need that complements the services offered by Debtors' other restructuring professionals. Debtors believe they require the services of a capable and experienced advisory firm such as Armory because, *inter alia*, Armory's resources and capabilities, together with its experience advising Debtors prepetition, are crucial to Debtors' success in this Chapter 11 Case. (See Bernhart Declaration, ¶ 19).

17.    Accordingly, Armory is well qualified and positioned to provide the services being sought by Debtors and has developed significant relevant experience and knowledge that will assist in dealing with potential issues that may arise in context of Debtors' Chapter 11 Cases. (See Bernhart Declaration, ¶ 20; Wong Verified Statement, ¶ 10). Debtors respectfully submit that the employment and retention of Armory is in the best interests of Debtors and their respective estates. (See id.).

**SERVICES TO BE RENDERED**

18.    As more fully set forth in the Armory Engagement Agreement, Debtors propose to employ and retain Armory to render all necessary financial and restructuring advisory services to Debtors that may be required, including, but not limited to:

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

    (a)    Assist with the scope of services described in paragraph 1 of the Original Agreement, as applicable;

    (b)    assist with developing a plan of reorganization or liquidation;

    (c)    manage and oversee asset sales, if any;

    (d)    manage Debtors' reporting requirements pertaining to the Bankruptcy Court and the U.S. Trustee's office;

    (e)    serve as a liaison with Debtors' creditors or their representatives;

    (f)    provide testimony before the Bankruptcy Court on matters within Armory's expertise and consistent with Armory's scope of services herein;

    (g)    oversee analysis of creditors' claims;

    (h)    assist in the evaluation and analysis of avoidable actions, including fraudulent transfers and preferential transfers;

    (i)    providing guidance in developing and updating of cash flow budgets;

    (j)    evaluate the possible rejection of any executory contracts and unexpired leases; and

    (k)    assist in such matters as may be mutually agreed upon in writing between Debtors and Armory.

(See Bernhart Declaration, ¶ 21; Wong Verified Statement, ¶ 11).

    19.    In light of Armory's expertise in all of these areas, Armory is well-qualified to perform these services and assist Debtors in these Chapter 11 Cases. (Bernhart Declaration, ¶ 22; Wong Verified Statement ¶ 12).

    20.    Armory has stated its willingness to act in these Chapter 11 Cases and to continue to render the necessary professional services as financial advisor for Debtors. (See Wong Verified Statement, ¶ 13).

## DISINTERESTEDNESS

    21.    To the best of Debtors' knowledge, Armory is a "disinterested person" as that term is defined in section 101(14) of the Bankruptcy Code, as modified by section 1107(b) of the Bankruptcy Code, and does not hold or represent an interest materially adverse to Debtor's estate. (See Bernhart

Declaration, ¶ 23; Wong Verified Statement, ¶ 14). Armory has reviewed its databases and, as described in the Bernhart Declaration, provided disclosure regarding engagements it may have had with potential parties in interest, which engagements are unrelated to Debtors and these Chapter 11 Cases. (See Wong Verified Statement, ¶ 14). Armory has no known conflicts with the Debtors. (See id., ¶ 14). To the extent that Armory discovers any additional material relationships bearing on the matters described in the Bernhart Declaration during the period of Armory's retention, Armory will use reasonable efforts to supplement the information provided in the Bernhart Declaration. (See id., ¶ 14). Moreover, Armory has informed the Debtors that, except with respect to its proposed representation of Debtors and as may be set forth herein, the Wong Verified Statement and in the Bernhart Declaration, Armory and those of its personnel to be employed by the Debtors:

    (a) are not a creditor, equity holder or insider of Debtors;

    (b) are not, and were not, within the two years before the petition date, directors officers or employees of the Debtors;

    (c) does not hold or represent an interest adverse to Debtors;

    (d) is a "disinterested person," as defined by section 101(14), modified by section 1107(b), and used in section 328(c) of the Bankruptcy Code;

    (e) does not represent any other creditor, party in interest, or entity in these Chapter 11 Cases; and

    (f) has no connection with Debtors, their creditors, or other parties in interest in these Chapter 11 Cases, except as set forth in the Wong Verified Statement

provided, however that Armory has billed the Debtors and received payments from Debtors prepetition in respect of prepetition services as further described below.

(See Bernhart Declaration, ¶ 26; Wong Verified Statement, ¶ 15).

**PAYMENT OF FEES AND EXPENSES AND OTHER TERMS OF COMPENSATION**

22. Armory's willingness to continue with this engagement to advise and assist the Debtors is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment, including without limitation the indemnity provisions stated in the Armory Engagement Agreement, and compensation for its services and reimbursement for the expenses it incurs in

accordance with its customary billing practices. (See Bernhart Declaration, ¶ 25; Wong Verified Statement ¶ 16).

23. Except as described below, Armory intends to apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with these Chapter 11 Cases, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the guidelines (the "Guidelines") established by the United States Trustee for the Northern and Eastern Districts of California and Nevada (the "U.S. Trustee"), and any other applicable procedures and orders of the Court and consistent with the proposed compensation set forth in the Armory Engagement Agreement. (See Wong Verified Statement, ¶ 17).

24. Debtors seek to employ and retain Armory on an hourly basis at rates consistent with those Armory routinely charges in comparable matters. (See Bernhart Declaration, ¶ 26; Wong Verified Statement, ¶ 18). Specifically, Armory's current and customary rates to be rendered in these Chapter 11 Cases is as follows:[2]

    (a)    James Wong, Principal    $375.00

    (b)    Senior Consultants    $185.00

(See Bernhart Declaration, 26; Wong Verified Statement, ¶ 18).

25. Armory will seek reimbursement for necessary direct expenses actually incurred, which shall include any incidentals and out-of-pocket expenses such as local mileage, tolls, parking, meals, cell phone charges, and any out-of-town travel and related expenses. The billing rate for each Armory staff member is subject to periodic adjustment. (See Wong Verified Statement, ¶ 19).

26. None of the fees payable to Armory pursuant to the Armory Engagement Agreement shall constitute a "bonus" or "fee enhancement" under applicable law.

27. Prior to the Petition Date, Debtors provided Armory with a retainer in the amount of $7,500.00 per month, as payment for Debtors' prepetition services. A total of $22,500.00 in fees for three months of services rendered, and $517.43 in reimbursable expenses was deemed earned and

---

[2] Reference is made to the Armory Engagement Agreement for the full terms of Armory's compensation structure. To the extent this summary and the terms of the Armory Engagement Agreement is inconsistent, the terms of the Armory Engagement Agreement shall control.

ACTIVE 24539749v1 02/10/2014    8

applied to prepetition fees and expenses incurred by Armory. There is no balance of any unearned retainers. (See Bernhart Declaration, ¶ 27; Wong Verified Statement, ¶ 20).

28. Debtors respectfully submits that the proposed fee arrangement with Armory, as set forth above, is (i) similar to fee arrangements that have been authorized in other Chapter 11 cases in which Armory has rendered services, (ii) reasonable in light of industry practice, is similar to market rates both in and out of Chapter 11 proceedings, (iii) reasonable in light of Armory's experience in reorganizations, and (iv) reasonable in light the scope of work to be performed pursuant to its retention. Debtors believe that, given the nature of the financial and restructuring advisory services to be provided by Armory, the proposed compensation arrangement is both fair and reasonable. (See Bernhart Declaration, ¶ 27).

**INDEMNITY**

29. As set forth in the Armory Engagement Agreement and subject to the terms and conditions therein, Debtors have agreed to indemnify Armory in accordance with the indemnity provisions set forth therein (the "Indemnity Provisions") except to the extent of negligence or the willful misconduct of Armory. (See Bernhart Declaration, ¶ 29; Wong Verified Statement, ¶ 22).

30. Debtors believe the Indemnity Provisions are customary and reasonable terms for Armory's engagement. Unlike the market for other professionals that Debtors may retain, indemnification is a standard term of the market for financial advisors. Armory and Debtors believe that the Indemnity Provisions are comparable to those generally obtained by financial advisory firms and for comparable engagements, both in and out of court. Accordingly, Debtos requests that the Court approve the Indemnity Provisions. (See Bernhart Declaration, ¶ 29; Wong Verified Statement, ¶ 23).

31. As set forth in the Wong Declaration, Armory has not shared or agreed to share any of its compensation with any other persons other than principals, managing directors or other employees of Armory, as permitted by Section 504 of the Bankruptcy Code. (See Wong Verified Statement, ¶ 21).

**BASIS FOR RELIEF**

Debtosr request approval of the terms of the Armory Engagement Agreement and the Indemnity Provisions subject to the standard of review provided in section 328(a) of the Bankruptcy Code, which provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the

employment of a professional person under section 327 ... on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a).

Accordingly, section 328(a) of the Bankruptcy Code permits the compensation of professionals, including financial advisors and investment bankers, on more flexible terms that reflect the nature of the services and market conditions, which is a significant departure from prior bankruptcy practice relating to the compensation of professionals. Indeed, as the United States Court of Appeals for the Fifth Circuit recognized in In re National Gypsum Co., 123 F.3d 861,862 (5th Cir. 1997) (citations omitted):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

In light of this inherent flexibility, courts have approved similar arrangements that contain reasonable terms and conditions under section 328 of the Bankruptcy Code. Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the following amendment was made to section 328(a) of the Bankruptcy Code:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328. This amendment makes clear the ability of Debtors to retain, with court approval, a professional on an hourly and deferred fee basis as set forth in the Armory Engagement Agreement.

Similar fixed and deferred fee arrangements have been approved and implemented in other large chapter 11 cases in this district and elsewhere. See, e.g., In re Whitton Corporation, Case No. 10-32680-BAM (Bankr. D. Nev. January 1, 2011) (authorizing retention of Province Real Estate Advisors, LLC as Financial Advisors to the debtors under sections 327(a) and 328(a); In re 155 East Tropicana,

Inc., Case No. 11-22216-BAM (Bankr. D. Nev. Sept. 16, 2011) (authorizing retention of Alvarez & Marsal as Financial and Restructuring Advisor to the debtors under sections 327(a) and 328(a) of the Bankruptcy Code); In re Circus and Eldorado Joint Venture, *et. al*., Case No. 12-51156-BTB (Bankr. D. Nev. May 24, 2012) (authorizing retention of FTI Consulting, Inc. as Financial Advisor for the debtors under Sections 327(a) and 328(a)) and In re Rodeo Creek Gold, *et.al*., Case No. 13-50301-MKN (Bankr. D. Nev. March 7, 2013) (authorizing retention of CIBC World Markets, Inc. a financial advisor under Sections 327(a) and 328(a)).

Debtors believe the compensation contained in the Armory Engagement Agreement and the Indemnity Provisions are reasonable terms and conditions of employment and should be approved under section 328(a) of the Bankruptcy Code. The retention of Armory is a sound exercise of the Debtors' business judgment. The compensation in the Armory Engagement Agreement and the Indemnity Provisions adequately reflect: (a) the nature of the services to be provided by Armory; and (b) compensation structures and indemnification provisions typically utilized by Armory and other financial advisory and investment banking firms, which are generally compensated on a transactional basis. In particular, Debtors believe the proposed compensation creates a proper balance between the hourly rates and a deferred fee based on the consummation of plan of reorganization. Moreover, Armory's substantial experience with respect to financial advisory services, coupled with the nature and scope of work already performed by Armory before the Petition Date, further suggest the reasonableness of the Armory Engagement Agreement and Indemnity Provisions. (See Bernhart Declaration, ¶ 30).

Notwithstanding anything to the contrary herein or in the Armory Engagement Agreement, all of Armory's fees and expenses in these Chapter 11 Cases shall be subject to approval of the Court under the standard set forth in section 328(a) of the Bankruptcy Code upon proper application by Armory in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines and any other applicable Orders of this Court.

## NOTICE

Notice of this Application has been served on (i) the Office of the United States Trustee; (ii) Debtors' secured creditor(s) or their counsel; (iii) Debtors' 20 largest unsecured creditors; (iv) those

governmental agencies required to receive notice under Bankruptcy Rule 5003(e) and (v) any parties who have requested notice in this proceeding. In light of the nature of the relief requested herein, Debtors submits that no other or further notice need be provided.

## NO PREVIOUS REQUEST

No previous application for the relief sought herein has been made to this Court or any other court.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, Debtors respectfully requests that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) authorizing Debtors to employ and retain Armory as financial advisor to Debtors on the terms and conditions set forth herein and in the Bernhart Declaration, effective as of the Petition Date; and (ii) granting such other and further relief as may be just and proper.

DATED this 10th day of February, 2014.

**MARTIFER SOLAR USA, INC.,** a California Corporation

By  *s/Klaus Bernhart*
    Klaus Bernhart, Chief Financial Officer

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By:  */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc.*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT A
# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER AUTHORIZING EMPLOYMENT AND RETENTION OF ARMORY CONSULTING CO. AS FINANCIAL ADVISOR TO DEBTORS EFFECTIVE AS OF THE PETITION DATE**<br><br>Hearing Date:   March 10, 2014<br>Hearing Time:   9:30 a.m. |

The Court, having reviewed and considered Debtors' Application for Order Authorizing Employment and Retention of Armory Advisors, LLC ("Armory") as Financial Advisor to Debtors

ACTIVE 24539749v1 02/10/2014                 1

Effective As Of The Petition Date (the "Application"),[1] filed on February 10, 2014, by Debtors, and (ii) the Verified Statement of James Wong in Support of Application for Order Authorizing Employment and, Retention of Armory Advisors, LLC as Financial Advisor to Debtors Effective As Of The Petition Date (the "Wong Verified Statement"), and (iii) the Declaration of Klaus Bernhart filed in Support of Employment of Debtors' Professionals (the "Bernhart Declaration"),

And it appearing that this Court has jurisdiction over the Application, pursuant to 28 U.S.C. § 1334, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

And the Court being satisfied that, except with respect to Armory's proposed retention by Debtors and as may be set forth in the Application, the Wong Verified Statement and in the Bernhart Declaration, (i) Armory represents or holds no interest adverse to Debtors, their estates, or their creditors; (ii) Armory is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as modified by Bankruptcy Code section 1107(b), and as used in section 328(c) of the Bankruptcy Code; (iii) Armory is eligible for employment as financial advisor to Debtors; (iv) the terms of the Armory Engagement Agreement is reasonable terms for purposes of section 328(a) of the Bankruptcy Code; and (v) the employment and retention of Armory is necessary and in the best interests of Debtors, their estates and creditors;

And notice of the Application having been provided to (i) the Office of the United States Trustee; (ii) Debtors' secured creditor(s) or their counsel; (iii) Debtors' 20 largest unsecured creditors; (iv) those governmental agencies required to receive notice under Bankruptcy Rule 5003(e) and (v) any parties who have requested notice in this proceeding prior to entry of this Order;

And it appearing that no other or further notice of the Application need be provided;

And good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that the Application is granted, *nunc pro tunc* to the Petition Date; and

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

ACTIVE 24539749v1 02/10/2014         2

**IT IS FURTHER ORDERED** that, pursuant to sections 327, 328, 1107 and 1108 of the Bankruptcy Code, Bankruptcy Rule 2014 and Local Rule 2014, Debtors are, and hereby are, authorized and empowered to retain and employ Armory as Financial Advisor to Debtors, effective as of the Petition Date, upon the terms and conditions set forth herein, in the Application and the Armory Engagement Agreement; and

**IT IS FURTHER ORDERED** that all of Armory's compensation set forth in the Armory Engagement Agreement is approved pursuant to section 328(a) of the Bankruptcy Code;

**IT IS FURTHER ORDERED** that Armory shall be compensated in accordance with the terms described in the Armory Engagement Agreement pursuant to the standard of review under section 328(a) of the Bankruptcy Code, and Armory's compensation shall not be subject to review under section 330 of the Bankruptcy Code; provided, however, that such compensation shall be subject to the approval of this Court, any order established in this Chapter 11 Case setting forth procedures for interim compensation, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the Guidelines established by the U.S. Trustee, and any other applicable procedures and orders of the Court for all services performed and expenses incurred after the Petition Date. None of the fees payable to Armory pursuant to the Armory Engagement Agreement shall constitute a "bonus" or "fee enhancement" under applicable law;

**IT IS FURTHER ORDERED** that, pursuant to the terms of the Armory Engagement Agreement, Armory is entitled to reimbursement periodically and upon request from Debtors for reasonable expenses incurred in connection with the performance of its engagement under the Armory Engagement Agreement;

**IT IS FURTHER ORDERED** that the Indemnification Provisions are approved;

**IT IS FURTHER ORDERED** that to the extent there is any inconsistency between the terms of the Application or this Order, the terms of this Order shall govern;

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and

**IT IS FURTHER ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By _____
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc.*


APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY: _____
    J. Michal Bloom,
    Trial Attorney for Acting United States Trustee,
    Tracy Hope Davis

### **CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐   The Court has waived the requirement of approval in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

    J. MICHAL BLOOM, OFFICE OF
    THE UNITED STATES TRUSTEE

    __Approved / Disapproved__      _____

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #