BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com

*[Proposed] Counsel for Martifer Aurora Solar, LLC*
*and Martifer Solar USA, Inc.*

Electronically Filed February 10, 2014

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | Jointly Administered under Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Chapter 11 |
| | **APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP, AS SPECIAL CALIFORNIA LITIGATION COUNSEL, *NUNC PRO TUNC* TO THE PETITION DATE** |
| Debtor. | Hearing Date:   March 10, 2014<br>Hearing Time:  9:30 a.m. |

Martifer Solar USA, Inc. ("Martifer USA" or "Debtor"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 case (the "Chapter 11 Case") respectfully submits this application (the "Application") for an order pursuant to sections 327(e), 328, 1107 and 1108 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014 of the Local Bankruptcy Rules for the

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

United States Bankruptcy Court for the District of Nevada (the "Local Rules"), the Verified Statement of John M. Samberg ("Samberg Verified Statement") and Declaration of Klaus Bernhart in Support of Retention of Debtors' Professionals ("Bernhart Declaration") filed contemporaneously herewith, authorizing Debtor to retain and employ the law firm of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP, a limited liability partnership ("Wolf Rifkin" or the "Firm") as special litigation counsel. In support of the Application, Debtor respectfully represent as follows:

## BACKGROUND

1.      On January 21, 2014 (the "Petition Date"), Martifer USA filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

2.      Debtor is continuing to operate its business and manage its property as debtor in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3.      No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in the Chapter 11 Case.

4.      Pursuant to an Order [Dkt #72] of the Court entered January 29, 2014, the Chapter 11 Cases were administratively consolidated under the bankruptcy case of Martifer Aurora Solar, LLC ("Aurora"), case no. BK-14-10355-abl.

5.      The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Dkt ##15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer USA Dkt ##15, 40] (together, the "Omnibus Declarations"), which are incorporated herein by this reference.

## JURISDICTION AND VENUE

6.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7.      The statutory basis for relief sought herein arises from Bankruptcy Code Sections 327(e), 328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

8.      Venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

and 1409.

## RELIEF REQUESTED

9.      By this Application, Debtor seeks an order authorizing the retention and employment of Wolf Rifkin as special litigation counsel to Debtor to continue representing and Debtor in certain pending litigation matters in California, as described below, effective as of the Petition Date, in accordance with Wolf Rifkin's normal hourly rates and reimbursement policies.

10.     Wolf Rifkin has been counsel for Debtor since August 19, 2013 and has handled various litigation matters pending in California. *See Bernhart Declaration,* ¶ 70; Samberg Declaration ¶ 6; *see also,* Engagement Agreement attached as **Exhibit 1** to the Samberg Verified Statement ("Engagement Agreement")**.**

11.     As of the Petition Date, Wolf Rifkin was handling six (6) pending matters (collectively referred to as the "Pending Matters") for Debtor. Wolf Rifkin is aware of the factual and legal issues in each of the pending actions and, if necessary, is the firm best suited to handle any issues related therein. As such, Wolf Rifkin possesses an understanding of the pending actions that cannot be duplicated without considerable time and expense to Debtor's estate. *See Bernhart Declaration,* ¶ 71; *see also,* Samberg Verified Statement, ¶ 6.

12.     Wolf Rifkin has acted as counsel for Debtor in the following Pending Matters:

(a)      *Project Restructuring Negotiations*- Wolf Rifkin represented Martifer USA pre-petition in connection with its negotiations related to what was its largest outstanding receivable. As a result of Wolf Rifkin's efforts, Martifer USA was successful in foregoing litigation related to Martifer USA's construction of four separate solar photovoltaic projects generally located in the Los Angeles area (the "Studios Solar Projects"). Litigation related to the projects would not only have been protracted and costly, but with substantial risk. Instead, Wolf Rifkin's assistance culminated in a settlement agreement that provided Martifer USA with title to the projects and all related project cash flows. During the course of the settlement discussions, Wolf Rifkin successfully balanced the interests of all parties including, without limitation, the interest of several third party sub-contractors and vendor claimants that had taken to pursuing their mechanics' lien rights. Wolf Rifkin was instrumental in the successful consummation of the project settlement agreement. Likewise, Wolf Rifkin's intimate

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1   familiarity with the parties to the settlement agreement, the parties' backgrounds, and the structure of

2   the settlement will undoubtedly continue to be of utmost value to Martifer USA's estate as Martifer

3   USA continues to finalize certain settlement and project related matters.

4          (b)     *The Johnson Action*- Wolf Rifkin represented Martifer USA pre-petition in connection

5   the action entitled *California Power Save, Inc. v. Johnson-Chavez et al.* [Los Angeles County Superior

6   Court Case No. BC510373](the "Johnson Action").  The Johnson Action was filed on May 30, 2013

7   and related to the Studios Solar Projects.  On July 2, 2013, Martifer USA was brought into the Johnson

8   Action by way of Cross-Complaint wherein Johnson alleged that Martifer USA is somehow a *de facto*

9   partner of the original developer of the Studios Solar Projects in the origination of the project contracts.

10  Martifer USA denies these claims.  The Johnson Action is set for trial June 23, 2014.

11         (c)     *Schletter, Inc.*- Wolf Rifkin represented Martifer USA pre-petition in connection with

12  its settlement discussions with Schletter, Inc. which disputes arose out of the Studios Solar Projects.

13  Schletter, Inc. is among various third party sub-contractors that provided material and/or services to the

14  Studios Solar Projects and remains unpaid.  As a result, if negotiations with Schletter and/or these

15  subcontractors do not result in resolution, litigation may arise.

16         (d)     *The Golden State Power Action*- Wolf Rifkin represented Martifer USA pre-petition in

17  connection with the action filed by Martifer USA entitled *Martifer USA v. Joseph Leo Bork, Gabriel*

18  *Oliver Bork and Golden State Solar Power, Inc., et al.* [Kern County Superior Court Case No. S-1500-

19  CV 280885 DRL] (the "Golden State Power Action").  The Golden State Power Action relates to

20  certain solar panels that the defendants in the Golden State Power Action purchased from Martifer

21  USA and failed to pay for.  Martifer USA obtained the issuance of a Temporary Restraining Order

22  resulting in the return of the bulk of the solar panels that were the subject of the transaction.  However,

23  approximately $300,000 remains unpaid.  Since such time Wolf Rifkin has been conducting settlement

24  discussions with the defendants in the Golden State Power Action on behalf of Martifer USA.  If

25  unsuccessful, Martifer USA will continue to prosecute the lawsuit.

26         (e)     *Cathay Bank*- Cathay Bank filed a complaint against Martifer USA, Martifer Aurora

27  Solar, LLC Martifer Solar, Inc. and Martifer Solar, S.A. on December 31, 2013 in the matter entitled

28  *Cathay Bank v. Martifer USA et al.* [Los Angeles Superior Court Case No. SC121853] (the "Cathay

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Bank Action"). Wolf Rifkin did not represent Martifer USA pre-petition in connection with the Cathay Bank Action. However, Wolf Rifkin met with Cathay Bank on one occasion to discuss the Studios Solar Projects matters.

(f) _PGS Action_- On January 23, 2014, PGS Construction Corp filed a complaint for monetary damages and foreclosure of mechanics lien against Martifer USA in the matter entitled _PGS Construction Corp dba Electric Construction Company v. Martifer USA et seq._ [Los Angeles County Superior Court Case No. EC062086] (the "PGS Action"). The PGS Action arises out of the Studios Solar Projects. PGS is allegedly a third party sub-contractors which provided services for the Studios Solar Projects and which is asserting mechanics lien claims related thereto.

Wolf Rifkin filed a notice of commencement of bankruptcy in each of these cases, except for the Cathay Bank Action.[1] _See also_, Bernhart Declaration, ¶ 72; _see_ Samberg Verified Statement, ¶ 7.

13. Although, with the exception of the Golden State Power Action, each of the Pending Matters is currently stayed, Debtor and Wolf Rifkin anticipate representation in connection with the Studios Solar Projects, The Johnson Action, Schletter, Inc., The Golden State Power Action, PGS Action and any third party claims/litigation arising out of the Studios Solar Projects. _See also_, Bernhart Declaration, ¶ 74; _see_ Samberg Verified Statement, ¶ 8.

14. Debtor selected Wolf Rifkin because the Firm has considerable experience in state court litigation, mechanics lien rights, and business related disputes. _See_ Bernhart Declaration, ¶ 75. Debtor has determined that in order to ensure adequate representation in the Pending Matters, it is necessary and in the best interest of Debtor to employ Wolf Rifkin as its litigation counsel to continue advising and representing it in connection with the Pending Matters and the disputes arising therefrom. _See_ Bernhart Declaration, ¶ 75.

15. Debtor is seeking to retain Wolf Rifkin _nunc pro tunc_ to the Petition Date.[2] Such relief is warranted by the extraordinary circumstances presented by this case. With the exception of the

---

[1] Fox Rothschild LLP filed a notice of commencement of bankruptcy, on behalf of Debtors, in the Cathay Bank Action.

[2] Bankruptcy Courts in the Ninth Circuit possess the equitable power to approve professional employment _nunc pro tunc_. In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995) (citing Halperin v.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Cathay Bank Action, Wolf Rifkin prepared and filed notices of commencement of bankruptcy in each of the Pending Matters, effectively staying such actions so as to provide Debtor with the breathing room to reorganize its business. Wolf Rifkin's services have also been necessary in negotiating claims arising out of the Studios Solar Projects. Accordingly, *nunc pro tunc* employment is appropriate under the circumstances and should be approved. *See* Bernhart Declaration, ¶ 76.

**SERVICES TO BE RENDERED**

16. Debtor proposes to employ and retain Wolf Rifkin as special litigation counsel to Debtor with respect to the Pending Matters. *See* Bernhart Declaration, ¶ 77.

17. In light of Wolf Rifkin's expertise in this area and prior experience representing Debtor, Wolf Rifkin is well-qualified to perform the requested services and assist Debtor in the capacity outlined herein. *See* Bernhart Declaration, ¶ 78.

18. Wolf Rifkin will use reasonable efforts to coordinate with Debtor's other professionals to avoid unnecessary duplication of services. *See* Samberg Verified Statement, ¶ 10.

19. Wolf Rifkin has stated its willingness to act as Debtor's special litigation counsel during the pendency of this Chapter 11 Case. *See* Samberg Verified Statement, ¶ 11.

20. The scope of Wolf Rifkin services may be modified from time to time, provided that Wolf Rifkin and Debtor mutually agree in writing to any such modification and corresponding change in the fee structure. *See* Samberg Verified Statement, ¶ 12.

**PROFESSIONAL COMPENSATION**

21. Subject to the Court's approval under Bankruptcy Code sections 330(a) and 331, compensation to Wolf Rifkin will be payable from Debtor's estate, which shall be liable for such compensation, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.), 40 F.3d 1059, 1062 (9th Cir. 1994); Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir. 1988)).

22.     As is the case with respect to rates charged in non-bankruptcy matters, Wolf Rifkin's rates are subject to periodic adjustment to reflect economic and other conditions.  Wolf Rifkin's current hourly rates applicable to the principal attorneys and paraprofessionals proposed to represent Debtor are:

| Professional - Title | Hourly Rate |
|---|---|
| John Samberg, partner (CA, LV, RN Office)- lead Martifer USA counsel in all Wolf Rifkin offices | $450.00 |
| Elsa Horowitz, partner (CA Office) | $425.00 |
| Simon Aron, of-counsel (CA Office) | $450.00 |
| Chris Mixon, associate (RN Office) | $350.00 |
| Royi Moas, associate (LV office) | $37500 |
| Josh Shapiro, associate (CA office) | $395.00 |
| John Narcise, paralegal (CA office) | $200.00 |
| Noemy Valdez, paralegal (LV office) | $175.00 |

*See* Samberg Verified Statement, ¶ 13.

23.     Other attorneys and paraprofessionals will render services to Debtor, as needed. Generally, Wolf Rifkin's hourly rates for Partners range from $395.00 to 450.00; for associates, hourly rates range from $350.00 to 3$95.00; for paralegals, hourly rates range from $175.00 to $200.00.  *See* Samberg Verified Statement, ¶ 14.

24.     There is no agreement of any nature, other than with respect to the attorneys at Wolf Rifkin and payment of any contract attorneys utilized by Wolf Rifkin, as to the sharing of compensation to be paid to Wolf Rifkin.  *See* Samberg Verified Statement, ¶ 15.

25.     Wolf Rifkin will seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.  *See* Samberg Verified Statement, ¶ 16.

26.     Debtor respectfully submits that the proposed fee arrangement with Wolf Rifkin, as set forth above, is reasonable in light of (i) industry practice and similar to market rates both in and out of Chapter 11 proceedings, (ii) Wolf Rifkin's experience in general and with Debtor's business, in

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1  particular, and (iii) work to be performed pursuant to its retention.  Debtor believes that, given the

2  nature of the legal services to be provided by Wolf Rifkin, the proposed compensation arrangement is

3  both fair and reasonable.  *See* Bernhart Declaration, ¶ 79.

4  **<u>NO ADVERSE INTEREST</u>**

5  27.    Pursuant to section 327(e) of the Bankruptcy Code, a debtor may employ an attorney

6  "for a specified special purpose" where such representation would be in the best interests of the

7  debtor's estate and the attorney "does not represent or hold any interest adverse to the debtor with

8  respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

9  28.    In connection with its potential retention by Debtor, Wolf Rifkin conducted an

10  investigation to ascertain conflicts and connections with certain parties in interest in the Chapter 11

11  Cases. Samberg Verified Statement, ¶19.  Specifically, and as detailed in the Samberg Verified

12  Statement, Wolf Rifkin was provided a list of all creditors of Debtors, Debtors' directors and officers,

13  the counter parties to all contracts with Debtors other than counter parties to non-disclosure

14  agreements, Debtors' stockholders, parties to pending litigation with Debtors, the Bankruptcy Judges

15  for the District of Nevada, the employees of the Office of the United States Trustee for the District of

16  Nevada, and other professionals in the case or proposed to be retained by the Debtors (the "<u>Connection</u>

17  <u>Parties</u>"). Samberg Verified Statement, ¶19.

18  29.    Wolf Rifkin has conducted a thorough search of the Connection Parties using its

19  computerized conflicts check system, based on the list of Connection Parties received to date from

20  Debtor, and Wolf Rifkin attorneys have made diligent efforts to search the Firm's records and

21  assemble pertinent information for purposes of the Samberg Verified Statement with respect to Wolf

22  Rifkin's connection with the Connection Parties. Samberg Verified Statement, ¶20.  If Debtor

23  supplements this information, Wolf Rifkin will run an updated conflict search and file a supplement to

24  the Samberg Verified Statement.  Samberg Verified Statement, ¶20.

25  30.    Except as set forth in the Samberg Verified Statement, the Debtor has determined that

26  Wolf Rifkin does not hold or represent any interest adverse to the Debtors or their estates with respect

27  to the matters on which Wolf Rifkin is to be employed.  Samberg Verified Statement, ¶21. In the event

28  that any conflicts arise on the matters on which Wolf Rifkin is to be retained, either Wolf Rifkin will

obtain appropriate waivers or the Debtors will engage special conflicts counsel and Wolf Rifkin will

file a supplement to the Samberg Verified Statement.  Samberg Verified Statement, ¶21.

31.    Wolf Rifkin is not aware of any connection of the Firm, its partners, or employees with

the Office of the United States Trustee or its employees.  Samberg Verified Statement, ¶22.

32.    Given that Wolf Rifkin represented Debtor prepetition, Wolf Rifkin received payments

in the ordinary course of its representation.  Within 90 days of the Petition Date, Wolf Rifkin received

payments from a third party on behalf of the Debtor as follows:

(a)    Payment of $70,006.64 received from Martifer Solar, Inc. on 12/31/2013 and

applied to the outstanding Martifer USA balance; and

(b)    Payment of $30,000.00 received from Martifer Solar, Inc. on 1/21/2014 and

applied to the outstanding Martifer USA balance.

Samberg Verified Statement, ¶23.

33.    Wolf Rifkin has a claim against Debtors for unpaid fees and expenses incurred prior to

the Petition Date in the amount of $57,827.61.[3]  *See* Samberg Verified Statement, ¶24.

34.    Wolf Rifkin is not currently holding a retainer paid by the Debtor more than 90 days

before the Petition Date. *See* Samberg Verified Statement, ¶ 25.

35.    However, Wolf Rifkin is currently holding in its client trust account a payment of

$13,810.37 it received from Martifer USA pre-petition on January 17, 2013.  *See* Samberg Verified

Statement, ¶ 26.

---

[3] This, however, does not disqualify Wolf Rifkin from employment as special counsel.  "[A] claim for pre-petition fees will not, as a general matter, disqualify special counsel under Section 327(e)."  *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005).  "Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness."  *In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Albert*, 206 B.R. 636, 642 n.7 (Bankr. D. Mass. 1997) ("Although the Court has found that [attorney] holds a prepetition claim, he may still be employed [as special counsel]. The disinterestedness requirement contained in § 327(a) is not applicable to [special counsel]. Instead, pursuant to § 327(c) and (e), the court need only determine whether [attorney] holds an interest adverse to the estate."); Collier on Bankruptcy (15th ed. rev.) ¶ 327.04[9][d] ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor.").

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1

## NOTICE

2      36.      Notice of this Application has been served on (i) the Office of the United States Trustee;

3   (ii) counsel for Cathay Bank; (iii) Debtors' 20 largest unsecured creditors; (iv) those governmental

4   agencies required to receive notice under Bankruptcy Rule 5003(e); and (v) any parties who have

5   requested notice in these Chapter 11 Cases.  Debtor respectfully submits that such notice is appropriate

6   under the circumstances and that no other or further notice is necessary or required.

7

## NO PRIOR APPLICATION

8      37.      No previous application for the relief requested herein has been made to this Court or

9   any other court.  Samberg Declaration, ¶ 28.

10

11

## CONCLUSION

12     38.      WHEREFORE, Debtor respectfully requests entry of an order authorizing the relief

13  requested herein, substantially in the form attached hereto as **Exhibit A**, and granting Debtor such

14  other and further relief as is just and proper.

15          DATED this 10th day of February 2014.

16                      **MARTIFER SOLAR USA, INC.,**

17

18                      By____*/s/Klaus Bernhart*_____
                             KLAUS BERNHART

19

20  Respectfully submitted by:

21  **FOX ROTHSCHILD LLP**

22  By____*/s/Brett Axelrod*_____
         BRETT A. AXELROD, ESQ.

23       Nevada Bar No. 5859
         MICAELA RUSTIA MOORE, ESQ.

24       Nevada Bar No. 9676
         3800 Howard Hughes Parkway

25       Suite 500
         Las Vegas, Nevada 89169

26  *[Proposed] Counsel for Martifer Aurora Solar, LLC*
        *and Martifer Solar USA, Inc.*

27

28

**EXHIBIT A**

**\*PROPOSED FORM OF ORDER\***

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com

*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| In re | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl |
|---|---|
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | Jointly Administered under Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC ☒ Affects Martifer Solar USA, Inc. ☐ Affects all Debtors | Chapter 11 |
| | **ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF WOLF, RIFKIN, SHAPIRO, SCHULMAN & RABKIN LLP AS CALIFORNIA LITIGATION COUNSEL *NUNC PRO TUNC* TO THE PETITION DATE** |
| Debtor. | Hearing Date:    March 10, 2014 Hearing Time:    9:30 a.m. |

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

The Court, having reviewed and considered the Application for an Order Authorizing Retention and Employment of Wolf, Rifkin, Shapiro, Schulman & Rabkin LLP ("<u>Wolf Rifkin</u>") as Special California Litigation Counsel, *Nunc Pro Tunc* to the Petition Date (the "<u>Application</u>"),[1] filed on Feburary 10, 2014 by Martifer Solar USA, Inc. ("<u>Martifer USA</u>" or "<u>Debtor</u>"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 case (the "<u>Chapter 11 Case</u>"), the Verified Statement of John M. Samberg in Support of the Application (the "<u>Samberg Verified Statement</u>"), the Declaration of Klaus Bernhart in Support of Retention of Debtors' Professionals (the "<u>Bernhart Declaration</u>"); and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Wolf Rifkin does not represent or hold any interest adverse to the Debtor with respect to the matter on which such attorney is to be employed, and being employed as Debtor's special litigation counsel is necessary and in the best interests of Debtor and its estate; and (3) good cause exists to approve the retention and employment of Wolf Rifkin.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.      The Application is GRANTED in all respects.

2.      Pursuant to 11 U.S.C. §§ 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtor is authorized to retain and employ Wolf Rifkin as special litigation counsel *nunc pro tunc* to the Petition Date, to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as **Exhibit 1** to the Samberg Verified Statement.

3.      Wolf Rifkin shall be compensated from Debtor's estate in accordance with the procedures set forth in the Application, 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

---

[1]  All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

1      4.      The terms of this Order shall be immediately effective and enforceable upon its entry.

2

3   Prepared and respectfully submitted by:

4   **FOX ROTHSCHILD LLP**

5   By_____

6       BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859

7       MICAELA RUSTIA MOORE, ESQ.
        Nevada Bar No. 11057

8       3800 Howard Hughes Parkway, Suite 500
        Las Vegas, Nevada 89169

9   *[Proposed] Counsel for Martifer Solar USA, Inc.*

10  *and Martifer Aurora Solar, LLC*

11

12  APPROVED/DISAPPROVED:

13  **OFFICE OF THE UNITED STATES TRUSTEE**

14  By_____

15      J. Michal Bloom
        Trial Attorney for Acting U.S. Trustee,

16      Tracy Hope Davis

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## <u>CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021</u>

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐   The Court has waived the requirement set forth in LR 9021(b)(1).

☐   No party appeared at the hearing or filed an objection to the motion.

☐   I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion, pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)