_____
Honorable August B. Landis
United States Bankruptcy Judge



**Entered on Docket**
**February 18, 2014**

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

\* \* \* \* \* \*

| | |
|---|---|
| In re: | Case Nos. 14-10355-abl and 14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, | Jointly Administered under Case No. 14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC | Chapter 11 |
| ☐ Affects Martifer Solar USA, Inc. | Hearing Date: February 14, 2014 |
| ■ Affects all Debtors | Hearing Time: 1:30 p.m. |

**ORDER ON DEBTORS' EMERGENCY MOTION FOR AN ORDER:**
**(I) AUTHORIZING DEBTOR TO PAY PREPETITION EMPLOYEE SALARIES AND BENEFITS; AND (II) AUTHORIZING AND DIRECTING FINANCIAL INSTITUTIONS TO HONOR CHECKS RELATED TO SUCH OBLIGATIONS**[1]

This matter came on for hearing before the Court at the date and time specified in the caption pursuant to Debtors' Emergency Motion for an Order: (I) Authorizing Debtor to Pay Prepetition Employee Salaries and Benefits; and (II) Authorizing and Directing Financial Institutions to Honor Checks Related to Such Obligations[2] filed by Martifer Aurora Solar, LLC and Martifer Solar USA, Inc. (collectively "Martifer"), and creditor Cathay Bank's responsive Statement of Position re Debtor's Emergency Motion for Authorization to Pay Prepetition

---

[1] In this Order, references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the Clerk of the Court.

[2] ECF No. 92.

1

Employee Salaries and Benefits, Etc.[3] Dawn M. Cica appeared on behalf of Martifer. Reed S. Waddell and Natalie M. Cox appeared on behalf of Cathay Bank. Samuel A. Schwartz appeared on behalf of Martifer Solar, Inc. J. Michal Bloom appeared on behalf of Tracy Hope Davis, United States Trustee for Region 17. Other appearances were noted on the record.

The Court has reviewed Martifer's motion, the supporting declaration of Roland Kiser[4], and Cathay Bank's responsive statement.[5] The Court has also considered the arguments of counsel at the February 14, 2014 hearing, and is fully advised as to the issues pending before it. To the extent that the Court made findings of fact and conclusions of law on the record at the February 14, 2014 hearing, they are incorporated into this written order pursuant to FED. R. CIV. P. 52, made applicable to this contested matter pursuant to FED. R. BANKR. P. 9014(c) and 7052. Based upon the record before the Court:

**IT IS ORDERED** that the motion is **GRANTED IN PART AND DENIED IN PART** as set forth in this Order.

The Motion is **DENIED** with respect to:

    a.    The prepetition Employee Salary Obligations (as that term is defined in Paragraph 12 of the motion); and

    b.    The prepetition Employee Deductions (as that term is defined in Paragraph 14 of the motion) related to the prepetition Employee Salary Obligations.

All of Martifer's employees had received payment of their prepetition Employee Salary Obligations, net of their prepetition Employee Deductions, prior to the February 14, 2014 hearing. As a result, the doctrine of necessity had been rendered inapplicable prior to the

---

[3] ECF No. 130.

[4] ECF No. 93. Mr. Kiser is the Chief Executive Officer of debtor Martifer Solar USA, Inc.

2

hearing, and no issue required resolution by the Court as to those sums.

The motion is **GRANTED** to the extent that Martifer requests authorization to honor and pay, in an amount not to exceed $12,475 per employee:

    a.    Any prepetition Employee Benefits Contributions (as that term is defined in Paragraphs 15 - 20 of the motion) owed to Martifer employees that had accrued but remained unpaid on January 21, 2014 ("Petition Date"); and

    b.    Any Employee Paid Time Off (as that term is defined in Paragraph 21 of the motion) for employees that had accrued but remained unpaid on the Petition Date.

The motion is further **GRANTED** to the extent that Martifer requests authorization to pay any Employee Reimbursable Business Expenses (as that term is defined in Paragraph 26 of the motion, and including credit card expenses detailed in Paragraphs 27 and 28) that had accrued but remained unpaid on the Petition Date.

To the extent that the motion seeks authorization for Martifer to honor and pay Employee Salary Obligations, Employee Deductions, Employee Benefits Contributions, Employee Paid Time Off, and/or Employee Reimbursable Business Expenses post-petition, the Court makes no ruling, noting only that Martifer is authorized to operate its business pursuant to 11 U.S.C. §§ 1107 and 1108, subject to all other applicable provisions of the Bankruptcy Code.  Further, nothing in this order shall be construed as authorizing Martifer to reimburse any payments within the scope of this order that have previously made by any non-debtor entity(ies) to, or for the benefit of, Martifer's employees.

1  Notice and copies sent through:

2  CM/ECF ELECTRONIC NOTICING AND/OR BNC

3  and sent via FIRST CLASS MAIL BY THE COURT AND/OR BNC to:

4  LAWRENCE M JOHNSON
   GLICKFIELD FIELDS & JACOBSON LLP
   9720 WILSHIRE BLVD., STE. 700
5  BEVERLY HILLS, CA 90212

6  MARK E. ARONSON
   ANDERSON MCPHARLIN & CONNERS, LLP
7  444 S. FLOWERS STREET, 31st FLOOR
   LOS ANGELES, CA 90071

8

9                                    ###

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                    4