**MARTIFER SOLAR USA, INC.**
**AND**
**MARTIFER AURORA SOLAR, LLC**

**GLOBAL NOTES REGARDING THE DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENT OF FINANCIAL AFFAIRS**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFAs") (collectively, the Schedules and SOFAs are referred to herein as the "Bankruptcy Schedules") of Martifer Solar USA, Inc. ("Martifer USA") and Martifer Aurora Solar, LLC ("Aurora"), the debtors and debtors in possession (the "Debtors") in the captioned chapter 11 bankruptcy case have been prepared by the Debtors' management and professionals pursuant to 11 U.S.C. § 521 and Rule 1007 of the Federal Rules of Bankruptcy Procedure. On January 21, 2014 (the "Petition Date"), the Debtors each filed a chapter 11 bankruptcy petition in the United States Bankruptcy Court for the District of Nevada in case numbers 14-10355-abl and 14-10357-abl.

Klaus Bernhart, the chief financial officer of the Martifer USA and Manager of Aurora, has signed the Bankruptcy Schedules. In reviewing and signing the Bankruptcy Schedules, Klaus Bernhart has necessarily relied upon the efforts, statements, and representations of various personnel of the Debtors. Klaus Bernhart has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors.

The financial affairs and businesses of the Debtors are large and complex. Accordingly, while the Debtors' management and professionals have made every reasonable effort to ensure that the Bankruptcy Schedules are accurate and complete based on the information that was available and reasonably accessible at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt, discovery or review of any additional information not used in the creation of the Bankruptcy Schedules may result in material changes to the financial data and other information contained therein. Furthermore, the Bankruptcy Schedules are unaudited, so there can be no assurance that the information contained therein is complete. The Debtors reserve all rights to amend the Bankruptcy Schedules in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Bankruptcy Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as disputed, contingent or unliquidated. Moreover, nothing contained in the Bankruptcy Schedules shall constitute a waiver of rights with respect to this chapter 11 case and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws with respect to recovery of assets or avoidance of transfers. These Global Notes Regarding the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Global Notes") comprise an integral part of the Bankruptcy Schedules and should be referred to and considered in connection with any review of the Bankruptcy Schedules.

Except as noted, the data contained in the Bankruptcy Schedules is effective as of the Petition Date.

1. <u>Amendments</u>.  The Debtors reserve the right to amend and/or supplement the Bankruptcy Schedules as necessary and/or appropriate.

2. <u>Asset Presentation</u>. It would be prohibitively expensive, unduly burdensome and inefficient uses of estate assets for the Debtors to obtain current market valuations for all of their assets.  Accordingly, unless otherwise indicated, each asset and liability of the Debtors included in the Bankruptcy Schedules is shown on the basis of the book value of the asset or liability in the Debtors' accounting books and records (with certain adjustments) as of the Petition Date, and not on the basis of current market values of such asset or liability.  The actual value may differ significantly from the amounts reflected in Debtors' books and records.  The Debtors reserve their rights to amend or adjust the value of each asset or liability set forth in the Bankruptcy Schedules.

3. <u>Recharacterization</u>.  Notwithstanding the Debtors' best efforts to properly characterize, classify, categorize or designate certain claims, assets, executory contracts, unexpired leases and other items reported in the Bankruptcy Schedules, the Debtors may nevertheless have improperly characterized, classified, categorized, designated or omitted certain items.  Accordingly, the Debtors reserve all of their rights to recharacterize, reclassify, redesignate, add or delete items reported in the Bankruptcy Schedules at a later time as is necessary and appropriate, as additional information becomes available.

4. <u>Liabilities</u>.  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research that was conducted in connection with the preparation of the Bankruptcy Schedules.  As additional information becomes available and further research is conducted, the allocation of liabilities between prepetition and postpetition periods may change.  The Debtors reserve the right to change the allocation of any liability between the prepetition and postpetition periods to the extent additional information becomes available.

5. <u>Causes of Action</u>.  Despite reasonable efforts, the Debtors might not have identified and/or set forth all of their causes of action against third parties as assets in their Bankruptcy Schedules.  The Debtors reserve any and all rights with respect to any causes of action they may have, and neither these General Notes nor the Bankruptcy Schedules shall be deemed a waiver of any such right or cause of action.

6. <u>Claims Description</u>.  Any failure to designate a claim in the Debtors' Bankruptcy Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such claim is not "disputed," "contingent" or "unliquidated."  The Debtors reserve the right to dispute, or to assert offsets or

defenses to, any claim reflected on the Bankruptcy Schedules as to amount, liability, priority, secured or unsecured status or classification, or to otherwise designate any claim as "disputed," "contingent" or "unliquidated" by filing and serving an appropriate amendment. The Debtors reserve the right to amend the Bankruptcy Schedules as necessary and/or appropriate.

7. <u>Executory Contracts and Unexpired Leases</u>. The Debtors have not necessarily set forth executory contracts and unexpired leases as assets in the Schedules and SOFAs, even though these contracts may have some value to the Debtors' estates. The Debtors' executory contracts and unexpired leases have been set forth in Schedule G. The Debtors' rejection of executory contracts and unexpired leases will result in the assertion of rejection damages claims; as no such contracts and leases have been rejected by Court order on the Petition Date, and no rejection damages claims have been filed as of such date, the Schedules and SOFAs do not reflect any claims for rejection damages claims. The Debtors reserve the right to make any arguments and objections with respect to the assertion of any such claims.

8. <u>Litigation</u>. The Debtors have listed on Schedule F all known claimants related to any pending or threatened litigation action as contingent, disputed, and unliquidated with unknown amounts. Although claim amounts were not estimated, allowed claims, if any, for these claimants may be substantial.

9. <u>Insiders</u>. For purposes of the Bankruptcy Schedules, the Debtors define "insiders" pursuant to 11 U.S.C. § 101(31). Parties listed as "insiders" are included for informational purposes only. In the circumstance where the Bankruptcy Schedules require information regarding insiders and/or officers and directors, the Debtors have attempted to include therein each of the Debtors' (a) "directors" (or persons in similar positions) and (b) employees that may be, or may have been during the relevant period, "officers," as such terms are defined in the Bankruptcy Code or other applicable law. Accordingly, the listing of a party as an officer is not intended to be, nor should it be, construed as a legal characterization of such party as an insider and does not act as an admission of any fact, claim, right, or defense, and all such rights, claims, and defenses are hereby expressly reserved. Employees have been included in this disclosure for informational purposes only and should not be deemed to be "insiders" in terms of control of the Debtors, management responsibilities or functions, decision-making or corporate authority and/or as otherwise defined by applicable law, including, without limitation, the federal securities laws, or with respect to any theories of liability or for any other purpose.

10. <u>Intercompany Claims</u>. Receivables and payables among the Debtors and Non-Debtor affiliates (each an "<u>Intercompany Receivable</u>" or "<u>Intercompany Payable</u>" and, collectively, the "<u>Intercompany Claims</u>") are reported on Schedule B (16) and F. Where no balance is listed, the Debtors do not believe, based on information currently available, that the Debtors have any Intercompany

       Receivables or Intercompany Payables. This manner of reporting follows the Debtors' customary practice of reporting such claims.

11. <u>Specific Notes</u>. These General Notes are in addition to the specific notes set forth in the individual Schedules and SOFAs. Disclosure of information in one Schedule, SOFA, exhibit, or continuation sheet, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedule, SOFA, exhibit or continuation sheet.

12. <u>Unliquidated Claim Amounts</u>. Claim amounts that could not be fairly quantified by the Debtors are scheduled as "unknown."

13. <u>Reservation of Rights</u>. The Debtors specifically reserves the right to amend, modify, supply, correct, change or alter any part of the Bankruptcy Schedules as and to the extent necessary or as the Debtors deems appropriate are scheduled as "unknown."

14. <u>Schedule B. Personal Property</u>.

    a. On Schedule B-14, the Debtors have not obtained a valuation of their ownership interest in subsidiaries and partnerships interests as it would be unduly burdensome and cost prohibitive at this time. The amounts for such interests have been listed as their unaudited book value as of the dates noted therein. The fair market value of such ownership is dependent on numerous variables and factors and may differ significantly from their unaudited book value.

    b. On Schedule B-21, in the ordinary course of their business, the Debtors may have accrued, or may subsequently accrue, certain rights to causes of action, counterclaims, setoffs, refunds with their customers and suppliers or potential warranty claims against their suppliers. Additionally, Debtors may be a party to pending litigation in which the Debtors have asserted, or may assert, causes of action as a plaintiff or counter-claims as a defendant. To the extent such rights are known and quantifiable, they are listed in Schedule B-21; however, any such rights that are unknown to the Debtors or not quantifiable as of the Petition Date is not listed on Schedule B-21.

    c. On Schedule B-24, customer lists have not been provided due to confidentiality. Debtors and their predecessor company have provided workmanship warranty coverage for all of their residential and commercial projects. The terms of the warranty coverages vary depending upon the municipality or state. Typically, California workmanship coverage is for ten years and Colorado for five years, both of which are locations where Debtors have rendered services. Additionally, the manufacturers of the principal solar production assets- the inverters and modules- typically provide five years or longer warranty coverage, with

        options to extend warranty terms. A majority of Debtors' projects are covered under either Debtors' warranties or the manufacturers' warranties.

    d. On Schedule B-28, the value of the assets is the book value net of accumulated depreciation. The assets include, but are not limited to, furniture/fixtures, computer and media equipment, business management software, general contracting tools and apparatus, and leasehold improvements.

    e. On Schedule B-35, the Debtors' unaudited consolidated financial statements as of December 31, 2013 reflect approximately $10.2 million in deferred income taxes assets. Debtors do not represent that any, or all, of this amount may be realizable, and any party attempting to value this asset should consult with a qualified tax advisor. According to Debtors' audited December 31, 2012 consolidated financial statements, "an uncertain income tax position will not be recognized if it has less than 50% likelihood of being sustained."

15. <u>Schedule D. Creditors Holding Secured Claims</u>. Except as otherwise agreed to pursuant to a stipulation or otherwise, the Debtors reserves their rights to dispute or challenge the validity, perfection or immunity from avoidance of any lien purported to be granted or perfected in any specific asset of a secured creditors listed on Schedule D. Moreover, although the Debtors have scheduled claims of various secured creditors as secured claims, the Debtors reserve all of their rights to dispute or challenge the secured nature of any such creditor's claim or the characterization of the structure of any such transaction or any document or instrument related to such creditor's claim. The descriptions provided in Schedule D are solely intended to be a summary – and not an admission of liability.

Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent and priority of liens. Nothing in the Global Notes or the Bankruptcy Schedules shall be deemed a modification or interpretation of the terms of such agreements.

Debtors and their professionals prepared a preliminary hypothetical liquidation analysis of their assets based upon unaudited December 31, 2013 actual results, which were then estimated as of January 31, 2014. A liquidation value was derived totaling approximately $10.8 million valuation, subject to modification and update based upon more current information.

16. <u>Schedule E. Creditors Holding Unsecured Priority Claims</u>. Debtors filed a Motion requesting authority to pay certain prepetition obligations, including the authority to pay employee wages and other employee benefits in the ordinary course of business. To the extent any prepetition wages and deductions have been satisfied or the Debtors have been authorized by order of the Court to pay

prepetition benefits, employee benefits and paid time off, they are not listed on Schedule E. The Debtors reserve all rights to amend or supplement Schedule E as may be necessary and appropriate.

The listing of any claim on Schedule E does not constitute an admission by the Debtors that such claim is entitled to priority under Section 507 of the Bankruptcy Code. The Debtors reserve the right to dispute the priority status of any claim on any basis.

17. <u>Schedule F. Creditors Holding Unsecured Nonpriority Claims</u>. The Debtors have used best efforts to report all general unsecured claims against the Debtors on Schedule F based upon the Debtors' existing books and records. The claims of individual creditors for, among other things, products, goods or services are listed as either the lower of the amounts invoiced by such creditor or the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors. The Debtors reserve all rights with respect to any such credits and allowances, including the right to assert claims objections and/or setoffs with respect to same. Schedule F does not include certain deferred charges, deferred liabilities, accruals or general reserves. Such amounts are, however, reflected on the Debtors' books and records as required in accordance with GAAP. Such accruals are general estimates of liabilities and do not represent specific claims as of the Petition Date. Schedule F contains information regarding pending litigation involving the Debtors.

The claims listed on Schedule F arose or were incurred on various dates. In certain instances, the date on which a claim arose may be unknown or subject to dispute. Although reasonable efforts have been made to determine the date upon which claims listed on Schedule F were incurred or arose, fixing that date for each claim on Schedule F would be unduly burdensome and cost prohibitive, and therefore, the Debtors have not listed a date for each claim listed on Schedule F.

18. <u>Schedule G. Unexpired Leases and Executory Contracts</u>. The businesses of the Debtors are complex. While the Debtors' existing books, records and financial systems have been relied upon to identify and schedule executory contracts for the Debtors and every effort has been made to ensure the accuracy of the Schedules of Executory Contracts and Unexpired Leases, inadvertent errors, omissions or over inclusion may have occurred. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contracts, agreements or leases set forth on Schedule G and to amend or supplement such Schedule as necessary. The contracts, agreements and leases listed on Schedule G may have expired or may have been modified, amended or supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters, memoranda and other documents, instruments and agreements that may not be listed therein despite the Debtors' uses of reasonable efforts to identify such documents. The presence of a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract

6

or unexpired lease. The Debtors expressly reserves their right to amend all Schedules at a later time as necessary. The Debtors further reserves all of their rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G, including the right to dispute or challenge the characterization or the structure of any transaction, document or instrument related to a creditor's claim. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as subordination, nondisturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserve all rights to alter or amend these Schedules to the extent that additional information regarding the Debtors obligor to such executory contracts becomes available. Certain of the executory agreements may not have been memorialized and could be subject to dispute. Executory agreements that are oral in nature have not been included on Schedule G.

19. <u>Schedule H. Co-Debtors</u>. The Debtors may be involved in pending or threatened litigation and claims arising in the ordinary course of their business. These matters may involve multiple plaintiffs and defendants, some or all of whom may assert cross-claims and counter-claims against other parties. Due to the nature of such claims, and because all such claims are contingent, disputed or unliquidated, and listed elsewhere in the Schedules, such claims have not been set forth individually on Schedule H. Schedule H reflects Debtors and non-Debtor affiliates as either principal obligor or guarantor of certain guaranties. The Debtors may not have identified certain guaranties that are embedded in the Debtors' executory contracts, unexpired leases, secured financings, debt instruments and other such agreements. The Debtors reserve their rights to amend the Schedules to the extent that additional guaranties are identified or such guaranties are discovered to have expired or to be unenforceable.

20. <u>SOFAs. Question 3(b). Payments to Creditors</u>. Payments related to payroll, employee reimbursements, return of customers' deposits, garnishments, taxing authorities, intercompany, and payments to insiders are excluded from this exhibit.

21. <u>SOFAs. Question 4a</u>. Information provided in Statement 4a includes only those legal disputes and administrative proceedings that are formally recognized by an administrative, judicial or other adjudicative forum. Any information contained in Statement 4a shall not be a binding representation of Debtors' liabilities with respect to any of the suits and proceedings identified therein.

22. <u>SOFAs. Question 9. Payments related to debt counseling and bankruptcy</u>. Payments include retainers to professionals. Retainers may have been reduced or adjusted by prepetition obligations applied, but not reflected in the exhibit. Fox Rothschild LLP provided services to Debtors beyond debt counseling and bankruptcy and, as such, the fees listed may not include such amounts.

23. <u>SOFAs. Question 19d</u>.  The Debtors have provided financial statements in the ordinary course of their business to numerous financial institutions, creditors and other parties within two years before the Petition Date.  Considering the number of recipients and the possibility that such information may have been shared with parties without the Debtors' knowledge or consent, the Debtors have not disclosed majority of parties that may have received such financial statements for the purpose of Statement 19d.

24. <u>SOFAs. Question 23</u>.  Both questions 3c and 23 in the SOFAs request information regarding payments to insiders. The Debtors have listed in response to question 23, expense reimbursements, gross wages, severance, and benefits to their insiders and former insiders during the one year pre-Petition.  These amounts include both direct and non-direct payments, as well as any withholding tax which would have been remitted to the appropriate taxing authority.  In addition, the Debtors have not listed payments to officers and directors of the Debtors if such payments were made by non-Debtor affiliates of the Debtors.

ACTIVE 24805440v1 02/20/2014

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## District of Nevada

In re  **MARTIFER AURORA SOLAR, LLC**,
Debtor

Case No. **14-10355-abl**

Chapter **11**

## SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 0.00 | | |
| B - Personal Property | Yes | 3 | 1,244,366.10 | | |
| C - Property Claimed as Exempt | No | 0 | | | |
| D - Creditors Holding Secured Claims | Yes | 1 | | 6,302,000.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 1 | | 0.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 1 | | 0.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | No | 0 | | | N/A |
| J - Current Expenditures of Individual Debtor(s) | No | 0 | | | N/A |
| Total Number of Sheets of ALL Schedules | | 9 | | | |
| Total Assets | | | 1,244,366.10 | | |
| Total Liabilities | | | | 6,302,000.00 | |

B 6 Summary (Official Form 6 - Summary) (12/13)

# United States Bankruptcy Court
## District of Nevada

In re    **MARTIFER AURORA SOLAR, LLC**,    Case No. __14-10355-abl__

Debtor

Chapter __11__

# STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | |
| Student Loan Obligations (from Schedule F) | |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | |
| TOTAL | |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 12) | |
| Average Expenses (from Schedule J, Line 22) | |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | |
| 4. Total from Schedule F | | |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | |

B6A (Official Form 6A) (12/07)

In re   **MARTIFER AURORA SOLAR, LLC**                                ,   Case No.   **14-10355-abl**
                                        Debtor

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| **None** | | | | |
| | | Sub-Total > | 0.00 | (Total of this page) |
| | | Total > | 0.00 | |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules)

B6B (Official Form 6B) (12/07)

In re  **MARTIFER AURORA SOLAR, LLC**                        , Case No. __**14-10355-abl**__
                                  Debtor

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| | Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|---|
| 1. | Cash on hand | X | | | |
| 2. | Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Cathay Bank (Aurora Account) XXXX7681<br>9045 Corbin Avenue, #100<br>Northridge, CA 91324** | - | 3,799.76 |
| 3. | Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4. | Household goods and furnishings, including audio, video, and computer equipment. | X | | | |
| 5. | Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6. | Wearing apparel. | X | | | |
| 7. | Furs and jewelry. | X | | | |
| 8. | Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9. | Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10. | Annuities. Itemize and name each issuer. | X | | | |

Sub-Total >      **3,799.76**<br>(Total of this page)

__2__ continuation sheets attached to the Schedule of Personal Property

In re **MARTIFER AURORA SOLAR, LLC**, Case No. **14-10355-abl**
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

Sub-Total > **0.00**
(Total of this page)

Sheet __1__ of __2__ continuation sheets attached
to the Schedule of Personal Property

B6B (Official Form 6B) (12/07) - Cont.

In re **MARTIFER AURORA SOLAR, LLC**, Case No. **14-10355-abl**
Debtor

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | X | | | |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | | **Solar energy production assets located in Aurora, CO** | - | 1,240,566.34 |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  | Sub-Total > (Total of this page) | 1,240,566.34 |
|---|---|---|
| Sheet **2** of **2** continuation sheets attached to the Schedule of Personal Property | Total > | 1,244,366.10 |
| | (Report also on Summary of Schedules) | |

B6D (Official Form 6D) (12/07)

In re  **MARTIFER AURORA SOLAR, LLC**                         , Case No. __14-10355-abl__
                              Debtor

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.
    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.
    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".
    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)
    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.
☐  Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| | | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | | | | | |
| Account No.<br><br>**Cathay Bank**<br>**High Technology Division**<br>**20111 Stevens Creek Blvd. #200**<br>**Cupertino, CA 95014** | X | - | Loan No. 129100062<br><br>Business Loan Agreement<br><br>Personal Property<br><br>Value $    See Global Notes | X | X | X | 6,302,000.00 | 0.00 |
| Account No. | | | <br><br>Value $ | | | | | |
| Account No. | | | <br><br>Value $ | | | | | |
| Account No. | | | <br><br>Value $ | | | | | |

__0__ continuation sheets attached

Subtotal<br>(Total of this page)  **6,302,000.00**  **0.00**

Total<br>(Report on Summary of Schedules)  **6,302,000.00**  **0.00**

B6E (Official Form 6E) (4/13)

.

In re   **MARTIFER AURORA SOLAR, LLC**                                      ,   Case No.   **14-10355-abl**
Debtor

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts <u>not</u> entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

■ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $12,475* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $6,150* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,775* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

☐ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/16, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

__0__ continuation sheets attached

B6F (Official Form 6F) (12/07)

In re  **MARTIFER AURORA SOLAR, LLC**  ,   Case No. __**14-10355-abl**__
                                Debtor

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM.  IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br>**California Franchise Tax Board** <br>**P.O. Box 942857** <br>**Sacramento, CA 94257-0531** | | - | | | | | **Unknown** |
| Account No. | | | | | | | |
| Account No. | | | | | | | |
| Account No. | | | | | | | |

__0__  continuation sheets attached

Subtotal  
(Total of this page)  **0.00**

Total  
(Report on Summary of Schedules)  **0.00**

B6G (Official Form 6G) (12/07)

In re  **MARTIFER AURORA SOLAR, LLC**                          , Case No. __14-10355-abl__
                              Debtor

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| **City of Aurora**<br>**Attn: Howard Kaplan**<br>**Public Works Department**<br>**15151 E. Alameda Pkwy, Ste 3200**<br>**Aurora, CO 80012** | **Debtor is a party to Solar Service Agreements dated 10/13/2009 and 7/15/2010**<br>**Debtor is a party to Power Purchase Agreements dated 8/1/2008**<br>**Debtor is party to an Assignment & Assumption Agreement dated 6/29/2010** |
| **Spear Point**<br>**Attn: Sam Houston, CEO**<br>**465 North Mill St.**<br>**Aspen, CO 81611** | **Debtor is party to an Operating Agreement dated 7/7/2010** |
| **Xcel Energy**<br>**Attn: Lyndsay McDonald**<br>**1800 Larimer St., Suite 1500**<br>**Denver, CO 80202** | **Debtor is party to Renewable Energy Credits Purchase Contracts dated 4/7/10 and 9/14/10**<br>**Debtor is party to Small Generator Interconnection Agreements dated 9/14/2010** |

 **0**
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

In re  **MARTIFER AURORA SOLAR, LLC**  ,   Case No.   **14-10355-abl**
Debtor

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors.  Include all guarantors and co-signers.  If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory.  Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case.  If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian."  Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| **Martifer Solar USA, Inc.**<br>2040 Armacost Ave., 2nd Fl.<br>Los Angeles, CA 90025<br>  Co-borrower | **Cathay Bank**<br>High Technology Division<br>20111 Stevens Creek Blvd. #200<br>Cupertino, CA 95014 |
| **Martifer Solar, Inc.**<br>505 Montgomery St. 11th Floor<br>San Francisco, CA 94111<br>  Guarantor | **Cathay Bank**<br>High Technology Division<br>20111 Stevens Creek Blvd. #200<br>Cupertino, CA 95014 |
| **Martifer Solar, S.A.**<br>Aparlado 17, 3684-01<br>Oliveira De Frades<br>Portugal<br>  Guarantor | **Cathay Bank**<br>High Technology Division<br>20111 Stevens Creek Blvd. #200<br>Cupertino, CA 95014 |

**0**
___ continuation sheets attached to Schedule of Codebtors

B6 Declaration (Official Form 6 - Declaration). (12/07)

## United States Bankruptcy Court
### District of Nevada

In re **MARTIFER AURORA SOLAR, LLC**  
Debtor(s)

Case No. **14-10355-abl**  
Chapter **11**

# DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the Manager of the corporation named as debtor in this case, declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of __11__ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date  2/20/2014

Signature  _(signed)_  
**Klaus Bernhart**  
**Manager**

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both. 18 U.S.C. §§ 152 and 3571.