BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed February 21, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**APPLICATION FOR ORDER PURSUANT TO SECTIONS 327, 328, 1107 AND 1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF SHEA LABAGH DOBBERSTEIN AS ACCOUNTANT FOR DEBTORS,** *NUNC PRO TUNC* **TO THE PETITION DATE**<br><br>Hearing Date:    OST PENDING<br>Hearing Time:    OST PENDING |

Martifer Solar USA, Inc. ("Martifer Solar USA") and Martifer Aurora Solar, LLC ("Aurora", and collectively with Martifer Solar USA, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby make this application (the "Application") to employ Shea Labagh Dobberstein ("SLD") as Debtors' accountants, *nunc pro tunc* to

ACTIVE 24812437v1 02/21/2014                               1

January 21, 2014, pursuant to sections 327, 328, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (as amended, the "<u>Local Rules</u>"), the Declaration of Klaus Bernhart (the "<u>Bernhart Declaration</u>") and the Verified Statement of David Melone (the "<u>Melone Verified Statement</u>"), filed contemporaneously herewith and in support hereof, the papers and pleadings on file in these Chapter 11 Cases, judicial notice of which is respectfully requested, and any argument of counsel entertained by the Court at the time of the hearing on the Application. In further support of this Application, Debtors respectfully represent as follows:

## BACKGROUND

1. On January 21, 2014 (the "<u>Petition Date</u>"), Aurora and Martifer Solar USA each filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "<u>Bankruptcy Code</u>").

2. Debtors are continuing to operate their respective businesses and manage their respective properties as debtors in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed in either of the Chapter 11 Cases. <u>See</u> <u>id</u>.

4. The factual background relating to the Debtors' commencement of the Chapter 11 Cases is set forth in detail in the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Docket Nos. 15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer Solar USA Docket Nos. 15, 40] (together, the "<u>Omnibus Declarations</u>"), which are incorporated herein by this reference.

5. Pursuant to an Order [Docket No. 72] of the Court entered January 29, 2014, the Chapter 11 Cases were administratively consolidated under the Aurora bankruptcy case no. BK-14-10355-abl.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. The statutory basis for relief sought herein arises from Bankruptcy Code Sections 327,

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

8.      Venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**RELIEF REQUESTED**

9.      The administration of these Chapter 11 Cases requires the preparation and filing of Debtors' federal tax returns, and the employment of an accountant for these actions is necessary. See Bernhart Declaration, ¶ 11.

10.     Debtors duly selected SLD to provide the requisite accounting services to prepare and file Debtors' federal tax returns as SLD has been providing tax compliance and consulting services to Martifer USA since August 2010 and to Aurora since March 2011. On February 21, 2014, Debtors entered into an engagement agreement (the "SLD Engagement Agreement") with SLD, subject to Court approval. See Bernhart Declaration, ¶ 12; Melone Verified Statement, ¶ 3. True and correct copies of the SLD Engagement Agreements are attached as **Exhibit 1** to the Melone Verified Statement.

11.     Pursuant to Bankruptcy Code sections 327, 328, 1107 and 1108, Bankruptcy Rule 2014 and Local Rule 2014, Debtors respectfully request entry of an order authorizing and approving Debtors' employment and retention of SLD to perform the accounting services set forth in the engagement agreement (the "SLD Engagement Agreement"), *nunc pro tunc* to the Petition Date.

12.     Debtors are seeking to retain SLD *nunc pro tunc* to the Petition Date.[1]  Such relief is warranted by the extraordinary circumstances presented by this case. Although SLD has not provided significant services since the Petition Date, those services rendered have been necessary to Debtors' continued business operations and assisting Debtors in complying with certain requirements under the guidelines of the Office of the United States Trustee for Region 17. Accordingly, *nunc pro tunc* employment is appropriate under the circumstances and should be approved. *See* Bernhart Declaration, ¶ 13.

---

[1] Bankruptcy Courts in the Ninth Circuit possess the equitable power to approve professional employment *nunc pro tunc*. In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995) (citing Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.), 40 F.3d 1059, 1062 (9th Cir. 1994); Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir. 1988)).

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## QUALIFICATIONS

13.   Debtors selected SLD because of its excellent qualifications and its reasonable fee structure. Bernhart Declaration, ¶ 14.

14.   SLD is a certified public accountant firm licensed in the State of California and is experienced in the matters involving the Debtors' businesses and assets, having provided tax compliance and/or tax consulting services to both Martifer Solar USA, Inc. and Martifer Aurora Solar, LLC with respect to 2013 and prior tax periods. In addition, SLD provided bookkeeping and accounting services to these entities. Melone Verified Statement, ¶ 4.

15.   As a result of its work with Debtors in past years, SLD is thoroughly familiar with Debtors' operations and has acquired significant knowledge of Debtors' businesses, capital structure, financial affairs and related matters. Melone Verified Statement, ¶ 5.

16.   Debtors submit that it is necessary to employ SLD as its accountants in order to ensure that the interests of Debtors are adequately represented in an efficient and effective manner. Debtors believe that, in light of SLD's prior services to Debtors, SLD is best suited to continue to provide accounting services to Debtors, and Debtor will rely on SLD in that regard. Bernhart Declaration, ¶ 15.

17.   An experienced accounting firm such as SLD fills a critical need that complements the services offered by Debtors' other restructuring professionals. Debtors believes it requires the services of a capable and experienced accounting firm such as SLD because, *inter alia*, SLD's resources and capabilities together with its experience in preparing the tax returns for Debtors in past years are crucial to Debtors meeting their obligations to timely prepare and file federal tax returns. Bernhart Declaration, ¶ 16.

18.   Accordingly, SLD is well qualified and positioned to provide the accounting services required by Debtors and has developed significant relevant experience and knowledge that will assist in getting such returns timely prepared and filed. Debtors respectfully submit that the employment and retention of SLD is in the best interests of Debtors and their respective estates. Bernhart Declaration, ¶ 17.

## SERVICES TO BE RENDERED

19.   As more fully set forth in the SLD Engagement Agreement, Debtors propose to employ

and retain SLD to render all necessary accounting services to Debtors that may be required in order to timely prepare and file Debtors' federal tax returns, and other accounting services as necessary. Bernhart Declaration, ¶ 18.

20.   In light of SLD's expertise in this area and prior experience with Debtors, SLD is well-qualified to perform the requested accounting services and assist Debtors in these Chapter 11 Cases. Bernhart Declaration, ¶ 19.

21.   SLD has stated its willingness to act as Debtors' accountants in these Chapter 11 Cases and render the necessary professional services to timely prepare and file Debtors' federal tax returns. See Melone Verified Statement, ¶ 6.

## DISINTERESTEDNESS

22.   To the best of Debtors' knowledge, information and belief, SLD is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and used in section 328(c) of the Bankruptcy Code, and does not hold or represent an interest materially adverse to Debtors' estates. See Bernhart Declaration, ¶ 19; Melone Verified Statement, ¶ 7.  SLD has reviewed its databases and provided disclosure to Debtors regarding engagements it may have had with potential parties in interest.  SLD currently provides tax services to Debtors' non-debtor affiliates, Martifer Solar, Inc. and Martifer Solar Finance, LLC.  See Melone Verified Statement, ¶ 7.  To the extent that SLD discovers any material relationships bearing on the matters described herein during the period of SLD's retention, SLD will use reasonable efforts to supplement the information provided. See id.  Moreover, SLD has informed Debtors that, except with respect to its proposed representation of Debtors and as may be set forth herein, in the Melone Verified Statement and in the Bernhart Declaration, SLD:

(a)   is not a creditor, equity security holder or insider of Aurora or Martifer Solar USA;

(b)   is not and was not, within 2 years before the Petition Date, a director, officer of employee of Aurora or Martifer USA;

(c)   does not hold or represent an interest adverse to Aurora or Martifer Solar USA;

(d)   does not represent any other creditor, party in interest, or entity in these Chapter 11 Cases; and

(e) has no connection with Debtors, their respective creditors, or other parties in interest in these Chapter 11 Cases, except as may be set forth herein or in the Melone Verified Statement.

See Bernhart Declaration, ¶ 20; Melone Verified Statement, ¶ 7.

23. Given that SLD provided services to Debtors prepetition, SLD received payments in the ordinary course of its representation. Within 90 days of the Petition Date, SLD received payment from Debtors in the amount of $19,812.21. See Melone Verified Statement, ¶ 8.

24. SLD waived $14,248.61 in unpaid fees incurred prior to the Petition Date. See Melone Verified Statement, ¶ 9.

**PAYMENT OF FEES AND EXPENSES AND OTHER TERMS OF COMPENSATION**

25. SLD's willingness to continue with this engagement to timely prepare and file Debtors' federal tax returns is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment, including without limitation the provisions stated in the SLD Engagement Agreement, and compensation for its services and reimbursement for all out-of-pocket expenses it incurs in connection with its representation of Debtors. Melone Verified Statement, ¶ 10.

26. Debtors seek to employ and retain SLD on an hourly basis at rates consistent with those SLD routinely charges in comparable matters, and SLD anticipates that the fees to timely prepare and file Debtors' federal tax returns will range from $12,500 to $17,500 in the aggregate. Bernhart Declaration, ¶ 21; Melone Verified Statement, ¶ 11. Specifically, SLD's current and customary rates to be rendered in these Chapter 11 Cases are as follows:

(a) Edward T. Hanley, Jr., Tax Principal     $385/hr.
(b) David R. Melone, Tax Principal           $385/hr.
(c) Ken Yang, Tax Senior                     $200/hr.
(d) Ferliana Hioe, Tax Senior                $200/hr.
(e) Alex McQuigg, Tax Staff                  $140/hr.
(f) Lisa Lubag, Manager, Financial Oversight $215/hr.
(g) Donna Hong, Staff, Financial Oversight   $140/hr.

Melone Verified Statement, ¶ 11.

ACTIVE 24812437v1 02/21/2014                 6

27. In addition to payment for services at the rates noted above, SLD will seek reimbursement for necessary expenses incurred, which shall include travel, vendor charges, and other out-of-pocket expenses. In additional to hours billed at the above rates, a $16.25 per hour administrative surcharge will be billed for each hour incurred on a particular engagement. SLD also charges a computer processing fee of $215 per tax return. The billing rate for each SLD staff member is subject to periodic adjustment. Melone Verified Statement, ¶ 12.

28. Debtors propose that SLD be permitted to submit, and Debtors be permitted to pay to SLD, interim billings for services performed as work progresses and expenses are incurred, without further order of the Court. To the extent such billings exceed the amount of $50,000, Debtors will seek Court approval before making payment in excess of such maximum amount. Bernhart Declaration, ¶ 22.

29. Debtors respectfully submit that the proposed fee arrangement with SLD, as set forth above, is reasonable in light of (i) industry practice and similar to market rates both in and out of Chapter 11 proceedings, (ii) SLD's experience in general and with Debtors' businesses, in particular, and (iii) work to be performed pursuant to its retention. Debtors believe that, given the nature of the accounting services to be provided by SLD, the proposed compensation arrangement is both fair and reasonable. Bernhart Declaration, ¶ 23.

**BASIS FOR RELIEF**

30. Debtors request approval of the terms of the SLD Engagement Agreement, subject to the standard of review provided in Bankruptcy Code section 328(a), which provides, in relevant part, that a debtor "with the court's approval, may employ or authorize the employment of a professional person under section 327 . . . on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed or percentage fee basis, or on a contingency fee basis." 11 U.S.C. § 328(a).

31. Accordingly, Bankruptcy Code section 328(a) permits the compensation of professionals, including accountants, on more flexible terms that reflect the nature of the services and market conditions, which is a significant departure from prior bankruptcy practice relating to the compensation of professionals. Indeed, as the United States Court of Appeals for the Fifth Circuit

ACTIVE 24812437v1 02/21/2014            7

recognized in <u>In re National Gypsum Co.</u>, 123 F.3d 861,862 (5th Cir. 1997) (citations omitted):

> Prior to 1978 the most able professionals were often unwilling to work for bankruptcy estates where their compensation would be subject to the uncertainties of what a judge thought the work was worth after it had been done. That uncertainty continues under the present § 330 of the Bankruptcy Code, which provides that the court award to professional consultants "reasonable compensation" based on relevant factors of time and comparable costs, etc. Under present § 328 the professional may avoid that uncertainty by obtaining court approval of compensation agreed to with the trustee (or debtor or committee).

32. In light of this inherent flexibility, courts have approved similar arrangements that contain reasonable terms and conditions under section 328 of the Bankruptcy Code. Furthermore, under the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, the following amendment was made to section 328(a) of the Bankruptcy Code:

> The trustee, or a committee appointed under section 1102 of this title, with the court's approval, may employ or authorize the employment of a professional person under section 327 or 1103 of this title, as the case may be, on any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, on a fixed percentage fee basis, or on a contingent fee basis.

11 U.S.C. § 328. This amendment makes clear the ability of Debtors to retain, with court approval, a professional on an hourly basis as set forth in the SLD Engagement Agreement.

33. Debtors believe the compensation as described in the SLD Engagement Agreement reflects reasonable terms and conditions of employment and should be approved under Bankruptcy Code section 328(a) as to: (a) the nature of the services to be provided by SLD; and (b) compensation structures typically utilized by SLD and other accounting firms. SLD's substantial experience with respect to accounting services coupled with the nature and scope of work already performed by SLD for Debtors in past years in preparing and filing federal tax returns for Debtors further suggest the reasonableness of the SLD Engagement Agreement. Bernhart Declaration, ¶ 24.

34. Notwithstanding anything to the contrary herein or in the SLD Engagement Agreement, all of SLD's fees and expenses in these Chapter 11 Cases that exceed the maximum compensation of $50,000, as anticipated by SLD, shall be subject to Court review under the standard set forth in Bankruptcy Code section 328(a) upon proper application by SLD in accordance with the applicable

provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any Guidelines and any other applicable Orders of this Court. Melone Verified Statement, ¶ 13.

### NOTICE

35. Notice of this Application has been served on (i) the Office of the United States Trustee; (ii) counsel for Cathay Bank; (iii) Debtors' 20 largest unsecured creditors; (iv) those governmental agencies required to receive notice under Bankruptcy Rule 5003(e); and (v) any parties who have requested notice in these Chapter 11 Cases. In light of the nature of the relief requested herein, Debtors submit that no other or further notice need be provided.

### NO PREVIOUS REQUEST

36. No previous request for the relief sought herein has been made to this Court or any other court. Melone Declaration, ¶ 14.

### CONCLUSION

37. WHEREFORE, for all of the foregoing reasons, Debtors respectfully request that this Court enter an order, substantially in the form attached hereto as Exhibit A, (i) authorizing Debtors to employ and retain SLD as accountants for Debtors to timely prepare and file federal tax returns on the terms and conditions set forth herein, in the Bernhart Declaration and in the SLD Engagement Agreement attached as Exhibit 1 to the Melone Verified Statement, *nunc pro tunc* to the Petition Date; and (ii) granting such other and further relief as may be just and proper.

DATED this 21st day of February 2014.

**MARTIFER SOLAR USA, INC.**,
a California corporation

By /s/
KLAUS BERNHART, CHIEF FINANCIAL OFFICER

and

**MARTIFER AURORA SOLAR, LLC**,
a Nevada limited liability company

By /s/
KLAUS BERNHART, MANAGER

ACTIVE 24812437v1 02/21/2014                         9

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*

# EXHIBIT A
# PROPOSED FORM OF ORDER

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER PURSUANT TO SECTIONS 327, 328, 1107 AND 1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF SHEA LABAGH DOBBERSTEIN AS ACCOUNTANT FOR DEBTORS,** *NUNC PRO TUNC* **TO THE PETITION DATE**<br><br>Hearing Date:   March 10, 2014<br>Hearing Time:   9:30 a.m. |

ACTIVE 24812437v1 02/21/2014          11

The Court, having reviewed and considered (i) the application (the "Application")[2] of Martifer Solar USA, Inc. ("Martifer Solar USA") and Martifer Aurora Solar, LLC ("Aurora", and collectively with Martifer Solar USA, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), for an order, pursuant to sections 327, 328, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (as amended, the "Local Rules"), authorizing and approving the retention and employment of Shea Labagh Dobberstein ("SLD"), as Debtors' accountant, *nunc pro tunc* to January 21, 2014, on the terms set forth in the engagement agreement between Debtors and SLD, executed February 21, 2014 (the "SLD Engagement Agreement"), (ii) the Declaration of Klaus Bernhart in support of the Application (the "Bernhart Declaration"), and (iii) the Verified Statement of David Melone in support of the Application (the "Melone Verified Statement");

And it appearing that this Court has jurisdiction over the Application, pursuant to 28 U.S.C. § 1334, that venue of these Chapter 11 Cases and the Application in this district is proper, pursuant to 28 U.S.C. §§ 1408 and 1409, and that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2);

And the Court being satisfied that with respect to SLD's proposed retention by Debtors, except as may be set forth in the Application, the Melone Verified Statement and in the Bernhart Declaration, (i) SLD represents or holds no interest adverse to Debtors, their respective estates or creditors; (ii) SLD is a "disinterested person" within the meaning of Bankruptcy Code section 101(14) and modified by Bankruptcy Code section 1107(b), and as used in Bankruptcy Code section 328(c); (iii) SLD is eligible for employment as Debtors' accountant; (iv) the terms of the SLD Engagement Agreement are reasonable terms for purposes of Bankruptcy Code section 328(a); and (v) the employment and retention of SLD is necessary and in the best interests of Debtors, their respective estates or creditors;

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Application.

ACTIVE 24812437v1 02/21/2014         12

1 And notice of this Application has been served on (i) the Office of the United States Trustee; (ii) counsel for Cathay Bank; (iii) Debtors' 20 largest unsecured creditors; (iv) those governmental agencies required to receive notice under Bankruptcy Rule 5003(e); and (v) any parties who have requested notice in these Chapter 11 Cases. In light of the nature of the relief requested herein, Debtors submit that no other or further notice need be provided;

And it appearing that no other or further notice of the Application need be provided;

And good and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED** that the Application is GRANTED, effective as of January 21, 2014, the date of the Application; and

**IT IS FURTHER ORDERED** that, pursuant to Bankruptcy Code sections 327, 328, 1107 and 1108, Bankruptcy Rule 2014 and Local Rule 2014, Debtors be, and hereby are, authorized and empowered to retain and employ SLD as Debtors' accountant, effective as of January 21, 2014, upon the terms and conditions set forth herein, in the Application and the SLD Engagement Agreement attached to the Melone Verified Statement; and

**IT IS FURTHER ORDERED** that all of SLD's compensation set forth in the SLD Engagement Agreement is approved, pursuant to Bankruptcy Code section 328(a); and

**IT IS FURTHER ORDERED** that SLD shall be compensated in accordance with the terms described in the Application and the SLD Engagement Agreement, pursuant to the standard of review under Bankruptcy Code section 328(a), SLD's compensation shall not be subject to review under Bankruptcy Code section 330, and Debtor may pay SLD's compensation up to and including the amounts described in the Application and the SLD Engagement Agreement without further order of the Court; provided, however, that any payment of compensation to SLD in excess of $50,000 shall be subject to the approval of this Court, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any applicable guidelines (the "Guidelines") established by the UST, and any other applicable procedures and orders of the Court for all services performed and expenses incurred after January 21, 2014. None of the fees payable to SLD pursuant to the SLD Engagement Agreement shall constitute a "bonus" or "fee enhancement" under applicable law; and

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1  **IT IS FURTHER ORDERED** that, pursuant to the terms of the SLD Engagement Agreement, SLD is entitled to reimbursement periodically and upon request from Debtors for reasonable expenses incurred in connection with the performance of its engagement under the SLD Engagement Agreement; and

**IT IS FURTHER ORDERED** that to the extent there is any inconsistency between the terms of the Application or this Order, the terms of this Order shall govern; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order; and

**IT IS FURTHER ORDERED** that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by:

**FOX ROTHSCHILD LLP**

By  */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
 *[Proposed] Counsel for Martifer Solar USA, Inc.*
*and Martifer Aurora Solar, LLC*


APPROVED/DISAPPROVED:

**OFFICE OF THE UNITED STATES TRUSTEE**

BY_____
    J. Michal Bloom
    Trial Attorney for Acting U.S. Trustee,
    Tracy Hope Davis

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

- ☐ The Court has waived the requirement set forth in LR 9021(b)(1).

- ☐ No party appeared at the hearing or filed an objection to the motion.

- ☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

- ☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion, pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #