BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed February 21, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**DECLARATION OF KLAUS BERNHART IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 327, 328, 1107 AND 1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF SHEA LABAGH DOBBERSTEIN AS ACCOUNTANT FOR DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE**<br><br>Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING |

KLAUS BERNHART, being duly sworn, hereby deposes and declares under penalty of perjury:

1.    I am over the age of 18, am mentally competent, and if called upon to testify as to the statements made herein, could and would do so.

ACTIVE 24744068v1 02/21/2014

1

2. I am the Chief Financial Officer of Martifer Solar USA, Inc. ("Martifer USA"). Martifer USA holds no less than 99% of the membership interests in Martifer Aurora Solar, LLC ("Aurora"). Martifer USA and Aurora are the debtors and debtors in possession (collectively, the "Debtors"), in the above captioned chapter 11 cases (the "Chapter 11 Cases"). I am a Manager of Aurora. I am authorized to submit this declaration in support of the application (the "Application") to employ Shea Labagh Dobberstein ("SLD") as Debtors' accountants, effective as of January 21, 2014, pursuant to sections 327, 328, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Nevada (as amended, the "Local Rules"):[1]

3. In my capacity as Chief Financial Officer of Martifer USA and Manager of Aurora, and in conjunction with the efforts of the Debtors' other respective officers, executives and senior management, I am involved in a management role on a day-to-day basis over all aspects of the Debtors' affairs, including business operations, strategic planning, financial reporting, human resources, legal affairs and other management activities, as well as the Debtors' efforts to address their current financial difficulties.

4. As a consequence, I review and work extensively with the books and records of the Debtors, including their respective business plans, financial statements and projections, business analyses and reports, contracts and other legal documents, notes and correspondence and similar items. On a regular basis, I witness, participate in or have had reported to me discussions and negotiations with vendors, other creditors and stakeholders of the Debtors, and have worked closely with personnel from all aspects of the Debtors' business operations.

5. Based on all of the foregoing, I have developed an intimate familiarity with: (a) the Debtors' books and records, which are maintained in the ordinary course of business under my supervision and control (and under the control of officers of the Debtors' respective executive and

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Application.

ACTIVE 24744068v1 02/21/2014                    2

senior management); (b) the Debtors' respective business and financial histories, and their current business and financial situations; (c) the financial and operation details of the Debtors' business operations; and (d) the solar panel and renewable energy industry, generally.

6. Except as otherwise stated herein, if called as a witness, I could and would competently testify to the matters set forth herein from my own personal knowledge.

7. On January 21, 2014 (the "Petition Date"), the Debtors initiated the Chapter 11 Cases by concurrently filing voluntary petitions for relief under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code").

8. The Debtors intend to operate their businesses and manage their properties as debtors-in-possession under section 1107(a) and 1108 of the Bankruptcy Code.

9. No request has been made for the appointment of a trustee or examiner, and no statutory committee has been appointed.

10. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Dkt ##15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer USA Dkt ##15, 40] (together, the "Omnibus Declarations"), which are incorporated herein by this reference.

11. The administration of these Chapter 11 Cases requires the preparation and filing of Debtors' federal tax returns, and the employment of an accountant for these actions is necessary.

12. Debtors duly selected SLD to provide the requisite accounting services to prepare and file Debtors' federal tax returns. On February 21, 2014, Debtors entered into engagement agreements (the "SLD Engagement Agreement") with SLD, subject to Court approval.

13. Debtors are seeking to retain SLD *nunc pro tunc* to the Petition Date. Such relief is warranted by the extraordinary circumstances presented by this case. Although SLD has not provided significant services since the Petition Date, those services rendered have been necessary to Debtors' continued business operations and assisting Debtors in compying with certain requirements under the guidelines of the Office of the United States Trustee for Region 17. Accordingly, *nunc pro tunc* employment is appropriate under the circumstances and should be approved.

14. Debtors selected SLD because of its excellent qualifications and its reasonable fee structure.

15. Debtors submit that it is necessary to employ SLD as its accountants in order to ensure that the interests of Debtors are adequately represented in an efficient and effective manner. Debtors believe that, in light of SLD's prior services to Debtors, SLD is best suited to continue to provide accounting services to Debtors, and Debtors will rely on SLD in that regard.

16. An experienced accounting firm such as SLD fills a critical need that complements the services offered by Debtors' other restructuring professionals. Debtors believes it requires the services of a capable and experienced accounting firm such as SLD because, *inter alia*, SLD's resources and capabilities together with its experience in preparing the tax returns for Debtors in past years are crucial to Debtors meeting their obligations to timely prepare and file federal tax returns.

17. Accordingly, SLD is well qualified and positioned to provide the accounting services required by Debtors and has developed significant relevant experience and knowledge that will assist in getting such returns timely prepared and filed. Debtors respectfully submit that the employment and retention of SLD is in the best interests of Debtors and their respective estates.

18. As more fully set forth in the SLD Engagement Agreement, Debtors propose to employ and retain SLD to render all necessary accounting services to Debtors that may be required in order to timely prepare and file Debtors' federal tax returns, and other accounting services as necessary.

19. In light of SLD's expertise in this area and prior experience with Debtors, SLD is well-qualified to perform the requested accounting services and assist Debtors in these Chapter 11 Cases.

20. To the best of Debtors' knowledge, information and belief, SLD is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b) and used in section 328(c) of the Bankruptcy Code, and does not hold or represent an interest materially adverse to Debtors' estates. Debtors have been advised that SLD reviewed its databases and provided disclosure regarding engagements it may have had with potential parties in interest. SLD disclosed it currently provides tax services to Debtors' non-debtor affiliates, Martifer Solar, Inc. and Martifer Solar Finance, LLC. Moreover, SLD has informed Debtors that, except with

ACTIVE 24744068v1 02/21/2014

4

respect to its proposed representation of Debtors and as may be set forth in the Application and in the Melone Verified Statement, SLD:

(a) is not a creditor, equity security holder or insider of Aurora or Martifer Solar USA;

(b) is not and was not, within 2 years before the Petition Date, a director, officer of employee of Aurora or Martifer USA;

(c) does not hold or represent an interest adverse to Aurora or Martifer Solar USA;

(d) does not represent any other creditor, party in interest, or entity in these Chapter 11 Cases; and

(e) has no connection with Debtors, their respective creditors, or other parties in interest in these Chapter 11 Cases, except as may be set forth in the Application or the Melone Verified Statement.

21. Debtors seek to employ and retain SLD on an hourly basis at rates consistent with those SLD routinely charges in comparable matters, and SLD anticipates that the fees to timely prepare and file Debtors' federal tax returns will range from $12,500 to $17,500 in the aggregate.

22. Debtors propose that SLD be permitted to submit, and Debtors be permitted to pay to SLD, interim billings for services performed as work progresses and expenses are incurred, without further order of the Court. To the extent such billings exceed the amount of $50,000, Debtors will seek Court approval before making payment in excess of such maximum amount.

23. Debtors respectfully submit that the proposed fee arrangement with SLD, as set forth above, is reasonable in light of (i) industry practice and similar to market rates both in and out of Chapter 11 proceedings, (ii) SLD's experience in general and with Debtors' businesses, in particular, and (iii) work to be performed pursuant to its retention. Debtors believe that, given the nature of the accounting services to be provided by SLD, the proposed compensation arrangement is both fair and reasonable.

24. Debtors believe the compensation as described in the SLD Engagement Agreement reflects reasonable terms and conditions of employment and should be approved under Bankruptcy Code section 328(a) as to: (a) the nature of the services to be provided by SLD; and (b) compensation structures typically utilized by SLD and other accounting firms. SLD's substantial experience with respect to accounting services coupled with the nature and scope of work already performed by SLD for

ACTIVE 24744068v1 02/21/2014

5

Debtors in past years in preparing and filing federal tax returns for Debtors further suggest the reasonableness of the SLD Engagement Agreement.

I verify under penalty of perjury that the foregoing statements are true and correct to the best of my information, knowledge and belief.

Executed this 21st day of February, 2014.

_____
KLAUS BERNHART