BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC*
*and Martifer Solar USA, Inc.*

| Electronically Filed February 21, 2014 |
| --- |

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| In re | Case Nos. BK-S-14-10355-abl and |
| --- | --- |
| | BK-S-14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | |
| | Jointly Administered under |
| | Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC | |
| ☐ Affects Martifer Solar USA, Inc. | Chapter 11 |
| ☒ Affects all Debtors | |
| | **VERIFIED STATEMENT OF DAVID MELONE IN SUPPORT OF APPLICATION FOR ORDER PURSUANT TO SECTIONS 327, 328, 1107 AND 1108 OF THE BANKRUPTCY CODE, BANKRUPTCY RULE 2014 AND LOCAL RULE 2014 AUTHORIZING THE EMPLOYMENT AND RETENTION OF SHEA LABAGH DOBBERSTEIN AS ACCOUNTANT FOR DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE** |
| | Hearing Date:    OST PENDING |
| | Hearing Time:    OST PENDING |

ACTIVE 24815063v1 02/21/2014

1

1    DAVID MELONE, being duly sworn, hereby deposes and declares under penalty of perjury:

2    1.    I am over the age of 18, am mentally competent, and if called upon to testify as to the

3    statements made herein, could and would do so.

4    2.    I am a principal of Shea Labagh Dobberstein ("SLD").  Except as otherwise limited

5    herein, I make the following statements based upon my personal knowledge and belief in support of the

6    application (the "Application")[1] to employ Shea Labagh Dobberstein ("SLD") as Debtors' accountants

7    nunc pro tunc to the Petition Date, pursuant to sections 327, 328, 1107 and 1108 of title 11 of the United

8    States Code, 11 U.S.C. §§ 101, *et. seq.* (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of

9    Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014 of the Local Rules of Bankruptcy Practice

10   and Procedure of the United States Bankruptcy Court for the District of Nevada (as amended, the "Local

11   Rules") filed by Martifer Solar USA, Inc. ("Martifer Solar USA") and Martifer Aurora Solar, LLC

12   ("Aurora", and collectively with Martifer Solar USA, the "Debtors"), debtors and debtors in possession

13   in the above-captioned chapter 11 cases (the "Chapter 11 Cases").

14   3.    Debtors duly selected SLD to provide the requisite accounting services to prepare and

15   file Debtors' federal tax returns as SLD has been providing tax compliance and consulting services to

16   Martifer USA since August 2010 and to Aurora since March 2011.  On February 21, 2014, Debtors

17   entered into an engagement agreement with SLD (the "SLD Engagement Agreement") to provide the

18   requisite accounting services to prepare and file Debtors' federal tax returns, subject to Court approval.

19   True and correct copies of the SLD Engagement Agreement are attached hereto as **Exhibit 1**.

20   4.    SLD is a certified public accountant firm licensed in the State of California and is

21   experienced in the matters involving the Debtors' businesses and assets, having compliance and/or tax

22   consulting services to both Martifer Solar USA, Inc. and Martifer Aurora Solar, LLC with respect to

23   2013 and prior tax periods.  In addition, SLD provided bookkeeping and accounting services to these

24   entities.

25   5.    As a result of SLD's work with Debtors in past years, SLD is thoroughly familiar with

26

27   [1] All capitalized terms not defined herein shall have the meanings ascribed to them in the

28   Application.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Debtors' operations and has acquired significant knowledge of Debtors' businesses, capital structure, financial affairs and related matters.

6.      SLD has stated its willingness to act as Debtors' accountants in these Chapter 11 Cases and render the necessary professional services to timely prepare and file Debtors' federal tax returns.

7.      To the best of my knowledge, SLD is a "disinterested person" as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and does not hold or represent an interest materially adverse to Debtors' estates.  SLD has reviewed its databases and provided disclosure to Debtors regarding engagements it may have had with potential parties in interest. SLD currently provides services to Debtors' non-debtor affiliates, Martifer Solar, Inc. and Martifer Solar Finance, LLC.  To the extent that SLD discovers any material relationships bearing on the matters described herein during the period of SLD's retention, SLD will use reasonable efforts to supplement the information provided.  Moreover, SLD has informed Debtors that, except with respect to its proposed representation of Debtors and as may be set forth herein, SLD:

    a)   is not a creditor or insider of Aurora or Martifer Solar USA;

    b)   does not hold or represent an interest adverse to Aurora or Martifer Solar USA;

    c)   is a "disinterested person," as defined by section 101(14) and modified by section 1107(b) and used in section 328(c) of the Bankruptcy Code;

    d)   does not represent any other creditor, party in interest, or entity in these Chapter 11 Cases; and

    e)   has no connection with Debtors, their respective creditors, or other parties in interest in these Chapter 11 Cases, except as may be set forth in the Melone Verified Statement.

8.      Given that SLD provided services to Debtors prepetition, SLD received payments in the ordinary course of its representation.  Within 90 days of the Petition Date, SLD received payment from Debtors in the amount of $19,812.21.

9.      SLD waived $14,248.61 in unpaid fees incurred prior to the Petition Date.

10.     SLD's willingness to continue with this engagement to timely prepare and file Debtors' federal tax returns is contingent upon its ability to be retained in accordance with its customary terms and conditions of employment, including without limitation the provisions stated in the SLD Engagement Agreement, and compensation for its services and reimbursement for all out-of-pocket

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1    expenses it incurs in connection with its representation of Debtors.

2        11.    Debtors seek to employ and retain SLD on an hourly basis at rates consistent with those

3    SLD routinely charges in comparable matters, and SLD anticipates that the fees to timely prepare and

4    file Debtors' federal tax returns will range from $12,500 to $17,500 in the aggregate.  Specifically,

5    SLD's current and customary rates to be rendered in these Chapter 11 Cases are as follows:

6        (a)    Edward T. Hanley, Jr., Tax Principal $385/hr.

7        (b)    David R. Melone, Tax Principal        $385/hr.

8        (c)    Ken Yang, Tax Senior        $200/hr.

9        (d)    Ferliana Hioe, Tax Senior        $200/hr.

10        (e)    Alex McQuigg, Tax Staff        $140/hr.

11        (f)    Lisa Lubag, Manager, Financial Oversight    $215/hr.

12        (g)    Donna Hong, Staff, Financial Oversight    $140/hr.

13        12.    In addition to payment for services at the rates noted above, SLD will seek

14    reimbursement for necessary expenses incurred, which shall include travel, vendor charges, and other

15    out-of-pocket expenses.  The billing rate for each SLD staff member is subject to periodic adjustment.

16    In additional to hours billed at the above rates, a $16.25 per hour administrative surcharge will be billed

17    for each hour incurred on a particular engagement.  SLD also charges a computer processing fee of $215

18    per tax return.  The billing rate for each SLD staff member is subject to periodic adjustment.

19        13.    Notwithstanding anything to the contrary herein or in the SLD Engagement Agreement,

20    all of SLD's fees and expenses in these Chapter 11 Cases that exceed the maximum compensation of

21    $50,000, as anticipated by SLD, shall be subject to Court review under the standard set forth in

22    Bankruptcy Code section 328(a) upon proper application by SLD in accordance with the applicable

23    provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, any Guidelines and any

24    other applicable Orders of this Court.

25        14.    No previous request for the relief sought herein has been made to this Court or any other

26    court.

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1       I declare under penalty of perjury of the laws of the United States of America that the foregoing

2  is true and correct to the best of my knowledge, information and belief.

3       DATED this 21st day of February 2014.

4

5               By    */s/David Melone*
                        DAVID MELONE, PRINCIPAL

6                        SHEA LABAGH DOBBERSTEIN

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT 1

# ENGAGEMENT AGREEMENTS



# SHEA LABAGH DOBBERSTEIN

*Certified Public Accountants, Inc.*

February 21, 2014

Mr. Klaus Bernhart
MARTIFER SOLAR USA, INC.
2040 Armacost Avenue, 2nd Floor
Los Angeles, CA  90025

Dear Mr. Bernhart:

This letter is to confirm our understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide.  **By sending us the information to complete your tax returns, you are accepting the terms outlined in this engagement agreement.**

## Tax Services

We will prepare your 2013 federal and state income tax returns (collectively, the "returns") with supporting schedules, and perform related research as considered necessary.  This engagement pertains only to the 2013 tax year, and our responsibilities do not include preparation of any other tax returns that may be due to any taxing authority.  Our engagement will be complete upon the delivery of the completed returns to you.  Thereafter, you will be solely responsible to file the returns with the appropriate taxing authorities.

If, during our work, we discover information that affects your prior-year tax returns, we will make you aware of the facts.  However, we cannot be responsible for identifying all items that may affect prior-year returns.  If you become aware of such information during the year, please contact us to discuss the best resolution of the issue.

Your returns may be selected for review by one or more taxing authorities. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, if you wish to have us represent you during the examination and/or during any appeal, please make that request in writing.  If we agree to represent you in that regard, such representation will be the subject of, and governed by, a separate engagement letter.

Certain communications involving tax advice may be privileged and not subject to disclosure to the IRS.  By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you (or other employees) may be waiving this privilege.   To protect this right to privileged communication, please consult with us or the corporation's attorney prior to disclosing any information about our tax advice.

Mr. Klaus Bernhart
February 21, 2014
Page 2 of 6

## Month-End Consultation Services

On as-needed basis, we will assist in various payroll and local tax inquiries.

We will be available to discuss with management the financial statements as well as other issues concerning the operation of the business as requested.

We will not audit or otherwise verify the data you submit to us, although we may ask you to clarify some of it or furnish us with additional information. We will not issue a report as a result of these accounting services because it is understood that the financial statements will be used only for internal management purposes.

## Other Services

You may request that we perform additional services not contemplated by this engagement letter. If this occurs, we will communicate with you regarding the scope of the additional services and the estimated fees. We also may issue a separate engagement letter covering the additional services. In the absence of any other written communication from us documenting such additional services, our services will continue to be governed by the terms of this engagement letter.

Our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, we will inform you of any material errors that come to our attention and any fraud that comes to our attention.  We will also inform you of any other illegal acts that come to our attention, unless clearly inconsequential.  Our responsibility as tax preparer is limited to the tax period specified above and does not extend to any later periods of which we are not engaged as tax preparers.

Our services are not designed to provide assurance on internal controls or to identify reportable conditions, that is, significant deficiencies or material weaknesses in the design or operation of internal control.  Accordingly, we have no responsibility to identify and communicate significant deficiencies or material weaknesses in your internal controls as part of this engagement, and our engagement cannot be relied upon to disclose the same.  However, during the procedures, if we become aware of such reportable conditions, we will communicate them to you.

Prior to preparation and execution of this engagement letter, we discussed with you the fact that we provide clients with attest and accounting services, as well as services specifically focused on identifying and addressing weaknesses in internal controls (internal control review), and on searching for the existence of fraud within your company (fraud audit).  We further explained the additional costs associated with such different levels of service.  After consideration of such services, you have informed us that you wish to retain us to perform only the income tax return preparation services described in this letter.

You are responsible for adopting sound accounting policies, for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, for retaining supporting documentation for those transactions, and for devising a system of internal controls that will, among other things, help assure the preparation of proper income tax returns. Furthermore, you

Mr. Klaus Bernhart
February 21, 2014
Page 3 of 6

are responsible for management decisions and functions, for designating a competent employee to oversee any of the services we provide, and for evaluating the adequacy and results of those services. You have the final responsibility for the income tax returns and, therefore, should review them carefully before you sign and file them.

You are responsible for the design and implementation of programs and controls to prevent and detect fraud, and for informing us about all known or suspected fraud affecting the Company involving (a) management (b) employees who have significant roles in internal control, and (c) others where the fraud could have a material effect on the financial statements. You are also responsible for informing us of your knowledge of any allegations of fraud or suspected fraud affecting the Company received in communications from employees, former employees, regulators, or others. In addition, you are responsible for identifying and ensuring that the entity complies with applicable laws and regulations.

The law provides various penalties and interest that may be imposed when taxpayers understate their tax liability. You acknowledge that any such understated tax, and any imposed interest and penalties, are your responsibility, and that we have no responsibility in that regard. If you would like information on the amount or circumstances of these penalties, please contact us.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretations of the law and other supportable positions. In those instances, we will outline for you each of the reasonable alternative courses of action, including the risks and consequences of each such alternative. In the end, we will adopt, on your behalf, the alternative which you select after having considered the information provided by us.

Without disclosure in the return itself of the specific position taken on a given issue, we must have a reasonable belief that it is more likely than not that the position will be held to be the correct position upon examination by taxing authorities. If we do not have that reasonable belief, we must be satisfied that there is at least a reasonable basis for the position, and in such a case the position must be formally disclosed on Form 8275 or 8275-R, which form would be filed as part of the return. If we do not believe there is a reasonable basis for the position, either the position cannot be taken or we cannot sign the return. In order for us to make these determinations, we must rely on the accuracy and completeness of the relevant information you provide to us, and, in the event we and/or you are assessed penalties due to our reliance on inaccurate, incomplete, or misleading information you supplied to us (with or without your knowledge or intent), you will indemnify us, defend us and hold us harmless as to those penalties.

Our fees for this engagement are not contingent on the results of our services. Rather, our fees for this engagement, including preparation of your returns and any representation of your interests during an examination by a taxing authority and/or any subsequent appeal, will be based on our standard hourly rates. In addition, you agree to reimburse us for any of our out-of-pocket costs incurred in connection with the performance of our services.

Mr. Klaus Bernhart
February 21, 2014
Page 4 of 6

If we elect to terminate our services for nonpayment, or for any other reason provided for in this letter, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed your return. You will be obligated to compensate us for all time expended, and to reimburse us for all of our out-of-pocket costs, through the date of termination.

You should retain all the documents, canceled checks and other data that form the basis of income and deductions. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. You have the final responsibility for the income tax returns and, therefore, you should review them carefully before you sign them.

In connection with this engagement, we may communicate with you or others via email transmission. As emails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that emails from us will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure of emails transmitted by us in connection with the performance of this engagement. In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of email transmissions, including any consequential, incidental, direct, indirect, or special damages, such as loss of revenues or anticipated profits, or disclosure or communication of confidential or proprietary information.

It is our policy to retain engagement documentation for a period of seven years, after which time we will commence the process of destroying the contents of our engagement files. To the extent we accumulate any of your original records during the engagement, those documents will be returned to you promptly upon completion of the engagement, and you will provide us with a receipt for the return of such records. The balance of our engagement file, other than a copy of your income tax return, which we will provide to you at the conclusion of the engagement, is our property, and we will provide copies of such documents at our discretion and if compensated for any time and costs associated with the effort.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, you agree to compensate us at our hourly rates, as set forth above, for the time we expend in connection with such response, and to reimburse us for all of our out-of-pocket costs incurred in that regard.

In the event that we are or may be obligated to pay any cost, settlement, judgment, fine, penalty, or similar award or sanction as a result of a claim, investigation, or other proceeding instituted by any third party, and if such obligation is or may be a direct or indirect result of any inaccurate, incomplete, or misleading information that you provide to us during the course of this engagement (with or without your knowledge or intent), you agree to indemnify us, defend us (with counsel of our choosing), and hold us harmless as against such obligation.

Mr. Klaus Bernhart
February 21, 2014
Page 5 of 6

IF ANY DISPUTE, CONTROVERSY, OR CLAIM CANNOT BE RESOLVED BY MEDIATION
WITHIN 120 DAYS, AS A MATERIAL PART OF OUR AGREEMENT, THE PARTIES AGREE
THAT ANY AND ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING OUT OF OR
RELATING TO THIS AGREEMENT, OUR RELATIONSHIP, OR THE SERVICES
PERFORMED SHALL BE DETERMINED EXCLUSIVELY BY CONFIDENTIAL, FINAL AND
BINDING ARBITRATION.    DISPUTES, CLAIMS AND CONTROVERSIES SUBJECT TO
FINAL AND BINDING ARBITRATION UNDER THIS AGREEMENT INCLUDE, WITHOUT
LIMITATION, ALL THOSE THAT OTHERWISE COULD BE TRIED IN COURT TO A JUDGE
OR JURY IN THE ABSENCE OF THIS AGREEMENT.    SUCH DISPUTES, CLAIMS AND
CONTROVERSIES INCLUDE, WITHOUT LIMITATION, CLAIMS FOR PROFESSIONAL
MALPRACTICE, DISPUTES OVER OUR FEES AND EXPENSES, ANY DISPUTES OVER THE
QUALITY OF SERVICES WHICH WE RENDER, ANY CLAIMS RELATING TO OR ARISING
OUT OF YOUR OR OUR PERFORMANCE UNDER THIS AGREEMENT, AND ANY OTHER
CLAIMS ARISING OUT OF ANY ALLEGED ACT OR OMISSION BY YOU OR US.    SUCH
ARBITRATION SHALL BE GOVERNED BY THE RULES OF THE AAA UNDER ITS RULES
FOR PROFESSIONAL ACCOUNTING AND RELATED SERVICES DISPUTES AND SHALL
BE HELD IN SAN FRANCISCO, CALIFORNIA.  THE PROVISIONS OF SECTION 1283.05 OF
THE CALIFORNIA CODE OF CIVIL PROCEDURE ("MANNER OF TAKING DEPOSITION")
ARE  HEREBY  INCORPORATED  INTO  THIS  ARBITRATION  PROVISION.    ALL
REASONABLE COSTS OF BOTH PARTIES, AS DETERMINED BY THE ARBITRATORS,
INCLUDING (1) THE FEES AND EXPENSES OF THE AAA AND THE ARBITRATORS AND (2)
THE COSTS, INCLUDING REASONABLE ATTORNEYS' FEES, NECESSARY TO CONFIRM
THE AWARD IN COURT, WILL BE BORNE ENTIRELY BY THE NON-PREVAILING PARTY
(TO BE DESIGNATED BY THE ARBITRATION PANEL IN THE AWARD) AND MAY NOT BE
ALLOCATED  BETWEEN  THE  PARTIES  BY  THE  ARBITRATION  PANEL.  ANY
ARBITRATION AWARD SHALL BE FINAL, BINDING AND CONCLUSIVE UPON THE
PARTIES, SUBJECT ONLY TO JUDICIAL REVIEW PROVIDED BY STATUTES GOVERNING
ARBITRATIONS, AND A JUDGMENT RENDERED ON THE ARBITRATION AWARD MAY
BE ENTERED IN ANY STATE OR FEDERAL COURT HAVING JURISDICTION THEREOF.
IN AGREEING TO SUBMIT ALL DISPUTES, CLAIMS AND CONTROVERSIES TO BINDING
ARBITRATION, THE PARTIES EXPRESSLY WAIVE  THE RIGHT TO HAVE THE DISPUTE
TRIED IN A COURT OF LAW BEFORE A JUDGE OR JURY OR IN ANOTHER TRIBUNAL
AND INSTEAD  ACCEPT THE USE OF ARBITRATION FOR RESOLUTION.

Any litigation arising out of this engagement, except actions by us to enforce payment of our
professional invoices, must be filed within one year from the completion of the engagement,
notwithstanding any statutory provision to the contrary.  In the event of litigation brought against us,
any judgment you obtain shall be limited in amount, and shall not exceed the amount of the fee
charged by us, and paid by you, for the services set forth in this engagement letter.  In no event will
we be responsible for any additional tax that may be assessed against you, or any interest that may be
assessed against you with respect to such additional tax.

Mr. Klaus Bernhart
February 21, 2014
Page 6 of 6

This engagement letter is contractual in nature, and includes all of the relevant terms that will govern the engagement for which it has been prepared. The terms of this letter supersede any prior oral or written representations or commitments by or between the parties. Any material changes or additions to the terms set forth in this letter will only become effective if evidenced by a written amendment to this letter, signed by all of the parties.

If, after full consideration and consultation with counsel if so desired, you agree that the foregoing terms shall govern this engagement, please sign this letter in the space provided and return the original signed letter to us, keeping a fully-executed copy for your records.

Thank you for your attention to this matter, and please contact us with any questions that you may have.

Very truly yours,

Accepted and Agreed:

**MARTIFER SOLAR USA, INC.**

By: _____

Title: ___Chief Financial Officer___

Date: __2/21/14__

#3963-010\ETH



### SHEA LABAGH DOBBERSTEIN
*Certified Public Accountants, Inc.*

February 21, 2014

Mr. Klaus Bernhart
MARTIFER AURORA SOLAR, LLC
2040 Armacost Avenue, 2nd Floor
Los Angeles, CA 90025

Dear Mr. Bernhart:

This letter is to confirm our understanding of the terms and objectives of our engagement and the nature and limitations of the services we will provide. **By sending us the information to complete your tax returns, you are accepting the terms outlined in this engagement agreement.**

### Tax Services

We will prepare your 2013 federal and state income tax returns (collectively, the "returns") with supporting schedules, and perform related research as considered necessary. This engagement pertains only to the 2013 tax year, and our responsibilities do not include preparation of any other tax returns that may be due to any taxing authority. Our engagement will be complete upon the delivery of the completed returns to you. Thereafter, you will be solely responsible to file the returns with the appropriate taxing authorities.

If, during our work, we discover information that affects your prior-year tax returns, we will make you aware of the facts. However, we cannot be responsible for identifying all items that may affect prior-year returns. If you become aware of such information during the year, please contact us to discuss the best resolution of the issue.

Your returns may be selected for review by one or more taxing authorities. Any proposed adjustments by the examining agent are subject to certain rights of appeal. In the event of such government tax examination, if you wish to have us represent you during the examination and/or during any appeal, please make that request in writing. If we agree to represent you in that regard, such representation will be the subject of, and governed by, a separate engagement letter.

Certain communications involving tax advice may be privileged and not subject to disclosure to the IRS. By disclosing the contents of those communications to anyone, or by turning over information about those communications to the government, you (or other employees) may be waiving this privilege. To protect this right to privileged communication, please consult with us or the corporation's attorney prior to disclosing any information about our tax advice.

Mr. Klaus Bernhart
February 21, 2014
Page 2 of 6

## Month-End Consultation Services

On as-needed basis, we will assist in various payroll and local tax inquiries.

We will be available to discuss with management the financial statements as well as other issues concerning the operation of the business as requested.

We will not audit or otherwise verify the data you submit to us, although we may ask you to clarify some of it or furnish us with additional information. We will not issue a report as a result of these accounting services because it is understood that the financial statements will be used only for internal management purposes.

## Other Services

You may request that we perform additional services not contemplated by this engagement letter. If this occurs, we will communicate with you regarding the scope of the additional services and the estimated fees. We also may issue a separate engagement letter covering the additional services. In the absence of any other written communication from us documenting such additional services, our services will continue to be governed by the terms of this engagement letter.

Our engagement cannot be relied upon to disclose errors, fraud, or other illegal acts that may exist. However, we will inform you of any material errors that come to our attention and any fraud that comes to our attention. We will also inform you of any other illegal acts that come to our attention, unless clearly inconsequential. Our responsibility as tax preparer is limited to the tax period specified above and does not extend to any later periods of which we are not engaged as tax preparers.

Our services are not designed to provide assurance on internal controls or to identify reportable conditions, that is, significant deficiencies or material weaknesses in the design or operation of internal control. Accordingly, we have no responsibility to identify and communicate significant deficiencies or material weaknesses in your internal controls as part of this engagement, and our engagement cannot be relied upon to disclose the same. However, during the procedures, if we become aware of such reportable conditions, we will communicate them to you.

Prior to preparation and execution of this engagement letter, we discussed with you the fact that we provide clients with attest and accounting services, as well as services specifically focused on identifying and addressing weaknesses in internal controls (internal control review), and on searching for the existence of fraud within your company (fraud audit). We further explained the additional costs associated with such different levels of service. After consideration of such services, you have informed us that you wish to retain us to perform only the income tax return preparation services described in this letter.

You are responsible for adopting sound accounting policies, for maintaining an adequate and efficient accounting system, for safeguarding assets, for authorizing transactions, for retaining supporting documentation for those transactions, and for devising a system of internal controls that

Mr. Klaus Bernhart
February 21, 2014
Page 3 of 6

will, among other things, help assure the preparation of proper income tax returns. Furthermore, you are responsible for management decisions and functions, for designating a competent employee to oversee any of the services we provide, and for evaluating the adequacy and results of those services. You have the final responsibility for the income tax returns and, therefore, should review them carefully before you sign and file them.

You are responsible for the design and implementation of programs and controls to prevent and detect fraud, and for informing us about all known or suspected fraud affecting the Company involving (a) management (b) employees who have significant roles in internal control, and (c) others where the fraud could have a material effect on the financial statements. You are also responsible for informing us of your knowledge of any allegations of fraud or suspected fraud affecting the Company received in communications from employees, former employees, regulators, or others. In addition, you are responsible for identifying and ensuring that the entity complies with applicable laws and regulations.

The law provides various penalties and interest that may be imposed when taxpayers understate their tax liability. You acknowledge that any such understated tax, and any imposed interest and penalties, are your responsibility, and that we have no responsibility in that regard. If you would like information on the amount or circumstances of these penalties, please contact us.

We may encounter instances where the tax law is unclear, or where there may be conflicts between the taxing authorities' interpretations of the law and other supportable positions. In those instances, we will outline for you each of the reasonable alternative courses of action, including the risks and consequences of each such alternative. In the end, we will adopt, on your behalf, the alternative which you select after having considered the information provided by us.

Without disclosure in the return itself of the specific position taken on a given issue, we must have a reasonable belief that it is more likely than not that the position will be held to be the correct position upon examination by taxing authorities. If we do not have that reasonable belief, we must be satisfied that there is at least a reasonable basis for the position, and in such a case the position must be formally disclosed on Form 8275 or 8275-R, which form would be filed as part of the return. If we do not believe there is a reasonable basis for the position, either the position cannot be taken or we cannot sign the return. In order for us to make these determinations, we must rely on the accuracy and completeness of the relevant information you provide to us, and, in the event we and/or you are assessed penalties due to our reliance on inaccurate, incomplete, or misleading information you supplied to us (with or without your knowledge or intent), you will indemnify us, defend us and hold us harmless as to those penalties.

Our fees for this engagement are not contingent on the results of our services. Rather, our fees for this engagement, including preparation of your returns and any representation of your interests during an examination by a taxing authority and/or any subsequent appeal, will be based on our standard hourly rates. In addition, you agree to reimburse us for any of our out-of-pocket costs incurred in connection with the performance of our services.

Mr. Klaus Bernhart
February 21, 2014
Page 4 of 6

If we elect to terminate our services for nonpayment, or for any other reason provided for in this letter, our engagement will be deemed to have been completed upon written notification of termination, even if we have not completed your return. You will be obligated to compensate us for all time expended, and to reimburse us for all of our out-of-pocket costs, through the date of termination.

You should retain all the documents, canceled checks and other data that form the basis of income and deductions. These may be necessary to prove the accuracy and completeness of the returns to a taxing authority. You have the final responsibility for the income tax returns and, therefore, you should review them carefully before you sign them.

In connection with this engagement, we may communicate with you or others via email transmission. As emails can be intercepted and read, disclosed, or otherwise used or communicated by an unintended third party, or may not be delivered to each of the parties to whom they are directed and only to such parties, we cannot guarantee or warrant that emails from us will be properly delivered and read only by the addressee. Therefore, we specifically disclaim and waive any liability or responsibility whatsoever for interception or unintentional disclosure of emails transmitted by us in connection with the performance of this engagement. In that regard, you agree that we shall have no liability for any loss or damage to any person or entity resulting from the use of email transmissions, including any consequential, incidental, direct, indirect, or special damages, such as loss of revenues or anticipated profits, or disclosure or communication of confidential or proprietary information.

It is our policy to retain engagement documentation for a period of seven years, after which time we will commence the process of destroying the contents of our engagement files. To the extent we accumulate any of your original records during the engagement, those documents will be returned to you promptly upon completion of the engagement, and you will provide us with a receipt for the return of such records. The balance of our engagement file, other than a copy of your income tax return, which we will provide to you at the conclusion of the engagement, is our property, and we will provide copies of such documents at our discretion and if compensated for any time and costs associated with the effort.

In the event we are required to respond to a subpoena, court order or other legal process for the production of documents and/or testimony relative to information we obtained and/or prepared during the course of this engagement, you agree to compensate us at our hourly rates, as set forth above, for the time we expend in connection with such response, and to reimburse us for all of our out-of-pocket costs incurred in that regard.

In the event that we are or may be obligated to pay any cost, settlement, judgment, fine, penalty, or similar award or sanction as a result of a claim, investigation, or other proceeding instituted by any third party, and if such obligation is or may be a direct or indirect result of any inaccurate, incomplete, or misleading information that you provide to us during the course of this engagement (with or without your knowledge or intent), you agree to indemnify us, defend us (with counsel of our choosing), and hold us harmless as against such obligation.

Mr. Klaus Bernhart
February 21, 2014
Page 5 of 6

IF ANY DISPUTE, CONTROVERSY, OR CLAIM CANNOT BE RESOLVED BY MEDIATION WITHIN 120 DAYS, AS A MATERIAL PART OF OUR AGREEMENT, THE PARTIES AGREE THAT ANY AND ALL DISPUTES, CLAIMS OR CONTROVERSIES ARISING OUT OF OR RELATING TO THIS AGREEMENT, OUR RELATIONSHIP, OR THE SERVICES PERFORMED SHALL BE DETERMINED EXCLUSIVELY BY CONFIDENTIAL, FINAL AND BINDING ARBITRATION. DISPUTES, CLAIMS AND CONTROVERSIES SUBJECT TO FINAL AND BINDING ARBITRATION UNDER THIS AGREEMENT INCLUDE, WITHOUT LIMITATION, ALL THOSE THAT OTHERWISE COULD BE TRIED IN COURT TO A JUDGE OR JURY IN THE ABSENCE OF THIS AGREEMENT. SUCH DISPUTES, CLAIMS AND CONTROVERSIES INCLUDE, WITHOUT LIMITATION, CLAIMS FOR PROFESSIONAL MALPRACTICE, DISPUTES OVER OUR FEES AND EXPENSES, ANY DISPUTES OVER THE QUALITY OF SERVICES WHICH WE RENDER, ANY CLAIMS RELATING TO OR ARISING OUT OF YOUR OR OUR PERFORMANCE UNDER THIS AGREEMENT, AND ANY OTHER CLAIMS ARISING OUT OF ANY ALLEGED ACT OR OMISSION BY YOU OR US. SUCH ARBITRATION SHALL BE GOVERNED BY THE RULES OF THE AAA UNDER ITS RULES FOR PROFESSIONAL ACCOUNTING AND RELATED SERVICES DISPUTES AND SHALL BE HELD IN SAN FRANCISCO, CALIFORNIA. THE PROVISIONS OF SECTION 1283.05 OF THE CALIFORNIA CODE OF CIVIL PROCEDURE ("MANNER OF TAKING DEPOSITION") ARE HEREBY INCORPORATED INTO THIS ARBITRATION PROVISION. ALL REASONABLE COSTS OF BOTH PARTIES, AS DETERMINED BY THE ARBITRATORS, INCLUDING (1) THE FEES AND EXPENSES OF THE AAA AND THE ARBITRATORS AND (2) THE COSTS, INCLUDING REASONABLE ATTORNEYS' FEES, NECESSARY TO CONFIRM THE AWARD IN COURT, WILL BE BORNE ENTIRELY BY THE NON-PREVAILING PARTY (TO BE DESIGNATED BY THE ARBITRATION PANEL IN THE AWARD) AND MAY NOT BE ALLOCATED BETWEEN THE PARTIES BY THE ARBITRATION PANEL. ANY ARBITRATION AWARD SHALL BE FINAL, BINDING AND CONCLUSIVE UPON THE PARTIES, SUBJECT ONLY TO JUDICIAL REVIEW PROVIDED BY STATUTES GOVERNING ARBITRATIONS, AND A JUDGMENT RENDERED ON THE ARBITRATION AWARD MAY BE ENTERED IN ANY STATE OR FEDERAL COURT HAVING JURISDICTION THEREOF. IN AGREEING TO SUBMIT ALL DISPUTES, CLAIMS AND CONTROVERSIES TO BINDING ARBITRATION, THE PARTIES EXPRESSLY WAIVE THE RIGHT TO HAVE THE DISPUTE TRIED IN A COURT OF LAW BEFORE A JUDGE OR JURY OR IN ANOTHER TRIBUNAL AND INSTEAD ACCEPT THE USE OF ARBITRATION FOR RESOLUTION.

Any litigation arising out of this engagement, except actions by us to enforce payment of our professional invoices, must be filed within one year from the completion of the engagement, notwithstanding any statutory provision to the contrary. In the event of litigation brought against us, any judgment you obtain shall be limited in amount, and shall not exceed the amount of the fee charged by us, and paid by you, for the services set forth in this engagement letter. In no event will we be responsible for any additional tax that may be assessed against you, or any interest that may be assessed against you with respect to such additional tax.

Mr. Klaus Bernhart
February 21, 2014
Page 6 of 6

This engagement letter is contractual in nature, and includes all of the relevant terms that will govern the engagement for which it has been prepared. The terms of this letter supersede any prior oral or written representations or commitments by or between the parties. Any material changes or additions to the terms set forth in this letter will only become effective if evidenced by a written amendment to this letter, signed by all of the parties.

If, after full consideration and consultation with counsel if so desired, you agree that the foregoing terms shall govern this engagement, please sign this letter in the space provided and return the original signed letter to us, keeping a fully-executed copy for your records.

Thank you for your attention to this matter, and please contact us with any questions that you may have.

Very truly yours,

Accepted and Agreed:

**MARTIFER AURORA SOLAR, LLC**

By: _____

Title: _____Manager_____

Date: __2/21/14__

#3963-011\ETH