_____
Honorable August B. Landis
United States Bankruptcy Judge



**Entered on Docket**
**February 25, 2014**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re: | Case Nos. 14-10355-abl and 14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, | Jointly Administered under Case No. 14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC | Chapter 11 |
| ☐ Affects Martifer Solar USA, Inc. | Hearing Date: February 21, 2014 |
| ■ Affects all Debtors | Hearing Time: 9:30 a.m. |

**INTERIM ORDER ON DEBTORS' SECOND MOTION FOR ORDER PURSUANT TO 11 U.S.C. § 364 AND FED. R. BANKR. P. 4001(c): (I) AUTHORIZING DEBTORS TO OBTAIN POST PETITION FINANCING; (II) GRANTING RELATED RELIEF; AND (III) SCHEDULING FINAL HEARING[1]**

This matter came on for hearing before the Court at the date and time specified in the caption pursuant to the Second Motion for Order Pursuant to 11 U.S.C. § 364 and FED. R. BANKR. P. 4001(c): (I) Authorizing Debtors to Obtain Postpetition Financing; (II) Granting Related Relief; and (III) Scheduling Final Hearing as amended[2] filed by Martifer Aurora Solar,

---

[1] In this Order, references to "ECF No." are to the numbers assigned to the documents filed in the case as they appear on the docket maintained by the Clerk of the Court.

[2] The motion as originally filed by Martifer is docketed at ECF No. 85. The motion was subsequently amended. *See* ECF No. 101. For purposes of this interim order, ECF Nos. 85 and 101 are referred to in the collective as the "motion."

1

LLC and Martifer Solar USA, Inc. (collectively "Martifer"); creditor Cathay Bank's objection thereto[3]; Martifer's reply to Cathay Bank's objection[4] and the joinder in that reply[5] filed by the proposed lender, Martifer Solar, Inc.  Brett A. Axelrod and Dawn M. Cica appeared on behalf of Martifer.  Reed S. Waddell and Natalie M. Cox appeared on behalf of Cathay Bank.  Samuel A. Schwartz appeared on behalf of Martifer Solar, Inc.  Other appearances were noted on the record.

The Court has reviewed Martifer's motion; the supporting declarations of James Wong[6] and Klaus Bernhart[7]; Cathay Bank's objection; the reply filed by Martifer; and the joinder in the reply filed by proposed lender Martifer Solar, Inc.  To the extent that the Court admitted documents into evidence and made findings of fact and conclusions of law on the record during the course of the February 21, 2014 hearing, that evidence and those findings of fact and conclusions of law are incorporated into this written order pursuant to FED. R. CIV. P. 52, made applicable to this contested matter pursuant to FED. R. BANKR. P. 9014(c) and 7052.  The Court has also considered the arguments of counsel at the February 21, 2014 hearing[8], and is fully advised as to the issues pending before it.

The Court concludes that it has jurisdiction over Martifer's jointly administered chapter 11 reorganization cases pursuant to 28 U.S.C. § 1334, 28 U.S.C. §157(a), and U.S. District Court L.R. 1001(b)(1).  The Court also concludes that the contested matter generated by Martifer's

---

[3] ECF No. 195

[4] ECF No. 203

[5] ECF No. 205

[6] ECF No. 86

[7] ECF Nos. 87 and 204

[8] At the February 21, 2014 hearing, counsel for all parties were advised that the hearing was deemed to be a status and scheduling hearing, and if the relief requested in Martifer's motion was granted on an interim basis, the Court would "order a further hearing at which oral evidence and exhibits will be received[.]"  *See* L.R. 9014(a)(6).

2

motion and the related opposition, reply, and joinder, constitutes a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (D).

"A court ... may not approve any credit transaction under subsection (c) [of 11 U.S.C. § 364] unless the debtor demonstrates that it has reasonably attempted, but failed, to obtain unsecured credit under section 364(a) or (b)." *See* In re Ames Dept. Stores, Inc., 115 B.R. 34, 37 (Bankr. S.D.N.Y. 1990)(internal citations omitted); *see also* Suntrust Bank v. Den-Mark Constr., Inc. (*In re* Den-Mark Construction, Inc.), 406 B.R. 683, 691 (E.D. N.C. 2009)("Although a debtor is not required to seek credit from every possible source ..., a debtor must show that it made a 'reasonable effort' to obtain post-petition financing from other potential lenders on less onerous terms and that such financing was unavailable.")(*citing* In re Showshoe Co., Inc., 789 F.2d 1085, 1088 (4th Cir. 1986) *and* Ames Dept. Stores, 115 B.R. at 40). "A court must make its decision as to '[h]ow extensive the debtor's efforts to obtain credit must be' on a case-by-case basis." Den-Mark, 406 B.R. at 691 (*citing* In re Reading Tube Indus., 72 B.R. 329, 332 (Bankr. E.D. Pa. 1987)). Based upon the record at the February 21, 2014 hearing, the Court concludes that Martifer has carried its burden of showing that it has "reasonably attempted, but failed, to obtain unsecured credit under [11 U.S.C.] sections 364(a) or (b)."[9] Ames Dept. Stores, 115 B.R. at 37.

A bankruptcy court's discretion to grant a motion for post-petition financing "is to be utilized on grounds that permit reasonable business judgment to be exercised [by the debtor-in-possession] so long as the financing agreement does not contain terms that leverage the bankruptcy process and powers or its purpose is not so much to benefit the estate as it is to benefit a party-in-interest." Ames Dept. Stores, 115 B.R. at 40. Based upon the record at the February 21, 2014 hearing, the Court concludes that Martifer has carried its burden of showing that the decision to file a motion in an effort to obtain the Court's approval of the post-petition

---

[9]*See* Declaration of James Wong, ECF No. 86, pp. 3 - 5 of 44, para. 10 - 14; Declaration of Klaus Bernhart, ECF No. 87, p. 5 of 44, para. 15.

financing reflected in the First Amended and Restated Debtor in Possession Credit Agreement[10] was made in the exercise of its reasonable business judgment.[11]

The Court also concludes that the post-petition financing arrangement here will yield a benefit to Martifer's jointly administered bankruptcy estates.  Without an infusion of capital, Martifer's ability to reorganize will be severely impaired.[12]  This is unsurprising.  *See* Ames Dept. Stores, 115 B.R. at 36 ("It is given that most successful reorganizations require the debtor-in-possession to obtain new financing simultaneously with or soon after the commencement of the Chapter 11 case.")

As the Ames Dept. Stores court noted, "[a]cknowledging that Congress, in Chapter 11, delicately balanced the hope of debtors to reorganize and the expectations of creditors for payment, the courts have focused their attention on proposed terms that would tilt the conduct of the bankruptcy case; prejudice, at an early stage, the powers and rights that the Bankruptcy Code confers for the benefit of all creditors; or leverage the Chapter 11 process by preventing motions by parties-in-interest from being decided on their merits." 115 B.R. at 37-38 (citations omitted) Martifer, of course, "is hardly neutral.  Its interest is in its own survival[.]" *See* Ames Dept. Stores, 115 B.R. at 39.  The Court is therefore mindful that the terms of the First Amended and Restated Debtor in Possession Credit Agreement must neither improperly leverage the bankruptcy process and powers, nor confer an inappropriate level of benefit upon a party in interest aside from the Martifer estates.  Id. at 40.

At the February 21, 2014 hearing, counsel for Martifer Solar, Inc., the proposed non-debtor post-petition lender, consulted with his client and then expressly consented to several modifications to the First Amended and Restated Debtor in Possession Credit Agreement.  Those

---

[10] ECF No. 87, pp. 9 - 44 of 44.

[11] *See generally,* Declaration of James Wong, ECF No. 86; Declarations of Klaus Bernhart, ECF Nos. 87 (p. 6 of 44, para. 17) *and* 204.

[12] Id.

modifications addressed specific concerns raised by the Court pending a final hearing on Martifer's motion.[13] Incorporating those modifications into the First Amended and Restated Debtor in Possession Credit Agreement tips the balance (although it remains a very close call) in favor of approving the post-petition financing Martifer seeks pursuant to 11 U.S.C. § 364(c)(1) on an interim basis, pending a final hearing on its motion.

Based upon the record before the Court:

**IT IS ORDERED** that the motion is **GRANTED** on an interim basis pursuant to 11 U.S.C. § 364(c)(1), pending a final hearing on Martifer's motion in accordance with L.R. 9014(a)(6), and subject to all of the terms and conditions set forth in this Order.

**IT IS FURTHER ORDERED** that a hearing to consider whether the relief granted under this interim Order should be granted on a final basis shall be held on **March 10, 2014 at 9:30 a.m.** (the "Final Hearing").

**IT IS FURTHER ORDERED** that the deadline for Cathay Bank to file an objection to the entry of a final order granting the relief requested in Martifer's post-petition financing motion is **5 p.m. Pacific time on Monday, March 3, 2014.**

**IT IS FURTHER ORDERED** that the deadline for Martifer to file a reply to any timely objection filed by Cathay Bank is **5 p.m. Pacific time on Thursday, March 6, 2014.**

**IT IS FURTHER ORDERED** that Martifer is authorized to enter into the First Amended and Restated Debtor in Possession Credit Agreement [ECF No. 87, pp. 9 - 44] pending the Final Hearing, but only after the following revisions have been made to that Agreement:

---

[13]Those concerns included, without limitation, impairment of Cathay Bank's pre-bankruptcy subordination agreements with Martifer and non-debtor proposed lender Martifer Solar, Inc.; provisions in the First Amended and Restated Debtor in Possession Credit Agreement that create a default (and a 3% increase in the interest rate charged to Martifer on the post-petition loan) in the event that Cathay Bank continues with its guaranty enforcement action currently pending against non-debtor proposed lender Martifer Solar, Inc. (*see* California Superior Court for Los Angeles County, West District Case No. SC121853); and a carve out for $2 million in professional fees and expenses that may primarily benefit entities other than the Martifer estates.

1. The provisions of Article VII, Section 7.1(xi) and (xii) are **WAIVED** through March 10, 2014;
2. Wherever the phrases "allowed or allowable" or "allowed (or allowable)" or "allowed, allowable" appear, they are modified to the single word "allowed";
3. Article II, Section 2.10 is modified by:
   a. Deleting the duplicate phrase "in all instances and respects" and
   b. Deleting the reference to the Carve Out;
4. Article II, Section 2.13(b)(i) is modified by deleting the reference to the Carve Out;
5. Article II, Section 2.13(b)(iii) is modified by deleting the reference to the Carve Out;
6. The choice of law provision in the promissory note appended to the First Amended and Restated Debtor in Possession Credit Agreement [ECF No. 87, p. 44 of 44] is modified to reference Nevada law, thereby making it consistent with the provisions of Article VIII, Paragraph 8.7 of the agreement;
7. Article VII, Section 8.8 is modified by adding the following text:
   > Nothing in this First Amended and Restated Debtor in Possession Credit Agreement shall affect, alter or impair the rights of Cathay Bank under any pre-bankruptcy Subordination Agreement, and all of Cathay Bank's rights under any such Subordination Agreement are expressly reserved.

**IT IS FURTHER ORDERED** that to the extent that the terms of the preceding paragraph of this interim Order differ in any respect from the terms of the First Amended and Restated Debtor in Possession Credit Agreement that is ultimately executed by Martifer, the terms of this interim Order will control.

**IT IS FURTHER ORDERED** that immediately upon the entry of this interim Order on the docket, and execution of the First Amended and Restated Debtor in Possession Credit

6

Agreement after it has been modified in compliance with this interim Order, Martifer is authorized to borrow up to the Initial Advance Amount, as that term is defined in the First Amended and Restated Debtor in Possession Credit Agreement.

**IT IS FURTHER ORDERED** that during the period between the entry of this interim Order and the Final Hearing on March 10, 2014, Martifer's draws against the post-petition loan provided for under the First Amended and Restated Debtor in Possession Credit Agreement and this interim Order shall not exceed the Initial Advance Amount, as that term is defined in the First Amended and Restated Debtor in Possession Credit Agreement.

**IT IS FURTHER ORDERED** that pursuant to 11 U.S.C. § 364(c)(1), for all loans made under the First Amended and Restated Debtor in Possession Credit Agreement and this interim Order, post-petition lender Martifer Solar, Inc., shall be and is hereby granted an allowed administrative expense claim in Martifer's jointly administered chapter 11 cases, having priority over all other claims against Martifer, including without limitation all other administrative expenses or other claims arising under Bankruptcy Code sections 105, 326, 328, 330, 331, 503(b), 506(c), 507(a), 507(b), 726, 1113 or 1114, *subject and junior in all instances and respects only to* Cathay Bank's Superpriority Claim, as that term is defined in Paragraph 2.13(b)(iii) of the First Amended and Restated Debtor in Possession Credit Agreement.

**IT IS FURTHER ORDERED** that the Carve Out, as defined and provided for under the First Amended and Restated Debtor in Possession Credit Agreement and this interim Order, is **APPROVED**.

**IT IS FURTHER ORDERED** that Martifer's authorization to draw upon the post-petition loan provided for under the First Amended and Restated Debtor in Possession Credit Agreement and this interim Order shall terminate on March 10, 2014.

**IT IS FURTHER ORDERED** that nothing in this interim Order shall affect, alter or impair the rights of Cathay Bank under any pre-bankruptcy Subordination Agreement, and this

interim Order is entered without prejudice to any of Cathay Bank's rights under any such pre-bankruptcy Subordination Agreement.

Notice and copies sent through:

CM/ECF ELECTRONIC NOTICING AND/OR BNC

and sent via FIRST CLASS MAIL BY THE COURT AND/OR BNC to:

LAWRENCE M JOHNSON
GLICKFIELD FIELDS & JACOBSON LLP
9720 WILSHIRE BLVD., STE. 700
BEVERLY HILLS, CA 90212

###