BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.
and Martifer Aurora Solar, LLC*

Electronically filed February 28, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC,<br>a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**EX PARTE MOTION TO FILE UNDER SEAL CATHAY BANK'S PLEADINGS AND DOCUMENTS CONTAINING OR REFERRING TO DEBTORS' CONFIDENTIAL INFORMATION**<br><br>No Hearing Required |

Martifer Solar USA, Inc. ("Martifer Solar USA") and Martifer Aurora Solar, LLC ("Aurora", and collectively with Martifer Solar USA, the "Debtors"), debtors and debtors in possession in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), hereby submit this ex parte motion (the "Motion") for an order, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 9018 of the Court's Local Rules of Bankruptcy Practice and Procedure ("LR"), permitting and requiring that Cathay Bank ("Cathay") file under seal certain pleadings and documents containing or referring to Debtors' confidential information.

In support of the Motion, Debtors respectfully state as follows:

## FACTUAL BACKGROUND

Debtors have certain motions and applications for relief set for hearing on March 10, 2014 (the "March 10 Matters"), including requests for final approval of the use of cash collateral and debtor-in-possession financing.

The deadline for Cathay to file responsive pleadings to certain of the March 10 Matters is March 3, 2014.

Debtors have provided to Cathay certain "Confidential Information" pursuant to a Non-Disclosure Agreement dated February 21, 2014 (the "NDA").

The NDA provides that Cathay may file or provide testimony containing confidential information with any court pursuant to the following conditions:

(i) Cathay provides Debtors with written notice of its intent to file or offer testimony containing such Confidential Information with the Court;

(ii) Debtors shall then have three (3) business days within which to seek a Court order in accordance with Local Bankruptcy Rule 9018 and other applicable law permitting Cathay to file or offer testimony containing such Confidential Information under seal.

NDA at ¶3(e).

On February 25, 2014, Cathay provided notice (the "February 25 Notice") to Debtors pursuant to paragraph 3(e) of the NDA that Cathay intended to offer to the Court documents and/or testimony containing Confidential Information in Cathay' pleadings to be filed in connection with the March 10 Matters. The February 25 Notice identified certain documents, but did not limit the scope of the notice to such documents.

On February 26, 2014, Cathay provided further notice (the "February 26 Notice," and together with the February 25 Notice, the "Notices") to Debtors that Cathay intends to offer to the Court additional documents and/or testimony containing additional Confidential Information in Cathay's pleadings to be filed in connection with the March 10 Matters. The February 26 Notice did not identify any specific documents, and instead advised that the Confidential Information that Cathay intends to offer "likely includes, among other things, the following: financial and other information about the

1   [Project X]¹ transaction, and information about the Debtors' receivables and other information
2   supporting the Debtors' cash flow projections."

### LEGAL AUTHORITY

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334(a) and 157(a). This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).

Section 105(a) of the Bankruptcy Code provides, that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

Section 107 of the Bankruptcy Code provides that "[o]n a request of a party in interest, the bankruptcy shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107.

Bankruptcy Rule 9018 provides that "[o]n motion or on its own initiative, with or without notice, the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information." Fed. R. Bank. P. 9018.

Local Rule 9018 requires prior Court approval in order for a paper to be filed under seal. Local Rule 9018(a). Local Rule 9018 further requires that paper copies of the documents proposed to be filed under seal must be delivered to the presiding judge, and designated as such, for *in camera* review. Id.

When seeking to seal a judicial record, courts have historically recognized a "general right to inspect and copy public records and documents including judicial records and documents." Nixon v. Warner Communications, Inc., 435 U.S. 589, 598 (1978). In the bankruptcy context, this common law right to access has been codified in 11 U.S.C. § 107.² As such "[i]ssues concerning public disclosure of documents in bankruptcy cases should be resolved under § 107, not under the common law." In re Neal, 461 F.3d 1048, 1053 (8th Cir. 2006) (quoting In re Gitto Global Corp., 422 F.3d 1, 8 (1st Cir. 2005)).

---

¹ Debtors have omitted the name of the parties to this transaction in the interests of confidentiality.
² Title 11 of the United States Code is hereinafter referred to as the "Bankruptcy Code."

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Under Section 107(b), "if the information fits any of the specified categories, the court *is required* to protect a requesting interested party and has no discretion to deny the application." In re Orion Pictures Corp., 21 F.3d 24, 27 (2nd Cir. 1994) (emphasis original). Thus, the showing required to obtain a protective order under Fed. R. Civ. Proc. 26 is inapplicable to motions under Section 107. Id. at 18.

Generally, confidential commercial information has been defined as business information the disclosure of which would cause an unfair advantage to competitors. See In re Itel Corp., 17 B.R. 942, 944 (B.A.P. 9th Cir. 1982); see also Bank of New York v. Meridien Biao Bank Tanz., 171 F.R.D. 135, 144 (S.D.N.Y. 1997) (explaining that there is "a broad spectrum of internal corporate documents" that are regularly found to constitute confidential business information). For instance, in Orion, the Court found that a licensing agreement and related documents between the debtor and another entity constituted commercial information properly subject to protection under Section 107(b)(1) because "disclosing the sealed information, including the overall structure, terms and conditions of the [agreement], renders very likely a direct and adverse impairment to Orion's ability to negotiate favorable promotion agreements, thereby giving Orion's competitors an unfair advantage." Orion, 21 F.3d at 29. Similarly, in a case decided under Fed. R. Civ. Proc. 26, which imposes a higher standard for issuance of a protective order than that applicable to Section 107(b)(l), the District of Nevada found that a party's ground lease was subject to protection as confidential commercial information because public disclosure "would interfere with their ability to negotiate ground leases in the future and would offer competitors an advantage by granting them access to the inner workings of the [defendant's] property and lease negotiations." Phase II Chin, LLC v. Forum Shops, LLC, 2010 U.S. Dist. LEXIS 79140, *5 (D. Nev; July 2, 2010); see also Selling Source, LLC v. Red River Ventures, LLC, 2011 U.S. Dist. LEXIS 49664, *18 (D. Nev. April 29, 2011) (finding "compelling reasons" to seal material that included information about proprietary business operations or a company's business model or agreements with clients).

In cases where protection is required, the Court has discretion when deciding how to protect commercial information. See In re Gitto Global Corp., 422 F.3d at 9. Sealing court submissions containing commercial information is a common way to protect entities when the protective provisions

of section 107 are triggered.  See e.g., In re Barney's Inc., 201 B.R. 703, 708-09 (Bankr. S.D.N.Y. 1996) ("Orion mandates that we seal documentary information filed in court that does not rise to the level of a trade secret but that is so critical to the operation of the entity seeking the protective order that its disclosure will unfairly benefit that entity's competitors.").

### BASIS FOR RELIEF REQUESTED

By this Motion, Debtors seek an order permitting and requiring that Cathay filed under seal any and all pleadings, documents or testimony with respect to the March 10 Matters that contain or refer to any Confidential Information.

The Confidential Information constitutes "a trade secret or confidential research, development, or commercial information" entitled to protection under section 107 of the Bankruptcy Code and Bankruptcy Rule 9018.  As in the cases cited above, the Debtors' project agreements, research, specifications, joint ventures and other proprietary information are deserving of protection.  Cathay has indicated that it is likely to introduce customer information and accounts receivable information, which could include contact person and contact information related thereto.  (See February 26 Notice).  This information is particularly sensitive because it could be used to severely disrupt Debtors' ability to collect its accounts receivable.

Cathay also indicates that it is likely to introduce information supporting Debtors' cash flow projections.  (See id.).  Making public who Debtors are in development discussions with, or the agreements related to the same, would identify the potential "development opportunity" to the market at large.  Debtors' development "pipeline" is a large part of the going concern value of the enterprise.  Particularly with respect to projects that are only at the initial stages of negotiation, disclosure of any identifying information could provide Debtors' competition with the ability to disrupt Debtors' efforts and cause the loss of valuable business opportunities.  Furthermore, disclosure of information regarding Debtors' project capitalization and financial affairs, would place Debtors at a significant competitive disadvantage in future negotiations thereby causing serious economic harm.  In particular, disclosure of information related to Debtors' project capitalization would negatively impact their ability to negotiate project transactions by allowing competitors to directly compare capitalization practices.  The disclosure of Debtors' business practices and strategies with respect to third parties would harm Debtors

economically by virtue of allowing competitors insight into Debtors' business practices that in turn, interferes with negotiation ability.

Moreover, the Notices are not limited to any specific document, but instead broadly express Cathay's intent to offer an unspecified scope of documents or testimony containing Debtors' Confidential Information. Cathay is not willing to redact the Confidential Information from the pleadings, documents and testimony that it intends to file, and Debtors would not have the prior opportunity to confirm the sufficiency of such redaction in any event. Therefore, Debtors filed this Motion in accordance with the NDA in order to prevent harmful public disclosure of the Confidential Information without impinging on Cathay's ability to use the Confidential Information in connection with the March 10 Matters.

Although Cathay is the party who is proposing to file papers containing Confidential Information, the NDA requires that Debtors file the motion pursuant to Local Rule 9018 seeking to file or offer the Confidential Information under seal. In order to satisfy the requirements of Local Rule 9018(a), Cathay has agreed that prior to filing any documents with respect to the March 10 Matters, Cathay will designate and provide such documents to the Court for *in camera* review, and that Cathay will refrain from filing such documents pending the Court's ruling on the Motion, so long as Cathay is not deemed to have missed any applicable filing deadline in doing so. In order to address this latter issue, Debtors have proposed that so long as Cathay provides a document to the Court for *in camera* review (with a copy to Debtors' counsel) no later than the applicable filing deadline for such document, then Cathay's deadline for filing such document shall be tolled pending the Court's ruling on this Motion.[3]

---

[3] Counsel for the parties intend to call the Court's clerk promptly after this Motion is filed to advise the Court of this proposal procedure and to request a telephonic conference with the Court to the extent necessary to address any questions or concerns the Court might have with respect thereto.

## CONCLUSION

WHEREFORE, based on the foregoing, Debtors respectfully request that the Court grant the Motion and enter an order substantially in the form of the proposed order attached hereto as **Exhibit A**.

Dated this 28th day of February, 2014.

**FOX ROTHSCHILD LLP**

By  /s/ Micaela Rustia Moore
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc. and Martifer Aurora Solar, LLC*

# EXHIBIT A

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Solar USA, Inc.
and Martifer Aurora Solar, LLC*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC,<br>a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**EX PARTE ORDER TO FILE UNDER SEAL CATHAY BANK'S PLEADINGS AND DOCUMENTS CONTAINING OR REFERRING TO DEBTORS' CONFIDENTIAL INFORMATION**<br><br>No Hearing Required |

The Court, having reviewed and considered the Motion filed on February 28, 2014, and with good cause appearing therefor:

**IT IS HEREBY ORDERED** that Motion is GRANTED, and

ACTIVE 24929922v1 02/28/2014                           8

**IT IS FURTHER ORDERED** that Cathay shall be permitted and required to file any and all pleadings related to the March 10 Matters under seal, and that such pleadings shall be sealed, in accordance with sections 105(a) and 107 of title 11 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018.

PREPARED AND SUBMITTED BY:

**FOX ROTHSCHILD LLP**

By    */s/ Micaela Rustia Moore*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Solar USA, Inc. and Martifer Aurora Solar, LLC*

# # #