Mary A Schott

_____
Mary A. Schott
Clerk of Court

**Entered on Docket**
**March 03, 2014**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
          mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC*
*and Martifer Solar USA, Inc.*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a<br>Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and<br>BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**EX PARTE ORDER GRANTING<br>MOTION OF DEBTORS TO<br>WITHDRAW OR REDACT** |

This Court having reviewed and considered Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.'s,  debtors and debtors in possession ("Debtors"), ex parte  motion (the "Ex Parte Motion") for an order allowing the withdrawal of pages 10 and 11 of the Notice of Subpoena on The Person Most Knowledgeable of Energy Equipment Limited [Docket No. 0245] ("Docket 245"), and good cause appearing, the Court finds that the Debtor has demonstrated sufficient cause to withdraw pages 10 and 11 of the Notice of Subpoena on The Person Most Knowledgeable of Energy Equipment Limited.

ACTIVE 24886924v1 02/28/2014                              1

1    IT IS HEREBY ORDERED that the Ex Parte Motion is GRANTED.

2    IT IS FURTHER ORDERED that Docket No. 245 shall be removed and replaced with the

3    document attached hereto as Exhibit 1.

4

5    Respectfully submitted by:

6    **FOX ROTHSCHILD LLP**

7    By_____*s/ Brett A. Axelrod*_____

8        BRETT A. AXELROD (NV Bar No. 5859)
        MICAELA RUSTIA MOORE (NV Bar No. 9676)

9        3800 Howard Hughes Parkway, Suite 500
        Las Vegas, Nevada 89169

10    *[Proposed] Counsel for Martifer Aurora Solar, LLC*
    *and Martifer Solar USA, Inc.*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

Exhibit 1

1  BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
2  MICAELA RUSTIA MOORE, ESQ.
   Nevada Bar No. 9676
3  **FOX ROTHSCHILD LLP**
   3800 Howard Hughes Parkway, Suite 500
4  Las Vegas, Nevada 89169
   Telephone: (702) 262-6899
5  Facsimile: (702) 597-5503
   Email: baxelrod@foxrothschild.com
6          mmoore@foxrothschild.com
7  *[Proposed] Counsel for Martifer Aurora Solar, LLC*
   *and Martifer Solar USA, Inc.*

| Electronically Filed February 27, 2014 |
| --- |

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                          **DISTRICT OF NEVADA**

| In re | Case Nos. BK-S-14-10355-abl and |
| --- | --- |
|  | BK-S-14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, |  |
|  | Jointly Administered under Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC | |
| ☐ Affects Martifer Solar USA, Inc. | Chapter 11 |
| ☒ Affects all Debtors | |
|  | **NOTICE OF SUBPOENA** |

17      **PLEASE TAKE NOTICE** that on the 27th day of February, 2014, a subpoena commanding the

18  appearance at deposition and the production of documents was issued for service on The Person Most

19  Knowledgeable of Energy Equipment Limited, a copy of which is attached hereto.

20      Dated this 27th day of February, 2014.

21                          **FOX ROTHSCHILD LLP**

22                          By___*s/  Brett A. Axelrod*_____
                                BRETT A. AXELROD (NV Bar No. 5859)
23                              MICAELA RUSTIA MOORE (NV Bar No. 9676)
                                3800 Howard Hughes Parkway, Suite 500
24                              Las Vegas, Nevada 89169
                                *[Proposed] Counsel for Martifer Aurora Solar, LLC*
25                              *and Martifer Solar USA, Inc.*

26

27

28

ACTIVE 24880707v1 02/27/2014                    1

*FOX ROTHSCHILD LLP*
*3800 Howard Hughes Parkway, Suite 500*
*Las Vegas, Nevada 89169*
*(702) 262-6899*
*(702) 597-5503 (fax)*

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13)

# UNITED STATES BANKRUPTCY COURT

_____ District of __COLORADO_____

In re   MARTIFER AURORA SOLAR, LLC and
        MARTIFER SOLAR USA, INC.,
                        Debtors

Case Nos.  BK-S-14-10355-abl and BK-S-14-10357-abl
Jointly administered under BK-S-14-10355-abl⋇

Chapter 11

⋇ **Matters pending in the United States Bankruptcy Court for the
District of Nevada.**

### SUBPOENA FOR RULE 2004 EXAMINATION

To:   The Person Most Knowledgeable of
      Energy Equipment Limited
      401 Tree Farm Drive
      Carbondale, CO 81623

*(Name of person to whom the subpoena is directed)*

☒ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at an examination under Rule 2004, Federal Rules of Bankruptcy Procedure. A copy of the court order authorizing the examination is attached.

**See attached Exhibit A for listing of topics.**

| PLACE | DATE AND TIME |
|---|---|
| The Hotel Denver<br>402 7th Street, Glenwood Springs, CO 81601 | March 11, 2014, 9:00 a.m. |

The examination will be recorded by this method: ___Court reporter_____

☒ *Production:* You, or your representatives, must also bring with you to the examination the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

**See attached Exhibit B.**

The following provisions of Fed. R. Civ. P. 45, made applicable in bankruptcy cases by Fed. R. Bankr. P. 9016, are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and 45(g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:

2|27|14

CLERK OF COURT

_____            OR            _____
*Signature of Clerk or Deputy Clerk*                        *Attorney's signature*

The name, address, email address, and telephone number of the attorney representing *(name of party)* Martifer Aurora Solar, LLC and Martifer Solar USA, Inc., who issues or requests this subpoena, is: Neal S. Cohen, Esq., 1225 17th Street, Suite 2200, Denver, CO 80202, ncohen@foxrothschild.com, (303) 446-3850.

**Notice to the person who issues or requests this subpoena**

ACTIVE 24846238v2 02/27/2014

If this subpoena commands the production of documents, electronically stored information, or tangible things, or the inspection of premises before trial, a notice and a copy of this subpoena must be served on each party before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 2)

## PROOF OF SERVICE
### (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)

I received this subpoena for *(name of individual and title, if any)*: _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____


Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____.

My fees are $ _____ for travel and $ _____ for services, for a total of $_____ .


      I declare under penalty of perjury that this information is true and correct.

Date:

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*


Additional information concerning attempted service, etc.:

ACTIVE 24846238v2 02/27/2014

B254 (Form 254 – Subpoena for Rule 2004 Examination) (12/13) (Page 3)

**Federal Rule of Civil Procedure 45(c), (d), (e), and (g) (Effective 12/1/13)**
**(made applicable in bankruptcy cases by Rule 9016, Federal Rules of Bankruptcy Procedure)**

**(c) Place of compliance.**

*(1) For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
      (i)  is a party or a party's officer; or
      (ii) is commanded to attend a trial and would not incur substantial expense.

*(2) For Other Discovery.* A subpoena may command:
   (A) production of documents, or electronically stored information, or things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   (B) inspection of premises, at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

*(1) Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

*(2) Command to Produce Materials or Permit Inspection.*
   *(A) Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   *(B) Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      (i)  At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

*(3) Quashing or Modifying a Subpoena.*
   *(A) When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      (i)   fails to allow a reasonable time to comply;
      (ii)  requires a person to comply beyond the geographical limits specified in Rule 45(c);
      (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      (iv)  subjects a person to undue burden.
   *(B) When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      (i) disclosing a trade secret or other confidential research, development, or commercial information; or

      (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   *(C) Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      (i)  shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

*(1) Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   *(A) Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   *(B) Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   *(C) Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   *(D) Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

*(2) Claiming Privilege or Protection.*
   *(A) Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      (i)  expressly make the claim; and
      (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   *(B) Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.
   ...

**(g) Contempt.** The court for the district where compliance is required – and also, after a motion is transferred, the issuing court – may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013)

---

## EXHIBIT A

1. The Engineering, Procurement and Construction ("EPC") Agreement dated December 31, 2012 between Energy Equipment Limited ("EEL") and Martifer, Can Solar1, Aurora (494 W);

2. The Engineering, Procurement and Construction Agreement dated October 10, 2012 between EEL and Martifer, CS Solar1;

3. The Engineering, Procurement and Construction Agreement dated December 31, 2012 between EEL and Martifer, Breck Solar1, (Project #4) Hanger (380kW);

4. The Engineering, Procurement and Construction Agreement dated December 31, 2012 between EEL and Martifer, Summit Solar1 Stillson (collectively the "EPCs");

5. EEL's payments and payment obligations under those EPCs;

6. Any claims by EEL that any of the projects covered by the EPCs did not conform to contract specifications or meet performance specifications;

7. EEL's ability to pay the amounts owed under the EPCs;

8. EEL's agreements with any municipality with respect to the projects covered by the EPCs; and

9. Martifer's security interests in the projects covered by the EPCs.

## EXHIBIT B

1. All documents which constitute the complete Engineering, Procurement and Construction ("EPC") Agreement dated December 31, 2012 between EEL and Martifer, Can Solar1, Aurora (494 W);

2. All documents which constitute the complete Engineering, Procurement and Construction Agreement dated October 10, 2012 between EEL and Martifer, CS Solar1;

3. All documents which constitute the complete Engineering, Procurement and Construction Agreement dated December 31, 2012 between EEL and Martifer, Breck Solar1, (Project #4) Hanger (380kW);

4. All documents which constitute the complete Engineering, Procurement and Construction Agreement dated December 31, 2012 between EEL and Martifer, Summit Solar1 Stillson;

5. All documents which evidence every payment made by EEL pursuant to its payment obligations under each of the EPC Agreements identified in Request Nos. 1-4, above;

6. All documents which support any claim by EEL that any of the projects covered by the EPCs identified in Request Nos. 1-4, above, did not conform to contract specifications or meet performance specifications;

7. All Notices of Substantial Completion executed by Martifer and EEL in connection with the EPCs identified in Request Nos. 1-4;

8. All Notices of Final Completion executed by Martifer and EEL in connection with the EPCs identified in Request Nos. 1-4;

9. All punch lists provided by EEL;

10. Any documents which would support a claim by EEL that it does not have the ability to pay the amounts owed under the EPCs identified in Request Nos. 1-4;

11. All agreements with all municipalities with respect to the projects covered by the EPCs identified in Request Nos. 1-4;

12. All documents which relate to any security interest Martifer may have in any of the the projects covered by the EPCs identified in Request Nos. 1-4;

13. All documents which relate to any purported damage caused by Martifer during the construction of the projects;

14. All documents which relate to any claim that Martifer agreed to provide construction period financing related to the projects; and

15. All documents that relate to any claim that the modules used on the projects were not new.

24845844





Mary A. Schott
Clerk of Court

**Entered on Docket**
**February 26, 2014**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC*
*and Martifer Solar USA, Inc.*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a<br>Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and<br>BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER REQUIRING PERSON MOST**<br>**KNOWLEDGEABLE OF ENERGY**<br>**EQUIPMENT LIMITED APPEAR FOR**<br>**EXAMINATION PURSUANT TO**<br>**FEDERAL RULE OF BANKRUPTCY**<br>**PROCEDURE 2004**<br><br>Hearing Date:   N/A<br>Hearing Time:   N/A |

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 24834033v1 02/25/2014           1

1   Upon the Ex Parte Motion for Order Requiring the Person Most Knowledgeable of Energy

2   Equipment Limited ("EEL"), to Appear for Examination Pursuant to Federal Rule of Bankruptcy

3   Procedure 2004, and for good cause appearing:

4   **IT IS HEREBY ORDERED** that EEL shall appear for examination under oath as to any matter

5   permitted by Fed. R. Bankr. P. 2004, by counsel for Martifer Solar USA, Inc. ("Martifer USA") and

6   Martifer Aurora Solar, LLC ("Aurora", and collectively with Martifer USA, the "Debtors"), debtors and

7   debtors in possession in the above-captioned chapter 11 cases, and other interested parties who may

8   appear,  at The Hotel Denver, 402 7th Street, Glenwood Springs, Colorado 81601, on **March 11, 2014** at

9   **9:00 a.m.** (or at such other mutually agreeable location, date, and time) and *continuing from day to day*

10  *thereafter until completion*.

11  **IT IS SO ORDERED.**

12

13

14  Prepared and respectfully submitted by:

15  **FOX ROTHSCHILD LLP**

16  By____*/s/Brett Axelrod*_____

17      BRETT A. AXELROD, ESQ.
        Nevada Bar No. 5859

18      MICAELA RUSTIA MOORE, ESQ.
        Nevada Bar No. 9676

19      3800 Howard Hughes Parkway, Suite 500
        Las Vegas, Nevada 89169

20  *[Proposed] Counsel for Martifer Aurora Solar, LLC*

21  *and Martifer Solar USA, Inc.*

22

23                                  # # #

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)