Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
         scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:   702/382-1169
Email: zlarson@lzlawnv.com
         mzirzow@lzlawnv.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors

E-File: March 6, 2014

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐   Affects Martifer Aurora Solar, LLC<br>☐   Affects Martifer Solar USA, Inc.<br>☑   Affects All Debtors | Case No.: BK-S-14-10355-abl<br>and BK-S-14-10357-abl<br><br>Jointly Administered Under<br>Case No.: BK-S-14-10355-abl<br><br>Chapter 11<br><br>**OFFICIAL COMMITTEE OF UNSECURED CREDITORS' OBJECTION TO CATHAY BANK'S EX PARTE MOTION FOR ORDER SHORTENING TIME TO HEAR CATHAY BANK'S MOTION FOR AN ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IN THESE BANKRUPTCY CASES PURSUANT TO 11 U.S.C. § 1104(A) OR, ALTERNATIVELY, CONVERTING OR DISMISSING THESE BANKRUPTCY CASES TO CASES UNDER CHAPTER 7 OF THE BANKRUPTCY CODE PURSUANT TO 11 U.S.C. § 1112(B)**<br><br>**[Relates to Docket Nos. 292]**<br><br>Hearing Date:    TBD<br>Time:                 TBD<br>Place:                300 Las Vegas Blvd. So.<br>                         Courtroom 1<br>                         Las Vegas, NV 89101 |

DOCS_LA:276019.1 54697/001

The Official Committee of Unsecured Creditors (the "Committee") of Martifer Aurora Solar, LLC ("Martifer") and Martifer Solar USA, Inc. ("Martifer Solar"), the above-captioned debtors (collectively, the "Debtors"), files this Objection to the *Ex Parte Application for Order Shortening Time* (the "Ex Parte Application") *to Hear Secured Creditor Cathay Bank's Motion for an Order Directing the Appointment of a Chapter 11 Trustee in these Bankruptcy Cases Pursuant to 11 U.S.C. § 1104(a) or, Alternatively, Converting or Dismissing these Bankruptcy Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b)* (the "Trustee Motion"). The Committee respectfully represents:

## The Ex Parte Application Should be Denied

The Committee retained counsel four business days ago and the Committee is in the process of executing its bylaws that will enable Committee members to receive access to confidential materials filed under seal, including the Trustee Motion. Thus, the Committee takes no position in this opposition to the underlying Trustee Motion.

The appointment of a chapter 11 trustee or conversion to chapter 7 would have drastic and irreversible effects on these cases. Given the significance of the requested relief, it is vital that the Committee and all parties in interest have a full and fair opportunity to evaluate and consider the Trustee Motion. Less than three business days' notice is simply insufficient time to consider a motion of this magnitude. Moreover, if the Ex Parte Application is granted, the Committee will be deprived of its ability to conduct any discovery that may be necessary. Therefore, the Ex Parte Application should be denied and the Trustee Motion set on a fully noticed basis.

Pursuant to Rule 9006(c) of the Federal Rules of Bankruptcy Procedure (the "Rules"), a Bankruptcy Court can schedule a motion on less notice than otherwise required by the Rules, "for cause shown may in its discretion with or without motion or notice order the period reduced." To satisfy the exigency requirement, Cathay Bank contends that good cause exists to shorten notice because there is "strong evidence of fraud, dishonesty and mismanagement on the part of the Debtors' management and the Debtors' multi-million dollar losses during just the first six weeks of these cases." Ex Parte Appl'n at p. 2. But, it appears to the Committee that the conduct to which Cathay Bank cites as the basis for the Trustee Motion has either already occurred or has been

ongoing for several weeks already in the case of lack of profitability. In other words, there is no exigency that would require the Trustee Motion to be set on such a drastically shortened basis, which time period would deny all parties of due process.

WHEREFORE, for the foregoing reasons, the Committee requests that the Ex Parte Application be denied.

DATED this 6th day of March 2014.

**LARSON & ZIRZOW LLC**

*/s/ Matthew C. Zirzow*
Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169
Email: zlarson@lzlawnv.com
           mzirzow@lzlawnv.com

and

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
           scho@pszjlaw.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors