BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
       mmoore@foxrothschild.com
*[Proposed] Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed March 6, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re

MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,

☐ Affects Martifer Aurora Solar, LLC
☐ Affects Martifer Solar USA, Inc.
☒ Affects all Debtors

Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl

Jointly Administered under
Case No. BK-S-14-10355-abl

Chapter 11

**DEBTORS' OPPOSITION TO EX PARTE APPLICATION FOR ORDER SHORTENING TIME TO HEAR SECURED CREDITOR CATHAY BANK'S MOTION FOR ORDER DIRECTING THE APPOINTMENT OF A CHAPTER 11 TRUSTEE IN THESE BANKRUPTCY CASES PURSUANT TO 11 U.S.C. §1104(A) OR, ALTERNATIVELY, CONVERTING OR DISMISSING THESE BANKRUPTCY CASES TO CASES UNDER CHAPTER 7 OF BANKRUPTCY CODE PURSUANT 11 U.S.C. § 1112(B)**

**Hearing Date: OST PENDING**
**Hearing Time: OST PENDING**

ACTIVE 25011504v1 03/06/2014                1

Martifer Aurora Solar, LLC and Martifer Solar USA, Inc. (collectively, the "Debtors"), by and through their proposed counsel, the law firm of Fox Rothschild LLP, hereby submit this opposition ("Opposition") to Cathay Bank's *Ex Parte Application for Order Shortening Time for Hearing on Cathay Bank's Motion for an Order Directing the Appointment of a Chapter 11 Trustee in These Bankruptcy Cases Pursuant to 11 U.S.C. § 1104(a) or, Alternatively, Converting or Dismissing These Bankruptcy Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b)* [Dkt #292] (the "OST Motion").

To be clear, this is not Debtors' opposition to the merits of Cathay Bank's *Motion for an Order Directing the Appointment of a Chapter 11 Trustee in These Bankruptcy Cases Pursuant to 11 U.S.C. § 1104(a) or, Alternatively, Converting or Dismissing These Bankruptcy Cases to Cases Under Chapter 7 of the Bankruptcy Code Pursuant to 11 U.S.C. § 1112(b)* (the "Cathay Motion").

**Argument**

Motions to expedite, such as the OST Motion, "should be used sparingly, rather than as a matter of course." *In re Villareal*, 160 B.R. 786, 788 (Bankr. W.D. Tx. 1993). A party cannot obtain an order on shortened time without showing proper "cause" for such relief. Fed. R. Bankr. P. 9006(c)(1). In the Tenth Circuit's words, "[B]ankruptcy courts should review *ex parte* motions to reduce the notice period ***carefully*** to be certain that there is, indeed, ***good cause*** for the handicap to the respondents and to the court's information-gathering capacity that is likely to result." *In re Gledhill*, 76 F.3d 1070, 1084 (10th Cir. 1996) (emphasis added). In *Gledhill*, for example, there was good cause shown because the bankruptcy estate would have significantly "evaporate[d]" if a prompt hearing did not take place prior to a scheduled foreclosure sale. *Id.*, 76 F.3d at 1085.

Here, Cathay Bank has shown no good cause. Cathay Bank's entire argument for "good cause" is predicated on contested factual issues – virtually all of which are incorrect, unsupported by evidence or are clearly resolvable short of the extraordinary remedy of the appointment of a chapter 11 trustee. Debtors are prejudiced by expediting the Cathay Motion, which is seeking the extraordinary remedies of appointment of a trustee or, alternatively, conversion or dismissal of Debtors' bankruptcy cases, on shortened time. Such a request should not be considered by the Court lightly and parties should be provided adequate time to address the serious allegations raised and the drastic relief sought.

As shown on the Attorney Information Sheet in support of the OST Motion [Dkt #293], the Debtors, the Official Committee of Unsecured Creditors and Martifer Solar, Inc. all do not consent to the Cathay Motion being heard on shortened time. The Attorney Information Sheet's estimate of a 30 minute hearing on the Cathay Motion is a gross understatement since the Cathay Motion contains serious, unsubstantiated allegations and factual inaccuracies. Debtors anticipate that such a hearing/trial could very well last at least a full day with the amount of evidence that will likely be proffered and testimony taken by the parties. With already ten matters, several of which are heavily contested, set for hearing on the Court's calendar for March 10, 2014 at 9:30 a.m. (as of 3/3/2014 at 5:20 p.m.), there is simply not enough time for the Court to consider the Cathay Motion. Further, as the Cathay Motion was only served on Debtors in the afternoon of March 5, 2014, Debtors would only have two business days to respond to the myriad allegations and gather the necessary information to provide to the Court. If Debtors need to conduct discovery, they should be afforded the time to do so. The Cathay Motion should be set for hearing on regular notice for the next Omnibus Hearing date in these cases.

## Conclusion

For the foregoing reasons, Debtors' respectfully ask the Court to deny Cathay Bank's OST Motion and set the Cathay Motion for hearing in the regular course, preferably at the next Omnibus Hearing of April 14, 2014.

Dated this 6th day of March, 2014.

**FOX ROTHSCHILD LLP**

By    *s/ Brett A. Axelrod*
    BRETT A. AXELROD (NV Bar No. 5859)
    MICAELA RUSTIA MOORE (NV Bar No. 9676)
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*[Proposed] Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 25011504v1 03/06/2014     3