CARLYON LAW GROUP, PLLC
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
3333 E. Serene Avenue, Suite 110
Henderson, NV 89074
Telephone No. (702) 685-4444
Facsimile No.  (702) 471-7435
Email: ccarlyon@ccarlyon.com

*[Proposed] counsel for Roland Kiser and Klaus Bernhart, the*
*responsible officers of the Debtor*

### UNITED STATES BANKRUPTCY COURT

### DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC a Nevada limited liability company,<br><br>_____Affects Martifer Aurora Solar, LLC<br>_____Affects Martifer Solar USA, Inc.<br>__X__Affects all Debtors<br><br>Debtors. | Case No.:  BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly administered under<br>**Case No.:  BK-S-14-10355-abl**<br><br>Chapter 11<br><br>**STATEMENT OF CONCERNS OF ROLAND KISER AND KLAUS BERNHART, RESPONSIBLE OFFICERS OF THE DEBTOR, WITH REGARD TO EMPLOYMENT OF FTI CONSULTING**<br><br>DATE:  OST REQ. FOR MARCH 10, 2014<br><br>TIME:  OST REQ. FOR 9:30 a.m. |

Roland Kiser and Klaus Bernhart, the responsible officers (the "Officers") of the Debtors in Possession Martifer Solar USA, Inc. ("Debtor") and Martifer Aurora Solar, LLC ("Aurora" and, together with Debtor, Debtors") in the above-captioned bankruptcy proceeding hereby express their concerns regarding the proposed employment of FTI Consulting ("FTI").

1.      Funding.  Officers have requested that the DIP Lender verify that it will fund

amounts due to FTI in addition to amounts required pursuant to the approved cash collateral budget.

2.    <u>Transaction Fee</u>.  The terms of the FTI employment include (1) hourly rate compensation up to $100,000 per month; (2) a "success fee" of $275,000 if the Debtor restructures via a confirmed Plan of Reorganization or consummates a sale (or sales) of a majority of its assets within the first 3 months of its employment with the Success Fee increasing by $75,000 if between the end of months 3 and 4 plus $50,000 if between the end of months 4 and 5 and an additional $25,000 per month thereafter; (3) a "Transaction Fee" of 3.0% of the aggregate value of each Transaction, subject to a minimum aggregate fee of $400,000 (with 50% of any monthly, non-refundable fees paid for the Financial Advisory Services credited against any Transaction Fee); (4) a "Tail Fee" of 1.5% of the value of any Transactions which involve a party identified during the time of FTI's employment, and (5)    a post-effective date fee of $25,000 per month.  Officers have requested that FTI waive any "Transaction Fee" with respect to a transaction involving BayWa r.e. Renewable Energy ("BayWa"), which has executed a letter of intent for a purchase in the $9.5 - $12 million range.  To date, FTI has declined this request.

3.    <u>Duties of Officers</u>.  Officers are the responsible parties appointed by the Court.  As such, they retain the responsibility to act on behalf of the Debtor.  The Board, controlled by the Debtor's parent and DIP Lender, has passed a resolution that would require officers to report to FTI, a directive that Officers believe is inappropriate and in derogation of their duties to the Debtor.  The Court appointed Officers as "the natural persons responsible for the duties and obligations of the Debtor in this Chapter 11 Case" (Doc. No. 90).  The court has the authority to appoint such a responsible person to "perform the duties of the Debtor-in-Possession under the Code and … conduct the affairs of the business" even to the exclusion of the Debtor's board of directors.  <u>Matter of FSC Corp.</u>, 38 B.R. 346, 347 (Bankr.

W.D. Pa. 1983).  Here, such appointment is particularly crucial given the potential conflicts of interest between the Debtor's parent/DIP Lender, which controls the Debtor's board of directors; and the interest of the Debtor in maximizing the return to all creditors.

> The Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, it states that the rights and powers of a debtor in possession are subject "to such limitations or conditions as the court prescribes." 11 U.S.C. § 1107(a).

Matter of Gaslight Club, Inc., 782 F.2d 767, 770 (7th Cir. 1986). "[T]he shareholders' right to control a Chapter 11 debtor-in-possession is not without limitations under the Bankruptcy Code. Section 1107(a) specifically provides that a debtor-in-possession shall have all (or almost all) of the rights, powers and duties of a trustee subject '*to such limitations or conditions as the court prescribes ...*'".  Matter of Lifeguard Indus., Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983).  "[T]he court has considerable authority to interfere with the management of a debtor corporation in order to protect the creditors' interests."  Matter of Gaslight Club, Inc., 782 F.2d 767, 770 (7th Cir. 1986).  Compare In re Boileau, 736 F.2d 503, 506 (9th Cir. 1984)("debtor-in-possession has no power except such as the court may allow" (citation omitted)); In re Real Estate Partners, Inc., SA 07-13239 TA, 2007 WL 7025114 (Bankr. C.D. Cal. Nov. 20, 2007) aff'd, SA CV 07-1440 ODW, 2009 WL 3246619 (C.D. Cal. Oct. 5, 2009)("former management would have no continuing role and that … responsible person would only be answerable to the Court.").

Complicating the situation is the fact that Officers' employment contracts expire on March 10, 2014, thereafter, employment is "at will" unless an agreeable extension is

executed.[1]   Counsel for the DIP lender has advised Officers that, based in part on their reluctance to abdicate their duties as responsible persons, their employment will terminate on March 10.   However, so long as they are the designated responsible persons for these Debtors, Officers will continue to utilize their independent judgment with regard to their roles as CEO, CFO, and responsible officers.

Respectfully submitted this 7th day of March, 2014.

CARLYON LAW GROUP, PLLC

By: _____
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
3333 E. Serene Avenue, Suite 110
Las Vegas, Nevada 89074

---

[1] However, Section 6(a) of the employment contracts require a thirty-day written notice of termination, which has not been given.