MICHAEL GERARD FLETCHER, ESQ.
California Bar No. 070849
REED S. WADDELL, ESQ.
California Bar No. 106644
**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
6500 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048-4920
Telephone: (323) 852-1000
Facsimile: (323) 651-2577
E-Mail:  mfletcher@frandzel.com
              rwaddell@frandzel.com
and
NATALIE M. COX, ESQ.
Nevada Bar No. 007662
RANDOLPH L. HOWARD, ESQ.
Nevada Bar No. 006688
**KOLESAR & LEATHAM**
400 South Rampart Boulevard
Suite 400
Las Vegas, Nevada 89145
Telephone: (702) 362-7800
Facsimile: (702) 362-9472
E-Mail:  ncox@klnevada.com
              rhoward@klnevada.com

Attorneys for Secured Creditor
**CATHAY BANK**

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company.<br><br>Debtor.<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects All Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered Under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>NOTICE OF PERFECTION OF SECURITY INTEREST IN ALL RIGHTS AND ASSETS THAT ARE THE SUBJECT OF THE SETTLEMENT AGREEMENT AND ASSET PURCHASE AGREEMENT BY AND BETWEEN MARTIFER SOLAR USA, INC., ALTERNATIVE ENERGY FINANCING LLC, AND CERTAIN OTHER PARTIES |

PLEASE TAKE NOTICE that Cathay Bank ("Bank") holds a perfected security interest in all rights and assets that are the subject of (1) the Settlement Agreement with Mutual Releases dated January 2, 2014, entered into by and between Martifer Solar USA, Inc. ("Martifer USA"),

1  Alternative Energy Financing LLC ("AEF"), and certain other parties ("Settlement Agreement");
2  and (2) the related Asset Purchase Agreement dated January 2, 2014, entered into by and between
3  Martifer USA and AEF ("APA").  The Settlement Agreement and the APA relate to photovoltaic
4  projects built on real property of CBS Broadcasting, Inc., in Los Angeles, California. The
5  Settlement Agreement and APA are subject to a confidentiality agreement by and between the
6  Bank and Martifer USA and have previously been filed with the Court under seal.  Accordingly,
7  copies of the same are not attached hereto.

8  **PLEASE TAKE FURTHER NOTICE** that on March 7, 2014, the Bank commenced
9  Adversary Proceeding No. 14-01036 by filing a Complaint for Declaratory Relief with the Court
10 ("Complaint").  The Complaint seeks a judicial determination regarding, among other things, the
11 Bank's rights in the subject matter of the Settlement Agreement and the APA.  A true and correct
12 copy of the Complaint, which sets forth the basis for the Bank's perfected security interest, is
13 attached hereto as Exhibit 1 and incorporated herein by this reference.

14 **PLEASE TAKE FURTHER NOTICE** that this notice is given pursuant to 11 U.S.C. §§
15 362(b)(3) and 546(b)(1).  The Bank asserts and reserves its right to seek further relief under
16 applicable law.  Further, this notice does not constitute a waiver of any rights or remedies under
17 the Bankruptcy Code, applicable non-bankruptcy law, or any agreement with Martifer USA or any
18 other party.  This notice is in addition to, and not in derogation of, Bank's perfection of its security
19 interests in its collateral under applicable non-bankruptcy law.

20 DATED: March 10, 2014             FRANDZEL ROBINS BLOOM & CSATO, L.C.
                                    MICHAEL GERARD FLETCHER, ESQ.
21                                  REED S. WADDELL, ESQ.
22
                                    By: /s/ Michael Gerard Fletcher
23                                      REED S. WADDELL, ESQ.
                                        Attorneys for Secured Creditor CATHAY BANK

1418821.1 | 100638-0033

NOTICE OF PERFECTION

# EXHIBIT 1

| | |
|---|---|
| 1 | MICHAEL GERARD FLETCHER, ESQ. |
| | California Bar No. 070849 |
| 2 | REED S. WADDELL, ESQ. |
| | California Bar No. 106644 |
| 3 | **FRANDZEL ROBINS BLOOM & CSATO, L.C.** |
| | 6500 Wilshire Boulevard |
| 4 | Seventeenth Floor |
| | Los Angeles, California  90048-4920 |
| 5 | Telephone: (323) 852-1000 |
| | Facsimile: (323) 651-2577 |
| 6 | E-Mail:  mfletcher@frandzel.com |
| |         rwaddell@frandzel.com |
| 7 | |
| | NATALIE M. COX, ESQ. |
| 8 | Nevada Bar No. 007662 |
| | RANDOLPH L. HOWARD, ESQ. |
| 9 | Nevada Bar No. 006688 |
| | **KOLESAR & LEATHAM** |
| 10 | 400 South Rampart Boulevard, Suite 400 |
| | Las Vegas, Nevada 89145 |
| 11 | Telephone: (702) 362-7800 |
| | Facsimile: (702) 362-9472 |
| 12 | E-Mail: ncox@klnevada.com |
| |       rhoward@klnevada.com |
| 13 | |
| | Attorneys for CATHAY BANK, a California |
| 14 | banking corporation |

### UNITED STATES BANKRUPTCY COURT
### DISTRICT OF NEVADA

| | | |
|---|---|---|
| 17 | In re | Case Nos. BK-S-14-10355-ABL and BK-S-14-10357-ABL (Jointly Administered under Case No. BK-S-14-10355-ABL) |
| 18 | MARTIFER AURORA SOLAR, LLC, Nevada limited liability company, | |
| 19 | | Chapter 11 |
| 20 | ☐ Affects Martifer Aurora Solar, LLC<br>☐ Affects Martifer Solar USA, Inc.<br>☒ Affects all Debtors | Adv. No. |
| 21 | | **COMPLAINT FOR DECLARATORY RELIEF** |
| 22 | CATHAY BANK, a California banking corporation, | |
| 23 | | |
| 24 | Plaintiff, | |
| 25 | v. | |
| 26 | MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company; | |
| 27 | MARTIFER SOLAR USA, INC., a California corporation; ALTERNATIVE ENERGY | |
| 28 | FINANCING, LLC, a California limited liability company; STUDIOS SOLAR, LLC, a | |

1414674.4 | 023000-0918

1

COMPLAINT FOR DECLARATORY RELIEF

1  Delaware limited liability company;
   STUDIOS SOLAR 2, LLC, a Delaware
2  limited liability company; STUDIOS SOLAR
   3, LLC, a Delaware limited liability company;
3  STUDIOS SOLAR 4, LLC, a Delaware
   limited liability company; STUDIOS SOLAR
4  5, LLC, a Delaware limited liability company;
   OFFICIAL COMMITTEE OF UNSECURED
5  CREDITORS OF MARTIFER SOLAR USA,
   INC.; ALTERNATIVE ENERGY, INC., a
6  California corporation; CHRISTOPHER
   FRYE, an individual; CATHERINE
7  CHONDROPOLOUS aka CATHERINE
   FRYE, an individual; CALIFORNIA POWER
8  SAVE, INC., a California corporation; and
   SOLAR KARMA LLC, a California limited
9  liability company,

10          Defendants.

11

12        Plaintiff, Cathay Bank ("Bank"), complains and alleges against the defendants as follows:

13                              **JURISDICTION AND VENUE**

14        1.    On or about January 21, 2014, Martifer Aurora Solar, LLC, a Nevada limited liability

15 company (the "Debtor"), filed a voluntary petition under Chapter 11 of Title 11 of the United States

16 Code initiating the case styled as *In re Martifer Aurora Solar, LLC*, Case No. 2:14-bk-10355-ABL

17 (the "Bankruptcy Case").  On the same day, Martifer Solar USA, Inc., a California corporation

18 ("Martifer USA"), filed a voluntary petition under Chapter 11 of Title 11 of the United States Code

19 initiating the case styled as *In re Martifer Solar USA, Inc.*, Case No. 2:14-bk-10357-ABL, which case

20 is jointly administered under the Bankruptcy Case.

21        2.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §

22 1334(b).  This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).

23        3.    Venue in this judicial district is proper pursuant to 28 U.S.C. § 1409(a).

24                                    **THE PARTIES**

25        4.    The Bank is a banking corporation organized under the laws of the State of California.

26        5.    The Bank is informed and believes and thereon alleges that the Debtor was and is a

27 Nevada limited liability company, and is a debtor-in-possession in the Bankruptcy Case pending

28 before the United States Bankruptcy Court for the District of Nevada.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

1414674.4 | 023000-0918                    2
                    COMPLAINT FOR DECLARATORY RELIEF

     6.    The Bank is informed and believes and thereon alleges that defendant Martifer USA was and is a California corporation, and is the debtor-in-possession in Case No. 2:14-bk-103557 ABL, referenced in paragraph 1 above.

     7.    The Bank is informed and believes and thereon alleges that: (a) defendant Alternative Energy Financing, LLC was and is a California limited liability company ("AEF"); (b) defendant Alternative Energy, Inc. was and is a California corporation ("AEI"); (c) defendants Christopher Frye and Catherine Chondropholous aka Catherine Frye are individuals who are citizens of California; (d) defendant California Power Save, Inc. was and is a California corporation; and (e) defendant Solar Karma LLC was and is a California limited liability company. Each of the defendants identified in this paragraph shall sometimes be collectively referred to as the "Frye Parties".

     8.    The Bank is informed and believes and thereon alleges that defendant Studios Solar, LLC, was and is a Delaware limited liability company ("Studios Holding") that is 100% owned by Martifer USA.

     9.    The Bank is informed and believes and thereon alleges that defendant Studios Solar 2, LLC, was and is a Delaware limited liability company ("Studio 2") that is 100% owned by Studios Holding.

     10.    The Bank is informed and believes and thereon alleges that defendant Studios Solar 3, LLC, was and is a Delaware limited liability company ("Studio 3") that is 100% owned by Studios Holding.

     11.    The Bank is informed and believes and thereon alleges that defendant Studios Solar 4, LLC, was and is a Delaware limited liability company ("Studio 4") that is 100% owned by Studios Holding.

     12.    The Bank is informed and believes and thereon alleges that defendant Studios Solar 5, LLC, was and is a Delaware limited liability company ("Studio 5") (collectively with Studios Holding, Studios 2, Studios 3, Studios 4, and Studios 5, the "Studio Entities") that is 100% owned by Studios Holding.

     13.    The Bank is informed and believes and thereon alleges that defendant, the Official Committee of Unsecured Creditors, has been appointed in Case No. 2:14-bk-10357-ABL (the

1  "Committee"). The Bank is further informed and believes and thereon alleges that the Committee
2  claims or may claim to have an interest relating to the subject of the action.

## GENERAL ALLEGATIONS

4      14.    On or about November 15, 2012, the Bank made an asset based business loan to the
5  Debtor and Martifer USA (collectively with the Debtor, the "Borrowers"), in the principal sum of
6  $12,000,000.00 (the "Loan"). The Loan is evidenced by, among other things, a Promissory Note
7  made by Borrowers in favor of the Bank in the sum of $12,000,000.00 (the "Note"). A true and
8  correct copy of the Note is attached hereto as Exhibit "1" and is incorporated herein by this reference.

9      15.    In connection with the Loan, on or about November 15, 2012, Borrowers executed and
10 delivered to Bank a Business Loan Agreement (the "BLA"). A true and correct copy of the BLA is
11 attached hereto as Exhibit "2" and is incorporated herein by this reference.

12     16.    In order to secure payment of the obligation evidenced by the Note, the Debtor and
13 Martifer USA executed and delivered to the Bank Commercial Security Agreements dated November
14 15, 2012 (the "CSAs"), whereby, for valuable consideration, they collectively granted the Bank a
15 security interest in and to substantially all of their personal property assets, including but not limited to
16 accounts, contract rights, rights of payment, instruments, notes, drafts, documents, chattel paper,
17 general intangibles and other personal property, letters of credit, advices of credit, leases of personal
18 property, inventory, work in process, finish merchandise, equipment, fixtures, furnishings, books and
19 records, and deposit accounts, all as more fully described in the CSAs (collectively, the "Collateral").
20 A true and correct copy of the Debtor's CSA is attached hereto as Exhibit "3," a true and correct copy
21 of the Martifer USA CSA is attached hereto as Exhibit "4," and both are incorporated herein by this
22 reference.

23     17.    To perfect its security interests in the Collateral as to which Debtor granted a security
24 interest, on or about November 27, 2012, the Bank filed a UCC-1 Financing Statement with the office
25 of the Secretary of State of the State of Nevada, filing no. 2012030820-1, a copy of which is attached
26 hereto as Exhibit "5" and incorporated by this reference. To perfect its security interest in the
27 Collateral as to which Martifer USA granted a security interest, on or about November 27, 2012, the
28 Bank filed with the office of the Secretary of State of the State of California a UCC-1 Financing

Frandzel Robins Bloom & Csato, L.C.
6500 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048-4920

1  Statement, filing no. 12-7338248674, a copy of which is attached hereto as Exhibit "6" and
2  incorporated herein by this reference.

3      18.    In or about early August, 2013, the Bank discovered that the Borrowers were in default
4  of their Loan obligations by virtue of being over advanced pursuant to the terms and conditions of the
5  November 15, 2012 BLA. Specifically, the BLA sets forth the limits as to the amount that may be
6  drawn on the Loan at any time to the lesser of: (a) $12,000,000.00, or (b) 75.000% of the aggregate
7  amount of "Eligible Accounts." The BLA provides that Eligible Accounts include those accounts
8  receivable that meet certain conditions specified by the Bank. The Borrowers were in default of their
9  Loan obligations based on the fact that the balance owed on the Loan exceeded the maximum
10  outstanding balance permitted under the BLA.

11      19.    The Borrowers are also in default of their Loan obligations, among other things, by
12  virtue of their failure to pay to the Bank all amounts owed in connection with the Note on or before
13  the November 30, 2013 maturity date thereof.

14      20.    The Borrowers are also in default of their Loan obligations by virtue of their failure to
15  maintain their primary operating checking accounts with the Bank, as required by the BLA.

### THE CBS PROJECTS

17      21.    The Bank is informed and believes and thereon alleges that in or about November 2011
18  and September 2012, AEF entered into a series of contracts with CBS Broadcasting, Inc. ("CBS") for
19  installation and service of solar photovoltaic systems (the "CBS Project") at CBS' properties located at
20  4024 Radford Avenue, Studio City, California and 7800 Beverly Boulevard, Los Angeles, California
21  (collectively, the "CBS Property"). The foregoing contracts called for six phases (Phases I, II, III, IV,
22  V and VI) of construction, each of which was documented in separate contracts by and between CBS
23  and AEF and which are collectively referred to herein as the "CBS/AEF Contract." Moreover, as part
24  of the AEF/CBS Contract, AEF was granted a ground lease at TVC and STC upon which the solar
25  systems infrastructure would be built (the "Ground Leases").

26      22.    The Bank is informed and believes and thereon alleges that pursuant to the AEF/CBS
27  Contract, CBS assigned to AEF its rights to the following: (1) rebates (the "Rebates") from the Los
28  Angeles Department of Water and Power ("DWP") and (2) Section 1603 grants (the "Grants") from

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

the United States Treasury upon completion of the projects, and agreed to pay AEF certain fees for ten years after completion of the projects, based on the projects' production of energy.

23.     The Bank is informed and believes and thereon alleges that at or about the same time as the AEF/CBS Contract was entered into, AEF entered into certain contracts with Martifer USA pursuant to which Martifer USA was required to construct each phase of the CBS Project at the CBS Property (collectively, the "AEF/Martifer Contract").

24.     The Bank is informed and believes and thereon alleges that in connection with the AEF/Martifer Contract, Martifer USA in turn entered into separate companion subcontracts with AEI in connection with each phase (the "Martifer/AEI Contract"). Further, in connection with the AEF/Martifer Contract and the Martifer/AEI Contract, Martifer USA and certain Frye Parties entered into multiple promissory notes.

25.     The Bank is informed and believes and thereon alleges that the AEF/CBS Contract grants AEF a ground lease upon which the solar systems panels and peripheral infrastructure shall be placed. The AEF/Martifer Contract vested ownership of the solar systems' panels and peripheral infrastructure in AEF and granted Martifer USA a first position security interest and lien on the solar systems' panels and peripheral infrastructure to secure payment of monies owed to Martifer USA by AEF under that Contract.

26.     The Bank is informed and believes and thereon alleges that in connection with the foregoing, Martifer USA received one or more promissory notes and/or promises for payment for certain modules supplied in connection with the CBS Project, which obligations are owed to it by one or more of AEF and/or the other Frye Parties.

27.     The Bank is informed and believes and thereon alleges that as of December 31, 2013, Martifer USA had fully performed its obligations under the AEF/Martifer Contract, that AEF had no defense to payment thereunder and that Martifer USA had a claim against AEI for overpayment made to AEI pursuant to the Martifer/AEI Contract.

28.     Pursuant to the BLA and the CSAs, the AEF/Martifer Contract and all rights to payment, and proceeds associated therewith, and all of Martifer USA's rights in and to the tangible and intangible property of AEF, constituted part of the Bank's Collateral for the Loan.

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

29. The Bank is informed and believes and thereon alleges that on or about January 2, 2014, AEF, the other Frye Parties and Martifer USA entered into a Settlement Agreement with Mutual Releases (the "Settlement") and that, concurrently therewith, AEF, Martifer USA, and Christopher Frye entered into an Asset Purchase Agreement ("APA"). The Settlement and APA are subject to a confidentiality agreement and have previously been filed with the Court under seal, and the Bank is informed and believes that copies of said documents have been provided to the Committee by the Debtor's counsel. Accordingly, copies of same are not attached hereto. However, their respective terms, which are well known to at least the Frye Parties, the Debtor and Martifer USA, are incorporated herein by this reference. Under the Settlement and APA, AEF assigned all of its rights in connection with the CBS Project, including its rights under the CBS/AEF Contract, to Martifer USA and/or at the direction and for the benefit and convenience of Martifer USA, purportedly transferred some or all of such rights to the Studios Entities. These agreements were made without the consent of the Bank and in violation of the BLA and CSAs.

## THE DISPUTES

30. The Bank is informed and believes and thereon alleges that all of the rights, property, and assets transferred by AEF under the Settlement and the APA were done so in consideration for and on account of Martifer USA's rights to payments and its security interests in certain property of AEF which arose under the AEF/Martifer Contract and Martifer USA's rights to payment from certain of the other Frye Parties arising out of its work on the CBS Project, all of which constituted a part of the Bank's Collateral. To the extent rights and assets were transferred directly from AEF to the Studio Entities, same was done at the direction and for the benefit and convenience of Martifer USA. On February 11, 2014 the DWP paid to AEF a Rebate check in the amount of $977,946, purportedly in connection with completion of Phase V of the CBS Project. The Bank is further informed and believes and thereon alleges that this check is currently being held by AEF in trust and as agent for Martifer USA.

31. On or about December 15, 2013 and/or thereafter, Debtor/Martifer USA deposited hundreds of thousands of dollars into one or more accounts at California Bank & Trust, which funds constituted a portion of the Bank's Collateral.

32. A controversy has arisen by and between the Bank, on the one hand, and defendants, and each of them, on the other hand, among other things, as follows:

    A. The construction and interpretation of the Settlement and the APA, and any and all other agreements that may have been entered into arising out of these agreements, including, but not limited to, a determination of what assets and rights were transferred to Martifer USA and what assets and rights were transferred to one or more of the Studio Entities;

    B. The validity, priority and/or extent of the Bank's perfected security interest in the assets and rights transferred to Martifer USA under the Settlement, APA and/or any other related agreements;

    C. The validity, priority and/or extent of the Bank's perfected security interest in the assets and rights purportedly transferred to the Studio Entities or any of them;

    D. The validity, priority and/or extent of the Bank's perfected security interest in the $977,946 Rebate payment held by AEF for the benefit of Martifer USA.

    E. The validity, priority and/or extent of the Bank's perfected security interest in all funds deposited into the California Bank & Trust account, including but not limited to all funds on deposit therein on the date the bankruptcy petitions were filed.

33. An actual controversy has arisen and now exists between the Bank, on the one hand, and the Defendants, on the other hand, concerning their respective rights and duties with respect to the matters alleged in paragraph 32. The Bank contends that all of the rights and assets that are the subject of the Settlement and the APA and that all of the funds deposited into the California Bank & Trust account(s) were and remain a part of the Bank's Collateral and subject to the Bank's perfected senior priority security interests. The Bank is informed and believes, and thereon alleges, that each of the defendants disputes the Bank's contentions in whole or in part, and, in particular, that the Committee claims that some or all of the CBS Project assets transferred by AEF and the funds in the California Bank & Trust account(s) are not subject to the Bank's security interests.

34. The Bank desires a judicial determination of the rights and duties of the parties with respect to the controversy.

35. A judicial declaration is necessary and appropriate at this time.

1  WHEREFORE, the Bank prays for judgment as follows:

2  1.  For a declaration in accordance with the Bank's contention as alleged in paragraph 33, and for such other orders as the Court may deem appropriate to declare, preserve and protect the validity, priority and extent of its security interests in the collateral;

5  2.  For costs of suit incurred herein;

6  3.  For attorneys' fees according to agreement or statute according to proof; and

7  4.  For such other and further relief as the Court deems just and proper.

DATED: March 7, 2014

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**
MICHAEL GERARD FLETCHER, ESQ.
REED S. WADDELL, ESQ.
and
**KOLESAR & LEATHAM**
NATALIE M. COX, ESQ.
RANDOLPH L. HOWARD, ESQ.

By: /s/ *Michael Gerard Fletcher*
Michael Gerard Fletcher, Esq.
Attorneys for Plaintiff CATHAY BANK,
a California banking corporation

FRANDZEL ROBINS BLOOM & CSATO, L.C.
6500 WILSHIRE BOULEVARD, 17TH FLOOR
LOS ANGELES, CALIFORNIA 90048-4920

1414674.4 | 023000-0918

9

COMPLAINT FOR DECLARATORY RELIEF