BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
        mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed on March 11, 2014

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re,

    MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,

☐ Affects Martifer Aurora Solar, LLC
☒ Affects Martifer Solar USA, Inc.
☐ Affects all Debtors

Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl

Jointly Administered under
Case No. BK-S-14-10355-abl

Chapter 11

**MOTION TO ASSUME SETTLEMENT AGREEMENT WITH ALTERNATIVE ENERGY FINANCING, LLC**

Hearing Date:  OST PENDING
Hearing Time:  OST PENDING

    Martifer Solar USA, Inc. ("Martifer" or the "Debtor"), debtor and debtor in possession in the above-captioned case (the "Chapter 11 Case"), hereby moves the Court for entry of an order substantially in the form attached hereto as **Exhibit 1** (the "Order") authorizing and approving the Debtor's assumption of the Settlement Agreement (as defined herein) with Alternative Energy Financing, LLC ("AEF"), pursuant to Bankruptcy Code[1] sections 105(a) and 365 and Bankruptcy

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure; and all references to a "Local Rule" shall refer to the Local Rules of Bankruptcy Practice of the U.S. District Court for the District of Nevada.

1

ACTIVE 25044724v1 03/10/2014

Rules 6006 and 9014 (the "Assumption Motion").

The Motion is made and based upon the following memorandum of points and authorities, the Declaration of Klaus Bernhart (the "Bernhart Declaration") filed concurrently herewith, the papers and pleadings on file with the Court in this Chapter 11 Case, including particularly but without limitation the Subcontractor Motion as hereinafter defined, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 11th day of March 2014.

**FOX ROTHSCHILD LLP**

By:     /s/Brett A. Axelrod
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*

2

ACTIVE 25044724v1 03/10/2014

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## JURISDICTION

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(A), (M) & (O).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a), and 365, and Bankruptcy Rules 6006 and 9014.

## II.

## FACTUAL BACKGROUND[2]

4. On January 21, 2014 (the "Petition Date"), the Debtor initiated its Chapter 11 Case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code, creating its bankruptcy estate (the "Estate"). *See* Bernhart Declaration, ¶ 7.

5. The Debtor is operating its business and managing its properties as a debtor-in-possession under sections 1107(a) and 1108 of the Bankruptcy Code. *See* Bernhart Declaration, ¶ 8.

6. CBS Broadcasting, Inc. ("CBS") and AEF entered into a series of agreements (the "Service Agreements"), providing that AEF would install and service solar photovoltaic systems in phases (the "Solar Projects") on CBS's property (the "CBS Property"). Under the Service Agreements, CBS assigned to AEF its rights to certain rebates (the "Rebates") from the Los Angeles Department of Water and Power (the "LADWP") upon completion of the Solar Projects, and agreed to pay AEF certain fees (the "Supplier Fees") for ten years after completion of the Solar Projects, based on the Solar Projects' production of energy. In addition, AEF expected to receive from the United States Treasury Department (the "Treasury") certain federal grants provided by section 1603 of the American Recovery and Reinvestment Tax Act of 2009 (the "Grants") upon completion of the Solar Projects. *See* Bernhart Declaration, ¶ 9.

---

[2] Because various of the agreements discussed herein are subject to confidentiality requirements, the Debtor has provided an accurate description of the relevant provisions, without submitting copies of the documents themselves.

3

ACTIVE 25044724v1 03/10/2014

7. AEF then contracted with the Debtor to serve as the "turn key" contractor, and the Debtor contracted with numerous vendors and subcontractors (collectively, the "Subcontractors") with respect to the construction and installation of certain of the Solar Projects. *See* Bernhart Declaration, ¶ 10.

8. Disputes arose between AEF and the Debtor, which were resolved in a settlement agreement dated January 2, 2014 (the "Settlement Agreement").[3]  ██████████████████ ██████████████████████████████████████████████████████ ████████████████████████████████████████ *See* Bernhart Declaration, ¶ 11.

9. Under the Settlement Agreement, AEF assigned to the Debtor all of AEF's rights under certain of the Service Agreements (the "Assigned Service Agreements"), and all of AEF's rights to the Grants. The Debtor stepped into AEF's shoes under the Assigned Service Agreements, and became entitled to AEF's benefits (including the Supplier Fees, the Rebates, and the Grants), and responsible for AEF's obligations, thereunder. These obligations include the responsibility to promptly discharge and release all liens, claims and encumbrances against CBS and the CBS Property that have accrued with respect to the Subcontractors. *See* Bernhart Declaration, ¶ 12.

10. In addition, under the "Reassignment of Utility Rebates" dated September 17, 2013, and attached as an exhibit to the Settlement Agreement, AEF specifically assigned to the Debtor all of AEF's rights to the Rebates under the Assigned Service Agreements. In turn, the Debtor covenanted to apply the Rebates to fully satisfy any liens, debts, claims and/or liabilities arising with respect to the Subcontractors prior to any other use or disbursement of such funds. *See* Bernhart Declaration, ¶ 13.

11. ████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████

---

[3] A true and correct copy of the Settlement Agreement is annexed as Exhibit "A" to the Bernhart Declaration.

4

1  █████████████████████████████████████████████████████████████
2  ███████████████████
3     12.  ████████████████████████████████████████████████████
4  █████████████████████████████████████████████████████████████
5  █████████████████████████████████████████████████████████████
6  █████████████████████████████████████████████████████████████
7  ████████████████████████████████
8     13.  ████████████████████████████████████████████████████
9  █████████████████████████████████████████████████████████████
10 █████████████████████████████████████████████████████████████
11 ██████████████████████████████████████
12    14.  ████████████████████████████████████████████████████
13 █████████████████████████████████████████████████████████████
14 █████████████████████████████████████████████████████████████
15 █████████████████████████████████████████████████████████████
16 █████████████████████████████████████████████████████████████
17 █████████████████████████████████████████████████████████████
18 █████████████████████████████████████████████████████████████
19 ███████████████████

20    15.    The Debtor has already submitted Grant applications to the US Treasury for Phase III and Phase V, and anticipates that in approximately two months, it will have submitted a complete and final Grant application for Phase IV. ████████████████████████████████ ███████████████████████████████████████████████████████████ The Debtor undertakes to set aside $40,000 from the Phase V Rebate, upon receipt of same from AEF, as adequate assurance that it will make this payment to AEF when due under the Settlement Agreement.  *See* Bernhart Declaration, ¶ 18.

    16.    The Debtor anticipates that the LADWP will issue a Rebate (in the range of $500,000 to $1 million) upon the completion of certain paperwork related to Phase IV of the Solar

ACTIVE 25044724v1 03/10/2014

Projects (the "Phase IV Rebate"), anticipated to occur in approximately two months. *See* Bernhart Declaration, ¶ 19. The Debtor expects that, in or around September, 2014, the Treasury will issue the Grants with respect to Phase III and Phase V in the aggregate amount of approximately $1.54 million. The Debtor expects that the Treasury will issue the Grant for Phase IV, in the amount of approximately $640,000, eight months after the Debtor submits the final Grant application (as noted above, approximately two months from now). ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Since these Rebate and Grant payments vastly exceed $110,000, they adequately assure that the Debtor will be able to make the $110,000 to AEF when due under the Settlement Agreement. *See* Bernhart Declaration, ¶ 19.

17. On or about February 11, 2014, the LADWP issued a Rebate in connection with the completion of Phase V of the Solar Projects in the amount of $977,946 (the "Phase V Rebate"). Debtor is informed and believes that AEF currently is in possession of the Phase V Rebate. *See* Dkt #236.

18. The Debtor estimates that the Supplier Fees it will be entitled to receive from CBS over the next ten years under the Assigned Service Agreements have an aggregate discounted present value of approximately $4.4 million. *See* Bernhart Declaration, ¶ 21.

19. In sum, if the Debtor continues to perform under the Assigned Service Agreements, in addition to the $977,946 Phase V Rebate, the Debtor stands to benefit an aggregate of approximately another $7.04 - $7.54 million ($500,000 - $1 million Phase IV Rebate, $2.14 million in Grants, plus $4.4 million in Supplier Fees). *See* Bernhart Declaration, ¶ 22.

20. On the other hand, the Debtor's failure to use the Phase V Rebate to fully satisfy the Subcontractors Claims would be an event of default under the Assigned Service Agreements, entitling CBS to (a) terminate the Assigned Service Agreements and (b) require the Debtor to remove the Solar Projects at its own cost. If the Debtor defaulted, and CBS so elected, not only would the Debtor lose its entitlement to future Supplier Fees, Rebates, and Grants (in the aggregate approximate amount of $7.04 - $7.54 million) and incur Solar Projects removal costs (of approximately $1 million), but, also, the LADWP and the Treasury might seek to recapture prior

6

1 Rebates and Grants that had already been paid on completed Phases of the Solar Projects.  *See*
2 Bernhart Declaration, ¶ 23.

3    21.    On February 25, 2014, AEF filed its *Motion to Compel Debtor to Accept or Reject*
4 *Executory Contract, and for Court Direction as to Property* [Dkt #236] ("AEF's Motion").  AEF's
5 Motion requests the Court, among other things, to order that the Debtor assume or reject the
6 Settlement Agreement by a date certain and that the Subcontractors be paid from the Phase V
7 Rebate.  AEF's Motion is set for hearing on March 20, 2014 and Debtor is seeking to have this
8 Assumption Motion heard on the same date.  The AEF Motion should be deemed to have become
9 moot by the Debtor's filing of the Assumption Motion.

10    22.    On March 7, 2014, the Debtor filed its Motion for Authority to Pay Subcontractor
11 Claims [Dkt #340] ("Subcontractor Motion"), requesting the Court to authorize the Debtor to use the
12 proceeds of the Phase V Rebate to pay the Subcontractors listed in Exhibit "A" to the Declaration of
13 Klaus Bernhart filed in support thereof (all of whom have executed releases).  The Subcontractor
14 Motion is set for hearing on April 14, 2014.

### III.
### RELIEF REQUESTED

17    23.    By this Assumption Motion, Debtor respectfully requests that this Court enter an order
18 (i) authorizing and approving Debtor's assumption of the Settlement Agreement; and (ii) directing
19 AEF immediately to remit the Phase V Rebate under the terms of the Settlement Agreement.

### IV.
### LEGAL ARGUMENT

22    24.    Section 365(a) of the Bankruptcy Code provides that a debtor, subject to the court's
23 approval, may assume or reject any executory contract.[4]  See 11 U.S.C. § 365(a); First Ave. W.
24 Bldg., LLC v. James (In re Onecast Media, Inc.), 439 F.3d 558, 563 (9th Cir. 2006).  A debtor's
25 decision to assume or reject an executory contract or unexpired lease must only satisfy the "business

---

[4] An executory contract is one on which performance is due to some extent on both sides, where the obligations of both parties are so far unperformed that the failure of either party to complete performance would constitute a material breach and thus excuse the performance of the other. Commercial Union Ins. Co. v. Texscan Corp. (In re Texscan Corp.), 976 F.2d 1269, 1272 (9th Cir. 1992); Griffel v. Murphy (In re Wegner), 839 F.2d 533, 536 (9th Cir. 1988).

7

ACTIVE 25044724v1 03/10/2014

judgment" rule.  See Agarwal v. Pomona Valley Med. Group, Inc. (In re Pomona Valley Med. Group, Inc.), 476 F.3d 665, 670 (9th Cir. 2007); Robertson v. Pierce (In re Chi-Feng Huang), 23 B.R. 798, 800-01 (B.A.P. 9th Cir. 1982).  The primary concern in this regard is whether the assumption or rejection benefits the bankruptcy estate; assumption or rejection should only be disapproved when such action is so manifestly unreasonable that it could not be based on sound business judgment, but only on bad faith, or whim or caprice.  In re Ponoma Valley Medical Group, 476 F.3d at 670; In re Chi-Feng Huang, 23 B.R. at 801.  Thus, a debtor satisfies the "business judgment" test when it decides, in good faith, that assumption or rejection may benefit the estate.  In re FCX, Inc., 60 B. R. 405, 411 (Bankr. E.D. N.C. 1986); In re Chipwich, Inc., 54 B.R. 427, 430-31 (Bankr. S.D.N.Y. 1985); Commercial Fin. Ltd. v. Hawaii Dimensions (In re Hawaii Dimensions), 47 B.R. 425, 427 (Bankr. D. Haw. 1985).

25.    The Settlement Agreement is an executory contract because there are material unperformed obligations on both sides: ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████

26.    The Settlement Agreement entitles the Debtor to the Phase V Rebate (in the amount of $977,946), plus future Rebates, Grants and Supplier Fees (in the aggregate approximate amount of $7.04 - $7.54 million).  If the Debtor does not assume the Settlement Agreement, the Debtor not only stands to forfeit these highly valuable assets, but also might subject itself to significant additional liabilities (in the form of removal costs and clawed-backed Rebates and Grants), jeopardizing recoveries to all creditors in the Chapter 11 Case.  Thus, the relief requested in this Assumption Motion is in the best interests of the Debtor, its Estate and creditors.

27.    The Debtor is not in default of any payment or other obligation under the Settlement Agreement.  See Bernhart Declaration, ¶ 26.  Although the AEF Motion asserts that the Debtor somehow breached the Settlement Agreement based on a representation in a separate asset purchase agreement that the Debtor was not contemplating bankruptcy, this is not true for at least the following two reasons:

8

ACTIVE 25044724v1 03/10/2014

1  (a) The Debtor did not falsely misrepresent that it was not contemplating bankruptcy.
2  Rather, that representation was mistakenly left in the final asset purchase agreement after AEF was
3  informed it was intended to be deleted. *See* Bernhart Declaration, ¶ 26.
4  (b) █████████████████████████████████████████
5  ████████████████████████████████████████████████
6  ████████████████████████████████████████████████
7  ████████████████████████████████████████████████
8  ████████████████████████████████████████████████
9  ████████████████████████████████████████████████
10 ████████████████████████████████████████████████
11 ██████████████████████████████████  ██████████
12 ████████████████████████████████████████████████
13 ████████████████████████████
14    ██████████████████████████████████
15 ████████████████████████████████████████████████
16 ████████████████████████████████████████████████
17 ████████████████████████████████████████████████
18 ████████████████████████████████████████████████
19 ██████████████████████████████████  There is (and can be) no allegation that the Debtor
20 has failed to take any of the actions necessary toward the submission of the Rebate and Grant
21 applications. *See* Bernhart Declaration, ¶ 26.
22    28.    Furthermore, even were the Debtor required (which it is not) to provide adequate
23 assurance of future performance under section 365(b)(1)(C), the Debtor easily satisfies such
24 requirement by: (a) undertaking to set aside $40,000 from the Phase V Rebate to pay the second
25 installment to AEF when it comes due under the Settlement Agreement ████████████
26 █████; and (b) the magnitude of the Phase IV Rebate and Phase III, IV and V Grants (aggregating
27 approximately $2.7 - $3.2 million) ██████████████████████████████
28 ████████████████████████████████████████

9

ACTIVE 25044724v1 03/10/2014

# V.

# CONCLUSION

29. Wherefore, for the reasons and based on the authorities set forth herein, the Debtor respectfully requests the Court to grant the Assumption Motion in its entirety and enter the proposed Order annexed hereto as **Exhibit 1,** authorizing Debtor to assume the Settlement Agreement and directing AEF to remit the Phase V Rebate (and any other Rebate or Grant funds it might receive) to the Debtor pursuant to the terms of the Settlement Agreement. The Debtor also requests such other and further relief as is just and proper.

DATED this 11th day of March 2014.

**FOX ROTHSCHILD LLP**

By: ___/s/Brett A. Axelrod___
 BRETT A. AXELROD, ESQ.
 Nevada Bar No. 5859
 MICAELA RUSTIA MOORE, ESQ.
 Nevada Bar No. 9676
 3800 Howard Hughes Parkway, Suite 500
 Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*

ACTIVE 25044724v1 03/10/2014

**EXHIBIT 1**
**PROPOSED ORDER**

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile:  (702) 597-5503
Email:  baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re,<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER GRANTING DEBTOR'S MOTION TO ASSUME SETTLEMENT AGREEMENT WITH ALTERNATIVE ENERGY FINANCING, LLC**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having reviewed and considered Debtor's[5] Motion (the "<u>Motion</u>") for an order pursuant to 11 U.S.C. sections §§ 105(a) and 365, and Bankruptcy Rules 6006 and 9014, for

---

[5] All capitalized, undefined terms shall have the meaning ascribed to them in the Motion.

11

ACTIVE 25044724v1 03/10/2014

authority to assume the Settlement Agreement with Alternative Energy Financing, LLC, as more fully set forth in the Motion; and upon consideration of the Declaration of Klaus Bernhart in support thereof; and the Debtor having appeared by and through its proposed counsel, Fox Rothschild LLP, and all other appearances having been noted on the record; the Court having stated its findings of fact and conclusions of law on the record at the hearing on the Motion, which findings of fact and conclusions of law are incorporated herein by this reference in accordance with Federal Rule of Civil Procedure 52, as made applicable by Bankruptcy Rule 9014; and it appearing that the relief requested is (a) necessary to best preserve the Debtor's ongoing business operations and its ability to successfully reorganize, (b) within the Debtor's sound business judgment, and (c) in the best interests of the Debtor, the estate and creditors; after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED** that the Motion is GRANTED; and

**IT IS FURTHER ORDERED** that

1. Any stay pursuant to Bankruptcy Rule 6004(h) or otherwise is hereby waived, and this Order shall be effective immediately;

2. The Debtor is authorized and directed to assume the Settlement Agreement;

3. AEF is directed to remit the Phase V Rebate check, and any other Rebate or Grant funds received, to the Debtor forthwith under the terms of the Settlement Agreement;

4. The Debtor is authorized and directed to set aside $40,000 from the Phase V Rebate check as adequate assurance of future performance under the Settlement Agreement; and

5. This Court shall, and hereby does, retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Order.

ACTIVE 25044724v1 03/10/2014

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By _____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC*
*and Martifer Solar USA, Inc.*

### CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

### #

ACTIVE 25044724v1 03/10/2014