CARLYON LAW GROUP, PLLC
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
3333 E. Serene Avenue, Suite 110
Henderson, NV 89074
Telephone No. (702) 685-4444
Facsimile No.  (702) 471-7435
Email: ccarlyon@ccarlyon.com

*[Proposed] counsel for Roland Kiser and Klaus Bernhart, the responsible officers of the Debtor*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC a Nevada limited liability company,<br><br>____ Affects Martifer Aurora Solar, LLC<br>____ Affects Martifer Solar USA, Inc.<br> X   Affects all Debtors<br><br>Debtors. | Case No.:  BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly administered under<br>**Case No.:  BK-S-14-10355-abl**<br><br>Chapter 11<br><br>**AMENDED AND SUPPLEMENTAL APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CARLYON LAW GROUP, PLLC AS SPECIAL COUNSEL TO THE DEBTOR VIA ROLAND KISER AND KLAUS BERNHART, ITS RESPONSIBLE OFFICERS; REQUEST FOR APPROVAL OF NUNC PRO TUNC EMPLOYMENT EFFECTIVE FEBRUARY 27, 2014**<br><br>DATE:  March 20, 2014<br><br>TIME:  1:30 p.m. |

Roland Kiser and Klaus Bernhart, the responsible officers (the "Officers") of the Debtors in Possession Martifer Solar USA, Inc. ("Debtor") and Martifer Aurora Solar, LLC ("Aurora" and, together with Debtor, Debtors") in the above-captioned bankruptcy proceeding hereby apply to the Court for an Order approving the Officers' Amended and Supplemental

Application for Order Authorizing Retention and Employment of Carlyon Law Group, PLLC, as Special Counsel to the Debtor via Roland Kiser and Klaus Bernhart, its Responsible Officers; Request for Approval of Nunc Pro Tunc Employment Effective February 27, 2014 (the "Application"). This Application is brought pursuant to Section 327 of title 11 of the United States Code (the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and is based on the facts set forth herein, the legal authorities provided in Section X, below, the pleadings, papers and records cited in this Application,[1] and the Declaration of Roland Kiser submitted herewith.

# I.
# INTRODUCTION

1. On January 21, 2014, Debtors each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in this Court.

2. Debtors have continued and are operating and managing their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107 and 1108.

3. Pursuant to an Order [Doc. No. 72] of the Court entered January 29, 2014, the Chapter 11 Cases were administratively consolidated under the bankruptcy case of Martifer Aurora Solar, LLC ("Aurora"), case no. BK-14-10355-abl.

---

[1] Pursuant to FRE 201(b), the Court may take judicial notice of a fact that is not subject to a reasonable dispute. "[T]he Federal Rules of Evidence …permit this Court to take judicial notice, "whether requested or not," of its own docket and of pleadings filed in cases before it. In re Kleibrink, 346 B.R. 734, 744 (Bankr. N.D. Tex. 2006) aff'd, 3:07-CV-0088-K, 2007 WL 2438359 (N.D. Tex. Aug. 28, 2007) aff'd, 621 F.3d 370 (5th Cir. 2010). Courts may also take judicial notice of matters of public record. In re Fink, 351 B.R. 511, 520 (Bankr. N.D. Ill. 2006). Where such documents are signed under oath, such as schedules and statements, the documents may also be utilized as evidence once judicial notice is taken. See, e.g., In re Harmony Holdings, LLC, 393 B.R. 409, 413-14 (Bankr. D.S.C. 2008). Movant requests that the Court take judicial notice of the pleadings specifically identified in this Application, and consider as evidence such prior sworn statements.

4. On February 4, 2014, this Court entered an Order Designating Responsible Persons [Debtor Doc. No. 88; Aurora Doc. No. 90[2]], appointing Roland Kiser, Chief Executive Officer, and Klaus Bernhart, Chief Financial Officer, as the natural persons responsible for the duties and obligations of the Debtors in these Chapter 11 Cases.

5. The United States Trustee appointed a creditors' committee by filing that certain Notice of Appointment of the Official Committee of Unsecured Creditors on February 14, 2014. Doc. No.177.

6. As reflected in the pleadings on file in this case[3], Debtor is 99.29% owned by Martifer Solar, Inc. Aurora is owned by Debtor. Thus, the Debtors are directly or indirectly owned by Martifer Solar, Inc. See, e.g., Corporate Ownership Statement (Rule 7007.1)(Debtor Doc. No. 106); List of Equity Security Holders (Debtor Doc. No. 107). Martifer Solar, Inc., is a Delaware company owned by Martifer Solar, S.A., a Portuguese Company, which is owned by Martifer Group. See Doc. No. 15 at p. 4; Interim Order Approving Use of Cash Collateral, Doc. No. 107, at 3.

7. Debtor's parent also controls the Debtor's Executive Committee, whose members consist of Pedro Periera, the President of Martifer Solar, Inc., and Henrique Rodrigues, CEO of Martifer Solar, Inc.

8. Martifer Solar, Inc. is also the interim and proposed DIP lender to the Debtor.

9. Mr. Periera is the Lender's designee with regard to the DIP. See Debtor Doc. No 40, p. 21 (DIP Credit Agreement).

10. Debtor's primary prepetition secured creditor is Cathay Bank, which states that it is owed in excess of $6.3 million secured by the assets of the Debtors. See Objection

---

[2] Unless otherwise noted, docket references are to the Aurora docket.

3

Of Secured Creditor Cathay Bank To Emergency Motion For Approval Of Dip Financing By Insider Non-Debtor Entity, Doc. No. 63, at p. 2.  The Cathay Bank loan is also subject to certain guaranties and subordination agreements on the part of Martifer Solar, Inc. and Martifer Solar, S.A.  See id.; see also Doc. No. 64. Prepetition, Cathy Bank instituted suit against Debtor, as well as Martifer Solar, Inc. and Martifer Solar, S.A.  See Doc. 15 p. 11-12.

11. Debtors also schedule unsecured claims in excess of $22 million.  See Debtor's Amended Schedule D, Doc. No. 110, at p. 104.

12. In November of 2012, Debtor engaged Roland Kiser as its CFO, and Mr. Kiser was subsequently promoted to CEO.  Mr. Kiser has over 20 years of senior executive experience in the energy and financing sectors, including serving as the General Manager and Chief Operating Officer of HSH Nordbank where he spearheaded the startup of U.S. operations and facilitated the growth of HSH Nordbank's energy business to become a $6 billion leader in renewable energy financing, funding more than 4.5 GW (gigawatts) of wind and solar projects..  Mr. Kiser has also formerly served as the Chief Operating Officer of UBS Americas and the President and CEO of Kenyon Energy. See Doc. 15 at p. 17-18.

13. Debtor also engaged Klaus Bernhart as CFO of Debtor and as manager of Aurora, and Roland Kiser as CEO. Mr. Bernhart has over 35 years of international experience in U.S. and European commercial and investment banking. He has originated, structured, led, managed and syndicated in excess of $25 billion of global energy/renewable energy transactions. His experience includes serving as the Senior Executive Vice President, the General Manager, the Regional Head of the Americas and the Global Head of Energy at

---

[3] Pursuant to FRE 201, Officers request that the Court take judicial notice of the pleadings in this case which are referenced by docket number herein.

4

HSH Nordbank – where he positioned the bank as the top global financial institution in Renewable Energy. Doc. No. 25 at pps. 2-3.

14. Mr. Bernhart and Mr. Kiser completed a restructuring assessment in January of 2013, and have implemented numerous measures to improve the financial viability of the Debtors. Doc. #15 at 18-20.

15. Prepetition, Debtors commenced the process of attempting to obtain post-petition financing. Debtors engaged James Wong of Armory Consulting Company. Mr. Wong is an experienced financial advisor who previously worked at Merrill Lynch and Grant Thorton. Mr. Wong holds a M.S. in Business Management from Stanford University and is a Certified Insolvency and Restructuring Advisor. Debtor Doc. No. 26.

16. With Mr. Wong's assistance, Debtors made an extensive effort to locate potential sources of postpetition financing. Debtors contacted over twenty (20) potential sources of post-petition financing, and five (5) parties signed Non-Disclosure Agreements. However, the only viable source of post-petition financing which has progressed to the point of funding to date is Martifer Solar, Inc.

17. An additional potential source of financing (and/or an ultimate restructuring transaction), BayWa r.e. renewable energy GmbH, ("BayWa") has provided a letter of intent and is pursuing discussions regarding a potential acquisition of Debtor.

18. The value of the Debtor is inherently tied to its ability to complete its pending contracts and obtain resulting payments, including tax incentives. See Doc. 15 at pps. 5-14.

19. Officers are parties to employment agreements with the Debtor (and has requested confirmation from Martifer Solar, Inc. of its guaranty of the monetary obligations under those agreements) which provide, *inter alia*, for employment through March 10, 2014, subject to extension upon agreed upon terms; for payment of restructuring fees of $75,000 to

5

Mr. Kiser and $50,000 to Mr. Bernhart on March 10, 2014; and for a four-month salary severance payment at the time of termination.

20. On approximately February 27, 2013, Counsel for the Debtors suggested that the Officers retain independent counsel. The need for independent counsel stems from the fact that the corporate management of the Debtor outside of bankruptcy is effectively vested in its parent, which is also its DIP lender; while the responsible persons designated to act in connection with this case are the Officers. The Officers are dedicated to pursuing the reorganization of the Debtors for the benefit of the creditors and the estate. In exercising their independent judgment with respect to the reorganization, it is necessary and appropriate for the Officers to be advised by counsel who is not directed by the Debtor's parent/DIP Lender.[4]

21. On March 7, 2014, Debtors filed a motion to engage FTI Consulting, Inc. as Chief Restructuring Officer. Doc. No. 333 (the "FTI Application"). The FTI Application further states: "Upon the Court's approval of this Motion, Michael Tucker, as Debtors' Chief Restructuring Officer, will become the natural person responsible for the duties and obligations of the Debtors in these Chapter 11 Cases, thereby superseding the prior designations of Roland Kiser and Klaus Bernhart as Debtors' responsible persons." FTI Application at p. 4.

/ / /

/ / /

/ / /

/ / /

---

[4] See, e.g., In re Count Liberty, L.L.C., 370 B.R. 259, 275-76 (C.D. Ca. 2007)(discussing nature of the fiduciary duties of the Debtor's officers to act in the best interests of the estate).

6

## II.
## JURISDICTION AND VENUE

22. This Court has jurisdiction to consider this Application pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## III.
## RELIEF REQUESTED

23. By this Application, Officers seek an order pursuant to Bankruptcy Code sections 327(a), 328, 1107 and 1108, Bankruptcy Rules 2014(a), 2016, 5002 and 9034 and Local Rule 2014 authorizing the retention and employment of Carlyon Law Group, PLLC ("Carlyon Law Group"), as special counsel to the Debtors' Officers- Roland Kiser and Klaus Bernhart – with regard to the discharge of their duties in connection with these Chapter 11 Cases, as described below, in accordance with Carlyon Law Group's normal hourly rates and reimbursement policies.

## IV.
## RETENTION OF CARLYON LAW GROUP

24. The Officers have selected Carlyon Law Group for the reason that said professional persons have had considerable experience in matters of this character, and the scope of professional services to be rendered, and for the reasons that the Officers believe that Carlyon Law Group is well qualified to represent the Officers as special counsel in this proceeding, and that the employment of said firm would be in the best interest of the estate. Bankruptcy Rule 2014(a).

25. The terms of Carlyon Law Group's retention is set forth in the engagement agreement entered into on March 4, 2014 and the Verified Statement of Candace C. Carlyon In Support of Application For Order Authorizing Retention of Carlyon Law Group, PLLC, as Special Counsel to Responsible Officers of the Debtor Roland Kiser and Klaus Bernhart (the

7

"Carlyon Verified Statement"). A copy of the engagement agreement is attached hereto as Exhibit 2.

26. Accordingly, Officers believe that Carlyon Law Group is both well qualified and able to represent their interests in these Chapter 11 Cases in an efficient and timely manner and that such representation is in the best interests of Debtors, their estates, and constituents.

## V.
## SCOPE OF EMPLOYMENT

27. Officers seek to retain the Carlyon Law Group as special counsel to represent the Officers in their capacity as responsible officers of the Debtors with respect to the Debtors' Case.

28. The Officers require knowledgeable counsel to render these essential professional services, separate and apart from Counsel to the Debtors. As described below, Carlyon Law Group has substantial expertise in the areas for which it is being retained. As a result, Carlyon Law Group is well-qualified to perform these services and represent the Officers with respect to the Debtors' Chapter 11 Cases.

## VI.
## QUALIFICATIONS

29. Carlyon Law Group is well suited for the type of representation required by the Officers. Carlyon Law Group has experience in all aspects of the law that are likely to arise in these Chapter 11 Cases including, among others, bankruptcy, financial restructuring, corporate, and litigation matters.

30. A summary of the qualifications and experience of those attorneys who are expected to render services to Debtors is attached as Exhibit 3.

8

31. Carlyon Law Group is well qualified to represent the Officers as counsel in this proceeding, and that the employment of said firm would be in the best interest of the Debtors' estates. Bankruptcy Rule 2014(a).

## VII.

## DISINTERSTEDNESS

32. To the best of the Officers' knowledge, information and belief, other than as may be set forth herein or in the Carlyon Verified Statement and exhibits attached thereto, Carlyon Law Group does not hold or represent any interest adverse to the Officers, the Debtors or Debtors' estates, and Carlyon Law Group is a "disinterested person," as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

33. Prior to the commencement of these Bankruptcy Cases, Carlyon Law Group did not represent Officers or the Debtors.

34. Carlyon Law Group does not have any connection with the judge of these Cases, the United States Trustee for Region 17, or any person employed in the Office of the United States Trustee for the District of Nevada.

/ / /

/ / /

/ / /

/ / /

9

## VIII.
## COMPENSATION

35. In connection with the representation of the Officers with respect to this case Carlyon Law Group will request compensation from the Debtors' estates along with other professionals.

36. While Carlyon Law Group has agreed to seek compensation in connection with theses Bankruptcy Cases from the Debtors' estates, Officers have agreed to be, and are jointly and severally liable for, any legal fees of Carlyon Law Group which are determined to be non-compensable by the estate as being the individual obligations of the Officers.

37. Carlyon Law Group bills for professional time based upon hourly rates; however, charges are incurred in one-tenth of an hour increments. Ms. Carlyon's current hourly rate is $575 per hour; lower rates are charged by other professionals and by paraprofessionals. These rates are subject to review and change reflective of advancing experience and skills of our professionals as well as general economic conditions. Such changes customarily take effect on the first of each year.

38. In addition to fees, the Carlyon Law Group charges for ordinary expenses, including electronic reproduction ($.15 per copy); scanning and printing of electronically transmitted documents ($.10 per page); messengers; computerized research, long distance telephone charges, travel, postage, filing fees, court fees, transcripts, extraordinary purchases, and any out of pocket expenses. Such charges are subject to adjustment from time to time.

39. No agreement or understanding exists between Carlyon Law Group and any other entity or person for the sharing of compensation to be received for services rendered in connection with this case.

/ / /

10

## IX.
## NO PRIOR APPLICATION

40. No previous application for the relief requested herein has been made to this Court or any other court.

## X.
## LEGAL AUTHORITY

### A. Officers Have the Right to File the Application

41. Officers are the responsible parties appointed by the Court. As such, they retain the responsibility to act on behalf of the Debtor. The Court appointed the Officers as "the natural persons responsible for the duties and obligations of the Debtor in this Chapter 11 Case" (Doc. No. 90). The court has the authority to appoint such a responsible person to "perform the duties of the Debtor-in-Possession under the Code and … conduct the affairs of the business" even to the exclusion of the Debtor's board of directors. Matter of FSC Corp., 38 B.R. 346, 347 (Bankr. W.D. Pa. 1983). As provided by Fed.R. Bankr.P. 9001(5):

> When any act is required by these rules to be performed by a debtor … and the debtor is not a natural person: (A) if the debtor is a corporation, "debtor" includes, <u>if designated by the court</u>, any or all of its officers, members of its board of directors or trustees or of a similar controlling body, a controlling stockholder or member, or any other person in control….

(Emphasis added). "Per the rule, it is the *court* that selects the appropriate representative to appear at the meeting, and *not* the corporate debtor." <u>In re Muy Bueno Corp.</u>, 257 B.R. 843, 847 (Bankr. W.D. Tex. 2001)

42. Here, such appointment is particularly crucial given the potential conflicts of interest between the Debtor's parent/DIP Lender, which controls the Debtor's board of directors; and the interest of the Debtor in maximizing the return to all creditors.

> The Bankruptcy Code authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Further, it states that the rights

11

and powers of a debtor in possession are subject "to such limitations or conditions as the court prescribes." 11 U.S.C. § 1107(a). Matter of Gaslight Club, Inc., 782 F.2d 767, 770 (7th Cir. 1986). "[T]he shareholders' right to control a Chapter 11 debtor-in-possession is not without limitations under the Bankruptcy Code. Section 1107(a) specifically provides that a debtor-in-possession shall have all (or almost all) of the rights, powers and duties of a trustee subject '*to such limitations or conditions as the court prescribes ...*'". Matter of Lifeguard Indus., Inc., 37 B.R. 3, 17 (Bankr. S.D. Ohio 1983). "[T]he court has considerable authority to interfere with the management of a debtor corporation in order to protect the creditors' interests." Matter of Gaslight Club, Inc., 782 F.2d 767, 770 (7th Cir. 1986). Compare In re Boileau, 736 F.2d 503, 506 (9th Cir. 1984)("debtor-in-possession has no power except such as the court may allow" (citation omitted)); In re Real Estate Partners, Inc., SA 07-13239 TA, 2007 WL 7025114 (Bankr. C.D. Cal. Nov. 20, 2007) aff'd, SA CV 07-1440 ODW, 2009 WL 3246619 (C.D. Cal. Oct. 5, 2009)("former management would have no continuing role and that … responsible person would only be answerable to the Court.").

43. As this Court has entered orders, which are still in effect, appointing Officers as the responsible persons to act on behalf of the Debtors, Officers have the right to move for employment of special counsel.

B. **Appointment of Special Counsel to Assist the Officers is Appropriate**

44. As the responsible party, it is the prerogative of Officers to make decisions with respect to counsel. See In re Boileau, 736 F.2d 503 (9th Cir.1984) (when examiner with expanded powers was appointed by stipulation of the parties to avoid appointment of a trustee, the examiner, not the former management of debtor, had authority to waive the attorney-client privilege); Gaslight Club, 782 F.2d at 770 (responsible officer had exclusive authority to employ agents of the debtor).

45. Bankruptcy Code Section 327(e) provides:

> **(e)** The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

46. Pursuant to Bankruptcy Code Section 330, the power of the "trustee" is exercisable by the debtor in possession, and pursuant to Fed.R.Bankr.P. 9001(5), the Debtor acts through the Officers.

47. Some Courts have approved attorneys' fees for professionals without a separate order for employment. In In re Met-L-Wood Corp., 103 B.R. 972, 975 (Bank. N.D. Ill. 1989). Debtor's attorneys themselves engaged counsel, Jenner & Block, to represent them against allegations raised by the Trustee, upon their successful defense, the attorneys sought compensation from the estate. The Trustee objected to the request for payment, on the grounds that Jenner & Block had not been approved by the Bankruptcy Court. There, the Bankruptcy Court held that such approval was unnecessary, and that the estate was responsible for the payment of the requested fees. A similar result was reached in <u>In re American Preferred Prescription, Inc</u>., 218 B.R. 680 (Bankr. E.D.N.Y. 1998). Citing the <u>Met-L-Wood</u>, the Court in that case held that the attorneys' for Debtor's accountants were entitled to include in their fee application the legal fees they had incurred in connection with a dispute over their retention. The Court awarded the requested fees, holding that the fees were necessary & crucial "to [the accountant's] execution of its duties…." <u>In In re Borders Group, Inc.</u>, 456 B.R. 195 (S.D.N.Y. 2011), the U.S. Trustee objected to the payment of reimbursement of legal expenses incurred by the Debtor's Compensation Consultant, Mercer (US) Inc., which had in turn engaged Freeborn & Peters, LLP as its counsel with respect to its services to the Debtor. The U.S. Trustee argued that the failure of Freeborn & Peters,

13

LLP to be employed pursuant to Bankruptcy Code Section 327(a) precluded the requested fee award.  The Court held that, since the professional's own contract provided for the Debtor to pay attorneys' fees,[5] such an award was appropriate without separate employment of Freeborn & Peters.  In so ruling, the Court noted that the same issue had been presented in the Blockbuster and Sbarro cases, with the judges reaching opposition conclusions.  Id. at 199.  In In re Adelphia Communications Corp., 2003 WL 22316543 (S.D.N.Y. 2003), the Court approved employment contracts which included reimbursement of legal fees for the Debtor's CEO and COO.  Id. at 20-21; 35.

48.     Other courts have employed counsel to fulfill a role such as is here presented. In In re Station Casinos, Inc., Case BK-N-#09-52477[6], Judge Zive approved the retention and subsequent payment of a separate set of professionals to represent the Special Litigation Committee of the Board of Directors, which was formed to independently investigate and take actions with respect to potential claims arising out of a prepetition acquisition.  See, e.g., Application for an Order, Pursuant to 11 U.S.C. §327(e), Fed.R.Bankr.P. 2014(a), 2016(b), and 6003, and Local Rule 2014, Authorizing Employment and Retention of Squire, Sanders & Dempsey LLP as Special Counsel to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. (Station Doc. No. 104), at p. 4; Application For An Order Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a), 2016(b), and 6003, and Local Rule 2014, Authorizing Employment and Retention of Odyssey Capital Group, LLC as Financial Advisor and Investment Banker to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. (Stations Doc. #108); Order, Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a), 2016(b) and 6003, and Local Rule 2014, Authorizing

---

[5] In this case, the Officers' prepetition contracts include attorneys' fees clauses, as well as provisions for reimbursement of all reasonable business expenses and separate indemnification agreements.

[6] References to "Station Doc." are to the docket entries in that case.

Employment and Retention of Squire, Sanders & Dempsey LLP as Special Counsel to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. (Station Doc. # 327); Order, Pursuant to 11 U.S.C. § 327(e), Fed. R. Bankr. P. 2014(a), 2016(b) and 6003, and Local Rule 2014, Authorizing Employment and Retention of Odyssey Capital Group, LLC as Financial Advisor and Investment Banker to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. (Station Doc. #328); Application for an Order, Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2014, Authorizing Employment and Retention of Global Gaming & Hospitality, LLC as Real Estate Advisor to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. *Nunc Pro Tunc* to November 6, 2009 (Station Doc. #574); Objection of the Official Committee of Unsecured Creditors to the Debtors' Application Order, Pursuant to 11 U.S.C. §§ 327(a) and 328(a), Fed. R. Bankr. P. 2014(a), and Local Rule 2014, Authorizing Employment and Retention of Global Gaming & Hospitality, LLC as Real Estate Advisor to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. *Nunc Pro Tunc* to November 6, 2009 (Stations Doc. #683); Order, Pursuant to 11 U.S.C. § 330, Fed. R. Bankr. P. 2014(a), and Local Rule 2014, Authorizing Employment and Retention of Global Gaming & Hospitality, LLC as Real Estate Advisor to the Special Litigation Committee of the Board of Directors of Station Casinos, Inc. *Nunc Pro Tunc* to November 6, 2009 (Station Doc. #716).  In In re Value City Holdings, Inc., 436 B.R. 300, 302 n.2 (S.D.N.Y. 2010), the Court noted that professionals retained in the case included management counsel for the Debtors.

48.  In this case, the Officers are charged with acting for the Debtor, and in that capacity have the authority to request approval of the employment.  There is a clear need for independent representation.  Recognizing that not retaining counsel pursuant to Section

15

327(e) is likely to create additional risk and litigation[7] regarding the compensation of the selected counsel, it is submitted that approval of retention is appropriate.

## XI.
## CONCLUSION

For the reasons stated above, the Officers respectfully request entry of an order authorizing the relief requested herein, substantially in the form attached hereto as Exhibit A, and granting such other and further relief as is just and proper.

Dated this 13th day of March, 2014.

*/s/Roland Kiser*_____
ROLAND KISER

---

[7] See, e.g., Borders, 456 B.R. at 203: "The U.S. Trustee's position, apparently a revised stance over the past two or three years, is that attorneys who do work on behalf of retained professionals should not be compensated by estate funds <u>unless they are separately retained under section 327.</u>" (Emphasis added.)

16

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT 1**

**PROPOSED ORDER**

CARLYON LAW GROUP, PLLC
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
3333 E. Serene Avenue, Suite 110
Henderson, NV 89074
Telephone No. (702) 685-4444
Facsimile No.  (702) 471-7435
Email: ccarlyon@carlyonsmith.com

*Counsel for Roland Kiser and Klaus Bernhart*
*as responsible officers of the Debtor*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC a Nevada limited liability company,<br><br>____Affects Martifer Aurora Solar, LLC<br>____Affects Martifer Solar USA, Inc.<br> X  Affects all Debtors<br><br>                          Debtors. | Case No.:  BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly administered under<br>**Case No.:  BK-S-14-10355-abl**<br><br>Chapter 11<br><br>**ORDER RE AMENDED AND SUPPLEMENTAL APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF CARLYON LAW GROUP, PLLC AS SPECIAL COUNSEL TO THE DEBTOR VIA ROLAND KISER AND KLAUS BERNHART, ITS RESPONSIBLE OFFICERS; REQUEST FOR APPROVAL OF NUNC PRO TUNC  EMPLOYMENT EFFECTIVE FEBRUARY 27, 2014**<br><br>Date:  March 20, 2014<br><br>Time:  1:30 p.m. |

The Court having reviewed and considered the Amended and Supplemental Application for Order Authorizing Retention and Employment of Carlyon Law Group, PLLC as Special Counsel to the Debtor via Roland Kiser and Klaus Bernhart, its Responsible Officers; Request for Approval of Nunc Pro Tunc Employment Effective February 27, 2014

(the "Application")[8] filed by Roland Kiser and Klaus Bernhart as responsible officers of Martifer Solar USA, Inc. ("Martifer USA") and Martifer Aurora Solar, LLC ("Aurora", and collectively with Martifer USA, the "Debtors"), debtors and debtors in possession in the above-referenced chapter 11 bankruptcy cases (the "Chapter 11 Cases"), (ii) the Verified Statement of Candace C. Carlyon In Support of Application For Order Authorizing Retention of Carlyon Law Group, PLLC, as Special Counsel to Responsible Officers of the Debtor Roland Kiser and Klaus Bernhart; and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of these Chapter 11 Cases and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Carlyon Law Group does not represent any other entity having an interest materially adverse to the interests of the Officers or Debtors in connection with the proposed employment; (3) the employment of special counsel to the Responsible Officers of the Debtors Roland Kiser and Klaus Bernhart is in the best interests of Debtors and their estates; and (4) good cause exists to approve the retention and employment of Carlyon Law Group:

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.  The Application is GRANTED in all respects.

2.  Pursuant to 11 U.S.C. § 327(a), Rules 2014(a), 2016(b) and 5002 of the

---

[8] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

19

Federal Rules of Bankruptcy Procedure, and Local Rule 2014, Responsible Officers of the Debtors, Roland Kiser and Klaus Bernhart, are authorized to retain and employ Carlyon Law Group as special counsel, effective February 27, 2014, to represent the Officers personally in their capacity as responsible officers of the Debtors with respect to the Debtors' Case under the terms set forth in the retainer agreement attached as Exhibit 1 to Application, effective February 27, 2014.

3. Carlyon Law Group shall be compensated from the Debtors' estates in accordance with the procedures set forth in the Application, 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Rules, guidelines established by the Office of the United States Trustee for the District of Nevada and such other procedures as may be fixed by Orders of this Court.

4. Carlyon Law Group is disinterested as that term is defined in Bankruptcy Code section 101(14), as modified by Bankruptcy Code section 1107(b), and used in Bankruptcy Code section 327(a).

5. The terms of this Order shall be immediately effective and enforceable upon its entry.

Prepared and respectfully submitted by

CARLYON LAW GROUP, PLLC


By: _____
CANDACE C. CARLYON, ESQ.
Nevada Bar No. 2666
ADAM P. BOWLER, ESQ.
Nevada Bar No. 8383
3333 E. Serene Avenue, Suite 110
Las Vegas, Nevada 89074

20