Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
       scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169
Email: zlarson@lzlawnv.com
       mzirzow@lzlawnv.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors of
Martifer Solar USA, Inc.

E-File: March 13, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

In re:

MARTIFER AURORA SOLAR, LLC, a
Nevada limited liability company,

☐ Affects Martifer Aurora Solar, LLC
☒ Affects Martifer Solar USA, Inc.
☐ Affects All Debtors

Case No.: BK-S-14-10355-abl
and BK-S-14-10357-abl

Jointly Administered Under
Case No.: BK-S-14-10355-abl

Chapter 11

**APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS ITS COUNSEL NUNC PRO TUNC TO FEBRUARY 28, 2014**

Hearing Date:   April 14, 2014
Time:           9:30 a.m.
Place:          300 Las Vegas Blvd. So.
                Courtroom 1
                Las Vegas, NV 89101

The Official Committee of Unsecured Creditors (the "Committee") of Martifer Solar USA, Inc. ("Martifer" or "Debtor"), one of the above-captioned debtors, hereby files this application (the "Application") to employ Pachulski Stang Ziehl & Jones LLP (the "Firm") as its counsel. This

DOCS_LA:275936.3 54697/001

Application is brought pursuant to section 1103 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Rules"), and requests entry of an order substantially in the form attached hereto as **Exhibit 1**. In support of the Application, the Committee respectfully represents as follows:

## STATEMENT OF FACTS

1. On January 21, 2014 (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"), under the jointly administered Case No. 14-10355-abl (the "Case").

2. The Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Pursuant to LR 9014.2, the Committee consents to the entry of final orders or judgments on this matter by the bankruptcy judge if it is determines that the bankruptcy judge, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

3. On February 14, 2014, the Office of the United States Trustee appointed the Committee. The members of the Committee are: (i) EPG Solar, LLC; (ii) SatCon Technology Corp.; (iii) Patriot Solar Group; (iv) Solar Optimum, Inc.; and (v) Northern Land Clearing. On February 28, 2014, the Committee selected the Firm as its general bankruptcy counsel.

## THE COURT SHOULD AUTHORIZE THE COMMITTEE
## TO EMPLOY THE FIRM AS THEIR GENERAL BANKRUPTCY COUNSEL

4. The Committee seeks Court approval to retain the Firm, *nunc pro tunc* to February 28, 2014, at the expense of the Debtor's estate (the "Estate"), to provide the legal services that will be required to represent the creditors holding unsecured claims against the Estates.

5. The Committee desires to retain the Firm because of its particular expertise in the areas of insolvency, business reorganization, and debtor/creditor matters. The Firm has extensive experience in representing debtors, trustees, individual creditors, committees of various

DOCS_LA:275936.3 54697/001

constituencies, asset purchasers, and investors in both in and out of court restructurings. The Firm's depth of experience in bankruptcy cases makes it uniquely qualified to represent the Committee. Therefore, the Committee believes that the Firm's retention is in the best interests of the Estate.

6. The Firm has represented creditors' committees in numerous bankruptcy cases nationwide in this District, including cases such as *Rhodes Homes*, *Nevada Cancer Institute* and *Rodeo Creek Gold, Inc.* Specifically, the Firm has represented debtors and creditors' committees in the renewable energy industry, including cases such as *Solyndra LLC, Evergreen Solar*, and *Powerplant Maintenance Specialists*.

7. A copy of the resume of the Firm's attorneys expected to provide services in this matter is attached hereto as **Exhibit 2**. Information on other attorneys in the Firm, and the Firm in general, can be found at the Firm's website: www.pszjlaw.com.

## THE LEGAL SERVICES TO BE PROVIDED BY THE FIRM FOR THE COMMITTEE

8. The Firm's services are necessary to enable the Committee to execute its duties. Subject to further order of this Court, the Firm is expected to render the following services, among others, to the Committee:

  a) assisting, advising and representing the Committee in its consultations with the Debtor regarding the administration of these cases;

  b) assisting, advising and representing the Committee in analyzing the Debtor's assets and liabilities, investigating the extent and validity of liens and participating in and reviewing any proposed asset sales, any asset dispositions, financing arrangements and cash collateral stipulations or proceedings;

  c) assisting, advising and representing the Committee in any manner relevant to reviewing and determining the Debtor's rights and obligations under leases and other executory contracts;

  d) assisting, advising and representing the Committee in investigating the acts, conduct, assets, liabilities and financial condition of the Debtor, the Debtor's operations and the desirability of the continuance of any portion of those operations, and any other matters relevant to this case or to the formulation of a plan;

  e) assisting, advising and representing the Committee in its participation in the negotiation, formulation and drafting of a plan of reorganization;

  f) assisting, advising and representing the Committee in understanding its powers and its duties under the Bankruptcy Code and the Bankruptcy Rules and in performing other services as are in the interests of those represented by the Committee;

DOCS_LA:275936.3 54697/001

g) assisting, advising and representing the Committee in the evaluation of claims and on any litigation matters; and

h) providing such other services to the Committee as may be necessary in this case.

9. Subject to the provisions of the Bankruptcy Code and the Bankruptcy Rules, the Committee proposes that the Firm be paid its customary hourly rates in effect from time to time and be reimbursed according to its customary reimbursement policies. The Firm was not paid any retainer prior to the filing of the Case. The attorneys currently expected to be principally responsible for the Case, and their respective hourly rates are as follows: Bradford J. Sandler ($775), Shirley S. Cho ($725) and Jason Rosell ($475). The hourly rate for the paralegal assigned to the case is Patricia Jeffries ($295). The hourly rates of all of the Firm's attorneys and paraprofessionals are available upon request.

10. The Firm understands that its compensation in the case is subject to the prior approval of this Court. No compensation will be paid except upon application to and approval by this Court after notice and a hearing in accordance with sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016 or pursuant to Court order in connection with any interim compensation procedure order entered in this case. It is contemplated that the Firm will seek interim compensation during the case as permitted by sections 330 and 331 of the Bankruptcy Code and Bankruptcy Rule 2016.

11. The Committee is informed and believes that there are no arrangements between the Firm and any other entity for the sharing of compensation to be received in connection with this case, except insofar as such compensation may be shared among the partners, of counsel, and associates of the Firm.

. . .

. . .

. . .

DOCS_LA:275936.3 54697/001

12. To the best of the Committee's knowledge, the Firm is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code and the Firm does not hold any interest adverse to the estates. To the best of the Committee's knowledge and based on the Cho Declaration, (i) neither the Firm nor any of its partners, of counsel, or associates represents any interest adverse to that of the Committee or the Debtors or of the Estates in the matters on which it is to be retained; (ii) neither the Firm nor any of its partners, of counsel, or associates is a creditor, equity security holder, or an "insider" of the Debtors as that term is defined in section 101(31) of the Bankruptcy Code; and (iii) neither the Firm nor any of its partners, of counsel, or associates is or was, within two years before the date of the filing of the petition, a director, officer, or employee of the Debtors.

13. The Committee is informed and believes that the Firm has conducted a conflicts check within the Firm's database and thus far, the Firm has not encountered any creditors of the Debtors in which an actual conflict exists between the Firm and such creditors. If, at any time during the course of this proceeding, the Firm learns of any representation which may give rise to a conflict, the Firm will promptly with the Court and the US Trustee, an amended declaration identifying and specifying such involvement.

**WHEREFORE**, the Committee requests that this Court approve the employment of Pachulski Stang Ziehl & Jones LLP as its counsel, *nunc pro tunc* to February 28, 2014 to render services as described above, with compensation to be paid by the Estate as an administrative expense in such amounts as this Court may hereafter determine and allow.

Dated: March 12, 2014

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

By: _____
Robert Babcock, EPG Solar, LLC
Authorized Chair Representative of the Committee
Solely in his Official Capacity on Behalf of the
Committee and not in any Individual Capacity

# EXHIBIT 1

Bradford J. Sandler (admitted pro hac vice)
Shirley S. Cho (admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
       scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile:  702/382-1169
Email: zlarson@lzlawnv.com
       mzirzow@lzlawnv.com

[Proposed] Attorneys for the Official Committee of
Unsecured Creditors of Martifer Solar, USA

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC, a<br>Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☑ Affects Martifer Solar USA, Inc.<br>☐ Affects All Debtors | Case No.: 13-50301-MKN<br>Chapter 11<br><br>**ORDER GRANTING APPLICATION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS TO EMPLOY PACHULSKI STANG ZIEHL & JONES LLP AS ITS COUNSEL NUNC PRO TUNC TO FEBRUARY 28, 2014**<br><br>Date: April 14, 2014<br>Time: 9:30 a.m. |

Upon the application (the "Application")[1] of the Official Committee of Unsecured Creditors (the "Committee") of Martifer Solar USA, Inc. ("Martifer"), seeking authorization to employ and retain Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm") as counsel for the Committee [Docket Number ___]; and upon the *Declaration of Shirley S. Cho in Support of Application of Official Committee of Unsecured Creditors to Employ Pachulski Stang Ziehl & Jones LLP as Its Counsel Nunc Pro Tunc to February 28, 2014* [Docket Number ___] (the "Cho Declaration"), which was submitted concurrently with the Application; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing on the Application was sufficient under the circumstances and no further notice need be given; (c) the Court being satisfied, based on the representations made in the Application, the Cho Declaration that PSZ&J represents or holds no interest adverse to the Debtor or the Debtor's estates with respect to the matters upon which it is to be engaged, and is disinterested as that term is defined under section 101(14) of the Bankruptcy Code; the Court having determined that the legal and factual bases set forth in the Application and the Cho Declaration establish just cause for the relief granted herein, and it appearing that the employment of PSZ&J is necessary and in the best interests of the Debtor's estates, its creditors and other parties in interest;

**IT IS HEREBY ORDERED THAT:**

1. The Application shall be, and hereby is, GRANTED.

2. The Committee is hereby authorized to retain and employ PSZ&J as counsel to the Committee pursuant to section 1103(a) of the Bankruptcy Code and Bankruptcy Rule 2014 *nunc pro tunc* to February 28, 2014.

3. PSZ&J shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's case in compliance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and any applicable procedures and orders of this Court.

---

[1] Capitalized terms, unless otherwise defined herein, shall have the meanings ascribed to them in the Application.

4. PSZ&J is authorized to render professional services to the Committee as described in the Application.

5. The Committee and PSZ&J are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**IT IS SO ORDERED.**

Submitted by:

DATED this ___ day of _____ 2014

By: _____
Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169
Email: zlarson@lzlawnv.com
       mzirzow@lzlawnv.com

and

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
       scho@pszjlaw.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors
of Martifer Solar USA, Inc.

## LR 9021 CERTIFICATION

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐     The court has waived the requirement of approval under LR 9021(b)(1).

☐     No party appeared at the hearing or filed an objection to the motion.

☒     I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐     I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. #101
Las Vegas, Nevada 89101
TEL: (702) 382-1170 FAX: (702) 382-1169

4

# EXHIBIT 2





919 North Market Street
17th Floor
Wilmington, DE 19801

780 Third Avenue
36th Floor
New York, NY 10017-2024

# Bradford J. Sandler

Tel: 302.778.6424  |  Tel: 212.561.7700  |  bsandler@pszjlaw.com

**EDUCATION**

Drexel University (B.S. 1989, *summa cum laude*)

Drexel University (M.B.A. 1989)

Temple University School of Law (J.D. 1995)

**BAR AND COURT ADMISSIONS**

Pennsylvania (1996)

New Jersey (1996)

Delaware (2001)

New York (2008)

Mr. Sandler serves as a co-chair of the firm's national Committee Practice Group and maintains a national practice representing debtors, committees, acquirers, and other significant parties in interest in complex reorganizations and financially distressed situations, both in and out of court. He is listed among The Best Lawyers in America in bankruptcy and creditor-debtor rights; is ranked among the top bankruptcy attorneys in the United States by The Deal; holds an AV Preeminent Peer Rating, Martindale-Hubbell's highest rating for ethical standards and legal ability; and was recently ranked among Bankruptcy/Restructuring attorneys by Chambers USA stating that "[h]e is a creative, calm, effective lawyer who is also quick, smart and aggressive." Mr. Sandler regularly represents clients in a wide variety of industries, including retail and consumer products, technology, food and beverage, construction, life sciences, and manufacturing.

He also has substantial experience in representing businesses and entrepreneurs in both healthy and distressed corporate and commercial transactions. Additionally, he is an adjunct professor of law at Temple University School of Law in Philadelphia, where he teaches a course in business reorganizations. Mr. Sandler is a court-approved standing mediator for the United States Bankruptcy Court for the Districts of Delaware, New Jersey and New York, and the Superior Court for the State of Delaware.

Mr. Sandler is an active member of his community, continues to publish numerous articles, and is a frequent speaker on the topics of corporate law and business reorganization. He received a B.S. and an MBA at Drexel University and his J.D. at Temple University, where he served as executive editor of the Temple Environmental and Technological Law Journal. He is admitted to practice in Delaware, Pennsylvania, New Jersey and New York, and primarily practices out of the Firm's Wilmington and New York offices.

PACHULSKI STANG ZIEHL & JONES

Bradford J. Sandler (Cont.)

## Representations

Creditors' committees: LifeCare Hospitals, Namco Holdings, Bakers Shoes, Coach America, Buffets Restaurants, Smurfit-Stone, Eddie Bauer, Harry & David Holdings, Back Yard Burgers, Joan Fabrics, Quaker Fabrics, Emivest Aerospace Corporation, Oasys Mobile, SSI Group (Souper Salad), KH Funding, PJComn Acquisition Corp (Papa John's), Freedom Rings, Old Original Bookbinders, National Envelope Corporation, National Dry Cleaners, Neff Corporation, Pure Beauty Salons & Boutiques (Trade Secret), Bowe Bell & Howe, Anchor Blue Retail Group, Charlie Brown's Restaurant Group, Dan River Holdings, Goodys, Specialty Packaging Holdings, Palm Harbor Homes, Frank Parsons Inc., Custom Cable Industries

Debtors: DVI Financial Services, Charleston Associates, Forward Foods, Network Access Solutions Corporation, Protarga, Kitchen Etc., Home Health Care of America, Avant-Garde Enterprises

Trustees (postconfirmation or chapter 7): VeraSun Energy, Net2000 Communications, Ultimate Electronics, US Automotive Friction, Carolina Fluids, Somody, American Remanufacturers

## Professional Affiliations

Co-chair, Business Reorganization Committee of the American Bankruptcy Institute

Immediate Past Chair and Executive Committee Member, Philadelphia Bar Association Business Law Section Bankruptcy Committee

Steering Committee Member, Eastern District of Pennsylvania Bankruptcy Conference Education Committee

Past Co-chair, American Bankruptcy Institute Special Projects Task Force of the Asset Sales Committee

Member, Turnaround Management Association, Association for Corporate Growth, International Federation of Insolvency Practitioners (INSOL), Delaware Bankruptcy American Inn of Court

Ambassador, Select Greater Philadelphia

Member, The Union League of Philadelphia

Director, Turnaround Management Association (Philadelphia Chapter), The Settlement Music School, The Mendelssohn Club of Philadelphia, The Philadelphia Art Alliance

## Programs and Lectures

National Conference of Bankruptcy Judges, American Bankruptcy Institute, Turnaround Management Association, National Association of Credit Managers, Temple University School of Law (adjunct professor of law), Hildebrandt Institute, Pennsylvania Bar Institute, New York State Bar

PACHULSKI STANG ZIEHL & JONES

Bradford J. Sandler (Cont.)

Association, Eastern District of Pennsylvania Bankruptcy Conference, and the Philadelphia Bar Association.

## Publications

Third Circuit Holds Philadelphia Newspapers LLC's Lenders Do Not Have a Right to Credit Bid Absolute Priority Blog March 23, 2010

Alan Greenspan Acknowledges Government Failures and Proposes New Bankruptcy Scheme for Financial Institutions Absolute Priority Blog March 20, 2010

Coauthor, "Suggested Amendments to US Bankruptcy Code," *Law360* (February 3, 2009)

Coauthor,"'Decoupling' Issues in Bankruptcy," *Business Bankruptcy Newsletter* (ABA Business Law Section January 2009)

Author, "Corporate Guidance in M&A Transactions From Chancery Court," 8 *Delaware Law Weekly* No. 36 (Sept. 14, 2005)

Coauthor, "Statutory Employer Immunity Under Pennsylvania Law," *Pennsylvania Bar Quarterly* (Winter 1998)

Coauthor, *Statutory Employer Immunity in Tort Cases Involving Work-Related Injuries*, Pennsylvania Trial Lawyers Association Pub. No. 148-1997 (1997)

Coauthor, "Recent Significant Case Decisions Involving Design Professionals," in program materials for 36th Annual Meeting of Invited Attorneys (Schinnerer & Co. 1997)

Regular law columnist for the monthly national magazine, *The Construction Specifier*

Author, "*Alcan* Revisited: Does the Denial of a De Minimis Defense Help Achieve a 'Polluter's Pay' Policy?" 8 *Temple Environmental Law & Technology Journal* 141 (1994)

# PACHULSKI STANG ZIEHL & JONES



10100 Santa Monica Boulevard
13th Floor
Los Angeles, CA 90067-4003

# Shirley S. Cho

Tel: 310.277.6910    |    scho@pszjlaw.com

**EDUCATION**

University of California, Berkeley (B.A., *magna cum laude*, 1994)

University of California, Hastings College of the Law (J.D. 1997)

**BAR AND COURT ADMISSIONS**

California, 1997

New York, 2002

**CLERKSHIPS**

Law clerk, Judge John E. Ryan (Bankr. C.D. Cal. 1997-98)

Ms. Cho specializes in representing companies in financial distress; secured and unsecured creditors; bondholders; and purchasers of assets out of bankruptcy, including stalking-horse bidders, in chapter 11 proceedings as well as out-of-court negotiations. Ms. Cho has represented some of the largest companies in America in connection with their corporate restructuring efforts in industries including homebuilding, retail, manufacturing, wholesale distribution, mortgage, finance, and healthcare, and has counseled companies dealing with mass tort liabilities. She has written and lectured extensively on insolvency issues and is admitted to practice before the Ninth Circuit Court of Appeals.

She is a graduate of UC Berkeley and received her J.D. from Hastings College of the Law. Ms. Cho is a member of the California and New York bars, and a resident of our Los Angeles office.

## Representations

Chapter 11 debtors: American Suzuki; CyberDefender Corporation; Rhodes Homes; William Lyon Homes; Solyndra

Creditors' committees: Orchard Supply Hardware Stores; Rodeo Creek Gold; Contract Research Solutions; Alethia Research & Management; Nevada Cancer Institute; Coach America; Palm Harbor Homes; CB Holdings (Charlie Brown's); Souper Salad/Grandy's; ISE Corporation; MMFX Corporation; Gas City; The Walking Company; S&K Famous Brands; Fleetwood Enterprises; Daphne's Greek Cafe

DIP lender: New Century Financial Corporation ($150 million credit facility)

Asset purchaser for steering division of Delphi Corporation (estimated value $700 million)

PACHULSKI STANG ZIEHL & JONES

Shirley S. Cho (Cont.)

## Professional Affiliations

Board member, Asian Americans Advancing Justice (fka Asian Pacific American Legal Center)

Executive Advisory Board Member, American Bankruptcy Institute Bankruptcy Battleground West

Co-chair, American Bankruptcy Bankruptcy Battleground West (2014)

## Programs and Lectures

American Bar Association

## Publications

Trustees: When Retaining Counsel, Don't Forget About Special Counsel
23 Journal of the National Association of Bankruptcy Trustees 22 (No. 3 Fall 2013)

Delaware Bankruptcy Court Weighs in on Intercreditor Agreements
31 American Bankruptcy Institute Journal 14 (No. 6 July 2012), July 2012

"Chapter 11 Bankruptcy After BAPCPA - A Closer Look at Critical Trade, Exclusivity, and Dismissal/Conversion," 63 *Consumer Finance Law Quarterly Report* (Spring/Summer 2009)

Coauthor, *A Comparison Shopping Guide for 363 Sales* (ABI 2009)

Coauthor, "*Clear Channel* Muddies the Waters of Section 363(m) Mootness Protection," 22 *Bankruptcy Strategist* 1 (No. 2 Dec. 2008)

"The Intersection of Critical Vendor Orders and Bankruptcy Code Section 503(b)(9)," 29 *California Bankruptcy Journal* 1 (2007)

"The Southern District of New York Adds Its Two Cents to the *Catapult* Debate," 4 *ABI Technology & Telecommunications Committee Newsletter* (No. 2 June 2007)

"A Closer Look at Critical Trade; Exclusivity; and Dismissal/Conversion," published in materials for American Bar Association Annual Meeting (2006)

"The Danger Zone: Fiduciary Duty Issues Impacting Directors and Officers in the Zone of Insolvency and Beyond," published in materials for Strategies for Distressed Companies Conference (CLE Int'l Nov. 2001)

"What To Do When Your Payor Goes Under," published in materials for American Hospitals & Health Systems Law Institute Conference (2000)

"Continuing Economic Reform in the People's Republic of China: Bankruptcy Legislation Leads the Way," 19 *Hastings International & Comparative Law Review* 739 (1996)

Coauthor, "U.S.-Canadian Cross-Border Insolvencies -- A Survey of Recent Ancillary Proceedings," published in materials for Canadian-American

**PACHULSKI STANG ZIEHL & JONES**

Shirley S. Cho (Cont.)

Symposium on Cross-Border Insolvency Law (ABI Feb. 2005)

Coauthor, "A Model for Canadian Cross-Border Insolvency: *Core-Mark International, Inc.*," 22 *Bankruptcy Strategist* 1 (No. 6 Apr. 2005)

Coauthor, "The Zone of Insolvency: When Has a Company Entered Into It and, Once There, What Are the Board's Duties?" published in materials for Bankruptcy 2002: Views From the Bench (ABI 2002)





780 Third Avenue
36th Floor
New York, NY 10017-2024

# Jason Rosell

Tel: 212.561.7700   |   jrosell@pszjlaw.com

Jason Rosell has represented debtors and creditors in chapter 11 cases with an emphasis on transportation and technology. Mr. Rosell received his B.S. in Computer Information Systems and M.B.A at Arizona State University's W.P. Carey School of Business; he received his J.D. at Sandra Day O'Connor College of Law, also part of Arizona State University. He served as a legal extern for the Honorable Redfield T. Baum, US Bankruptcy Court for the District of Arizona, and is admitted to practice in California and New York. Mr. Rosell is resident in our New York office.

## Representations

Chapter 11 debtors: Highway Technologies, Digital Domain Media, Mesa Air Group, Solyndra

Chapter 11 creditors: Lehman Commercial Paper and Lehman ALI Inc. in *In re Palmdale Hills Property LLC* ("SunCal")

Creditors' committees: Residential Capital, AMF Bowling Worldwide, Coach America, Nevada Cancer Institute

### EDUCATION

W.P. Carey School of Business, Arizona State University (B.S., *summa cum laude*, 2003)

W.P. Carey School of Business, Arizona State University (M.B.A. 2005)

Sandra Day O'Connor College of Law, Arizona State University (J.D., *magna cum laude*, 2009)

### BAR AND COURT ADMISSIONS

California, 2010

New York, 2011

### CLERKSHIPS

Legal extern, Judge Redfield T. Baum (Bankr. D. Ariz. 2009)

www.pszjlaw.com    LOS ANGELES    SAN FRANCISCO    NEW YORK    WILMINGTON