Bradford J. Sandler, Esq. (*admitted pro hac vice*)
Shirley S. Cho, Esq. (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA 90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
          scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow, Esq. (NV Bar No. 7222)
LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone: 702/382-1170
Facsimile: 702/382-1169
Email: zlarson@lzlawnv.com
          mzirzow@lzlawnv.com

[Proposed] Attorneys for the
Official Committee of Unsecured Creditors
of Martifer Solar USA, Inc.

E-File: March 14, 2014

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐  Affects Martifer Aurora Solar, LLC<br>☑  Affects Martifer Solar USA, Inc.<br>☐  Affects All Debtors | Case No.: BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered Under Case No. BK-S-14-10355-abl<br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(b)(3)(A) AND 1103(c) FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO PROVIDE ACCESS TO INFORMATION UNDER 11 U.S.C. § 1102(b)(3)(A)**<br><br>Hearing Date:    April 14, 2014<br>Time:                 9:30 a.m.<br>Place:               300 Las Vegas Blvd. So.<br>                          Courtroom 1<br>                          Las Vegas, NV 89101 |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

The Official Committee of Unsecured Creditors (the "Committee") of Martifer Solar USA, Inc. ("Martifer Solar", or the "Debtor"), by and through its undersigned counsel, hereby moves (the "Motion") this Court, pursuant to Sections 1102(b)(3)(A) and 1103(c) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of an order (the "Order"), clarifying the Committee's requirement to provide access to information for the Debtor's unsecured creditors under Section 1102(b)(3)(A) of the Bankruptcy Code.  In support of the Motion, the Committee respectfully represents as follows:

## I.

## INTRODUCTION

Through this Motion, the Committee requests authority to (a) withhold Confidential Information and Privileged Information under the "information access" prong of the statute, and (b) satisfy its duties under the "comment solicitation" prong of the statute by means of a link to a web page posted on, and accessible via, Committee counsel's existing internet site.  Section 1102(b)(3)(A) raises the issue of whether the Committee could be required to share Confidential Information or Privileged Information (as such terms are defined below) with any unsecured creditor.  The Committee seeks an order of the Court confirming that Section 1102(b)(3)(A) does not authorize or require the Committee to provide access to each and every piece of Confidential Information or Privileged Information to any creditor that the Committee represents.

The Committee seeks to satisfy its information sharing obligations in as streamlined and inexpensive a manner as possible.  Thus, the Committee will communicate with its constituency through the website established by the Firm at www.pszjlaw.com and through periodic newsletters to the general unsecured creditors, if necessary.

## II.

## FACTUAL BACKGROUND

1.      On January 21, 2014 (the "Petition Date"), the Debtors commenced these bankruptcy cases by each filing a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Nevada (the "Court"), under the jointly administered case No. 14-10355-abl (the "Case").

2.      On February 14, 2014, the Office of the United States Trustee appointed the Committee, as augmented from time to time.  The members of the Committee are:  EPG Solar, LLC; SatCon Technology Corp.; Patriot Solar Group; Solar Optimum, Inc.; and Northern Land Clearing.  On February 28, 2014, the Committee selected the Firm as its general bankruptcy counsel.

3.      The Debtors are debtors in possession; no trustee or examiner has been appointed.

## III.

## JURISDICTION

4.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory predicates for the relief requested herein are sections 105(a), 1102, and 1103 of the Bankruptcy Code.  Pursuant to LR 9014.2, the Committee consents to the entry of final orders or judgments on this matter by the bankruptcy judge if it is determines that the bankruptcy judge, absent the consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## IV.

## RELIEF REQUESTED

5.      The Committee is authorized to, among other things, consult with the Debtor, investigate the Debtor, participate in the formulation of a plan, and perform such other services as are in the interests of those represented.  *See* 11 U.S.C. § 1103(c).  In addition, as part of the Committee's duties, the Committee is required to provide access to information for the creditors represented by the Committee.  *See* 11 U.S.C. § 1102(b)(3)(A).

6.      In light of the anticipated discussions regarding the Debtor's prospects for reorganization, the Committee believes that a significant amount of Confidential Information and Privileged Information will be generated.  By this Motion, the Committee seeks entry of the Order, *nunc pro tunc* to February 28, 2014, clarifying and implementing an information protocol (the "Information Protocol") regarding the dissemination of information to the Debtor's unsecured creditors, which Information Protocol does not require the Committee to disseminate confidential, proprietary, or non-public information concerning the Debtor or the Committee, or any other

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    information if the effect of such disclosure would constitute a waiver of any privilege or

2    confidentiality agreement between the Committee and the Debtor.  The relief requested herein will

3    help ensure that confidential, privileged, proprietary, and/or material non-public information

4    regarding the Debtor or the Committee will not be disseminated to the detriment of the Debtor's

5    estate or its unsecured creditors and will aid the Committee in performing its statutory functions and

6    duties.

7                                          **V.**

8                         **THE INFORMATION PROTOCOL**

9         7.    For purposes of this Motion, the term "Confidential Information" shall include,

10   without limitation, all documents, agreements, records, reports, data, forecasts, projections, business

11   plans, interpretations, audit reports, and all other written, visual, or oral information, regardless of

12   the method of memorialization or transmission, concerning the Debtor and provided by or on behalf

13   of the Debtor to the Committee and its members, agents, representatives and professionals and its

14   members' professionals (together with the Committee, hereinafter collectively referred to as the

15   ("Committee Entities") in their capacities as such, as well as all notes, memoranda, summaries,

16   reports, analyses, compilations, forecasts, projections, studies and other materials prepared by either

17   the Committee Entities or the Debtor containing or based upon, in each case, in whole or in part,

18   such information, which are not available to the general public (including but not limited to,

19   financial statements, tax returns, business plans, profit and loss statements, balance sheets,

20   comparative results of operations, and explanations related thereto).  Confidential Material does not

21   include any information which (a) at the time of disclosure or thereafter is generally available to the

22   public (other than as a result of disclosure by the Committee Entities), (b) is obtained by the

23   Committee Entities on a non-confidential basis from a source other than the Debtor or any entities

24   acting on the Debtor's behalf, when the Committee Entities reasonably believe that such source is

25   not prohibited from disclosing such information (or any portion thereof) by a contractual, legal, or

26   fiduciary obligation to the Debtor, (c) is or has been filed by a person (other than the Committee or

27   Committee Entities) with the United States Bankruptcy Court for the District of Nevada in which the

28   Case is pending (the "Bankruptcy Court") or any other court or administrative agency whose records

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1    are open to public inspection, except such information as has been filed under seal, (d) is already

2    known to the Committee Entities at the time of disclosure (other than material that is known but

3    subject to a confidentiality restriction), or (e) is independently developed by the Committee Entities

4    without reliance upon any of the Confidential Material.

5         8.     The term "Privileged Information" represents information subject to the attorney-

6    client or some other state, federal, or other jurisdictional doctrine of law privilege, whether such

7    privilege is solely controlled by the Committee or is a joint privilege with the Debtor or some other

8    party (collectively, "Privileged Information").

9         9.     The Committee has received and expects that the Debtor will continue to share

10   Confidential Information and may, in instances where a joint defense is appropriate, also share

11   Privileged Information with the Committee in connection with this case.  To that end, the Committee

12   has entered into a confidentiality agreement with the Debtor in order to further the Committee's

13   investigation duties.  The Committee will also assemble its own Confidential Information and/or

14   Privileged Information and the Committee's bylaws also contain provisions to protect the

15   dissemination of Confidential Information.

16        10.     The Committee will use the Confidential Information and Privileged Information to

17   assess and analyze, among other things, the Committee's strategies in the cases, the prospects for a

18   Debtor's proposed sale and plan of reorganization, and the alternatives that are available to

19   maximize returns to unsecured creditors.  If there were a risk that the Debtor's Confidential

20   Information given to the Committee would have to be turned over to all creditors, the Debtor would

21   be extremely reluctant to give Confidential Information to the Committee in the first place.  The

22   Debtor might conclude that it could not give such information to the Committee at all.  The inability

23   of the Committee to gain access to Confidential Information, in turn, would limit the ability of the

24   Committee to fulfill its statutory obligations under the Bankruptcy Code.  Hence, maintaining the

25   confidentiality of Confidential Information and Privileged Information is critical for the Committee

26   to adequately perform its duties in this case.

27        11.     Public dissemination of Confidential Information could also harm the Debtor's estate.

28   Among other things, the Debtor's Confidential Information, such as employee compensation,

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

business plan, and asset disposition strategy, is sensitive in nature, and public disclosure of such information would cause serious problems for the Debtor, as well as potentially violate federal and state privacy laws.

12.     Thus, the Committee requests authority to withhold Confidential Information and Privileged Information and establish a link to a web page posted on and accessible via, Committee counsel's existing internet site at www.pszjlaw.com/martifer/html.  The Committee will communicate with its constituency through the website established by the Firm at www.pszjlaw.com and through periodic newsletters to the general unsecured creditors, if necessary.

## VI.

## BASIS FOR RELIEF REQUESTED

13.     Section 1102(b)(3) of the Bankruptcy Code provides, in pertinent part, as follows:

A committee appointed under subsection (a) shall –

(A)     provide access to information for creditors who –

(i)     hold claims of the kind represented by that committee; and

(ii)     are not appointed to the committee;

(B)     solicit and receive comments from the creditors described in subparagraph (A); and

(C)     be subject to a court order that compels any additional report or disclosure to be made to the creditors described in subparagraph (A).

11 U.S.C. § 1102(b)(3).

14.     When a statute is clear and unambiguous, "the sole function of the courts is to enforce it according to its terms." *U.S. v. Ron Pair Enters., Inc.*, 489 U.S. 235, 241 (1989) (quoting *Caminetti v. United States*, 242 U.S. 470, 485 (1917)).  However, in "rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intention of its drafters . . . . the intention of the drafters, rather than the strict language, controls." *Id.* at 242-43 (citing *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564 (1982) (internal quotations omitted)).

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15. The Committee respectfully submits that Section 1102(b)(3)(A) of the Bankruptcy Code is unclear and ambiguous. The statute simply requires a committee "to provide access to information," yet sets forth no guidelines as to the type, kind, and extent of the information to be provided. In its extreme, section 1102(b)(3)(A) of the Bankruptcy Code could be read as requiring a statutory committee to provide access to all information provided to it by a debtor, or developed through exercise of its investigative function, regardless of whether the information is confidential privileged, proprietary, or material non-public information and regardless of whether disseminating such information implicates disclosure requirements of the securities laws.

16. The legislative history does not provide any further guidance on this point and merely reiterates the language of Bankruptcy Code section 1102(b)(3). *See* H.R. Rep. No. 109-31, 109th Cong., 1st Sess. 87 (2005) ("Section 405(b) requires the committee to give creditors having claims of the kind represented by the committee access to information. In addition, the committee must solicit and receive comments for these creditors and, pursuant to court order, make additional reports and disclosures available to them.").

17. Indeed, sharing such information without limitations and in the absence of this Court's entry of the Order may be detrimental to the Debtor's business and its ability to maximize value. Providing unfettered access to such information undoubtedly will allow competitors of the Debtor to use such information, including any business plan of the Debtor, trade secrets, or other proprietary information, to that competitor's advantage and, more importantly, to the disadvantage of the Debtor and, thus, its unsecured creditors. As such, the relief requested in this Motion is routinely granted by courts in this district and around the country. *See, e.g., In re Rodeo Creek Gold, Inc.,* Case No. 13-50301 (MKN) (Bankr. D. Nev. May 3, 2013) *In re Nevada Cancer Institute*, Case No. 11-28676 (MKN) (Bankr. D. Nev. Feb. 7, 2012); *In re USA Commercial Mortgage Co.*, Case No. 06-10725 (LBR) (Bankr. D. Nev. June 27, 2006); *In re LG Philips Displays USA, Inc.*, Case No. 06-10245 (BLS) (Bankr. D. Del. May 18, 2006); *In re Calpine Corp.*, Case No. 05-60200 (BRL) (Bankr. S.D.N.Y. February 15, 2006); *In re Refco, Inc.*, 336 B.R. 187, 197-98 (Bankr. S.D.N.Y. 2006); *In re FLYi, Inc.*, Case No. 05-20011 (MFW) (Bankr. D. Del. Nov. 17, 2005).

## VII.

## NOTICE

18.    No trustee or examiner has been appointed in this Chapter 11 case.  Notice of this

Motion has been given to: (i) the Office of the United States Trustee; (ii) counsel to the Debtors; and

(iii) parties requesting special notice.

## VIII.

## NO PRIOR REQUEST

19.    No previous request for the relief sought herein has been made to this or any other

court.

## IX.

## CONCLUSION

**WHEREFORE,** the Committee respectfully requests that the Court enter the Order, annexed

hereto as **Exhibit 1**, and grant such other and further relief as the Court deems just and proper.

DATED this 14th day of March 2014.

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow, Esq. (NV Bar No. 7222)
LARSON & ZIRZOW LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:  702/382-1169
Email: zlarson@lzlawnv.com
        mzirzow@lzlawnv.com

Bradford J. Sandler, Esq. (*admitted pro hac vice*)
Shirley S. Cho, Esq. (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
        scho@pszjlaw.com

[Proposed] Attorneys for the Official Committee of
Unsecured Creditors of Martifer Solar USA, Inc.

DOCS_LA:275972.1 54697/001

# EXHIBIT "1"

Bradford J. Sandler, Esq. (admitted pro hac vice)
Shirley S. Cho, Esq. (admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
          scho@pszjlaw.com

Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow, Esq. (NV Bar No. 7222)
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:  702/382-1169
Email: zlarson@lzlawnv.com
          mzirzow@lzlawnv.com

[Proposed] Attorneys for the Official Committee
of Unsecured Creditors of Martifer Solar USA, Inc.

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br>MARTIFER AURORA SOLAR, LLC, a<br>Nevada limited liability company,<br>☐   Affects Martifer Aurora Solar, LLC<br>☑   Affects Martifer Solar USA, Inc.<br>☐   Affects All Debtors | Case No.: BK-S-14-10355-abl<br>BK-S-14-10357-abl<br>Jointly Administered Under<br>Case No. BK-S-14-10355-abl<br>Chapter 11<br><br>**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS PURSUANT TO 11 U.S.C. §§ 1102(b)(3)(A) AND 1103(c) FOR ENTRY OF AN ORDER CLARIFYING ITS REQUIREMENT TO PROVIDE ACCESS TO INFORMATION 11 U.S.C. § 1102(b)(3)(A)**<br><br>Hearing Date:    April 14, 2014<br>Time:                  9:30 a.m. |

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Upon the *Motion of the Official Committee of Unsecured Creditors Pursuant to 11 U.S.C. §§ 1102(b)(3)(A) and 1103(c) for Entry of an Order Clarifying Its Requirement to Provide Access to Information Under Bankruptcy Code Section 1102(b)(3)(A)* [Docket No. ___] (the "Motion"), filed by the Official Committee of Unsecured Creditors (the "Committee") of Martifer Solar USA, Inc., and it appearing that the relief requested in the Motion is in the best interests of the Debtor's estate, its creditors, and all other parties in interest; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that no other or further notice need be provided; and no objections to the Motion having been filed; and after due deliberation and sufficient cause appearing therefor,

**IT IS ORDERED, ADJUDGED AND DECREED** as follows:

1.      The relief requested in the Motion is granted.

2.      The Committee, its professionals, and its members and their respective agents, representatives, advisors, and counsel are not be required to disseminate Confidential Information or Privileged Information to unsecured creditors. The Committee is authorized to withhold Confidential Information and Privileged Information as such terms are defined in the Motion.

3.      The Committee is deemed to have satisfied its duties under the "comment solicitation" prong of Section 1102(b)(3) of the Bankruptcy Code by means of a link to a web page posted on, and accessible via, Committee counsel's existing internet site.

4.      This Court shall retain exclusive jurisdiction to interpret and enforce the provisions of this Order in all respects and further to hear and determine all matters arising from the construction and implementation of this Order.

**IT IS SO ORDERED.**

. . .

. . .

. . .

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Submitted by:

DATED this ___ day of _____ 2014

_____
Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:   702/382-1169
Email: zlarson@lzlawnv.com
       mzirzow@lzlawnv.com

and

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
      scho@pszjlaw.com

[Proposed] Attorneys for the Official Committee of
Unsecured Creditors of Martifer Solar USA, Inc.

## LR 9021 CERTIFICATION

     In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

     ☐    The court has waived the requirement of approval under LR 9021(b)(1).

     ☐    No party appeared at the hearing or filed an objection to the motion.

     ☒    I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

     ☐    I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

###

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA