BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile:  (702) 597-5503
Email:  baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed on April 24, 2014

# UNITED STATES BANKRUPTCY COURT

# DISTRICT OF NEVADA

In re,

MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,

☐ Affects Martifer Aurora Solar, LLC
☒ Affects Martifer Solar USA, Inc.
☐ Affects all Debtors

Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl

Jointly Administered under
Case No. BK-S-14-10355-abl

Chapter 11

**MOTION FOR AN ORDER AUTHORIZING PAYMENT OF CRITICAL VENDOR CLAIM**

Hearing Date:  OST PENDING
Hearing Time:  OST PENDING

Martifer Solar USA, Inc. ("Martifer USA" or "Debtor"), a debtor and debtor in possession in the above-captioned cases (the "Chapter 11 Cases"), by the within motion (the "Motion") hereby moves the Court for an order, substantially in the form attached hereto as **Exhibit A** (the "Critical Vendor Order"), pursuant to Bankruptcy Code[1] §§ 105(a) and 363(b), and Bankruptcy Rules 6003 and 6004 authorizing,

---

[1] All references to "chapter" and "section" herein shall be to the "Bankruptcy Code" appearing in Title 11 of the U.S. Code; all references to a "Bankruptcy Rule" shall refer to the Federal Rules of Bankruptcy Procedure.

ACTIVE 24418345v1 04/24/2014                    1

Debtor to honor and pay prepetition claims of Interactive Resources, Inc., a structural engineer ("Critical Vendor"), in the amount of $1,783.24 (the "Critical Vendor Claim").

The Motion is made and based upon the following memorandum of points and authorities, the Declaration of Michael A. Tucker (the "Tucker Declaration"), filed in support of the Motion, the papers and pleadings on file with the Court in these Chapter 11 Cases, and any oral arguments the Court may entertain at the hearing on the Motion.

DATED this 24th day of April 2014.

**FOX ROTHSCHILD LLP**

By:  /s/Brett A. Axelrod
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc..*

**MEMORANDUM POINTS AND AUTHORITIES**

**I.**

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are Bankruptcy Code §§ 105(a) and 363(b) and Bankruptcy Rules 6003 and 6004.

**II.**

**FACTUAL BACKGROUND**

A.  **General Background.**

4. On January 21, 2014 (the "Petition Date"), Debtor filed its voluntary petition for relief under chapter 11 of the Bankruptcy Code.

ACTIVE 24418345v1 04/24/2014                           2

5.	Debtor is continuing in possession of its property and is operating and managing its business as debtor in possession, pursuant to Bankruptcy Code sections 1107 and 1108. (See generally Chapter 11 Case Docket).

6.	On February 14, 2014, the United States Trustee for the District of Nevada appointed an official committee of unsecured creditors (the "Committee") pursuant to section 1102 of the Bankruptcy Code [Docket No. 177].

7.	CBS Broadcasting, Inc. ("CBS") and Alternative Energy Financing, LLC ("AEF") entered into a series of agreements (the "Service Agreements"), providing that AEF would install and service solar photovoltaic systems in phases (the "Solar Projects") on CBS's property (the "CBS Property"). Under the Service Agreements, CBS assigned to AEF its rights to certain rebates (the "Rebates") from the Los Angeles Department of Water and Power (the "LADWP") upon completion of the Solar Projects, and agreed to pay AEF certain fees (the "Supplier Fees") for ten years after completion of the Solar Projects, based on the Solar Projects' production of energy. In addition, AEF expected to receive from the United States Treasury Department (the "Treasury") certain federal grants provided by section 1603 of the American Recovery and Reinvestment Tax Act of 2009 (the "Grants") upon completion of the Solar Projects. See Tucker Declaration, ¶ 4.

8.	Disputes arose between AEF and the Debtor, which were resolved in a settlement agreement dated January 2, 2014 (the "Settlement Agreement"). Under the Settlement Agreement, AEF assigned to the Debtor all of AEF's rights under certain of the Service Agreements (the "Assigned Service Agreements"), and all of AEF's rights to the Grants. The Debtor stepped into AEF's shoes under the Assigned Service Agreements, and became entitled to AEF's benefits (including the Supplier Fees, the Rebates, and the Grants), and responsible for AEF's obligations, thereunder. See Tucker Declaration, ¶ 5.

9.	Debtor assumed the agreement with AEF by order of the Court on March 27, 2014 [Docket No. 529]. See Tucker Declaration, ¶ 6.

**B.	The Need for Requested Relief.**

10.	In order to move forward on the Assigned Service Agreements for the Solar Projects, the Debtor needs to obtain a final certification which requires the Critical Vendor to: (1) perform a site visit

ACTIVE 24418345v1 04/24/2014                      3

to observe the final inverter platform installations for Phase IV of the Solar Projects; and (2) prepare a written Structural Observation review letter for submittal to the City of Los Angeles building department, as required by CBC Section 1710, in order for the Debtor to start generating power at CBS. The anticipated monthly revenue will be between $10,000 - $15,000. See Tucker Declaration, ¶ 7.

11.     Pursuant to the Proposal and Agreement for Services,[2] Critical Vendor will provide Structural Engineering Services to observe the final inverter platform installation for the CBS Studio Phase IV solar project located in Los Angeles, CA. This proposal is limited to the specific architecture-engineering services as defined by the following Scope of Services:

    a.  Perform one site visit to observe the final inverter platform installations for the CBS Studio Phase IV solar project. The specific facilities where inverters are located are Studios 9, 10, 12 and atop the Norvet Building adjacent to Studios 21-23.

    b.  Prepare a written Structural Observation review letter for submittal to the building department as required by CBC Section 1710.

See Tucker Declaration, ¶ 8.

12.     The certification in question is for the inverter platforms on Phase IV of the Solar Projects. The City of Los Angeles requires that all steel platforms installed in the city of Los Angeles be fabricated and installed by an approved welder. This is extremely costly and, prepetition, Debtor was unable to find someone who would manufacture the platform on schedule. Therefore, Debtor resorted to using an un-licensed fabricator, which is not uncommon as it was approved by the City of Los Angeles. The approval is contingent on the engineer of record's approval of the design. Since the engineer of record is the Critical Vendor, the Critical Vendor is necessary to observe the site and sign-off on the design. See Tucker Declaration ¶ 9.

13.     Since the design is the Critical Vendor's and Debtor obtained a one-time approval from the City of Los Angeles, there is no other person, within reason, that can sign-off on the design. The

---

[2] A true and correct copy of the Proposal and Agreement for Services is attached to the Tucker Declaration as Exhibit "1."

ACTIVE 24418345v1 04/24/2014                                    4

1  City of Los Angeles provided Debtor with an exception and switching engineers at this point would be
2  unduly burdensome and costly. See Tucker Declaration, ¶ 10.

3      14.     The Critical Vendor, despite the protections of administrative priority status, has refused
4  to provide services postpetition to Debtor if it does not pay all of its Critical Vendor Claim of
5  $1,783.24. See Tucker Declaration, ¶ 11.

6      15.     Debtor has room in its cash collateral budget and DIP financing to make the requested
7  payment. See Tucker Declaration, ¶ 12.

8      16.     If Debtor is not allowed to pay the prepetition claim of $1,783.24, it may cost Debtor at
9  least $31,000 (which is the approximate amount paid prepetition to the Critical Vendor) to hire a new
10 engineer with a new design and related installation since such engineer may not be willing to assume
11 liability of another engineer's design. See Tucker Declaration, ¶ 13.

### III.
### RELIEF REQUESTED

14 By this Motion, Debtor respectfully requests entry of a Critical Vendor Order, substantially in
15 the form attached hereto as **Exhibit A**, pursuant to Bankruptcy Code §§ 105(a) and 363(b), and
16 Bankruptcy Rules 6003 and 6004. By this Critical Vendor Order, Debtor seeks authorization to pay the
17 Critical Vendor Claim, in the amount of $1,783.24.

18 The Critical Vendor provides Debtor with services that are essential to Debtor's continuing
19 operations and its ability to commence to generate power at the CBS Project which monthly revenue
20 should be anywhere between $10,000-$15,000 per month. Hiring a new structural engineer to perform
21 the final certification would cost the estate more in time and would be significantly expensive than
22 making the Critical Vendor payment. See Tucker Declaration, ¶ 14.

### IV.
### LEGAL ARGUMENT

25 There are several precedents for the relief requested in this Motion. First, Bankruptcy Code
26 section 105(a) empowers this Court to issue "any order, process, or judgment that is necessary or
27 appropriate to carry out the provisions of" the Bankruptcy Code.

28 Also, consistent with a debtor's fiduciary duties, courts have authorized payment of prepetition

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

obligations under section 363(b) of the Bankruptcy Code, where sound business purpose exists for doing so. See, e.g., In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 17-18 (Bankr. M.D. Fla. 2005).

Further, pursuant to sections 1107 and 1108 of the Bankruptcy Code, a debtor is a fiduciary "holding the bankruptcy estate and operating the business for the benefit of its creditors and (if the value justifies) equity owners." In re CoServ, LLC, 273 B.R. 487, 497 (Bankr. N.D. Tex. 2002). Implicit in the fiduciary duties of any debtor in possession is the obligation to "protect and preserve the estate, including an operating business's going-concern value." Id. Some courts have noted that there are instances in which a debtor can fulfill this fiduciary duty "only … by the preplan satisfaction of a prepetition claim." Id.

### A.    The Court May Rely On Its General Equitable Powers To Grant This Motion.

The Court may authorize payment of prepetition claims in appropriate circumstances based on section 105(a) of the Bankruptcy Code. The purpose of section 105(a) is to empower a bankruptcy court to take whatever action "is appropriate or necessary in aid of the exercise of [its] jurisdiction." 2 COLLIER ON BANKRUPTCY ¶ 105.01 (Alan N. Resnick & Henry J. Sommer eds., 16th ed.). Section 105(a) authorizes the bankruptcy court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [Title 11]." Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 506 (9th Cir. 2002).

The Ninth Circuit Court of Appeals recognized the importance of paying certain prepetition claims in a reorganization case, even when the claimants are provided an advantage over other creditors, stating in dicta in Burchinal v. Central Washington Bank (In re Adams Apple, Inc.), 829 F.2d 1484 (9th Cir. 1987), "[A] 'fundamental tenet' – rehabilitation of debtors . . . may supersede the policy of equal treatment. Cases have permitted unequal treatment of pre-petition debts when necessary for rehabilitation, in such contexts as . . . debts to providers of unique and irreplaceable supplies . . . ." Adams Apple, 829 F.2d at 1490; see also In re Just for Feet, Inc., 242 B.R. 821, 824-25 (D. Del. 1999) (approving the payment of prepetition claims to certain critical vendors); see also Weinstein, Eisen & Weiss, LLPL v. Gill (In re Cooper Commons, LLC), 424 F.3d 963, 969 (9th Cir. 2005) (citing Adams Apple for its rejection of the fundamental tenet of bankruptcy law that like creditors must always be treated alike). The rationale acknowledged by the Adams Apple court is that a debtor's rehabilitation in

reorganization cases is "the paramount policy and goal of Chapter 11." Adams Apple, 829 F.2d at 490; see also In re Just For Feet, Inc., 242 B.R. 821, 826 (D. Del. 1999) (section 105 provides "a statutory basis for the payment of prepetition claims"); In re NVR LP, 147 B.R. 126, 127 (Bankr. E.D. Va. 1992) ("[U]nder 11 U.S.C. § 105 the court can permit pre-plan payment of a prepetition obligation when essential to the continued operation of the debtor.").

Moreover, courts have permitted postpetition payment of prepetition claims under section 105(a) where nonpayment would trigger a withholding of goods or services essential to a debtor's business reorganization. See In re UNR Indus., 143 B.R. 516, 520 (Bankr. D. Ill. 1992) (permitting the debtor to pay prepetition claims of suppliers or employees whose continued cooperation is essential to the debtor's successful reorganization); Ionosphere, 98 B.R. at 167-77 (finding that section 105 empowers bankruptcy courts to authorize payment of prepetition debt when such payment is needed to facilitate the rehabilitation of the debtor); In re Tropical Sportswear Int'l Corp., 320 B.R. 15, 20 (Bankr. M.D. Fla. 2005) ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments, and section 105 is used to fill in the blanks."); In re NVR L.P., 147 B.R. at 127 (explaining that under section 105, the court can permit preplan payments of a prepetition obligation "when essential to the continued operation of the debtor"); In re Chateaugay Corp., 80 B.R. 279, 287 (Bankr. S.D.N.Y. 1987) (explaining that a bankruptcy court may exercise its equity powers under section 105 to authorize the payment of prepetition claims where such payment is necessary to "permit the greatest likelihood of survival of the debtor and payment of creditors in full or at least proportionately"); see also Am. Hardwoods, Inc. v. Deutsche Credit Corp. (In re Am. Hardwoods, Inc.), 885 F.2d 621, 625 (9th Cir. 1989) (section 105 endows the bankruptcy court with general equitable powers, where not inconsistent with more specific law).

Thus, section 105(a) of the Bankruptcy Code permits a court to authorize preplan payment of prepetition obligations when essential to the continued operations of a debtor's business in furtherance of its reorganization effort.

**B.     The Court May Rely on Section 363(b) of the Bankruptcy Code to Grant This Motion.**

The Court may also authorize Debtor to pay Critical Vendor Claim under section 363(b) of the Bankruptcy Code. Section 363(b) provides, in pertinent part, that "[t]he trustee, after notice and a

hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(l). Under this section, a court may authorize a debtor to pay certain prepetition claims. See Ionosphere, 98 B.R. at 175 (authorizing payment of prepetition wages pursuant to section 363(b) of the Bankruptcy Code); In re UAL Corp., 2002 WL 34344254, at *1 (Bankr. N.D. Ill. 2002) (authorizing payment of prepetition claims under section 363 of the Bankruptcy Code as an out-of-ordinary-course transaction). In order to do so, "the debtor must articulate some business justification, other than mere appeasement of major creditors." Ionosphere, 98 B.R. at 175. As discussed more fully herein, Debtor's request to pay the Critical Vendor meets this standard because the failure to satisfy the Critical Vendor Claim would likely have a material adverse on the Assigned Services Agreements with CBS. Without the ability to complete final inspection of Phase IV of the Solar Projects, Debtor's revenue stream would dwindle, diminishing recovery by Debtor's creditors and its estate.

Consistent with Debtor's fiduciary duties, courts have authorized payment of prepetition obligations under Bankruptcy Code section 363(b) where a sound business purpose exists for doing so. See, e.g., Ionosphere, 98 B.R. at 175 (finding that a sound business justification existed to justify payment of prepetition wages); see also Armstrong World Indus., Inc. v. James A. Phillips, Inc., (In re James A. Phillips, Inc.), 29 B.R. 391, 397 (S.D.N.Y. 1983) (relying on section 363 of the Bankruptcy Code to allow contractor to pay prepetition claims of suppliers who were potential lien claimants because the payments were necessary for general contractors to release funds owed to debtors); In re Tropical Sportswear Int'l Corp., 320 B.R. at 20 ("Bankruptcy courts recognize that section 363 is a source for authority to make critical vendor payments . . . .").

In keeping with the foregoing, courts have also authorized a debtor's payment of prepetition obligations under Bankruptcy Code sections 363 and 105(a) when a sound business purposes exists for such payment. See Tropical Sportswear, 320 B.R. at 17-18 (authorizing payment to critical vendors for prepetition amounts and finding that a sound business justification existed for payment because the vendors would not do business with the debtors absent critical vendor status, and the disfavored creditors were not any worse off due to the critical vendor order).

These courts' approaches to payment of prepetition claims is particularly appropriate where prepetition creditors, such as the Critical Vendor, provide vital services to a debtor that would be

unavailable if the debtor did not satisfy its prepetition obligations. See In re Structurlite Plastics Corp., 86 B.R. 922, 931 (Bankr. S.D. Ohio 1988) ("a bankruptcy court may exercise its equity powers under § 105(a) [of the Bankruptcy Code] to authorize payment of prepetition claims where such payment is necessary 'to permit the greatest likelihood of survival of the debtors and payment of creditors in full or at least proportionately'").

Bankruptcy courts in this district and the Ninth Circuit authorize payments to vital suppliers and trade creditors where the payment of such claims is essential for the continued operation of the business. See, e.g., In re Full Color Services, Inc., Case No. 08-14190-lbr (Bankr. D. Nev. May 14, 2008) (authorizing payment of prepetition critical vendor claim for goods delivered prior to filing); In re Skye International, Inc., Case No. 09-54485-gwz (Bankr. D. Nev. February 26, 2010) (authorizing payment of several critical vendor prepetition claims); In re American West Development, Inc., Case No. 12-12349-mkn (Bankr. D. Nev. March 8, 2012) (authorizing payment of prepetition claims of critical third party subcontractors and material suppliers); In re Xtreme Green Products, Inc., Case No. 13-17266-mkn (Bankr. D. Nev. Sept. 5, 2013) (authorizing payment of prepetition claims of vendors that were the sole source of parts and services required for operation of Debtor's business); In re ISE Corporation, Case No. 10-14198 (Bankr. S.D. Cal., Dec. 8, 2010) [Docket No. 276] (authorizing payment of critical vendor prepetition claim); In re Victor Valley Community Hospital, Case No. 10-39537 (Bankr. C.D. Cal., Sept. 17, 2010) [Docket No. 34] (authorizing the debtor to pay prepetition claims of emergency room doctors, medical director doctors, and nursing registries who were critical vendors); In re Woodside Group, LLC, Case No. 08-20682 (Bankr. C.D. Cal., Aug. 27, 2008) [Docket No. 18] (approving stipulation allowing debtors to pay ordinary course providers of goods and services in the ordinary course of business).

As set forth above, Debtor has determined, in the exercise of its sound business judgment, that payment of Critical Vendor Claim is essential (i) for performing under its assumed contracts, (ii) to ensure that the value of the business as a going concern is preserved through the pendency of these Chapter 11 Cases, and (iii) to Debtor's ability to rehabilitate for the benefit of all stakeholders. See Tucker Declaration, ¶ 15.

1  Debtor submits that, for the reasons set forth herein, the relief requested in this Motion is
2  necessary to avoid immediate and irreparable harm and Rule 6003 of the Federal Rules of Bankruptcy
3  Procedure has been satisfied.

4  **C.    The Court Can And Should Waive Any Application Of Bankruptcy Rule 6004(h).**

5  To successfully implement the foregoing, Debtor seeks a waiver of the notice requirements
6  under Bankruptcy Rule 6004(a) and the 14-day stay under Bankruptcy Rule 6004(h).

7  Bankruptcy Rule 6004(h) provides that an "order authorizing the use, sale or lease of property .
8  . . is stayed until the expiration of 14 days after entry of the order, unless the court orders otherwise."
9  Debtor submits that the facts of these Chapter 11 Cases warrant a waiver of Bankruptcy Rule 6004(h)
10 in this instance in order to avert any disruption to Debtor's operation that would occur in the absence of
11 immediate relief.

12 As noted herein, Debtor's ability to continue to perform under its agreements with CBS require
13 the final certification. Accordingly, Debtor requests that the Court waive Bankruptcy Rule 6004(h)
14 such that an order consistent with the Motion be immediately effective upon entry.

15 **V.**
16 **CONCLUSION**

17 WHEREFORE, for all of the foregoing reasons, Debtor respectfully requests that this Court
18 enter an Order, substantially in the form attached hereto as **Exhibit A**, authorizing Debtor to honor and
19 pay the prepetition claim of the Critical Vendor, and granting such other and further relief as this Court
20 deems appropriate.

21 Dated this 24th day of April, 2014.

22 **FOX ROTHSCHILD LLP**

23 By   *s/ Brett A. Axelrod*
24 BRETT A. AXELROD (NV BAR NO. 5859)
   MICAELA RUSTIA MOORE (NV BAR NO. 9676)
25 3800 Howard Hughes Parkway, Suite 500
   Las Vegas, Nevada 89169
26 *Counsel for Martifer Aurora Solar, LLC*
   *and Martifer Solar USA, Inc.*
27
28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

# EXHIBIT A

# *PROPOSED FORM OF ORDER*

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email:  baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re,<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Case Nos. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER AUTHORIZING PAYMENT OF CRITICAL VENDOR CLAIM**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having reviewed and considered Martifer Solar USA, Inc.'s ("Debtor") Motion (the "Motion") for an order (i) authorizing Debtor to honor and pay the prepetition claim of Interactive Resources, Inc., a structural engineer ("Critical Vendor"), in the amount of $1,783.24, pursuant to sections 105(a) and 363(b) of Title 11 of the United States Code (the "Bankruptcy Code"); and upon consideration of the Declaration of Michael A. Tucker; and the Court having jurisdiction to consider the

ACTIVE 24418345v1 04/24/2014                                1

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided; and it appearing that no other or further notice need be provided; and the Court having determined that the relief sought in the Motion is in the best interests of Debtor, its creditors and all other parties in interest; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby,

**ORDERED** that the Motion is granted;

**IT IS FURTHER ORDERED** the Debtor is authorized pay the prepetition claim of Interactive Resources, Inc., a structural engineer in the amount of $1,783.24;

**IT IS FURTHER ORDERED** that the terms and conditions of this order shall be immediately effective and enforceable upon its entry; and

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from the implementation or interpretation of this Order; and

**IT IS FURTHER ORDERED** that notice of this Motion as provided therein shall be deemed good and sufficient notice of the Motion.

**IT IS FURTHER ORDERED** that this Order is not subject to the 14-day stay provision of Rule 6004 of the Bankruptcy Rules.

Prepared and Respectfully Submitted by:

**FOX ROTHSCHILD LLP**

By_____
    BRETT A. AXELROD (NV BAR NO. 5859)
    MICAELA RUSTIA MOORE (NV BAR NO. 9676)
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*

ACTIVE 24418345v1 04/24/2014                2

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies as follows:

☐ The Court has waived the requirement of approval in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #