BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed April 29, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl |
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | Jointly Administered under Case No. BK-S-14-10355-abl |
| ☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors | Chapter 11<br><br>**APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP, AS SPECIAL SOLAR COUNSEL, *NUNC PRO TUNC* TO APRIL 29, 2014** |
| Debtor. | Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING |

Martifer Solar USA, Inc. ("Martifer USA" or "Debtor"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 case (the "Chapter 11 Case") respectfully submits this application (the "Application") for an order pursuant to sections 327(e), 328, 1107 and 1108 of title 11 of the United States Code, §§ 101 *et. seq.* (the "Bankruptcy Code"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), Rule 2014 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Nevada (the "Local Rules"), the Verified Statement

of Jeffery R. Atkin ("Atkin Verified Statement"), and the Declaration of Michael Tucker (the "Tucker Declaration") filed contemporaneously herewith, authorizing Debtor to retain and employ the law firm of Foley & Lardner LLP, a limited liability partnership ("Foley & Lardner" or the "Firm") as special solar counsel. In support of the Application Debtor respectfully represents as follows:

## BACKGROUND

1. On January 21, 2014 (the "Petition Date"), Martifer USA filed a voluntary petition with this Court for reorganization relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

2. Debtor is continuing to operate its business and manage its property as debtor in possession pursuant to Bankruptcy Code Sections 1107(a) and 1108.

3. Pursuant to an Order [Dkt #72] of the Court entered January 29, 2014, the Chapter 11 Cases were administratively consolidated under the bankruptcy case of Martifer Aurora Solar, LLC ("Aurora"), case no. BK-14-10355-abl.

4. On February 14, 2014, The Official Committee of Unsecured Creditors was appointed in these Chapter 11 Cases [Docket No. 177].

5. The factual background relating to the Debtor's commencement of the Chapter 11 Case is set forth in detail in the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Dkt ##15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer USA Dkt ##15, 40] (together, the "Omnibus Declarations"), which are incorporated herein by this reference.

## JURISDICTION AND VENUE

6. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

7. The statutory basis for relief sought herein arises from Bankruptcy Code Sections 327(e), 328, 1107 and 1108, Bankruptcy Rule 2014, and Local Rule 2014.

8. Venue of this Chapter 11 Case in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

///

**RELIEF REQUESTED**

9. By this Application, Debtor seeks an order authorizing the retention and employment of Foley & Lardner as special solar counsel to Debtor to continue representing and assisting Debtor with various legal matters relating to Debtor's solar projects, as described below, effective as of April 29, 2014, in accordance with Foley & Lardner's normal hourly rates and reimbursement policies. See Tucker Declaration ¶4.

10. Prior to the Petition Date, Debtor retained Foley & Lardner to assist Debtor with legal issues arising in connection with its solar energy business. *See* Tucker Declaration, ¶5; *see also,* Engagement Agreement attached as **Exhibit 1** to the Atkin Verified Statement ("Engagement Agreement"). Foley & Lardner has since represented Debtor in its solar operations, including, without limitation, project development, tax and regulatory matters specific to renewable energy projects (for example, receipt of Federal cash grants in lieu of tax credits for such projects), the sale and acquisition of solar projects and review and analysis of solar specific contracts (for example, power purchase agreements and interconnection agreements). *See* Tucker Declaration, ¶5; Atkin Verified Statement, ¶ 5. Foley & Lardner has also acted as Debtor's corporate, tax, and project counsel in connection with various solar projects. *See* Tucker Declaration, ¶5; Atkin Verified Statement, ¶ 5.

11. Going forward, Debtor and Foley & Lardner anticipate representation of Debtor will continue in virtually the same capacity. *See* Tucker Declaration, ¶6; *see also,* Atkin Verified Statement, ¶ 6. Specifically, Foley & Lardner's renewable energy lawyers will continue to represent Debtor in connection with further project development, selling and acquiring solar projects, entering into power purchase agreements and interconnection agreements relating to such projects, and securing receipt of Federal grants and other financial incentives relating to such projects. In addition to advising Debtor on the development of Debtor's projects, Foley & Lardner will continue to represent Debtor in securing and negotiating construction contracts where Debtor provides certain construction services to third parties in exchange for certain construction fees. The specific tasks that Foley & Lardner's lawyers will provide to Debtor are necessary to allow Debtor to maximize the likelihood of a successful reorganization. *See* Tucker Declaration, ¶6; *see also,* Atkin Verified Statement, ¶¶ 7-8.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 24713514v1 04/29/2014

3

12. Debtor selected Foley & Lardner because the Firm has considerable experience in legal representation renewable and solar energy matters, including project acquisitions, development, tax structures and its strong reputation in the solar industry. *See* Tucker Declaration, ¶7. Foley & Lardner's nationally-recognized Energy Industry Team has represented solar developers and investors for more than twenty (20) years and its attorneys have industry-leading expertise and experience. Foley & Lardner's Energy Industry Team includes more than eighty-five (85) attorneys and the entire practice and individual attorneys are frequently ranked among the best in the energy industry in peer-rated surveys. Atkin Verified Statement, ¶ 9. Debtor has determined that in order to ensure adequate representation in these types of matters, it is necessary and in the best interest of Debtor to employ Foley & Lardner as its special solar counsel to continue advising and representing it in connection with its solar operations. *See* Tucker Declaration, ¶7. The services to be provided by Foley & Lardner will not be duplicative of the services provided by other professionals retained by Debtor. *See* Tucker Declaration, ¶7; *see also,* Atkin Verified Statement, ¶ 10. Foley & Lardner's lawyers will work closely with Debtor's other professionals to ensure that duplicative services are not rendered. *See* Tucker Declaration, ¶7; *see also,* Atkin Verified Statement, ¶ 10.

13. As a result of Foley & Lardner having provided services to Debtor since September 2013, it possesses a unique understanding of the Debtor's solar operations that cannot be duplicated without considerable time and expense to Debtor's estate. *See* Tucker Declaration, ¶8; *see also,* Atkin Verified Statement, ¶ 11. Indeed, prepetition Foley & Lardner devoted significant time to assisting the Debtor with a complex restructuring of a solar project that included complicated and critical tax components, including advising in the receipt of certain cash grants from the Department of Treasury. *See* Tucker Declaration, ¶8; *see also,* Atkin Verified Statement, ¶ 11.   Were Debtor required to retain new counsel to take over this representation or the other solar specific work performed by Foley & Lardner, the Debtor's estate would be severely prejudiced. *See* Tucker Declaration, ¶8; *see also,* Atkin Verified Statement, ¶ 12.

14. There is currently no litigation pending for which Foley & Lardner has acted as counsel for Debtor. *See* Tucker Declaration, ¶9; *see* Atkin Verified Statement, ¶ 13.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

15. Foley & Lardner has a claim against Debtors for unpaid fees and expenses incurred prior to the Petition Date in the amount of $78,122.86.[1] *See* Atkin Verified Statement, ¶ 14. Foley & Lardner did not receive any compensation from Debtor or any party on behalf of Debtor in the 90 days prior to the Petition Date. *See* Atkin Verified Statement, ¶ 14.

16. The scope of Foley & Lardner's services may be modified from time to time, provided that Foley & Lardner and Debtor mutually agree in writing to any such modification and corresponding change in the fee structure. *See* Atkin Verified Statement, ¶ 15.

17. Foley & Lardner is not aware of any connection of the Firm, its partners, or employees with the Office of the United States Trustee or its employees except that Foley & Lardner attorneys have been and are currently counsel of record in bankruptcy cases pending in the District of Nevada and other Districts across the country and Foley & Lardner attorneys interact with the Office of the United States Trustee in connection with such cases. *See* Atkin Verified Statement, ¶ 16.

18. Accordingly, Debtor believes that the appointment of Foley & Lardner as Debtor's special solar counsel is in the best interest of Debtor and the estate. *See* Tucker Declaration, ¶10.

**SERVICES TO BE RENDERED**

19. As more fully set forth in the Engagement Agreement, Debtor proposes to employ and retain Foley & Lardner as special solar counsel to Debtor in connection with project development, review and analysis of solar specific contracts, construction and acquisition contracts and due diligence, tax structuring, and acquisition and disposition of solar contracts. *See* Tucker Declaration, ¶11.

---

[1] This, however, does not disqualify Foley & Lardner from employment as special counsel. "[A] claim for pre-petition fees will not, as a general matter, disqualify special counsel under Section 327(e)." *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005). "Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness." *In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Albert*, 206 B.R. 636, 642 n.7 (Bankr. D. Mass. 1997) ("Although the Court has found that [attorney] holds a prepetition claim, he may still be employed [as special counsel]. The disinterestedness requirement contained in § 327(a) is not applicable to [special counsel]. Instead, pursuant to § 327(c) and (e), the court need only determine whether [attorney] holds an interest adverse to the estate."); Collier on Bankruptcy (15th ed. rev.) ¶ 327.04[9][d] ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor.").

20. In light of Foley & Lardner's expertise in this area and prior experience with Debtor, Foley & Lardner is well-qualified to perform the requested services and assist Debtor in the capacity outlined herein. *See* Tucker Declaration, ¶12.

21. Foley & Lardner will use reasonable efforts to coordinate with Debtor's other professionals to avoid unnecessary duplication of services. *See* Atkin Verified Statement, ¶ 18. Due to the highly specialized nature of Foley & Lardner's work for the Debtor, it is unlikely that any services rendered will be duplicative of other professionals. *See* Atkin Verified Statement, ¶ 18. However, Foley & Lardner will coordinate with Debtor and Debtor's general bankruptcy counsel to ensure that its services are complementary and not duplicative of other services being rendered. *See* Atkin Verified Statement, ¶ 18.

22. Foley & Lardner has stated its willingness to act as Debtor's special solar counsel during the pendency of this Chapter 11 Case. *See* Atkin Verified Statement, ¶ 19.

## PROFESSIONAL COMPENSATION

23. Subject to the Court's approval under Bankruptcy Code sections 330(a) and 331, compensation to Foley & Lardner will be payable from Debtor's estate, which shall be liable for such compensation, on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by the Firm.

24. As is the case with respect to rates charged in non-bankruptcy matters, Foley & Lardner's rates are subject to periodic adjustment to reflect economic and other conditions. Foley & Lardner's current hourly rates[2] applicable to the principal attorneys and paraprofessionals proposed to represent Debtor are:

| Professional - Title | Hourly Rate |
|---|---|
| Jeff Atkin – Partner | $725 |
| Jason Barglow - Partner | $705 |
| Bill DuFour – Associate | $500 |
| Justus Britt – Special Counsel | $250 |
| John Eliason – Tax Partner | $725 |

---

[2] Since the filing of the prior employment application for Foley & Lardner, the rates of the firm's professionals were increased in the ordinary course of business.

ACTIVE 24713514v1 04/29/2014                    6

| Professional - Title | Hourly Rate |
|---|---|
| Jason Allen – Mergers and Acquisitions Partner | $640 |
| Matt Riopelle – Associate | $525 |
| Kevin Lewman – Paralegal | $305 |
| Cristy Townsend – Paralegal | $165 |

*See* Atkin Verified Statement, ¶ 20.

25. Other attorneys and paraprofessionals will render services to Debtor, as needed. Generally, Foley & Lardner's hourly rates for Partners range from $500-$725; for associates, hourly rates range from $250-$525; for paralegals, hourly rates range from $100-305. *See* Atkin Verified Statement, ¶ 21.

26. There is no agreement of any nature, other than with respect to the attorneys at Foley & Lardner and payment of any contract attorneys utilized by Foley & Lardner, as to the sharing of compensation to be paid to Foley & Lardner. *See* Atkin Verified Statement, ¶ 22.

27. Foley & Lardner will seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate. *See* Atkin Verified Statement, ¶ 23.

28. Debtor respectfully submits that the proposed fee arrangement with Foley & Lardner, as set forth above, is reasonable in light of (i) industry practice and similar to market rates both in and out of Chapter 11 proceedings, (ii) Foley & Lardner's experience in general and with Debtor's business, in particular, and (iii) work to be performed pursuant to its retention. Debtor believes that, given the nature of the legal services to be provided by Foley & Lardner, the proposed compensation arrangement is both fair and reasonable. *See* Tucker Declaration, ¶13.

### **FOLEY & LARDNER SHOULD BE EMPLOYED NUNC PRO TUNC TO THE PETITION DATE**

29. Debtor is seeking to retain Foley & Lardner *nunc pro tunc* to April 29, 2014.[3] Such relief is warranted by the extraordinary circumstances presented by this case. Although Foley &

---

[3] Bankruptcy Courts in the Ninth Circuit possess the equitable power to approve professional employment *nunc pro tunc*. In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995) (citing Halperin v.

Lardner has not provided significant services since the Petition Date, those services rendered have been necessary to Debtor's continued business operations and Foley & Lardner's ongoing representation of Debtor. Without Foley & Lardner's continued representation of the Debtor, Debtor's ability to preserve and restructure its business could have been jeopardized. Accordingly, *nunc pro tunc* employment is appropriate under the circumstances and should be approved. *See* Tucker Declaration, ¶14.

## **FOLEY & LARDNER'S DISCLOSURES**

30.     Pursuant to section 327(e) of the Bankruptcy Code, a debtor may employ an attorney "for a specified special purpose" where such representation would be in the best interests of the debtor's estate and the attorney "does not represent or hold any interest adverse to the debtor with respect to the matter on which such attorney is to be employed." 11 U.S.C. § 327(e).

31.     In connection with its potential retention by Debtor, Foley & Lardner conducted an investigation to ascertain conflicts and connections with certain parties in interest in the Chapter 11 Cases. Atkin Verified Statement, ¶¶ 25-27. Specifically, and as detailed in the Atkin Verified Statement, Foley & Lardner was provided a list of all creditors of Debtor and Aurora, Debtor's directors and officers, the counter parties to all contracts with Debtor and Aurora other than counter parties to non-disclosure agreements, Debtor's stockholders, parties to pending litigation with Debtor, the Bankruptcy Judges for the District of Nevada, the employees of the Office of the United States Trustee for the District of Nevada, and other professionals proposed to be retained by the Debtors (the "Connection Parties"). Atkin Verified Statement, ¶ 27.

32.     Foley & Lardner has conducted a thorough search of the Connection Parties using its computerized conflicts check system, based on the list of Connection Parties received to date from Debtor, and Foley & Lardner attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of the Atkin Verified Statement with respect to Foley & Lardner's connections with the Connection Parties. Atkin Verified Statement, ¶ 30. If Debtor

---

Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.), 40 F.3d 1059, 1062 (9th Cir. 1994); Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir. 1988)).

ACTIVE 24713514v1 04/29/2014            8

supplements this information, Foley & Lardner will run an updated conflict search and file a supplement to the Atkin Verified Statement. Atkin Verified Statement, ¶ 30.

33.    Except as set forth in the Atkin Verified Statement and the exhibits thereto, the Debtor has determined that Foley & Lardner does not hold or represent any interest adverse to the Debtors or their estates with respect to the matters on which Foley is to be employed. Atkin Verified Statement, ¶¶ 27-28. In the event that any conflicts arise on the matters on which Foley is to be retained, either Foley will obtain appropriate waivers or the Debtors will engage special conflicts counsel and Foley & Lardner will file a supplement to the Atkin Verified Statement. Atkin Verified Statement, ¶ 33.

### NOTICE

34.    Notice of this Application has been provided to Notice of this Application has been provided to (i) the Office of the United States Trustee; (ii) counsel for Cathay Bank; (iii) Counsel for the Official Committee of Unsecured Creditors; (iv) those governmental agencies required to receive notice under Bankruptcy Rule 5003(e); and (v) any parties who have requested notice in these Chapter 11 Cases. Debtor respectfully submits that such notice is appropriate under the circumstances and that no other or further notice is necessary or required.

### PRIOR APPLICATION

35.    On February 10, 2014, the Debtor filed an application to employ Foley & Lardner. [Dkt. No. 140] No objection was filed to the prior employment application. Prior to the hearing on the employment application, on March 5, 2014, the Debtor elected to withdraw the prior employment application. [Dkt. No. 300] The Debtor has subsequently determined that it requires the services of Foley & Lardner. Atkin Declaration, ¶ 34. Debtor requires the services of Foley with respect to obtaining specific solar related time sensitive grants and rebates and representing the Debtor with respect to time sensitive responses to potential exclusive solar transactions. This is critical to the Debtor as the passing of these dates without appropriate response will result in the total loss of the Debtor's ability to obtain these grants, rebates and solar related exclusive transactional opportunities. See Tucker Declaration ¶15.

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

## CONCLUSION

WHEREFORE, Debtor respectfully requests entry of an order authorizing the relief requested herein, substantially in the form attached hereto as **Exhibit A**, and granting Debtor such other and further relief as is just and proper.

DATED this 29th day of April 2014.

**MARTIFER SOLAR USA, INC.,**

By */s/Michael Tucker*
    Michael Tucker, Chief Restructuring Officer

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By */s/Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*

1 **EXHIBIT A**

2 ***PROPOSED FORM OF ORDER***

BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors<br><br>                    Debtor. | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP AS SPECIAL SOLAR COUNSEL *NUNC PRO TUNC* TO APRIL 29, 2014**<br><br>Hearing Date:<br>Hearing Time: |

The Court, having reviewed and considered the Application for an Order Authorizing Retention and Employment of Foley & Lardner LLP ("Foley & Lardner") as Debtor's Special Solar

ACTIVE 24713514v1 04/29/2014                1

Counsel, Effective as of the Petition Date (the "Application"),[1] filed on April 29, 2014 by Martifer Solar USA, Inc. ("Martifer USA" or "Debtor"), debtor and debtor in possession in the above-captioned jointly administered chapter 11 case (the "Chapter 11 Case"), the Verified Statement of Jeffery R. Atkin in Support of the Application (the "Atkin Verified Statement"), the Declaration of Michael Tucker in Support of Retention of Debtors' Professionals (the "Tucker Declaration"); the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Aurora Dkt ##15, 40] and the Omnibus Declarations of Klaus Bernhart in Support of First Day Motions [Martifer USA Dkt ##15, 40] and with all other findings set forth in the record at the hearing noted above incorporated herein, pursuant to Fed. R. Bankr. P. 7052; and it appearing that this Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334; it appearing that venue of this Chapter 11 Case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); the Court hereby finds (1) notice of the Application was good and sufficient as provided therein and under the circumstances; (2) Foley & Lardner does not represent or hold any interest adverse to the Debtor with respect to the matter on which Foley & Lardner is to be employed, and (c) being employed as Debtor's special solar counsel is necessary and in the best interests of Debtor and its estate; and (3) good cause exists to approve the retention and employment of Foley & Lardner.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED in all respects.

2. Pursuant to 11 U.S.C. § 327(e) and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure, Debtor is authorized to retain and employ Foley & Lardner as special solar counsel *nunc pro tunc* to April 29, 2014, to perform the services set forth in the Application and under the terms of the Engagement Agreement attached as **Exhibit 1** to the Atkin Verified Statement.

3. Foley & Lardner shall be compensated from Debtor's estate in accordance with the procedures set forth in the Application, 11 U.S.C. §§ 330 and 331, the Bankruptcy Rules, the Local Bankruptcy Rules and Orders of this Court.

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

ACTIVE 24713514v1 04/29/2014    2

1    4.    The terms of this Order shall be immediately effective and enforceable upon its entry.

2

3    Prepared and respectfully submitted by:

4    **FOX ROTHSCHILD LLP**

5    By_____
6        BRETT A. AXELROD, ESQ.
         Nevada Bar No. 5859
7        MICAELA RUSTIA MOORE, ESQ.
         Nevada Bar No. 11057
8        3800 Howard Hughes Parkway, Suite 500
         Las Vegas, Nevada 89169
9    *Counsel for Martifer Solar USA, Inc.*
10   *and Martifer Aurora Solar, LLC*

11

12   APPROVED/DISAPPROVED:

13   **OFFICE OF THE UNITED STATES TRUSTEE**

14   By_____
15       J. Michal Bloom
         Trial Attorney for Acting U.S. Trustee,
16       Tracy Hope Davis

17

18

19

20

21

22

23

24

25

26

27

28

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

ACTIVE 24713514v1 04/29/2014          3

**CERTIFICATION OF COUNSEL PURSUANT TO LOCAL RULE 9021**

In accordance with Local Rule 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that:

☐ The Court has waived the requirement set forth in LR 9021(b)(1).

☐ No party appeared at the hearing or filed an objection to the motion.

☐ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐ I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion, pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #