BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed April 29, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors<br><br>Debtor. | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**VERIFIED STATEMENT OF JEFFERY R. ATKIN IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP, AS SPECIAL SOLAR COUNSEL, *NUNC PRO TUNC* TO APRIL 29, 2014**<br><br>Hearing Date: OST PENDING<br>Hearing Time: OST PENDING |

I, Jeffery R. Atkin, a partner at Foley & Lardner LLP ("Foley & Lardner" or the "Firm"), engaged in the practice of law, submit the following statement (the "Verified Statement") in accordance with sections 327(e), 328, 1107 and 1108 of the Bankruptcy Code,[1] Bankruptcy Rules

---

[1] All capitalized terms not otherwise defined herein shall have the same meaning ascribed in the Application.

ACTIVE 25537291v1 04/29/2014

1

2014(a) and 5002 and Local Rule 2014, and being duly sworn, depose and declare under the penalty of perjury:

1. I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, except where stated as based upon information and belief, and if called upon to testify, could and would do so.

2. I am a partner of Foley & Lardner, which maintains offices across the United States, including in Los Angeles, California.

3. I make this statement in support of the Application for Order Authorizing Retention and Employment of Foley & Lardner LLP as Debtor's Special Solar Counsel *Nunc Pro Tunc* to April 29, 2014 (the "Application"), filed by Martifer Solar USA, Inc. ("Martifer" or "Debtor"), as debtor and debtor in possession in the above-referenced chapter 11 bankruptcy case (the "Chapter 11 Case").

4. Pursuant to Bankruptcy Rule 2014 and Section 2 of the Guidelines of the U.S. Department of Justice, Office of the United States Trustee -- Northern and Eastern District of California and Nevada (the "Guidelines"), a copy of this Verified Statement and the Application is contemporaneously transmitted to the Office of the United States Trustee (the "UST"). Fed. R. Bankr. P. 2014; Guidelines, § 2.1.

5. Foley & Lardner was retained by Debtor prior to the Petition Date to assist Debtor with legal issues arising in connection with its solar energy business. *See also,* Engagement Agreement attached hereto as **Exhibit 1** ("Engagement Agreement"). Foley & Lardner has since represented Debtor in its solar operations, including, without limitation, project development, tax and regulatory matters specific to renewable energy projects (for example, receipt of Federal cash grants in lieu of tax credits for such projects), the sale and acquisition of solar projects and review and analysis of solar specific contracts (for example, power purchase agreements and interconnection agreements). Foley & Lardner has also acted as Debtor's corporate, tax, and project counsel in connection with various solar projects.

6. Going forward, Debtor and Foley & Lardner anticipate representation of Debtor will continue in virtually the same capacity.

7. Specifically, Foley & Lardner's renewable energy lawyers will continue to represent Debtor in connection with further project development, selling and acquiring solar projects, entering into power purchase agreements and interconnection agreements relating to such projects, and securing receipt of Federal grants and other financial incentives relating to such projects.

8. In addition to advising Debtor on the development of Debtor's projects, Foley & Lardner will continue to represent Debtor in securing and negotiating construction contracts where Debtor provides certain construction services to third parties in exchange for certain construction fees. The specific tasks that Foley & Lardner's lawyers will provide to Debtor are necessary to allow Debtor to maximize the likelihood of a successful reorganization.

9. Foley & Lardner's nationally-recognized Energy Industry Team has represented solar developers and investors for more than twenty (20) years and its attorneys have industry-leading expertise and experience. Foley & Lardner's Energy Industry Team includes more than eighty-five (85) attorneys and the entire practice and individual attorneys are frequently ranked among the best in the energy industry in peer-rated surveys.

10. The services to be provided by Foley & Lardner will not be duplicative of the services provided by other professionals retained by Debtor. Foley & Lardner's lawyers will work closely with Debtor's other professionals to ensure that duplicative services are not rendered.

11. As a result of Foley & Lardner having provided services to Debtor since September 2013, it possesses a unique understanding of the Debtor's solar operations that cannot be duplicated without considerable time and expense to Debtor's estate. Indeed, prepetition Foley & Lardner devoted significant time to assisting the Debtor with a complex restructuring of a solar project that included complicated and critical tax components, including advising in the receipt of certain cash grants from the Department of Treasury.

12. Were Debtor required to retain new counsel to take over this representation or the other solar specific work performed by Foley & Lardner, the Debtor's estate would be severely prejudiced.

13. There is currently no litigation pending for which Foley & Lardner has acted as counsel for Debtor.

14. Foley & Lardner has a claim against Debtor for unpaid fees and expenses incurred prior to the Petition Date in the amount of $78,122.86.[2] Foley & Lardner did not receive any compensation from Debtor or any party on behalf of Debtor in the 90 days prior to the Petition Date.

15. The scope of Foley & Lardner services may be modified from time to time, provided that Foley & Lardner and Debtor mutually agree in writing to any such modification and corresponding change in the fee structure.

16. I am not aware of any connection of the Firm, its partners, or employees with the Office of the United States Trustee or its employees except that Foley & Lardner attorneys have been and are currently counsel of record in bankruptcy cases pending in the District of Nevada and other Districts across the country and Foley & Lardner attorneys interact with the Office of the United States Trustee in connection with such cases.

## SERVICES TO BE RENDERED

17. As more fully set forth in the Engagement Agreement, Debtor proposes to employ and retain Foley & Lardner as special solar counsel to Debtor in connection with project development, review and analysis of solar specific contracts, construction and acquisition contracts and due diligence, tax structuring, and acquisition and disposition of solar contracts.

18. Foley & Lardner will use reasonable efforts to coordinate with Debtor's other professionals to avoid unnecessary duplication of services. Due to the highly specialized nature of Foley & Lardner's work for the Debtor, it is unlikely that any services rendered will be duplicative of other professionals. However, Foley & Lardner will coordinate with Debtor and Debtor's general

---

[2] Foley retaining its claim, however, does not disqualify Foley & Lardner from employment as special counsel. "[A] claim for pre-petition fees will not, as a general matter, disqualify special counsel under Section 327(e)." *In re EBW Laser, Inc.*, 333 B.R. 351, 359 (Bankr. M.D.N.C. 2005). "Section 327(e) contains less restrictive requirements than Section 327(a) which governs the employment of general counsel as there is no requirement of disinterestedness." *In re Film Ventures Int'l, Inc.*, 75 B.R. 250, 252 (B.A.P. 9th Cir. 1987); *In re Albert*, 206 B.R. 636, 642 n.7 (Bankr. D. Mass. 1997) ("Although the Court has found that [attorney] holds a prepetition claim, he may still be employed [as special counsel]. The disinterestedness requirement contained in § 327(a) is not applicable to [special counsel]. Instead, pursuant to § 327(c) and (e), the court need only determine whether [attorney] holds an interest adverse to the estate."); Collier on Bankruptcy (15th ed. rev.) ¶ 327.04[9][d] ("[T]he 'disinterested' test of section 327(a) does not apply to section 327(e) because the attorney may, in fact, be a creditor of the debtor for fees related to such prepetition representation of the debtor.").

4

bankruptcy counsel to ensure that its services are complementary and not duplicative of other services being rendered.

19. Foley & Lardner has stated its willingness to act as Debtor's special corporate counsel during the pendency of this Chapter 11 Case.

## PROFESSIONAL COMPENSATION

20. As is the case with respect to rates charged in non-bankruptcy matters, Foley & Lardner's rates are subject to periodic adjustment to reflect economic and other conditions. Foley & Lardner's current hourly rates[3] applicable to the principal attorneys and paraprofessionals proposed to represent Debtor are:

| Professional - Title | Hourly Rate |
|---|---|
| Jeff Atkin – Partner | $725 |
| Jason Barglow - Partner | $705 |
| Bill DuFour – Associate | $500 |
| Justus Britt – Special Counsel | $250 |
| John Eliason – Tax Partner | $725 |
| Jason Allen – Mergers and Acquisitions Partner | $640 |
| Matt Riopelle – Associate | $525 |
| Kevin Lewman – Paralegal | $305 |
| Cristy Townsend – Paralegal | $165 |

21. Other attorneys and paraprofessionals will render services to Debtor, as needed. Generally, Foley & Lardner's hourly rates for Partners range from $500-$725; for associates, hourly rates range from $250-$525; for paralegals, hourly rates range from $100-305.

22. There is no agreement of any nature, other than with respect to the attorneys at Foley & Lardner and payment of any contract attorneys utilized by Foley & Lardner, as to the sharing of compensation to be paid to Foley & Lardner.

23. Notwithstanding anything to the contrary in the Engagement Agreement, Foley & Lardner will seek compensation for its fees and expenses incurred on behalf of Debtor, consistent with

---

[3] Since the filing of the prior employment application for Foley & Lardner, the rates of the firm's professionals were increased in the ordinary course of business.

5

ACTIVE 25537291v1 04/29/2014

the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the United States Trustee Guidelines, and any applicable rules or orders of this Court, from Debtor's estate.

24. Foley & Lardner's hourly rates are set at a level designed to fairly compensate the Firm for the work of its attorneys and paraprofessionals and to cover fixed and routine overhead expenses. Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by the Firm from time to time. It is Foley & Lardner's policy to charge, in all areas of practice, for all expenses incurred in connection with a particular representation; including, among other things, photocopying, witness fees, travel expenses, certain secretarial and other overtime expenses, filing and recording fees, long distance telephone calls, postage, express mail and messenger charges, computerized legal research charges and other computer services, expenses for "working meals," and telecopier charges. The Firm will charge Debtor's estate for these expenses in a manner and at rates consistent with charges made generally to its other clients. Foley & Lardner believes that it is more accurate and efficient to charge these expenses to the particular matter involved rather than increasing the hourly rates and spreading the expenses among all clients.

## FOLEY & LARDNER'S CONFLICTS/CONNECTIONS REVIEW IN THIS CHAPTER 11 CASE

25. Foley & Lardner maintains a computer client database (the "Database") containing the names of all of Foley & Lardner's current and former clients and, where practical, the known affiliates of these clients. In the ordinary course of business and in its regular practice, Foley & Lardner systematically updates and maintains these records. The Database maintained by Foley & Lardner is designed to include every matter on which Foley & Lardner is now or has been engaged, the entity by which Foley & Lardner is now or has been engaged and, in each instance, the identity of related parties and adverse parties and the attorney at Foley & Lardner that is knowledgeable about the matter. It is the policy of Foley & Lardner that no new matter may be accepted or opened without completing and submitting to those charged with maintaining the Database the information necessary to check each such matter for conflicts, including the identity of the prospective client, the matter, and related and adverse parties. Accordingly, the Database is regularly updated for every new matter undertaken by Foley & Lardner.

ACTIVE 25537291v1 04/29/2014

6

26. In preparing this Verified Statement, I employed Foley & Lardner's procedures for ensuring full compliance with the requirements of the Bankruptcy Code and the Bankruptcy Rules regarding the retention of professionals by a debtor under the Bankruptcy Code (the "Disclosure Procedures"). Pursuant to the Disclosure Procedures, I performed, or caused to be performed, the following actions to identify the parties relevant to this Verified Statement and to ascertain Foley & Lardner's connection to such parties:

a) Obtained from Debtor a list of all creditors of Debtor and Aurora, Debtor's directors and officers, the counter parties to all contracts with Debtor and Aurora other than counter parties to non-disclosure agreements, Debtor's stockholders, parties to pending litigation with Debtor, the Bankruptcy Judges for the District of Nevada, the employees of the Office of the United States Trustee for the District of Nevada, and other professionals proposed to be retained by Debtor and Aurora (the "Connection Parties");

b) Compiled a list of any matches or near-matches (the "Match List") by comparing the names included in the Connection Parties to the names in the Database to determine whether such Match List contained current or former clients of Foley & Lardner and to identify the Foley & Lardner personnel responsible for such matters;

c) Verified, using information in the Database and by making specific inquiries of Foley & Lardner personnel where necessary, that, except as indicated herein and in the exhibits attached hereto, Foley & Lardner does not represent any entity on the Match List in connection with Debtor or the Chapter 11 Case; and

d) Reviewed the Match List and eliminated obvious name coincidences and compiled remaining actual and possible connections (the "Matched Entities") for purposes of preparing this Verified Statement.

27. Through application of the Disclosure Procedures described above, Foley & Lardner has identified the connections disclosed herein and on **Exhibit 2** attached hereto. The Matched Entities are categorized by connection to Foley & Lardner.

28. Based upon the results of the inquiry and conflicts check described above and to the best of my personal knowledge and belief, Foley & Lardner does not hold or represent any interest adverse to the Debtor or its estate with respect to the matters on which Foley is to be employed. If, at any time, I become aware of any additional connections to any parties in interest in this Chapter 11 Case, I will supplement this Verified Statement.

7

ACTIVE 25537291v1 04/29/2014

29. The Connection Parties were compared to the Database and, as noted in the exhibits, Foley & Lardner has represented (a "Former Client") and/or currently represents (a "Current Client") and likely will represent in the future, certain of the parties listed on the Potential Party List in matters unrelated to Debtor and this Chapter 11 Case.  The Matched Entities listed on Exhibit 2 are Current Clients or Former Clients that have a direct connection with Debtor or this Chapter 11 Case although Foley & Lardner's representation of such Current Clients or Former Clients is in matters unrelated to Debtor or this Chapter 11 Case.

30. Foley & Lardner has conducted a thorough search using its computerized conflicts check system, based on the information received to date from Debtor, and Foley & Lardner attorneys have made diligent efforts to search the Firm's records and assemble pertinent information for purposes of this Verified Statement with respect to Foley & Lardner's connection those parties disclosed by Debtor to Foley & Lardner.  If Debtor supplements this information, Foley & Lardner will run an updated conflict search and file a supplement to this Verified Statement.

31. Given the size and complexity of Debtor's business and the number of parties in interest in the Chapter 11 Case, it is possible that Foley & Lardner, despite reasonable efforts to discover connections as described above, has other connections with creditors, debt and equity security holders or parties in interest not listed on Exhibit 2 or otherwise disclosed in this Verified Statement.  I am not aware, however, of any connections not disclosed, and I am confident that if there were any such other connections, they were unrelated to the Chapter 11 Case and would have no effect on the Firm's representation of Debtor.

32. I shall supplement this Verified Statement upon my learning that (a) any of the representations made herein are incorrect, or (b) there is any change of circumstance relating thereto.

33. In the event that any conflicts arise on the matters on which Foley is to be retained, either Foley will obtain appropriate waivers or the Debtors will engage special conflicts counsel and Foley & Lardner will file a supplement to this Verified Statement.

Executed this 29th day of April 2014.

By  */s/Jeffery R. Atkin*
    Jeffery R. Atkin, Esq.

8

ACTIVE 25537291v1 04/29/2014

**EXHIBIT 1**

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)



**FOLEY & LARDNER LLP**

ATTORNEYS AT LAW
555 SOUTH FLOWER STREET, SUITE 3500
LOS ANGELES, CA 90071-2411
213.972.4500 TEL
213.486.0065 FAX
foley.com

213.972.4557
jatkin@foley.com

September 13, 2013

CLIENT/MATTER NUMBER
999100-0100

<u>**VIA EMAIL ONLY**</u>

Martifer Solar USA, Inc.
2040 Amacost Ave.
Los Angeles, CA 90025

   *Re:*   ***Engagement Letter Agreement***

   Thank you for selecting Foley & Lardner LLP (the "Firm") to represent Martifer Solar USA, Inc. (the "Company"). It is important that we have a clear understanding of our working relationship going forward. Please do not hesitate to contact us if you have any concerns.

   **1.**   <u>**Scope of Engagement**</u>

   This Engagement Letter Agreement (the "Agreement") confirms the terms of this matter. As we discussed, the scope of our engagement will be to assist the Company with general legal matters (the "Matter"). Should the Company retain the Firm for subsequent matters, the specifics of this Agreement will remain the same unless otherwise communicated.

   The scope of the engagement of the Matter may include providing Federal tax advice to the Company. The Firm has established policies and procedures intended to ensure compliance with United States Department of the Treasury Circular 230, which governs standards of practice before the Internal Revenue Service. In that light, we wish to emphasize that the Firm is engaged to provide only legal services and that (1) the Firm is not engaged to verify facts, and attorneys of the Firm will not undertake to verify facts in the course of representation; (2) the Firm is not engaged to verify the accuracy of financial analysis, financial projections, or similar reports, and is not engaged to render any opinions regarding the accuracy of such reports; (3) the Firm is not engaged as experts in valuation, and is not engaged to render opinions concerning valuation matters; and (4) the Firm is not engaged as experts in engineering or similar disciplines, and is not engaged to render opinions relating to such matters. Although Circular 230 generally contemplates that attorneys must not rely upon unreasonable factual representations and assumptions in providing Federal tax advice, the Firm does not purport to have special expertise in non-legal disciplines to evaluate the reasonableness of any such factual representations or assumptions.

   **2.**   <u>**Staffing**</u>

   I will have primary responsibility for the Matter, but will utilize other Firm attorneys and paraprofessionals when that is appropriate and cost effective. We will keep the Company informed

4824-4705-8197.1



**FOLEY & LARDNER LLP**

Martifer Solar USA, Inc.
September 13, 2013
Page 2

of our progress, and will utilize our best efforts to respond to the Company as promptly as possible. In return, the Company agrees to keep us informed of any developments that affect the Matter as soon as the Company becomes aware of them, and to be available when we need to consult with the Company.

### 3. Conflicts of Interest

We have checked our records based on the information the Company has provided to us at this time. Our search also included the names of business entities, if any, about which you have informed us of an affiliation that could give rise to significant concerns if we should be involved in matters for other clients directly adverse to such business entities. We have determined that there is no conflict of interest that prevents us from working on the Matter.

This Agreement creates an attorney/client relationship only between the Firm and the Company. Therefore, the Company agrees that this engagement does not create an attorney/client relationship between the Firm and any business entities with which you are affiliated unless subject to a separate engagement Agreement. The Company will not provide the Firm with any confidential information about any of its other subsidiaries or affiliates, and the Firm will not provide services to the Company's subsidiaries or affiliates unless the Firm represents such subsidiary or affiliate. The Company agrees that our representation of the Company will not create any conflicts of interest in the event that other clients of the Firm are adverse to a subsidiary or affiliate of the Company (unless that subsidiary or affiliate also is represented by the Firm).

### 4. Advance Waiver of Conflict

The Company agrees that the Firm may represent current or new clients in work directly adverse to the Company, provided such work is not substantially related to the Matter and the Firm does not use any of the Company's confidential information in representing such clients. This consent includes our being trial counsel in litigation adverse to the Company. In addition, the Company agrees that, even though the Firm represents the Company in this Matter, the Firm may represent in the future other parties who are adversely involved in the Matter, or who may later become involved in the Matter, as long as that representation of other parties is substantially unrelated to the Matter. By way of examples only, and assuming such representations are not substantially related to the Matter, we may represent one or more parties in bankruptcy cases that may have interests adverse to the Company, we may represent clients with regard to intellectual property rights that may be adverse to those of the Company, or we may represent clients in contract or other business disputes adverse to the Company. The Firm agrees that it will not use any of the Company's confidential information in representing such other clients and, when needed, we will establish an ethical wall to assure that confidential information is not exchanged between those working on the Matter and those working for such other clients.



Martifer Solar USA, Inc.
September 13, 2013
Page 3

      Our Firm policy requires that any advance waiver of future conflicts be in writing, and by signing and returning a copy of this Agreement, the Company agrees to this advance waiver.

5. **Fees and Billing**

      The fees and costs for the Matter are not predictable. Therefore, we cannot promise what fees or expenses will be necessary to resolve or complete the Matter. Any fees and costs we might have previously discussed are estimates only. The Company also understands that the payment of the Firm's fees and costs is not contingent upon the outcome of the Matter.

      It is agreed that the Company will compensate us for services, subject to the professional responsibility rules governing our practice, based on the time devoted to the Matter at the hourly rates charged by members of the Firm. These rates may change from time to time.

      We will bill the Company for support services, such as photocopy and facsimile, messenger and delivery service, online research, travel, word processing, court costs, and search and filing fees. We do not bill long distance telephone charges; we will bill for conference calls using an "800" number service at $.035 per minute per participant. If we arrange a video conference on the Company's behalf, we will bill at rates established by the service provider. We currently charge $.15 per page for photocopies, and faxes are billed at $.50 per page. We charge for word processing or secretarial services only if done on an overtime basis. Certain support services that involve equipment or staffing or that require payments to third parties may include additional charges that reflect our internal costs. It is our policy to provide the most cost effective and efficient support systems available.

      The Company agrees that we can make arrangements to have the Company billed directly by third parties, or the Company will pay directly invoices which we receive for costs from third parties, such as costs for consultants, appraisers, court reporters, technical support, foreign attorneys, or other parties that render billable services during the Matter. If arrangements have not been made for direct billing or direct payment by the Company for third-party costs, the Company agrees that we may pay these invoices on the Company's behalf after we have first been paid by the Company for such costs.

      Invoices are normally sent to the Company each month and reflect the services and expenses incurred the previous month. Payment is due promptly upon receipt. We will assess a late charge of 1% per month on any outstanding balance older than 60 days. In addition, subject to our rules of professional responsibility, we may also cease performing services for the Company until satisfactory arrangements have been made for payments of amounts outstanding in excess of 60 days and the payment of future amounts.



Martifer Solar USA, Inc.
September 13, 2013
Page 4

### 6. Limitations of Liability

Foley & Lardner LLP is a limited liability partnership under the laws of Wisconsin. This means the Company's right to recover damages in a legal malpractice action that may exceed our insurance and Firm assets is limited to the personal assets of the attorneys whose acts or omissions gave rise to the Company's claim.

### 7. Termination of Representation

Either of us may terminate this Agreement at any time for any reason by written notice. The Firm is subject to applicable rules of professional conduct when terminating a client engagement. If we terminate the engagement, the Firm will take all reasonable and practical steps to protect the Company's interests in the Matter and, at its request, suggest possible new counsel. We will provide new counsel with any papers the Company has given us. If permission from the court is necessary for withdrawal, we will promptly apply for it, and the Company will engage new counsel to represent the Company.

Unless previously terminated, our representation of the Company in the Matter will end when we send our final invoice. After the Matter ends, there might be changes in laws or regulations that might affect the Company's future rights and liabilities, but the Firm does not have an obligation to continue to advise the Company about future legal developments, unless the Company engages us to do so.

### 8. Disposition of Files and Records

Following the conclusion of the Matter, we will maintain the confidentiality of any of the Company's confidential information provided us in accordance with applicable rules of professional conduct. Any documents provided by the Company, or provided by a third party, will be returned to the Company unless the Company authorizes destruction of them.

We will retain our own files pertaining to the Matter, including material prepared by or for the internal use of our attorneys. These include the Firm's administrative records, time and expense reports, personnel and staffing materials, credit and accounting records, internal attorneys' work product (such as drafts, notes, internal memoranda and legal and factual research), written and electronic communications, pleadings, and investigative reports. The Firm has internal policies that determine the retention periods for closed representation files. Therefore, if the Company does not request return of this file material, the Firm reserves the right to destroy it at the end of the defined retention period. Upon the Company's reasonable request, the Firm will provide such portions of these file materials to the Company as required by the applicable rules of professional responsibility or other legal requirements. Unless applicable rules of professional responsibility require an earlier return, we may retain such file material pending receipt of payment of any outstanding fees or costs.



Martifer Solar USA, Inc.
September 13, 2013
Page 5

### 9. Communication

We often send to our clients information about the Firm or legal matters we think might be of interest to them. The Company agrees that we may send the Company this material, either by electronic mail or other means. The Company also agrees that we may communicate with the Company about this Matter by electronic mail on an unencrypted basis.

Either at the beginning or during representation, we might express opinions or beliefs concerning the Matter and the results that might be anticipated. Any such statement made by us is an expression of opinion only and is not a promise or guarantee of results.

The Company agrees that the Firm may list the Company on publicly disclosed lists and other materials as a client that the Firm represents.

### 10. Arbitration

Any dispute over fees and/or costs (a "Dispute") will be submitted to and settled exclusively by binding arbitration, in accordance with the provisions of this section, subject only to any applicable requirement of law that the parties engage in a preliminary non-binding mediation or arbitration regarding fee disputes. Binding arbitration shall be conducted in accordance with the Judicial Arbitration and Mediation Service Streamlined Rules & Procedures (the "JAMS Rules"). Arbitration shall be held in the county of Los Angeles, before an arbitrator selected pursuant to the JAMS Rules who will have no personal or pecuniary interest, either directly or indirectly, from any business or family relationship with either of the parties. All decisions of the arbitrator will be final, binding, and conclusive on the parties.

The parties will equally share the costs of the arbitrator and the arbitration fee (if any). Each party will bear that party's own attorneys' fees and costs, and the prevailing party will not be entitled to reimbursement by the other party of any of its fees or costs incurred in connection with the arbitration hereunder, regardless of any rule to the contrary in the applicable arbitration rules. Either party may seek confirmation of the arbitration award in the Los Angeles County Superior Court, and each party hereby consents to the exclusive jurisdiction and venue of the Los Angeles County Superior Court in any claim or action arising hereunder. By signing this Agreement containing this provision, the Company agrees to waive any and all rights to a jury trial regarding any Dispute.

Before you sign this agreement you should consider consulting with another lawyer about the advisability of making an agreement with mandatory arbitration requirements. Arbitration proceedings are ways to resolve disputes without the use of the court system. By entering into agreements that require arbitration as the way to resolve fee disputes, you give up (waive) your right to go to court to resolve those disputes by a judge or jury. These are important rights that should not be given up without careful consideration.



Martifer Solar USA, Inc.
September 13, 2013
Page 6

      Please confirm the Company's approval of this Agreement by signing and returning the enclosed duplicate copy in the envelope provided. If the Company has any questions, or if this Agreement does not accurately set forth our arrangement, please let me know.

      We look forward to working with you on this Matter.

Sincerely,

FOLEY & LARDNER LLP

Jeffery R. Atkin

AGREED AND ACCEPTED:

MARTIFER SOLAR USA, INC.

BY: _____
    Authorized Signature

___CFO_____
Title

___9/23/13_____
Date

**EXHIBIT 2**

**CURRENT CLIENTS OR FORMER CLIENTS WHICH HAVE A DIRECT CONNECTION WITH THE DEBTORS OR THESE CASES**

| Matched Entity | Relationship to Foley |
|---|---|
| ADP, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| ADT Security Services | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| AECOM Technical Services, Inc. | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| AECOM Technical Services, Inc. | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| AIG | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| All Phase Electric Supply Co. | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Altpower, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| AMPHENOL TECHNOLOGY (SHENZHEN) CO. | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Avaya | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Avaya Financial Services | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Bridgestone Firestone | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Bryan Cave, LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Cathay Bank | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Catlin Specialty Insurance Company | Foley represents an affiliate of this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| CBS | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)

| Citrix Online | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
|---|---|
| Citrix Online, LLC | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| CLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| CAN Financial Insurance | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Consolidated Edison Solutions, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Continental Casualty Company | Foley represents an affiliate of this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| COOPER POWER SYSTEM | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Drinker Biddle & Reath, LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Federal Express | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| FOLEY HOAG LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Fox Rothschild, LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| GCL SOLAR ENERGY INC. | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases.  Foley previously represented GCL in a matter which involved the Debtor, but that matter is no longer ongoing. |
| GE Capital | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Gensler Architects | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| George Reed | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| The Hanover Insurance Company | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Hanwha SolarOne (QiDong) Co. Ltd | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |

| | |
|---|---|
| Hensel Phelps Construction Co. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Hinckley Allen & Snyder LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| HUB INTERNATIONAL MIDWEST LIMITED | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Holland & Knight LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| J. Michal Bloom[1] | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Johns Manville | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Jones Lang LaSalle Americas, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Los Angeles Department of Water & Power | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Mintz Levin Cohn Ferris Glovsky & Popeo | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Mobile Mini, LLC | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| PanelClaw | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| PCL Construction Services, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Quest Diagnostics, LLC | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Radford Studio Center, Inc. | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| SoCore Energy LLC | Foley may in the future represent this party in matters unrelated to the Debtors or their Bankruptcy Cases. |
| Southern California Edison | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| STOEL RIVES LLP | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |

---

[1] Foley & Lardner is checking if this is the same person as one of the trial attorneys for the U.S. Trustee.

ACTIVE 25537291v1 04/29/2014

3

| | |
|---|---|
| Suddath Global Logistics, LLC | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| SunPower Corporation | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| The Hertz Corporation | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| T-Mobile | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Verizon | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Verizon Wireless | Foley represents this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| Washington Gas Energy Systems, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| WESCO Distribution, Inc. | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| XO Communications | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |
| XO Communications | Foley has in the past represented this party in matters substantially unrelated to the Debtors or their Bankruptcy Cases. |

FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
(702) 262-6899
(702) 597-5503 (fax)