BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
**FOX ROTHSCHILD LLP**
3800 Howard Hughes Parkway, Suite 500
Las Vegas, Nevada 89169
Telephone: (702) 262-6899
Facsimile: (702) 597-5503
Email: baxelrod@foxrothschild.com
         mmoore@foxrothschild.com
*Counsel for Martifer Aurora Solar, LLC
and Martifer Solar USA, Inc.*

Electronically Filed April 29, 2014

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐ Affects Martifer Aurora Solar, LLC<br>☒ Affects Martifer Solar USA, Inc.<br>☐ Affects all Debtors<br><br>Debtor. | Case No. BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**DECLARATION OF MICHAEL TUCKER IN SUPPORT OF APPLICATION FOR ORDER AUTHORIZING RETENTION AND EMPLOYMENT OF FOLEY & LARDNER LLP, AS SPECIAL SOLAR COUNSEL, *NUNC PRO TUNC* TO APRIL 29, 2014**<br><br>Hearing Date:  OST PENDING<br>Hearing Time:  OST PENDING |

I, Michael Tucker, being duly sworn, deposes and declares under the penalty of perjury:

1.  I am over the age of 18, am mentally competent, have personal knowledge of the facts in this matter, except where stated as based upon information and belief, and if called upon to testify, could and would do so.

2.     I am a Senior Managing Director of FTI Consulting, Inc. ("FTI"), engaged and authorized to assist the Debtors in their restructuring efforts. In addition, I have been engaged and authorized to serve as the Debtors' Chief Restructuring Officer ("CRO").

3.     I submit this Declaration in support of the Application (the "Application") for Order Authorizing Retention and Employment of Foley & Lardner LLP ("Foley & Lardner" or the "Firm") as Special Solar Counsel *Nunc Pro Tunc* to April 29, 2014.

4.     By this Application, Debtor seeks an order authorizing the retention and employment of Foley & Lardner as special solar counsel to Debtor to continue representing and assisting Debtor with various legal matters relating to Debtor's solar projects, as described below, effective as of the Petition Date, in accordance with Foley & Lardner's normal hourly rates and reimbursement policies.

5.     Prior to the Petition Date, Debtor retained Foley & Lardner to assist Debtor with legal issues arising in connection with its solar energy business. *See* Engagement Agreement attached as **Exhibit 1** to the Atkin Verified Statement ("Engagement Agreement"). Foley & Lardner has since represented Debtor in its solar operations, including, without limitation, project development, tax and regulatory matters specific to renewable energy projects (for example, receipt of Federal cash grants in lieu of tax credits for such projects), the sale and acquisition of solar projects and review and analysis of solar specific contracts (for example, power purchase agreements and interconnection agreements). Foley & Lardner has also acted as Debtor's corporate, tax, and project counsel in connection with various solar projects.

6.     Going forward, Debtor and Foley & Lardner anticipate representation of Debtor will continue in virtually the same capacity. Specifically, Foley & Lardner's renewable energy lawyers will continue to represent Debtor in connection with further project development, selling and acquiring solar projects, entering into power purchase agreements and interconnection agreements relating to such projects, and securing receipt of Federal grants and other financial incentives relating to such projects. In addition to advising Debtor on the development of Debtor's projects, Foley & Lardner will continue to represent Debtor in securing and negotiating construction contracts where Debtor provides certain construction

services to third parties in exchange for certain construction fees. The specific tasks that Foley & Lardner's lawyers will provide to Debtor are necessary to allow Debtor to maximize the likelihood of a successful reorganization.

7. Debtor selected Foley & Lardner because the Firm has considerable experience in legal representation renewable and solar energy matters, including project acquisitions, development, tax structures and its strong reputation in the solar industry. Foley & Lardner's nationally-recognized Energy Industry Team has represented solar developers and investors for more than twenty (20) years and its attorneys have industry-leading expertise and experience. Debtor has determined that in order to ensure adequate representation in these types of matters, it is necessary and in the best interest of Debtor to employ Foley & Lardner as its special solar counsel to continue advising and representing it in connection with its solar operations. The services to be provided by Foley & Lardner will not be duplicative of the services provided by other professionals retained by Debtor. Foley & Lardner's lawyers will work closely with Debtor's other professionals to ensure that duplicative services are not rendered.

8. As a result of Foley & Lardner having provided services to Debtor since September 2013, it possesses a unique understanding of the Debtor's solar operations that cannot be duplicated without considerable time and expense to Debtor's estate. Indeed, prepetition Foley & Lardner devoted significant time to assisting the Debtor with a complex restructuring of a solar project that included complicated and critical tax components, including advising in the receipt of certain cash grants from the Department of Treasury. Were Debtor required to retain new counsel to take over this representation or the other solar specific work performed by Foley & Lardner, the Debtor's estate would be severely prejudiced.

9. There is currently no litigation pending for which Foley & Lardner has acted as counsel for Debtor.

10. Accordingly, Debtor believes that the appointment of Foley & Lardner as Debtor's special solar counsel is in the best interest of Debtor and the estate.

11. As more fully set forth in the Engagement Agreement, Debtor proposes to employ and retain Foley & Lardner as special solar counsel to Debtor in connection with project development, review and analysis of solar specific contracts, construction and acquisition contracts and due diligence, tax structuring, and acquisition and disposition of solar contracts.

12. In light of Foley & Lardner's expertise in this area and prior experience with Debtor, Foley & Lardner is well-qualified to perform the requested services and assist Debtor in the capacity outlined herein.

13. Debtor respectfully submits that the proposed fee arrangement with Foley & Lardner, as set forth above, is reasonable in light of (i) industry practice and similar to market rates both in and out of Chapter 11 proceedings, (ii) Foley & Lardner's experience in general and with Debtor's business, in particular, and (iii) work to be performed pursuant to its retention. Debtor believes that, given the nature of the legal services to be provided by Foley & Lardner, the proposed compensation arrangement is both fair and reasonable.

14. Debtor is seeking to retain Foley & Lardner *nunc pro tunc* to April 29, 2014.[1] Such relief is warranted by the extraordinary circumstances presented by this case. Although Foley & Lardner has not provided significant services since the Petition Date, those services rendered have been necessary to Debtor's continued business operations and Foley & Lardner's ongoing representation of Debtor. Without Foley & Lardner's continued representation of the Debtor, Debtor's ability to preserve and restructure its business could have been jeopardized. Accordingly, *nunc pro tunc* employment is appropriate under the circumstances and should be approved.

15. Debtor requires the services of Foley with respect to obtaining specific solar related time sensitive grants and rebates and representing the Debtor with respect to time

---

[1] Bankruptcy Courts in the Ninth Circuit possess the equitable power to approve professional employment *nunc pro tunc*. In re Atkins, 69 F.3d 970, 973-74 (9th Cir. 1995) (citing Halperin v. Occidental Fin. Group, Inc. (In re Occidental Fin. Group, Inc.), 40 F.3d 1059, 1062 (9th Cir. 1994); Okamoto v. THC Fin. Corp. (In re THC Fin. Corp.), 837 F.2d 389, 392 (9th Cir. 1988)).

sensitive responses to potential exclusive solar transactions. This is critical to the Debtor as the passing of these dates without appropriate response will result in the total loss of the Debtor's ability to obtain these grants, rebates and solar related exclusive transactional opportunities.

16. I verify under penalty of perjury that the foregoing statement is true and correct to the best of my information, knowledge and belief.

Executed this 29th day of April 2014.

*/s/Michael Tucker*
Michael Tucker, Chief Restructuring Officer

Respectfully submitted by:

**FOX ROTHSCHILD LLP**

By  */s/Brett A. Axelrod*
   BRETT A. AXELROD, ESQ.
   Nevada Bar No. 5859
   MICAELA RUSTIA MOORE, ESQ.
   Nevada Bar No. 9676
   3800 Howard Hughes Parkway, Suite 500
   Las Vegas, Nevada 89169
*Counsel for Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.*