_____
Honorable August B. Landis
United States Bankruptcy Judge

**Entered on Docket**
**May 23, 2014**

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Martifer Solar, Inc.

## UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA

| | | |
|---|---|---|
| In re: | ) | Case No. 14-10355-ABL |
| | ) | |
| Martifer Aurora Solar, LLC, a Nevada limited liability company, | ) | Chapter 11 |
| | ) | |
| | ) | Jointly Administered with: |
| Martifer Solar, USA, Inc., a California corporation, | ) | Case No.: 14-10357-ABL |
| | ) | |
| | ) | Continued Hearing Date: May 23, 2014 |
| Debtors. | ) | Continued Hearing Time: 9:30 a.m. |
| _____ | ) | **Hearing Vacated** |

### AMENDED ORDER APPROVING STIPULATION BETWEEN THE DEBTORS, MARTIFER SOLAR INC., CATHAY BANK AND THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS AUTHORIZING DEBTORS TO OBTAIN POSTPETITION FINANCING ON A FINAL BASIS AND GRANTING RELATED RELIEF

Martifer Aurora Solar, LLC and Martifer Solar USA, Inc., the above-captioned debtors (collectively, the "**Debtors**"), Martifer Solar Inc. (the "**Parent**"), Cathay Bank ("**Cathay**") and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through respective counsel

1

of record, having stipulated and agreed as provided for in that certain Stipulation Between the Debtors, Martifer Solar Inc., Cathay Bank and the Official Committee of Unsecured Creditors Continuing Pending Settlement Discussions (the "**Stipulation**"),[1] docketed in the above-captioned bankruptcy cases, a copy of which is attached to this Order as **Exhibit A**; and the Court having considered the Stipulation and finding that the relief requested in the Stipulation is appropriate and sufficient cause exists to grant the relief, and for good cause appearing, it is hereby:

ORDERED that the Interim DIP Order as amended by the Existing DIP Order (as defined in the Stipulation) is approved on a final basis; and it is further

ORDERED that the Stipulation attached hereto as **Exhibit A is incorporated as though set forth herein and** is approved; and it is further

ORDERED that the parties to the Stipulation are authorized to take all actions to effectuate the Stipulation;

ORDERED the hearing with respect to this matter, currently set for May 23, 2014, at 9:30 a.m., is vacated; and it is further

ORDERED that the provisions of this Final Order survive entry of any order that may be entered (a) confirming any plan of reorganization; (b) converting any of these cases to a case under Chapter 7 of the Bankruptcy Code; or (c) dismissing any of these cases.  The Carve-Out (i) shall continue in the cases, in any successor cases, in any cases under Chapter 7 of the Bankruptcy Code, or following dismissal of the cases for the benefit of the Debtors and Committee's professionals; (ii) is binding on any Chapter 7 Trustee; and (iii) is not property of the estate; and it is further

ORDERED that any amounts ever due or to be paid pursuant or subject to the Carve-Out

---

[1]    Capitalized terms not otherwise defined herein shall have those meanings ascribed to them in the Stipulation.

shall be and are, for all purposes, subordinate and subordinated to (i) all amounts owed by the Debtors or the Parent to Cathay, and (ii) to all Cathay's pre or postpetition liens, replacement liens, and/or security interests in any of the Debtors' pre- or post-petition assets; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters related to the entry of this Order.

Submitted by:

The Schwartz Law Firm, Inc.

By: /s/ Samuel A. Schwartz
SAMUEL A. SCHWARTZ, ESQ.  #10985
Attorneys for Martifer Solar, Inc.

# # #

3

**SUBMISSION TO COUNSEL FOR APPROVAL PURSUANT TO LR 9021**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

_____ The court has waived the requirement set forth in LR 9021(b)(1).

_____ No party appeared at the hearing or filed an objection to the motion.

___X___ I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below [list each party and whether the party has approved, disapproved, or failed to respond to the document]:

_____ I certify that if this is a case under Chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of this order.

APPROVED:   Reed S. Waddell, Esq., Counsel for Cathay Bank
            Shirley S. Cho, Esq., Counsel for the Official Creditors Committee
            Dawn M. Cica, Esq., Counsel for the Debtors

DISAPPROVED:

FAILED TO RESPOND:

Submitted by:

THE SCHWARTZ LAW FIRM, INC.

By: /s/ Samuel A. Schwartz
Samuel A. Schwartz, Esq., NBN 10985
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, NV 89119
Attorneys for Martifer Solar, Inc.

4

# Exhibit A

Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for the Martifer Solar, Inc.

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>    MARTIFER AURORA SOLAR, LLC, a<br>Nevada limited liability company,<br><br>    ☐ Affects Martifer Aurora Solar, LLC<br>    ☐ Affects Martifer Solar USA, Inc.<br>    ☒ Affects all Debtors | Case Nos. BK-S-14-10355-abl and<br>BK-S-14-10357-abl<br><br>Jointly Administered under<br>Case No. BK-S-14-10355-abl<br><br>Chapter 11<br><br>**STIPULATION PURSUANT TO 11<br>U.S.C. § 364 AND FED. R. BANKR. P.<br>4001(C): (I) AUTHORIZING DEBTORS<br>TO OBTAIN POSTPETITION<br>FINANCING: AND (II) GRANTING<br>RELATED RELIEF** |

      Martifer Aurora Solar, LLC ("**Martifer Aurora**") and Martifer Solar USA, Inc. ("**Martifer USA**"), the above-captioned debtors (collectively, the "**Debtors**"), Martifer Solar, Inc. (the "**Parent**"), Cathay Bank ("**Cathay**") and the Official Committee of Unsecured Creditors (the "**Committee**"), by and through their respective counsel of record, hereby stipulate (the "**Stipulation**") and agree as follows:

      WHEREAS, capitalized terms not defined herein shall have those meanings ascribed to them in that certain Stipulation (the "**May 9 Stipulation**") and Final Order Pursuant to 11 U.S.C. §§ 361, 362 and 363 and Fed. R. Bankr. P. 4001(B) and 4001(D); (i) Authorizing Debtors to Use Cash

Collateral and Provide Adequate Protection; and (ii) Granting Related Relief [Docket Nos. 739, 753];

WHEREAS, the history and background of the underlying facts supporting this Stipulation are summarized in the May 9 Stipulation, Docket No. 739;

WHEREAS, pursuant to further settlement discussions, the Debtors, Parent, Cathay and the Committee reached a final agreement in connection with Debtors' use of postpetition financing through May 31, 2014;

WHEREAS, all parties acknowledge the administrative burden of proceeding to trial on the Second DIP Financing Motion and in an effort to save estate resources while negotiating, the parties enter into this Stipulation;

WHEREAS, the Parent and the Committee entered into a Binding Term Sheet dated April 14, 2014, which such binding term sheet does not bind the Debtors as it is not a signatory (the "**Binding Term Sheet**");

WHEREAS, the Chief Restructuring Officer prepared a budget for the Debtors through the expected date of a sale process (the "**Current Budget**");

WHEREAS, the Parent consents to the Debtors' decision to sell its assets rather than pursue the confirmation of a plan of reorganization;

WHEREAS, the Parent paid $300,000.00 to Cathay on May 15, 2014, in accordance with the May 9 Stipulation, and the Parent has agreed to pay Cathay $300,000.00 on June 15, 2014 and July 15, 2014, provided the sale of the Debtors' assets has not closed prior to those dates and Cathay has not been paid;

WHEREAS, in the event the Debtors fail to make their monthly adequate protection payments to Cathay, the Parent will pay the June, 2014, and July, 2014 adequate protection payments, provided the sale of the Debtors' assets has not closed prior to those dates and Cathay has not been paid in full;

2

WHEREAS, the Parent agreed to provide the Debtors with an additional $350,000.00 of debtor-in-possession financing, of which $200,000.00 shall be funded on or before May 21, 2014, and the balance of $150,000.00 shall be funded on or before May 30, 2014 (collectively, the "**May DIP Payments**"); and

WHEREAS, the Debtors, Parent, Cathay and the Committee have agreed to final approval of the Second DIP Financing Motion.

NOW THEREFORE, the Debtors, Parent, Cathay and the Committee hereby stipulate and agree to the following:

IT IS STIPULATED AND AGREED that all parties hereto acknowledge that any amounts ever due or to be paid pursuant or subject to the Carve-Out shall be and are, for all purposes, subordinate and subordinated to (i) all amounts owed by the Debtors or the Parent to Cathay, and (ii) all Cathay's pre or postpetition liens, replacement liens, and/or security interests in any of the Debtors' pre or postpetition assets;

IT IS FURTHER STIPULATED AND AGREED that Parent shall pay Cathay the sum of $300,000.00 on each of June 15, 2014, and July 15, 2014, provided the sale of the Debtor's assets has not closed and Cathay has not been paid in full prior to those dates;

IT IS FURTHER STIPULATED AND AGREED that in the event the Debtors fail to make their monthly adequate protection payments to Cathay, the Parent will pay the June 15, 2014, and July 15, 2014 adequate protection payments, provided the sale of the Debtors' assets has not closed and Cathay has not been paid in full prior to those dates;

IT IS FURTHER STIPULATED AND AGREED that the Interim DIP Order, Docket No. 231, as amended by the various court-approved stipulations of the parties (the "**Existing DIP Order**") shall be incorporated herein by reference and shall be amended only as follows: (1) the May DIP Payments, once made, shall be allowed as advances pursuant to the Existing DIP Order; (2) the Parent agrees the superpriority administrative claim granted under the Interim DIP Order and

3

as given final approval by the Court shall be subject to and expressly subordinate to the Carve-Out; (3) the Parent is prepared to support the liquidity needs of the Debtors through May 30, 2014, and make the May DIP Payments, and the parties to this Stipulation agree such funding shall be treated in accordance with the terms set forth in the Existing DIP Order, as amended hereby and approved on a final basis by the Bankruptcy Court; (4) the parties agree the balance of the terms of the Second Amended DIP Agreement shall remain unchanged, however, the Parent shall be authorized, but not obligated to fund after May 30, 2014 on terms reasonably agreed upon by the Debtors, the Committee and the Parent; (5) all rights of Cathay pursuant to the Subordination Agreement executed by Parent and Debtors in Cathay's favor are expressly reserved and preserved for Cathay's benefit, and remain in full force and effect; and (6) as Cathay is not a signatory to the Second Amended DIP Agreement, nothing in this Stipulation or the related Order in any way impairs, waives, impacts or diminishes any rights Cathay may have against Debtors or the Parent pursuant to Cathay's Loan Documents, the Parent's Guaranty or the Parent's Subordination Agreement;

IT IS FURTHER STIPULATED AND AGREED that the Parent consents to the Debtors' pursuit of a sale to a third party, including the negotiation of a stalking horse bid, however, the Debtors agree the Parent submitted a qualified bid for purposes of participating in the sale (to the extent such bid otherwise meets conditions for qualification as set forth in any court-approved bid procedure order);

IT IS FURTHER STIPULATED AND AGREED that pursuant to the Binding Term Sheet, the Parent agrees to pay the Committee's professionals' allowed fees and expenses up to $325,000 above the Maximum Commitment Amount by the later of (i) the closing date of the sale of substantially all of the Debtors' assets or (ii) the last date of the term of the DIP loan. In the event of a third party sale of substantially all of the Debtors' assets to the Parent or a confirmed plan sponsored by the Parent, the Parent's superiority administrative claim shall not extend to the Trust Assets (as defined in the Term Sheet). In the event of sale of substantially all of the Debtors' assets

4

to a third party other than the Parent, the Parent and the Committee agree that the Trust Assets and releases shall be treated as set forth in the Binding Term Sheet.  Notwithstanding anything to the contrary herein, the DIP superpriority administrative claim of the Parent shall not attach to avoidance actions, claims against directors and officers, or the proceeds thereof; and

IT IS FURTHER STIPULATED AND AGREED the hearing with respect to this matter, currently set for May 23, 2014, at 9:30 a.m., is vacated.

Dated this 21st day of May, 2014.

**FOX ROTHSCHILD LLP**

By: */s/ Brett A. Axelrod*
    BRETT A. AXELROD, ESQ.
    Nevada Bar No. 5859
    MICAELA RUSTIA MOORE, ESQ.
    Nevada Bar No. 9676
    3800 Howard Hughes Parkway, Suite 500
    Las Vegas, Nevada 89169
    *Counsel for the Debtors*

**THE SCHWARTZ LAW FIRM, INC.**

By: */s/ Samuel A. Schwartz*
    Samuel A. Schwartz, Esq.
    Nevada Bar No. 10985
    Bryan A. Lindsey, Esq.
    Nevada Bar No. 10662
    *Counsel for Martifer Solar, Inc*

5

**FRANDZEL ROBINS BLOOM & CSATO, L.C.**

By: *Michael G. Fletcher*
    Michael G. Fletcher, Esq.
    Admitted Pro Hac Vice
    Reed S. Waddell, Esq.
    Admitted Pro Hac Vice
    6500 Wilshire Boulevard, 17th Floor
    Los Angeles, California 90048

    and

    Natalie M. Cox, Esq.
    Nevada Bar No. 762
    Randolph L. Howard, Esq.
    Nevada Bar No. 6688
    **KOLESAR & LEATHAM**
    400 South Rampart Blvd., Suite 400
    Las Vegas, Nevada 89145
   *Attorneys for Cathay Bank*

**PACHULSKI STANG ZIEHL & JONES LLP**

By: *Shirley S. Cho*
    Shirley S. Cho, Esq.
    Admitted Pro Hac Vice
    Bradford J. Sandler, Esq.
    Admitted Pro Hac Vice
    10100 Santa Monica Blvd., Suite 1300
    Los Angeles, California 90067

    and

    Zachariah Larson, Esq.
    Nevada Bar No. 7787
    Matthew C. Zirzow, Esq.
    **LARSON & ZIRZOW**
    Nevada Bar No. 7222
    810 S. Casino Center Blvd., Suite 101
    Las Vegas, Nevada 89101
    *Attorneys for the Official Committee of Unsecured Creditors*

6