Samuel A. Schwartz, Esq.  
Nevada Bar No. 10985  
Brian Blankenship, Esq.  
Nevada Bar No. 11522  
The Schwartz Law Firm, Inc.  
6623 Las Vegas Blvd. South, Suite 300  
Las Vegas, Nevada 89119  
Telephone: (702) 385-5544  
Facsimile: (702) 385-2741  
Attorneys for Martifer Solar, Inc.

E-FILED: July 25, 2014

**UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF NEVADA**

| | |
|---|---|
| In re: | Case No. 14-10355-ABL |
| Martifer Aurora Solar, LLC, a Nevada limited liability company, | Chapter 11 |
| Martifer Solar, USA, Inc., a California corporation, | Jointly Administered with: Case No.: 14-10357-ABL |
| Debtors. | Hearing Date: OST Pending  Hearing Time: OST Pending |

**MSI's MOTION TO ENFORCE ORDER IN DOC NO. 821 AND COMPEL DISTRIBUTION OF BAYWA SALE PROCEEDS TO MSI**

Martifer Solar, Inc. ("**MSI**"), by and through their attorneys of record, The Schwartz Law Firm, Inc., hereby moves the Court for an Order to Enforce the *Order Approving Stipulation Between Martifer Aurora Solar, LLC and Martifer Solar USA, Inc.'s* (collectively the "**Debtors**")*, MSI, Cathay Bank* ("**Cathay**") *and the Official Committee of Unsecured Creditors* (the "**Committee**") *Authorizing Debtors to Obtain Post-petition Financing on a Final Basis and Granting Related Relief* (the "**Order**")[Docket No. 821] and Compel Distribution of the Sale Proceeds to MSI.

**Preliminary Statement**

1. MSI seeks an order from this Court enforcing the Order encapsulated in Docket

No. 821 and authorizing payment from the BayWa sale proceeds to MSI in the amount of $2.5 Million. Specifically, the Order states the following:

> [i]t is further ORDERED that any amounts ever due or to be paid pursuant or subject to **the Carve-Out shall be and are, for all purposes, subordinate and subordinated to (i) all amounts owed by the Debtors or the Parent to Cathay, and (ii) to all Cathay's pre or postpetition liens**, replacement liens, and/or security interests in any of the Debtors' pre-or-post-petition assets…

See Doc No. 821. (Emphasis Added)

2. To further highlight the distinction, in the Stipulation approved in the Order, the parties agreed as follows:

> …(2) the Parent agrees the superpriority administrative claim granted under the Interim DIP Order and as given final approval by the Court shall be subject to and expressly subordinate to the Carve-Out…

See Docket No. 810 at p. 3-4.

3. In other words, the parties agreed Cathay gets paid first, and any amounts paid by MSI to Cathay second, and the carve-out third. Accordingly, the parties cannot argue otherwise now, and MSI is entitled to immediate payment of the $2.5 Million it paid to Cathay from the remainder of the BayWa sale proceeds now that Cathay has been paid in full.

**Factual Background**

4. On November 15, 2012, Cathay originated a working-line of credit for the benefit of the Debtors, allowing them to draw up to a maximum principal amount of $12 million (the "**Loan**").

5. The Loan is evidenced in part by a "Promissory Note" (the "**Note**") and a "Business Loan Agreement (Asset Based)" (the "**Loan Agreement**"), both dated as of November 15, 2012.

6. MSI executed a "Commercial Guaranty" ("**Guaranty**") dated as of November 15, 2012 in favor of Cathay, guaranteeing the indebtedness of the Debtors owing to Cathay as described therein.

7. The parties agree MSI paid Cathay $2.5 Million during the pendency of these cases. See Docket No. 810, and the Declaration of Pedro Gomes-Pereira, Docket No. 1048.

8. On or about July 24, 2014, Cathay received a payment of approximately $4.7 Million from the sale of substantially all of the Debtors' key assets (the "**Sale**") with BayWa r.e. renewable energy GmbH ("**BayWa**"). As such, Cathay's remaining debt is paid in full.

9. Accordingly, MSI respectfully requests an order from this Court enforcing the Order [Doc No. 821] and directing payment of $2.5 Million from the Sale proceeds to MSI.

**Standard of Review**

10. Section 105 of the Bankruptcy Code grants the court the power to "issue any order, process of judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, substantial deference and consideration is given to the bankruptcy court's interpretation of its own orders. In re Marciano, 459 B.R. 27, 35 (B.A.P. 9th Cir. 2011) aff'd, 708 F.3d 1123 (9th Cir. 2013); Hallett v. Morgan, 296 F.3d 732, 739-40 (9th Cir. 2002). Furthermore, stipulations are binding on the party who makes them. Standard Fire Ins. Co. v. Knowles, 133 S. Ct. 1345, 1346 (2013). The U.S. Supreme Court has long recognized that parties are bound by, and cannot contradict, their stipulations. Bd. of Regents of Univ. of Wisconsin Sys. v. Southworth, 529 U.S. 217, 226 (2000).

**Legal Argument**

11. The Court should enforce the Order and compel payment to MSI because the

parties agreed the payments MSI made to Cathay are superior to the claims of other creditors.

**1. The Court Ordered that the Parent's Payments Are to Be Paid Upon the Payment of Cathay in Full.**

12.     Pursuant to the Guaranty, MSI made post-petition payments of approximately $2.5 Million to Cathay. This amount paid by MSI was due and owing by the Debtors to Cathay pursuant to the Loan Agreement. To date, no creditor of the estate has objected to MSI's subrogation rights. The Debtors are the only party to contest MSI's subrogation rights because of an alleged fiduciary duty owed to its professionals.

13.     On or about May 23, 2014, however, the Debtors and their professionals voluntarily stipulated to an order stating that any amounts due or to be paid pursuant to the professionals' carve-out are subordinate to all amounts owed by the Debtors to Cathay. See Docket No. 821. Accordingly, neither the Debtors nor their professionals can now argue the payment to MSI is inappropriate.

**2. The Debtors Are Not the Proper Party to Object to MSI's Subrogation Claim.**

14.     As stated above, MSI's subrogation rights stem from the Guaranty. The Guaranty is an independent contract between MSI and Cathay. See the Declaration of Pedro Gomes-Pereira, Docket No. 1048 at Exhibit 1 ("Guarantor further understands and agrees that this Guaranty is a separate and independent contract between Guarantor and Lender, given for full and ample consideration, and is enforceable on its own terms."). As such, MSI negotiated its subrogation rights with Cathay, not the Debtors.

15.     Here, Cathay does not object to MSI's subrogation rights. The Committee did not object to MSI's right to payment. The Debtors are the only party to object to MSI's subrogation rights out of an alleged fiduciary duty owed to its professionals.

16. The Debtors, however, are not the proper party to object to MSI's subrogation rights. The Debtors were not a party to the Guaranty. Moreover, the Debtors were not intended third party beneficiaries of the Guaranty. See In re Fastrans, Inc., 142 B.R. 241, 246 (Bankr. E.D. Tenn. 1992). As such, the Debtors have no standing to enforce, challenge, or otherwise interfere with the Guaranty. Id. Thus, the Debtors lack any/all standing to contest MSI's subrogation rights under the Guaranty because they are neither creditors nor a party to the contract between MSI and Cathay. Id.

**Conclusion**

17. MSI respectfully requests and order enforcing (i) the Order (Doc No. 821) stating that all creditors' claims are subordinate to all of Cathay's claims, including the payments MSI made to Cathay; (ii) directing payment to MSI from the Sale proceeds; and (iii) that the Court grant MSI such other and further relief this Court deems just and proper.

 Dated this 25th day of July, 2014.

Respectfully Submitted,

/s/ Samuel A. Schwartz
Samuel A. Schwartz
Nevada Bar No. 10985
Brian Blankenship, Esq.
Nevada Bar No. 11522
The Schwartz Law Firm, Inc.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741
Attorneys for Martifer Solar, Inc.

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing were sent electronically via the Court's CM/ECF system on July 25, 2014, to the following:

MARK E. ARONSON on behalf of Creditor HANOVER INSURANCE COMPANY
mea@amclaw.com, car@amclaw.com;lmw@amclaw.com

ANTHONY W. AUSTIN on behalf of Creditors PANASONIC ENTERPRISE SOLUTIONS COMPANY and TIER ONE SOLAR, LLC aaustin@fclaw.com

BRETT A. AXELROD on behalf of Attorney FOX ROTHSCHILD LLP and Debtors/Plaintiffs MARTIFER AURORA SOLAR, LLC, MARTIFER SOLAR USA, INC.
baxelrod@foxrothschild.com, pchlum@foxrothschild.com;mwilson@foxrothschild.com

CARLETON R. BURCH on behalf of Creditor HANOVER INSURANCE COMPANY
crb@amclaw.com, car@amclaw.com;sdb@amclaw.com

BRIAN W. BYUN on behalf of Creditor HANWHA Q CELLS USA CORP.
bbyun@cooley.com

CANDACE C CARLYON on behalf of Interested Party KLAUS BERNHART AND ROLAND KISER AS RESPONSIBLE OFFICERS OF THE DEBTOR
ccarlyon@carlyonsmith.com, docket@carlyonsmith.com;ccarlyon@carlyonsmith.com;nrodriguez@carlyonsmith.com;cthompson@carlyonsmith.com

ROBERT M. CHARLES, JR. on behalf of Interested Party BITH ENERGY, INC.
rcharles@lrlaw.com, BankruptcyNotices@LRLaw.com

SHIRLEY S. CHO on behalf of Creditor Committee OFFICIAL COMMITTEE OF UNSECURED CREDITORS  scho@pszjlaw.com

DAWN M. CICA on behalf of Debtors MARTIFER AURORA SOLAR, LLC and MARTIFER SOLAR USA, INC.  dcica@foxrothschild.com, jmagee@foxrothschild.com

TIMOTHY S. CORY on behalf of Interested Party BAYWA
tcory@djplaw.com, csimmons@djplaw.com;salexander@djplaw.com

NATALIE M. COX on behalf of Defendant CATHAY BANK
ncox@klnevada.com, bankruptcy@klnevada.com;kdunn@klnevada.com;ncox@ecf.inforuptcy.com

NATALIE M. COX on behalf of Interested Party/Plaintiff CATHAY BANK
ncox@klnevada.com, bankruptcy@klnevada.com;kdunn@klnevada.com;ncox@ecf.inforuptcy.com

JENNIFER V. DORAN on behalf of Creditor EPG SOLAR LLC
jdoran@hinckleyallen.com, calirm@hinckleyallen.com

LARS EVENSEN on behalf of Creditors CLEAN ENERGY COLLECTIVE, LLC and ENERGY EQUIPMENT LIMITED lkevensen@hollandhart.com, ecftevensen_bk@hollandhart.com;algrangaard@hollandhart.com

RANDALL J. FEUERSTEIN on behalf of Creditors CLEAN ENERGY COLLECTIVE, LLC and ENERGY EQUIPMENT LIMITED rfeuerstein@duffordbrown.com, mpunilei@duffordbrown.com

SCOTT D. FLEMING on behalf of Creditor CBS BROADCASTING INC.
sfleming@armstrongteasdale.com, rfortin@armstrongteasdale.com

MICHAEL GERARD FLETCHER on behalf of Interested Party CATHAY BANK
mfletcher@frandzel.com, efiling@frandzel.com,shom@frandzel.com

STEVEN T GUBNER on behalf of Creditor ARC DOCUMENT SOLUTIONS, INC.
sgubner@ebg-law.com, ecf@ebg-law.com

GABRIELLE A. HAMM on behalf of Creditor SUDDATH GLOBAL LOGISTICS, LLC
bknotices@gordonsilver.com;bankruptcynotices@gordonsilver.com

RICHARD E HAWKINS on behalf of Creditor ALTERNATIVE ENERGY FINANCING, LLC
dochawk@hbaLawFirm.com, mary@hbaLawFirm.com

RANDOLPH L. HOWARD on behalf of Interested Party CATHAY BANK
rhoward@klnevada.com, ckishi@klnevada.com;bankruptcy@klnevada.com;ckishi@ecf.inforuptcy.com

LAWRENCE MARTIN JACOBSON on behalf of Creditor CBS BROADCASTING INC.
lmj@gfjlawfirm.com

ROBERT R. KINAS on behalf of Creditors CALIFORNIA CEC, LP, CLEAN ENERGY CONSTRUCTORS, LLC, HANWHA Q CELLS USA CORP.
rkinas@swlaw.com, jmath@swlaw.com;mfull@swlaw.com;bgriffith@swlaw.com;docket_las@swlaw.com;cgianelloni@swlaw.com;nkanute@swlaw.com;kmiltimore@swlaw.com

ANNE M. LORADITCH on behalf of Interested Party LAW OFFICE OF NATHAN A. SCHULTZ, P.C. aloraditch@bachlawfirm.com, san-

dra.herbstreit@bachlawfirm.com;awatkins@bachlawfirm.com

ERIC S. PEZOLD on behalf of Creditors CALIFORNIA CEC, LP and CLEAN ENERGY CONSTRUCTORS, LLC  epezold@swlaw.com

MICAELA RUSTIA MOORE on behalf of Debtors/Plaintiffs MARTIFER AURORA SOLAR, LLC and MARTIFER SOLAR USA, INC. mmoore@foxrothschild.com, pchlum@foxrothschild.com;ldupree@foxrothschild.com

JOHN M. SAMBERG on behalf of Debtors MARTIFER SOLAR USA, INC. and MARTIFER SOLAR USA, INC. jsamberg@wrslawyers.com, efilingjms@wrslawyers.com

JEFFREY SLOANE on behalf of Creditor CBS BROADCASTING INC. barbara@jsloanelaw.com

U.S. TRUSTEE - LV - 11  USTPRegion17.lv.ecf@usdoj.gov

REED S WADDELL on behalf of Interested Party CATHAY BANK rwaddell@frandzel.com, efiling@frandzel.com,sking@frandzel.com

RYAN J. WORKS on behalf of Creditor TLC INVESTMENTS, LLC D/B/A STONES RIVER ELECTRIC
rworks@mcdonaldcarano.com, kbarrett@mcdonaldcarano.com;bgrubb@mcdonaldcarano.com

MATTHEW C. ZIRZOW on behalf of Creditor Committee OFFICIAL COMMITTEE OF UN-SECURED CREDITORS    mzirzow@lzlawnv.com, susan@lzlawnv.com;carey@lzlawnv.com;mary@lzlawnv.com;trish@lzlawnv.com


/s/ Janine Lee___
    Janine Lee