Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
         scho@pszjlaw.com

Zachariah Larson (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:   702/382-1169
Email: zlarson@lzlawnv.com
         mzirzow@lzlawnv.com

Attorneys for the Official Committee of
Unsecured Creditors

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company,<br><br>☐   Affects Martifer Aurora Solar, LLC<br>☒   Affects Martifer Solar USA, Inc.<br>☐   Affects All Debtors | Case No.: BK-S-14-10355-abl and BK-S-14-10357-abl<br><br>Jointly Administered Under Case No.: BK-S-14-10355-abl<br><br>Chapter 11<br><br>**MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ISSUANCE OF ORDER REQUIRING MARTIFER SOLAR, INC. TO FUND THE COMMITTEE CARVE OUT PURSUANT TO THE FINAL DIP ORDER**<br><br>Hearing Date:    OST PENDING<br>Time:               OST PENDING<br>Place:              300 Las Vegas Blvd. So.<br>                        Courtroom 1<br>                        Las Vegas, NV 89101 |

The Official Committee of Unsecured Creditors (the "Committee") of Martifer Solar USA, Inc. ("Martifer Solar", or the "Debtor"), by and through its undersigned counsel, hereby files its *Motion of the Official Committee of Unsecured Creditors' for Issuance of Order Requiring Martifer Solar, Inc. to Fund the Committee Carve Out Pursuant to the Final DIP Order* (the "Motion"). This Motion is made and based on the points and authorities herein, the Declaration of Shirley Cho in Support of Motion of the Official Committee of Unsecured Creditors for Issuance of Order Requiring Martifer Solar, Inc. to Fund the Committee Carve Out Pursuant to the Final DIP Order (the "Cho Declaration") filed contemporaneously herewith, the papers and pleadings on file in this matter, judicial notice of which is respectfully requested, any the arguments of counsel as may be entertained by the Court at the time of any hearing on this matter.

## Jurisdiction and Venue

On January 21, 2014 (the "Petition Date"), the Debtor and various affiliates (collectively, the "Debtors") filed their respective voluntary petitions for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the above-captioned court, thereby commencing their respective bankruptcy cases (collectively, the "Chapter 11 Cases").

The Court has jurisdiction over this Motion as a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B). Pursuant to LR 9014.2, the Committee consents to the entry of final order and judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent the consent of the parties, cannot enter final order or judgment in this matter consistent with Article III of the United States Constitution. Venue for Debtors' Chapter 11 Cases in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Statement of Facts

On February 14, 2014, the Office of the United States Trustee appointed the Committee [Docket No. 51].

On April 17, 2014, the Court entered an order authorizing the retention of Larson & Zirzow, LLC as Nevada counsel to the Committee [Docket No. 641], and on April 18, 2014, entered an order authorizing the retention of Pachulski Stang Ziehl & Jones LLP as counsel to the Committee

1   [Docket No. 648].

2        Pursuant to the *Stipulation Pursuant to 11 U.S.C. § 364 and Fed. R. Bankr. P. 4001(c): (I)*

3   *Authorizing Debtors to Obtain Post-Petition Financing: and (II) Granting Related Relief* dated May

4   21, 2014 [Docket No. 810] (the "DIP Stipulation"), Martifer Solar, Inc. (the "Parent"), agreed to

5   fund the Committee professional fee amount of $325,000 (the "Committee Carve Out"). The DIP

6   Stipulation was incorporated into and approved by the *Amended Order* approving the same DIP

7   Stipulation, which was entered on May 23, 2014 [Docket No. 829] (the "Final DIP Order").

8   Pursuant thereto, the Parent agreed:

9          IT IS FURTHER STIPULATED AND AGREED that pursuant to the
10         Binding Term Sheet, the Parent agrees to pay the Committee
           professionals' allowed fees and expenses up to $325,000 above the
11         Maximum Commitment Amount by the later of (i) the closing date of
           the sale of substantially all of the Debtors' assets or (ii) the last date of
12         the term of the DIP loan.

13  [Docket No. 829 at p. 9.]  A true and correct copy of the Final DIP Order is attached to the Cho

14  Declaration as **Exhibit A**.  The Final DIP Order is a final order of the Court as no appeal has been

15  taken of such Order.

16       Under the DIP Stipulation, the Parent agreed to fund the Committee Carve Out upon the later

17  of:  (i) the closing date of the sale of substantially all of the Debtor's assets; or (ii) the last date of the

18  term of the DIP loan.  Both of these dates have come and passed.  On July 24, 2014, the Debtors'

19  sale of substantially all of its assets to Baywa closed, thereby satisfying the first milestone.  [Docket

20  No. 1145]  On June 17, 2014, the Parent sent a Notice of Default letter to the Debtors, which

21  required that the Debtors' claim objection against the Parent's claim be withdrawn, which objection

22  has not yet been withdrawn to date.  [Docket No. 1114, Ex. 5]  Under the terms of the DIP

23  Agreement at section 7.2, the DIP Agreement terminated on its own accord on June 20, 2014,

24  satisfying the second milestone. [Docket No. 87]  Pursuant to the terms of the Final DIP Order, the

25  Parent's obligation to fund the Committee Carve Out is now due and owing.  The Committee,

26  through its counsel, has requested that the Parent fund the Committee Carve Out, and the Parent has

27

28

DOCS_LA:280849.1 54697/002

1    refused to date, thus necessitating the filing of this Motion.  A true and correct copy of the

2    Committee's demand for payment is attached to the Cho Declaration as **Exhibit B**.

3        On August 14, 2014, the Court entered orders granting the first interim fee applications for

4    counsel to the Committee [Docket Nos. 1209 and 1210] in an amount in excess of the Committee

5    Carve Out.

6        In spite of written demand, the Committee's professionals have yet received payment for

7    their allowed fees and expenses.  In fact, the Parent has expressly refused to honor its obligations.

8                      **Relief Requested**

9        The Committee requests that the Court enter an order requiring the Parent to fund the

10    Committee Carve Out and award the Committee costs of attorney fees and expenses associated with

11    prosecuting this Motion.

12                  **Basis for Relief Requested**

13        The Court is authorized under section 105(a) of the Bankruptcy Code to "issue any order,

14    process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11

15    U.S.C. § 105(a); Fed. R. Bankr. P. 9020 ("Rule 9014 governs a motion for an order of contempt

16    made by the United States trustee or a party in interest.").  The Court is further authorized to

17    "enforce or implement court orders or rules, or to prevent an abuse of process."  11 U.S.C. § 105(a);

18    *see also In re Rainbow Magazine, Inc.,* 77 F.3d 278 (9th Cir. 1996) (holding that section 105(a) provides

19    bankruptcy courts with the same inherent power to sanction vexatious conduct as Article III judges);

20    *Jones v. Bank of Santa Fe (In re Courtesy Inns, Ltd.),* 40 F.3d 1084, 1089 (10th Cir. 1994) ("We believe,

21    and hold, that [Section] 105 intended to imbue the bankruptcy courts with the inherent power recognized

22    by the Supreme Court in *[Chambers v. NASCO, Inc.,* 501 U.S. 32 (1991)]"); *Havelock v. Taxel (In re*

23    *Pace),* 159 B.R. 890, 904 (B.A.P. 9th Cir. 1993) (holding that [Section] 105 grants bankruptcy courts

24    the ability to sanction egregious conduct), *aff'd in relevant part,* 67 F.3d 187 (9th Cir. 1995).

25        Here, the Committee and Parent reached an agreement on the Committee Carve Out, which

26    plain terms were approved and adopted by the Final DIP Order.  The Parent's refusal to fund the

27    Committee Carve Out and violation of the Court's Final DIP Order should not be countenanced.

28

The Court is also entitled to award attorney's fees and costs to the moving party for willful violations of Court orders. *Perry v. O'Donnell,* 759 F.2d 702, 705 (9th Cir. 1985).  A court can engage in a flexible approach for determining whether attorneys' fees and costs are appropriate and does not need to make an express finding of willful contempt.  *Id.* at 706.  The estate should not have to bear the cost of the Parent's willful failure to fund the Committee Carve Out.

<u>**Conclusion**</u>

WHEREFORE, the Committee requests that the Court (1) issue an order, substantially in the form attached hereto as **Exhibit 1**, thereby requiring the Parent to fund the Committee Carve Out; (2) fund additional amounts above the Committee Carve Out to reimburse the estate for the costs of prosecuting this Motion; and (3) grant all further relief as is just and appropriate.

DATED:  September 8, 2014.

LARSON & ZIRZOW LLC
Zachariah Larson, Esq. (NV Bar No. 7787)
Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:  702/382-1169
Email: zlarson@lzlawnv.com
        mzirzow@lzlawnv.com

and

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
        scho@pszjlaw.com

Attorneys for the
Official Committee of Unsecured Creditors

# EXHIBIT 1

1

2

3

4

5

6

7

Bradford J. Sandler (*admitted pro hac vice*)
Shirley S. Cho (*admitted pro hac vice*)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
      scho@pszjlaw.com

Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:  702/382-1169
Email: mzirzow@lzlawnv.com

Attorneys for the Official Committee of
Unsecured Creditors

8

9

10

11

12

13

14

15

16

17

18

19

20

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEVADA

21

22

23

24

25

| In re: | Case No.: BK-S-14-10355-abl |
|---|---|
| MARTIFER AURORA SOLAR, LLC, a Nevada limited liability company, | and BK-S-14-10357-abl (Jointly Administered) Chapter 11 |
| ☐   Affects Martifer Aurora Solar, LLC ☑   Affects Martifer Solar USA, Inc. ☐   Affects All Debtors | Hearing Date: Time: |

26

27

28

**ORDER GRANTING MOTION OF THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ISSUANCE OF ORDER REQUIRING MARTIFER SOLAR, INC. TO FUND THE COMMITTEE CARVE OUT PURSUANT TO THE FINAL DIP ORDER**

Upon consideration of the *Motion of the Official Committee of Unsecured Creditors for Issuance of Order Requiring Martifer Solar, Inc. to Fund the Committee Carve Out Pursuant to the Final DIP Order* [Docket No. __] (the "<u>Motion</u>")[1]; the Court having reviewed and considered the matter; the Court having held a hearing on the matter and having heard and considered the arguments of counsel; the Court having placed its findings of fact and conclusions of law on the record at the hearing, which are incorporated herein pursuant to Rule 52 of the Federal Rules of Civil Procedure, as made applicable pursuant to Rules 7052 and 9014 of the Federal Rules of Bankruptcy Procedure; and good cause appearing;

**IT IS HEREBY ORDERED:**

1.      The Motion is GRANTED.

2.      Martifer Solar, Inc. shall immediately fund $325,000 plus costs and expenses incurred by the Committee's professionals relating to the Motion into the client trust fund account for the Committee's professionals within five business days of entry of this Order.

3.      The Court reserves jurisdiction over the implementation of this Order, and any further remedies as may be needed to enforce compliance.

**IT IS SO ORDERED.**

. . .

. . .

. . .

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

DOCS_LA:280849.1 54697/002

2

PREPARED AND SUBMITTED BY:

By: _____
Matthew C. Zirzow (NV Bar No. 7222)
LARSON & ZIRZOW, LLC
810 S. Casino Center Blvd. Ste 101
Las Vegas, NV 89101
Telephone:  702/382-1170
Facsimile:  702/382-1169
Email:  mzirzow@lzlawnv.com

and

Bradford J. Sandler (admitted pro hac vice)
Shirley S. Cho (admitted pro hac vice)
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Blvd., Suite 1300
Los Angeles, CA  90067
Telephone: 310/277-6910
Facsimile: 310/201-0760
Email: bsandler@pszjlaw.com
  scho@pszjlaw.com

Attorneys for the
Official Committee of Unsecured Creditors


APPROVED / DISAPPROVED:

By: _____
BRETT A. AXELROD, ESQ.
Nevada Bar No. 5859
DAWN CICA, ESQ.
Nevada Bar No.
MICAELA RUSTIA MOORE, ESQ.
Nevada Bar No. 9676
FOX ROTHSCHILD LLP
3800 Howard Hughes Parkway, Suite 500
Las Vegas, NV  89169
Telephone:  (702) 262-6899
Facsimile:  (702) 597-5503

Counsel for Martifer Aurora Solar, LLC and
Martifer Solar USA, Inc.


APPROVED / DISAPPROVED:

By: _____
Samuel A. Schwartz, Esq.
Nevada Bar No. 10985
Bryan A. Lindsey, Esq.
Nevada Bar No. 10662
THE SCHWARTZ LAW FIRM, INC.
6623 Las Vegas Blvd. South, Suite 300
Las Vegas, Nevada 89119
Telephone: (702) 385-5544
Facsimile: (702) 385-2741

Attorneys for Martifer Solar, Inc.

DOCS_LA:280849.1 54697/002

3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### **LR 9021 CERTIFICATION**

In accordance with LR 9021, counsel submitting this document certifies that the order accurately reflects the court's ruling and that (check one):

☐      The court has waived the requirement of approval under LR 9021(b)(1).

☐      No party appeared at the hearing or filed an objection to the motion.

☐      I have delivered a copy of this proposed order to all counsel who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

☐      I certify that this is a case under chapter 7 or 13, that I have served a copy of this order with the motion pursuant to LR 9014(g), and that no party has objected to the form or content of the order.

# # #